

**Subject:** Subpoena
**From:** Julie <julie.introcaso@gmail.com>
**Date:** 2/15/22, 7:28 PM
**To:** dana.albrecht@hushmail.com

Mr. Albrecht,

Thank you for your response.  I will transmit a copy of the Motion to Quash as quickly as I can figure out how to scan, hopefully tomorrow morning.  A photocopy of the motion will be mailed to your DW Highway address tomorrow as well.  Similarly, I will be forwarding the same to Attorney Fontaine as he was copied on the NOH.  I am not submitting my motion to Katherine Albrecht as you were the party compelling my appearance.

I respectfully suggest (a suggestion you are absolutely entitled to ignore)  if you are calling me to testify about a matter or statement I made in my deposition, the quickest and easiest way to do that would be to submit my deposition itself with references to particular passages for the judicial officer to digest in deliberation. It is extremely unlikely that I will testify to any matter differently than I did under oath (see below).  An in-court solicitation of testimony can be dicey and distract from the substance.  You can't anticipate what other parties or the court may ask of me when I appear (I can't either).  In all reasonable likelihood, I will continue to refer back to my deposition, frustrating the hearing officer/judge in your case.

An important aside, I have yet to see or read that deposition or any others taken during the same investigation.  I did not contest the judicial conduct allegations against me, I did not contest the criminal allegations against me (rather, I asserted my innocence under Alford) and I recently learned of attempts to disbar me which I agreed to resolve without any objection. I have had no reason to review the same.  I gave that deposition by agreement in a vain attempt to inform the investigation.

If the Court compels me to attend, I ask that you let me see and review the parts of the deposition you intend to highlight for the Court before Friday morning.  I want to be fully responsive to the areas of inquiry you want to highlight in presenting your case.

Also, be aware that I have credible reasons to believe the State would take criminal action against me due to conclusions that have been drawn related to my voluntary resignation and subsequent Alford plea.  If asked to expand on or clarify my deposition in any fashion, I will most likely assert my rights under the Fifth and Fourteenth Amendments to the US Constitution and Part I, Article 15 of the NH Constitution. I would have no other practical alternative and I regret that is the case, but I want you to be on notice of the possibility.

With respect to any Appointment of Guardian ad litem order issued in your case, I suspect I was a "co-signer". I have no recollection of you personally, any facts of your case, or having co-signed many orders, given the nature and volume of my judicial work. I clearly recall being asked about the appointment of Attorney Sterneberg in another case - again, a decision that I did not make substantively, but rather I provided a certification and approval of a master's deliberated recommendation.

Prior to any hearing, I will happily respond to any direct, informal inquiry you have for me, as I will if contacted by the opposing party. I am also amenable to providing a signed affidavit if presented with one that represents my anticipated testimony.

I will cooperate fully with whatever you think is best for your case. I also respectfully ask for your assent to my motion which you can consider after review.

Have a peaceful evening and be well.

Regards,

Julie Introcaso

# THE STATE OF NEW HAMPSHIRE

> **EXHIBIT**
>
> 28

## SUPREME COURT

## O R D E R

## LD-2021-0001, <u>In the Matter of Julie A. Introcaso, Esquire</u>

On March 24, 2021, the court suspended the respondent, Julie A. Introcaso, on an interim basis from the practice of law as a result of criminal charges that were pending against her.  On February 3, 2022, the Attorney Discipline Office (ADO) filed certified copies of the respondent's convictions in <u>State of New Hampshire v. Julie A. Introcaso</u>, Hillsborough Superior Court – South docket no. 226-2021-CR-00126, on two misdemeanor counts of RSA 641:7 (Tampering With Public Records or Information) and one misdemeanor count of RSA 641:3 (Unsworn Falsification). With the certified copies, the ADO provided its written recommendation "that the Court enter an order disbarring [the respondent] from the practice of law pursuant to Rule 37(9)(d)."  The ADO further stated that it had contacted the respondent, and she **"does not object to the disposition proposed by the Attorney Discipline Office and waives the formal disciplinary process contemplated by Rule 37(9)(d)."**

