UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

---

DANA ALBRECHT,

      Plaintiff,

v.

KATHLEEN STERNENBERG, IN HER OFFICIAL
CAPACITY AS A GUARDIAN AD LITEM
APPOINTED TO SERVE IN THE NEW HAMPSHIRE
CIRCUIT COURT, FAMILY DIVISION; BRUCE F.
DALPRA, IN HIS OFFICIAL CAPACITY AS A
FORMER MARITAL MASTER IN THE NEW
HAMPSHIRE CIRCUIT COURT, FAMILY
DIVISION; JULIE A. INTROCASO, IN HER
OFFICIAL CAPACITY AS A FORMER JUDGE IN
THE NEW HAMPSHIRE CIRCUIT COURT,
FAMILY DIVISION; MARK S. DERBY, IN HIS
OFFICIAL CAPACITY AS A JUDGE IN THE NEW
HAMPSHIRE CIRCUIT COURT, FAMILY
DIVISION; DAVID D. KING, IN HIS OFFICIAL
CAPACITY AS AN ADMINISTRATIVE JUDGE OF
THE NEW HAMPSHIRE CIRCUIT COURT; AND
NEW HAMPSHIRE JUDICIAL BRANCH,

      Defendants.

Docket No. 1:23-cv-00381-JL-TSM

---

## KATHLEEN STERNENBERG'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS[1]

Defendant, Kathleen Sternenberg ("Sternenberg" or "Defendant"), by and through her

counsel, Morrison Mahoney LLP, respectfully submits this Memorandum of Law in Support of

Motion to Dismiss Plaintiff's Complaint for Civil Rights Violations, and Declaratory Judgment,

and states as follows:

---

[1] In filing this motion to dismiss and accompanying memorandum of law, Sternenberg expressly reserves the right to raise other affirmative defenses as may be applicable in the course of this proceeding.

103094966

## I.      INTRODUCTION

In filing his complaint, Plaintiff Dana Albrecht asserts seven federal law claims against

Sternenberg, in her official capacity as court-appointed GAL, arising out of Sternenberg's alleged

conduct and inaction as a court-appointed GAL during the pendency of Plaintiff's family law case

before the New Hampshire Circuit Court. See generally (Doc. 1.) For the reasons set forth below, the

Court should grant Sternenberg's motion to dismiss because Sternenberg, as a duly appointed GAL

through the New Hampshire Circuit Court, is absolutely immune from suit for the complained of

conduct under the doctrine of absolute quasi-judicial immunity.

## II.     STANDARD OF REVIEW

In ruling on a F. R. Civ. P. 12(b)(6) motion, the trial court must "accept as true the well-

pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the

plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify

recovery on any cognizable theory." Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir.

2002). A motion to dismiss for failure to state a claim upon which relief is proper when a complaint

fails to allege "a plausible entitlement of relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

550 (2007). The allegations in the complaint must "possess enough heft to 'sho[w]' that the

pleader is entitled to relief." Id.

> Determining whether a complaint states a plausible claim for relief, will . . . be a
> context-specific task that requires the reviewing court to draw on its judicial
> experience and common sense. But where the well-pleaded facts do not permit the
> court to infer more than the mere possibility of misconduct, the complaint has
> alleged – but it has not "show[n]" – that the pleader is entitled to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (internal citations omitted).

The court need not accept as true "bald assertions" or conclusions of law. Resolution Trust

Corp. v. Driscoll, 985 F.2d 44, 48 (1st Cir.1993) "'A pleading that offers labels and conclusions'

2

or a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The motion should be granted when, "viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Affirmative defenses can be raised in a motion to dismiss if "facts establishing the defense [are] . . . clear on the face of the plaintiff's pleadings" Aldahonda-Rivera v. Parke Davis & Co., 882 F.2d 590, 591 (1st Cir.1989) (internal quotations omitted).