The court concludes that the respondent has been convicted of a "serious crime," as that term is defined in Supreme Court Rule 37(9)(b).  Subparagraph 9(d) of Rule 37 provides that "[u]pon the receipt of a certificate of conviction of an attorney for a 'serious crime,' the court may, and shall if suspension has been ordered pursuant to subsection (a) above, institute a formal disciplinary proceeding by issuing an order to the attorney to show cause why the attorney should not be disbarred as result of the conviction."  Because the respondent does not object to the ADO's recommendation for disbarment, and because the respondent has waived the formal disciplinary process contemplated by Rule 37(9)(d), it is unnecessary to serve the respondent with the ADO's recommendation or to provide her an opportunity to be heard on the recommendation prior to court action.  In light of the seriousness of the respondent's misconduct, the court concludes that the respondent should be disbarred.

THEREFORE, the court orders that Julie A. Introcaso be disbarred from the practice of law in New Hampshire.  She is hereby assessed all costs and expenses incurred by the attorney discipline system in the investigation and prosecution of the disciplinary matter.

Bassett, Hantz Marconi, and Donovan, JJ., concurred.

DATE:  February 25, 2022

ATTEST:

**Timothy A. Gudas, Clerk**

Distribution:
Mark P. Cornell, Esq.
Brian R. Moushegian, Esq.
Michael A. Delaney, Esq.
Julie A. Introcaso, Esq.
File

**EXHIBIT**

29

THE STATE OF NEW HAMPSHIRE
Judicial Conduct Committee

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

STATE OF NEW HAMPSHIRE     \*

           \*

V.             \*    DOCKET JC-21-072-C

           \*

MASTER BRUCE DALPRA     \*

           \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEPOSITION OF THE HONORABLE DAVID KING

August 26, 2022, 9:59 a.m.

The deposition took place at the Office of the Judicial Conduct Committee,
Concord, New Hampshire

---

**DEPOSITION TRANSCRIPTION VERBATIM**
Audio & Video Recording and Transcription Service
Paralegal, Notary Public, Medical Transcription

Jan-Robin Brown, CER-415 & CET-415
Weare, NH 03281

Telephone: **603.529.7212**
E-mail: AudioDepos@gsinet.net

MEMBER: AMERICAN ASSOCIATION OF ELECTRONIC REPORTERS & TRANSCRIBERS, INC.

## IN ATTENDANCE

FOR THE JUDICIAL COUNCIL:

Philip Waystack Esquire
Waystack Frizzell
251 Main Street
Colebrook, NH 03576
603.237.8322

FOR MASTER DALPRA:

Anthony Sculimbrene, Esquire
Leslie Gill, Esquire
Gill & Sculimbrene, PLLC
39 East Pearl Street
Nashua, NH 03060
603.889.5959

FOR JUDGE KING:

Mary Ann Dempsey, Esquire
1 Granite Place, Suite N400
Concord, NH 03301
603.415-0660

THE STATE OF NEW HAMPSHIRE
Judicial Conduct Committee

```
******************************
STATE OF NEW HAMPSHIRE      *
                           *
        V.                 *        DOCKET JC-21-072-C
                           *
MASTER BRUCE DALPRA        *
                           *
******************************
```

## DEPOSITION OF THE HONORABLE DAVID KING

August 26, 2022, 9:59 a.m.

This deposition excerpt is relevant to the issues in this matter.  The balance of the deposition transcript is not relevant to the issues and thus has been redacted by agreement of counsel.

24

1      

2

3    Q

4

5

6    A

7

8

9

10

11

12

13

14

15    Q    How about this:  When you are deciding what to do vis-

16        à-vis Bruce DalPra and sending this email, did you

17        have in your mind, guiding your actions in this

18        specific case, Rule 2.15?

19    A    Yes, I did.

20    Q    Okay.  And did you have in mind the difference between

21        2.15(A) and 2.15(C)?

22    A    Yes.

23    Q    Okay.  And at the time that you sent this email, in

24        your mind, did you believe that it rose to the level

1      of a 2.15(A) mandatory report?

2  A  I would say at the time I made the call, I hadn't

3      decided that.  I mean, I needed to gather some more

4      information.  I needed to talk to Master DalPra, find

5      out what happened.  I was going on pretty limited

6      information at that point.  So I would - You're asking

7      me at a specific point in time.  I would say at that

8      time, I didn't know if I had a 2.15(A) or (C), or none

9      of the above.