## III.    ALLEGATIONS IN COMPLAINT[2]

Sternenberg was the court-appointed guardian ad litem ("GAL") in Dana Albrecht & Katherine Albrecht, No. 659-2016-DM-00288 (the "Family Law Matter").  (Doc. 1, ¶ 3; Doc. 1-3, pp. 11-14.)  Julie A. Introcaso was a New Hampshire judge who issued orders in the Family Law Matter.  (Doc. 1, ¶ 5.)  Bruce DalPra was a New Hampshire Martial Master who issued recommendations in the Family Law Matter.  (Doc. 1, ¶ 4.)

On October 13, 2016, Marital Master DalPra recommended the appointment of Sternenberg as GAL in the Family Law Matter.  (Doc. 1, ¶ 28; Doc. 1-3, pp. 11-14.)  On the same date, Judge Introcaso issued an Order approving the recommendation and appointing Sternenberg as GAL.  (Doc. 1, ¶¶ 29-30, Doc. 1-3, pp. 11-13.)  On August 9, 2017, Marital Master DalPra presided over a hearing during which Sternenberg provided testimony and recommended the relocation of three of plaintiff's four children to California.  (Doc. 1, ¶¶ 31 – 32, Doc. 1-3, pp. 15-55.)  On September 1, 2017, Marital Master DalPra recommended the relocation. (Doc. 1 ¶ 33.)

---

[2] The recitation of facts within this memorandum of law are derived from Plaintiff's operative complaint and are not admissions of any fact nor do they represent an agreement as to the relevance of facts alleged by Plaintiff.

103094966

On May 9, 2019, Marital Master DalPra presided over a hearing in the Family Law Matter; at this hearing Plaintiff alleged that his former spouse was in contempt of the New Hampshire court's parenting plan.  (Doc. 1, ¶ 38-39; Doc. 1-4, p. 7.) Judge Introcaso subsequently issued an order based upon Marital Master DalPra's recommendations following the May 30, 2019 hearing. (Doc. 1, ¶¶ 40 – 41, Doc. 1-4, pp. 9-12.)

Plaintiff alleges that Sternenberg, in the course of her duties as a court-appointed GAL, failed to disclose her relationship with Judge Introcaso (a) at the time of her appointment as a GAL; (b) at the time of the August 9, 2017 hearing; and (c) at the time of the May 9, 2019 hearing. (Doc. 1, ¶¶ 84 - 88, 102 - 106, and 114 - 118.)[3] Plaintiff further claims that Sternenberg, in performing her duties as a court-appointed GAL, displayed extreme religious prejudice in violation of the Free Exercise clause, the Establishment Clause, and violated defendant's procedural and substantive due process rights.  See generally (Doc. 1.) As discussed below, Plaintiff's complaint against Sternenberg should be dismissed.

IV.   **LEGAL ARGUMENT**

**A. PLAINTIFF'S COMPLAINT AGAINST STERNENBERG IS BARRED BY THE DOCTRINE OF ABSOLUTE QUASI-JUDICIAL IMMUNITY.**

"The doctrine of quasi-judicial immunity provides absolute immunity for those who perform tasks that are inextricably intertwined with the judicial function." Nystedt v. Nigro, 700 F.3d 25, 30 (D. Mass. 2012) (citing Cleavinger v. Saxner, 474 U.S. 193, 200 (1985)).  The doctrine is predicated on the fact that those who serve an imperative role in our judicial system ought to be protected from liability. Id.  For example, "[c]ourt appointed discovery masters and the like plainly

---

[3] Plaintiff also alleges that on March 15, 2019, Judge Introcaso recused herself in a different case where Sternenberg had been appointed as GAL by Judge Introcaso upon Marital Master DalPra's recommendation. (Doc. 1, ¶ 35, Doc. 1-4, pp. 2-4.)

103094966

perform judicial functions and so long as they act in that capacity, they share a judge's immunity from suit.  In fact, even allegations of malice or bad faith do not defeat immunity." D'Angelo v. New Hampshire Supreme Court, 740 F. 3d 802, 808 (1st Cir. 2014) (internal citations and quotations omitted).  In D'Angelo, the court held that a commissioner appointed by the Derry Family Court to investigate and produce a report on plaintiff's financial condition was immune from suit.  740 F.3d at 808; see also Nystedt, 700 F.3d at 30 (court-appointed discovery master immune from suit).