10  Q  Okay.  And at some point, you did talk to Master

11     DalPra, correct?

12  A  I did.

13  Q  And did that conversation clarify what obligations you

14     had in this specific case vis-à-vis Rule 2.15?

15  A  Yes.

16  Q  Okay.  And so, in this case, - this leads me to my

17     next set of questions - did you believe that 2.15(A)

18     or 2.15(C) required you to provide this information to

19     the Judicial Conduct Committee?

20  A  So I, after speaking to Master DalPra and reviewing

21     the rule, concluded that "A" was not the applicable

22     section.  I did not have a belief, and don't have a

23     belief, as I sit here today, that the rule had been

24     violated raises a substantial question regarding his

```
 1        honesty.  He was pretty forthright with me about what

 2        had occurred.  His trustworthiness, I had no reason

 3        not to trust him at that point.  And when I think of

 4        fitness as a judge, I think that's a pretty high bar

 5        to meet.  And I didn't, at that time, have a concern

 6        about his fitness to serve as a judge.  I had already

 7        decided under "C," however, that this was something

 8        that, even though it was a set of facts that I had

 9        never seen before in my 30+ years as a judge, I felt

10        there was an obligation to let the Judicial Conduct

11        Committee know about it.

12   Q    Did you tell the Judicial Conduct Committee?

13   A    Did I tell the Judicial Conduct Committee what?

14   Q    About what you had found regarding the transcript in

15        the Albrecht case?

16   A    Yes.

17   Q    Okay.  Did you provide this email to the Judicial

18        Conduct Committee?

19   A    No.

20   Q    Okay.

21   A    And let me just be clear.  When I say "Judicial

22        Conduct Committee," I had a conversation with Robert

23        Mittelholzer after I spoke with Master DalPra about

24        this incident.  So I didn't have any communication
```

1        with the committee itself.  I didn't send them

2        anything.  I had a phone conversation with Robert

3        Mittelholzer.

4  Q    Did you - STRIKE THAT.  Were you aware of the fact

5        that Master DalPra had decided to self-report?

6  A    I was aware that Master DalPra was going to self-

7        report.  I had a conversation with him on Wednesday,

8        November 18th.  I had sent him the email on Friday.  I

9        think he was either - he either had a writing day that

10       day or he was on vacation.  I had tried to call him on

11       his extension, which is typically how I try to reach a

12       judge.  I don't like to call the clerk's office and,

13       you know, "The administrative judge is calling.

14       What's going on?"  So I'm usually pretty low key about

15       these things.  I was not able to get him.  I tried a

16       couple of times during the day on Friday.  So I sent

17       the email that's been marked as Exhibit 1.  Didn't

18       hear back from him, I think until Tuesday, the 17th.

19       He said he had left his laptop at work and he'd been

20       working from home - circumstances that he didn't see

21       my email.  So I think we spoke on Tuesday, or we

22       exchanged emails on Tuesday, and we agreed to speak on

23       Wednesday, the 18th at 12:30 during a break in his

24       cases.

```
 1   Q    Okay.  Two questions about what you just said.  For
 2        people who are unaware, what is a writing day for a
 3        judge?
 4   A    Rare.  But it's a day when the judge is scheduled to
 5        not have any scheduled cases so that they can catch up
 6        on writing orders for cases that they've already
 7        heard.
 8   Q    And then second, is it uncommon for judges to work
 9        outside the courtroom on a writing day?
10   A    Not during COVID-19, it wasn't.
11   Q    And for the record, this took place in November of
12        2020, which was during the pandemic?
13   A    Correct.
14   Q    Okay.  Did anything about the delay between when you
15        sent the email and when Master DalPra got back to you
16        indicate that he was trying to be deceptive or
17        concealing?  Did you have any reason to believe that?
18   A    No.
19   Q    Okay.  To this day, do you know whether or not the
20        committee has seen this email?
21   A    I have no idea.
22   Q    Okay.  To this day, are you aware of whether or not
23        the committee has accessed and listened to either of
24        the two audio files contained in this email?
```

1   A   I don't.  I do know that in December of 2020, I

2       provided those to Robert Mittelhozer.  It took me a

3       couple of tries because I sent them the first time in

4       a - probably use the wrong word here - but format that

5       he couldn't open.  And so Kathy Yee was kind enough to

6       help me re-send them in a different format so that he

7       was able to open them.