The key to determining whether one's role is essential to the judicial function and therefore bestowing on them immunity from liability, is whether the act fell within the purview of the adjudication of disputes between parties.  Nystedt, 700 F.3d at 31.  Further, the "conduct must be intimately related to the judicial process." Marr v. Maine Dept. of Human Services, 215 F. Supp. 2d 261, 268 (Me. 2002).  Tasks of gathering information for the purpose of reporting it to the court with recommendations are considered tasks protected by the doctrine. Brown v. Newberger, 291 F. 3d 89, 94 (1st Cir. 2002) (citing Cok v. Costentine, 876 F.2d 1, 3 (1st Cir. 1989)).  Persons performing such tasks are considered an arm of the judicial officer and therefore immune from liability. Id.

Both the New Hampshire Supreme Court and the First Circuit Court of Appeals have recognized that the doctrine of absolute quasi-judicial immunity applies to GALs. See Cok, 876 F.2d at 3; Surprenant v. Mulcrone, 163 N.H. 529, 531 (2012). Thus, "immunity attaches when a GAL performs certain delegated duties because of the intimate relationship between the GAL and the court in the judicial process." Marr, 215 F. Supp. at 268 (citation omitted).  Immunity "has been extended to protect the GAL's acts of investigating, meeting with children, making reports

5

103094966

and recommendations to the court, and testifying in court." Surprenant, 163 N.H. at 531; see also Cok, 876 F.2d at 3.

Here, Sternenberg is entitled to absolute quasi-judicial immunity with respect to Plaintiff's claims against her. On October 13, 2016, Sternenberg was appointed by the court as a GAL in the Family Law Matter and ordered by the court to undertake certain tasks and write a report. (Doc. 1-3, pp. 11-13.) She complied with the court order to include preparing and submitting a report and testifying during an August 9, 2017 hearing. (Doc. 1-3, pp. 15-55.) Sternenberg's testimony related to her investigation and recommendations regarding the parenting plan and Plaintiff's ex-wife's proposed relocation to California. Sternenberg submitted a report, which was accepted by the court. (Doc. 1-3, pp. 20, 27, 43.) Put simply, all of the alleged acts or omissions of which Plaintiff complains are both linked to the Family Law Matter and "are 'closely associated with the judicial process.'" Marr, 215 F. Supp. at 268 (citing Cok, 876 F.2d at 3). As a result, absolute quasi-judicial immunity bars Plaintiff's operative complaint against Sternenberg because Sternenberg "performed all of the [alleged] acts about which plaintiff complains in her role as a GAL." Surprenant, 163 N.H. at 531 (upholding trial court order granting GAL's motion to dismiss based upon absolute immunity); see also Cok, 876 F.2d at 3.

## V.  CONCLUSION

Kathleen Sternenberg is absolutely immune from suit because Plaintiff's complaint against Sternenberg is barred by the doctrine of absolute quasi-judicial immunity. All of the alleged conduct and inaction of which Plaintiff complains occurred within the scope of Sternenberg's official duties as a court-appointed GAL. As a result, Plaintiff's claims against Kathleen Sternenberg should be dismissed as a matter of law.

103094966

Respectfully submitted,

Kathleen Sternenberg, in her official capacity as
a Guardian ad Litem appointed to serve in the
New Hampshire Circuit Court, Family Division

MORRISON MAHONEY LLP

By     /s/ *Linda M. Smith*
         Edwin F. Landers, Jr., #17297
         elanders@morrisonmahoney.com
         Linda M. Smith, #265038
         lsmith@morrisonmahoney.com
         Center of New Hampshire Office Tower
         650 Elm Street, Suite 201
         Manchester, NH 03101
         Phone:  603-622-3400
         Fax:     617-342-4967

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the following persons on this date in the manner specified herein:

Conventionally Served:

Dana Albrecht
131 Daniel Wester Hwy, #235
Nashua, NH 03060

         /s/ Linda M. Smith
         Linda M. Smith, #265038
         Edwin F. Landers, Jr., #17297

103094966