8   Q   Okay.  And the same goes for the - the same question

9       for the two snippets.  To your knowledge, do you know

10      if they've seen these snippets as like set apart from

11      the rest of the transcript in the way that you did in

12      this email?

13  A   I do not.

14  Q   Okay.

15

16

17

18

19

20

21

22

23

24



<u>Corrections</u>

Page No. 9 , Line No. 15

Correction: "Cosign" should be "cosigned"

_____

Page No. 11 , Line No. 3

Correction: "as" should be "has"

_____

Page No.___ , Line No.___

Correction:_____

_____

Page No.___ , Line No.___

Correction:_____

_____

Page No.___ , Line No.___

Correction:_____

_____

Page No.___ , Line No.___

Correction:_____

_____

Page No.___ , Line No.___

Correction:_____

_____

Page No.___ , Line No.___

Correction:_____

32

_____
                    Deponent


STATE OF NEW HAMPSHIRE
COUNTY OF _____Merrimack_____


Subscribed and sworn to before me this 27 day of
_____September_____ 2022.

_____
~~JUSTICE OF THE PEACE~~/NOTARY PUBLIC
My Commission Expires _____

PATRICIA M. COLE, Notary Public
State of New Hampshire
My Commission Expires October 3, 2023

**THE STATE OF NEW HAMPSHIRE**

EXHIBIT

30

**SUPREME COURT**

# O R D E R

## JD-2022-0001, In the Matter of Bruce F. DalPra

On October 5, 2022, the Judicial Conduct Committee (JCC) filed a summary report of its proceedings, findings, and recommendations in JC-21-072-C, In re: Bruce F. DalPra, along with a certified copy of the record of its proceedings.

According to the JCC's summary report, former marital master Bruce F. DalPra (DalPra), who retired from his position earlier this year, admitted that he violated a number of provisions of the Code of Judicial Conduct (Supreme Court Rule 38), as alleged in the JCC's Statement of Formal Charges and as modified by the Stipulation and Agreement signed by DalPra and the JCC's counsel. The JCC's record includes a copy of the Stipulation and Agreement, in which DalPra admitted violations of several Code provisions; acknowledged that he understood that the JCC would enter findings that he had violated those provisions; and waived his right to a de novo hearing on the charges. DalPra also acknowledged that he is responsible for reimbursing the Administrative Office of the Courts (AOC) for the attorney's fees, transcript fees, and other expenses that the JCC incurred to investigate and prosecute the matter. A subsequently executed amendment to the Stipulation and Agreement fixed the reimbursement amount at $12,680.52.

The JCC reviewed the Stipulation and Agreement and entered findings, by clear and convincing evidence, that DalPra violated the following provisions of the Code of Judicial Conduct:

Canon 1, Rule 1.2, which provides: "A judge shall act at all times in a manner that promotes public confidence in the independence, integrity and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety."

Canon 2, Rule 2.11, which provides in part: "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned."

Canon 2, Rule 2.16(A), which provides: "A judge shall cooperate and be candid and honest with judicial and lawyer disciplinary agencies."

Canon 2, Rule 2.8(B), which provides, in relevant part: "A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers,

court staff, court officials, and others with whom the judge deals in an official capacity . . . ."

In the summary report of its findings, the JCC noted that DalPra had retired before the report was submitted. The summary report stated that because DalPra had taken this action, the JCC made no additional recommendations for "appropriate" sanctions.

In accordance with Rule 40(12) and (13), when the JCC determines that a "judge" — a term that includes a marital master, see Sup. Ct. R. 40(2); see also Sup. Ct. R. 38 ("Terminology" section) — has violated the Code of Judicial Conduct and determines that the violations warrant formal disciplinary action by this court, the judge may request a de novo hearing, after which the court will schedule briefing and oral argument. In this case, DalPra has waived his right to a de novo hearing, and he notified the court, through his counsel, that he does not seek the opportunity to file a brief or present oral argument.

The court determines that the JCC's findings as to the violations of the Code of Judicial Conduct are supported by the JCC's record. See Rule 40(13). In light of DalPra's retirement from his position as a marital master, the court concludes that no additional disciplinary action is required.

Pursuant to Rule 40(13-A) and the terms of the Stipulation and Agreement, as amended, DalPra is ordered to reimburse the AOC in the amount of $12,680.52 for the attorney's fees, transcript fees, and other expenses that the JCC incurred to investigate and prosecute the matter. Payment shall be made on or before December 19, 2022.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

<u>So ordered</u>.

DATE: November 10, 2022

ATTEST:

**Timothy A. Gudas, Clerk**

Distribution:
Judicial Conduct Committee, JC-21-072-C
Philip R. Waystack, Jr., Esq.
Anthony F. Sculimbrene, Esq.
File

2

# WAYSTACK FRIZZELL

P.O. Box 137
Colebrook  NH  03576
**************

(603) 237-8322
Tax ID# 02-0405672

State of New Hampshire
Judicial Conduct Committee
132 Chapel Street
Portsmouth, NH 03801

PAGE 1
BILLING DATE:          09/20/22
ACC'T NO.:          PW-ST4674-22

RE:     Marital Master Bruce DalPra

| DATE | PROFESSIONAL SERVICES RENDERED | INDIV | TIME | AMOUNT |
|------|-------------------------------|-------|------|--------|
| 04/15/22 | Download and save documents and files, open new file | RG | 1.20 | 90.00 |
| 04/18/22 | Print / review documents for file; Prepare chronological index of documents | RG | 2.10 | 157.50 |
| 04/21/22 | Continue printing documents | RG | 0.20 | 15.00 |
| 04/22/22 | Revise index and compile documents into binder | RG | 0.80 | 60.00 |
| 05/04/22 | Email documents to Attorney Waystack for review | RG | 0.30 | 22.50 |
| 05/06/22 | Email additional documents to Attorney Waystack | RG | 0.20 | 15.00 |
| 05/06/22 | Conference with Committee (virtual) | PW | 0.40 | 80.00 |
| 05/17/22 | Prepare Statement of Formal Charges | RG | 1.00 | 75.00 |
| 05/17/22 | Review and make edits to previous draft | PW | 2.40 | 480.00 |
| 05/18/22 | Review Statement of Formal Charges, revise accordingly | RG | 0.30 | 22.50 |
| 05/18/22 | Review and edit draft of Statement of Charges | PW | 0.50 | 100.00 |
| 05/19/22 | Accept track changes on Statement of Formal Charges; Prepare notice of hearing | RG | 1.00 | 75.00 |
| 05/19/22 | Work on file | PW | 0.70 | 140.00 |
| 06/10/22 | Attend JCC meeting, work on file | PW | 1.60 | 320.00 |
| 06/13/22 | Work on file | RG | 2.50 | 187.50 |
| 06/13/22 | Email Statement of Charges, work on file | PW | 0.60 | 120.00 |
| 06/14/22 | Review committee email messages; Review transcript, Code of Judicial Conduct, made edits to documents | PW | 3.10 | 620.00 |
| 06/15/22 | Revised Statement of Formal Charges according to edits, reformat and review | RG | 1.70 | 127.50 |
| 06/15/22 | Multiple emails concerning Statement of Charges | PW | 1.60 | 320.00 |
| 06/16/22 | Work on file | PW | 1.70 | 340.00 |

Terms:  Net 30 days.
We accept Visa, Master Card, American Express and Discover.
THANK YOU!

# WAYSTACK FRIZZELL

P.O. Box 137
Colebrook  NH  03576
**************

(603) 237-8322
Tax ID# 02-0405672

State of New Hampshire
Judicial Conduct Committee
132 Chapel Street
Portsmouth, NH 03801

PAGE 2
BILLING DATE:          09/20/22
ACC'T NO.:          PW-ST4674-22

| Date | Description | | Hours | Amount |
|------|-------------|--|-------|--------|
| 06/16/22 | Finalize Statement of Charges, Notice of Hearing and letter to M. DalPra | RG | 0.80 | 60.00 |
| 06/16/22 | Follow-up emails | PW | 0.40 | 80.00 |
| 06/20/22 | Brief telephone conference | PW/O | 0.20 | 0.00 |
| 06/23/22 | Scan and email request for discovery to Attorney Waystack | RG | 0.20 | 15.00 |
| 06/23/22 | Follow up email; Review letter requesting discovery of unabridged, complete transcript | PW | 0.70 | 140.00 |
| 06/24/22 | Prepare letter | RG | 0.30 | 22.50 |
| 06/24/22 | Email to paralegal to prepare and mail transcript | PW | 0.30 | 60.00 |
| 06/28/22 | Review message from Attorney, call him, discuss his appearance, discovery, need for further response, etc. | PW | 0.60 | 120.00 |
| 07/12/22 | Download and print response letter | RG | 0.10 | 7.50 |
| 07/12/22 | Brief email re: counsel's letter requesting discovery | PW | 0.50 | 100.00 |
| 07/14/22 | Substantive email to Attorney, addressing discovery, witnesses, depositions; Telephone call re: discovery requests (email and deposition) | PW | 1.10 | 220.00 |
| 07/15/22 | Review email | RG | 0.10 | 7.50 |
| 07/15/22 | Review multiple emails | PW | 0.60 | 120.00 |
| 07/18/22 | Review binder and scan and copy documents | RG | 2.00 | 150.00 |
| 07/19/22 | Review documents for privileged information, revise index, Bates-stamp documents | RG | 3.00 | 225.00 |
| 07/19/22 | Review index of discovery for privileged documents; Telephone conference to discuss privileged matters; Review specific documents; Telephone call (mess.); Email exchange | PW | 1.20 | 240.00 |
| 07/20/22 | Continue working and revising indicies, send link and indices via email to opposing attorney | RG | 2.80 | 210.00 |
| 07/20/22 | Telephone call; Conference with paralegal to email updated discovery; Conference with paralegal to launch link and indicies to Attorney | PW | 1.80 | 360.00 |
| 07/26/22 | Review opposing attorney's email; Review emails | RG | 0.40 | 30.00 |

Terms:  Net 30 days.
We accept Visa, Master Card, American Express and Discover.
THANK YOU!

# WAYSTACK FRIZZELL
P.O. Box 137
Colebrook  NH  03576
**************
(603) 237-8322
Tax ID# 02-0405672

State of New Hampshire
Judicial Conduct Committee
132 Chapel Street
Portsmouth, NH 03801

PAGE 3
BILLING DATE:          09/20/22
ACCT NO.:          PW-ST4674-22

| Date | Description | | | |
|---|---|---|---|---|
| 07/26/22 | Review 2 email messages, respond; Email to Attorneys; Telephone conference with Attorney re: discovery | PW | 1.40 | 280.00 |
| 07/27/22 | Review Attorney email; Send email to Attorney discussing his various discovery requests | PW | 0.50 | 100.00 |
| 08/02/22 | Short email to Attorneys re: discovery follow-up; Telephone call with Attorney; Email to Attorney re: discovery requests | PW | 1.20 | 240.00 |
| 08/03/22 | Prepare Subpoenas and send to parties | RG | 1.00 | 75.00 |
| 08/03/22 | Email to Attorney re: subpoena; Email response to Attorney; Second email to Attorney; Review and edit subpoena; Email with subpoena | PW | 1.10 | 220.00 |
| 08/03/22 | Review email, respond, forward subpoena to Attorney | PW | 0.60 | 120.00 |
| 08/05/22 | Email to Attorney acknowledging production of discovery | PW/O | 0.20 | 0.00 |
| 08/05/22 | Substantive email to Attorney re: discovery / emails, deposition date subponas, dates from him for deposition, discuss further discovery, emails, audio clips, review response | PW | 0.50 | 100.00 |
| 08/10/22 | Telephone conference; Telephone call with Attorney; Draft letter; Telephone call; Email exchange with Attorney | PW | 1.30 | 260.00 |
| 08/11/22 | Telephone call; Prepare subpoena for all emails | RG | 1.60 | 120.00 |
| 08/11/22 | Review email about scope of deposition; Telephone conference with Attorney; Telephone call re: status of discovery, plea discussion; Review statement of charges re: timing; Review and edit subpoena; Review comprehensive timeline; Email discovery index and priviliege log; Telephone conference with counsel re: deposition; Follow-up email to Attorney; Follow-up email to Attorney | PW | 4.10 | 820.00 |
| 08/12/22 | Review file for Attorney Waystack's notes re: status re: discovery | RG | 0.50 | 37.50 |

Terms:  Net 30 days.
We accept Visa, Master Card, American Express and Discover.
THANK YOU!

# WAYSTACK FRIZZELL

P.O. Box 137
Colebrook  NH  03576
**************
(603) 237-8322
Tax ID# 02-0405672

State of New Hampshire
Judicial Conduct Committee
132 Chapel Street
Portsmouth, NH 03801

PAGE 4
BILLING DATE:          09/20/22
ACC'T NO.:          PW-ST4674-22

| Date | Description | Atty | Hours | Amount |
|------|-------------|------|-------|--------|
| 08/12/22 | Prepare subpoena; Email exchanges; Email for signature; Second email; Email signed subpoena | PW | 1.10 | 220.00 |
| 08/15/22 | Review Attorney email; Telephone call; Further email exchange | PW | 0.60 | 120.00 |
| 08/15/22 | Download and print signed subpoena; Review email correspondence | RG | 0.30 | 22.50 |
| 08/16/22 | Telephone call re: hearing transcript, transcript generally, status of investigation costs, charges; Telephone call to update status | PW | 0.40 | 80.00 |
| 08/17/22 | Review and organize documents for Attorney Waystack during RG's absence | RG | 0.40 | 30.00 |
| 08/18/22 | Draft stipulation for admission of final transcript, review and edit, add captions, further edits; Telephone call re: status; Telephone call; Email stipulation to opposing attorney; Review response | PW | 1.60 | 320.00 |
| 08/19/22 | Email exchange with opposing attorney re: discovery | PW/O | 0.20 | 0.00 |
| 08/22/22 | Review and respond to opposing attorney's email re: discovery; Email to Attorney re: deposition | PW | 0.40 | 80.00 |
| 08/23/22 | Telephone call with Attorney re: follow-up on deposition; Telephone call re: brief discovery status report | PW | 0.60 | 120.00 |
| 08/26/22 | Travel from Whitefield to Concord and return | PW | 3.00 | 600.00 |
| 08/26/22 | Attend deposition; Brief conference with Attorneys | PW | 0.80 | 160.00 |
| 08/29/22 | Review, respond to Attorney email; Telephone call; Work on selecting exhibits for hearing | PW | 1.40 | 280.00 |
| 08/31/22 | Review Attorney email re: resolution; Email and telephone call; Review Rules of Code; Email to Attorney | PW | 0.90 | 180.00 |
| 09/02/22 | Email to Attorney re: narrow the issues to be tried; Telephone conference with Attorney | PW | 0.55 | 110.00 |
| 09/06/22 | Send executed transcript stipulation to opposing attorney | PW | 0.20 | 40.00 |
| 09/06/22 | Review exhibits, prepare exhibit list, scan fully executed stipulation | RG | 1.80 | 135.00 |

Terms:  Net 30 days.
We accept Visa, Master Card, American Express and Discover.
THANK YOU!

# WAYSTACK FRIZZELL

P.O. Box 137
Colebrook  NH  03576
**************
(603) 237-8322
Tax ID# 02-0405672

State of New Hampshire
Judicial Conduct Committee
132 Chapel Street
Portsmouth, NH 03801

PAGE 5
BILLING DATE:          09/20/22
ACCT NO.:          PW-ST4674-22

| Date | Description | | Hours | Amount |
|------|-------------|--|-------|--------|
| 09/07/22 | Email to Attorney re: deposition and discuss potential exhibits for testimony; Email to opposing attorney re: errors in deposition; Email to Attorney re: status of settlement discussions and trial | PW | 0.80 | 160.00 |
| 09/08/22 | Multiple emails and telephone discussions with opposing attorney and JCC representatives | PW | 0.80 | 160.00 |
| 09/08/22 | Review matter with Attorney Waystack; Prepare and review timeline with Attorney Waystack; Review documents for exhibit preparation; Prepare emails to parties; Download, print and review deposition transcript | RG | 1.40 | 105.00 |
| 09/09/22 | Email to opposing attorney re: agreement in principle; Draft and send stipulation and agreement to opposing attorney | PW | 1.20 | 240.00 |
| 09/09/22 | Telephone call to cancel stenographer for hearing; Draft stipulation | RG | 1.80 | 135.00 |
| 09/12/22 | Review and respond to several versions of edits to stipulation | PW | 0.90 | 180.00 |
| 09/12/22 | Review proposed edits to Agreement and revise Stipulation and Agreement accordingly; Review additional proposed edits and revise Stipulation according to additional edits and resend to parties for review; Review exhibits to prepare for the hearing | RG | 2.10 | 157.50 |
| 09/13/22 | Review email correspondence, print signature page, email; Telephone calls | RG | 0.60 | 45.00 |
| 09/14/22 | Review email correspondence from Attorney | RG | 0.10 | 7.50 |
| 09/14/22 | Telephone call | PW/O | 1.60 | 0.00 |

**Total of New Services:**          80.55     11,595.00

| DATE | EXPENSE | AMOUNT |
|------|---------|--------|
| 06/16/22 | Postage | 8.76 |
| 06/16/22 | Photocopies: 20 @ .20 | 4.00 |
| 06/24/22 | Postage | 3.56 |

Terms:  Net 30 days.
We accept Visa, Master Card, American Express and Discover.
THANK YOU!

# WAYSTACK FRIZZELL

P.O. Box 137
Colebrook  NH  03576
**************

(603) 237-8322
Tax ID# 02-0405672

State of New Hampshire
Judicial Conduct Committee
132 Chapel Street
Portsmouth, NH 03801

PAGE 6
BILLING DATE:          09/20/22
ACC'T NO.:          PW-ST4674-22

| | | |
|---|---|---|
| 06/24/22 | Photocopies: 72 @ .20 | 14.40 |
| 08/17/22 | Photocopies: 2 @ .20 | 0.40 |
| 08/26/22 | Travel from Whitefield to Concord and return | 104.40 |

**Total of New Expenses:**          **135.52**

---

| ACCOUNT SUMMARY |
|---|

| | |
|---|---|
| PREVIOUS BALANCE: | $0.00 |
| NEW SERVICES: | $11,595.00 |
| NEW EXPENSES: | $135.52 |
| NEW PAYMENTS: | $0.00 |
| TOT. CURRENT PERIOD: | $11,730.52 |
| **CURRENT BALANCE:** | **$11,730.52** |

Terms:  Net 30 days.
We accept Visa, Master Card, American Express and Discover.
THANK YOU!



Integrity and accuracy are between the lines of every eScribers transcript

# INVOICE

eScribers, LLC
7227 North 16th Street, Suite 207
Phoenix, Arizona 85020
(800) 257 0885
Tax ID # 20-365-6767
DUNS # 96-431-8369

**Date: April 07, 2022**
**Invoice #: 514928**

Delivery Type: 14 Day

**To:**
New Hampshire Judicial Conduct Committee
132 Chapel Street
Portsmouth
NH 03801

| | |
|---|---|
| **Requested by:** | Robert Mittelholzer |
| **Assignment No:** | NHJB-15309 |
| **Case Name:** | In the Matter of Dana Albrecht and Katherine Albrecht |
| **Case Number:** | 659-2016-DM-00288 |
| **Hearing Date(s):** | 11/06/2020 |

| Charge Description | Quantity | Each | Total |
|---|---|---|---|
| Transcription (R) | 1 | $950.00 | $950.00 |
| | | | |
| Invoice Total | | | $950.00 |

| Receipts | Type | Amount | Date | Total |
|---|---|---|---|---|
| Credit Card - Deposit | Payment | $950.00 | Mar 24, 2022 | |
| Amount Now Due | | | | $0.00 |

Payable to: eScribers, LLC. Thank you for your business
Pay online through our secure website: escribers.net/payment
Refunds are processed within 30 days.

eScribers, LLC
address | 7227 North 16th Street, Suite 207
Phoenix, Arizona 85020
phone (800) 257 0885 | fax (866) 954 9068
website | www.escribers.net
e-mail | escribers-billing@escribers.net