UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Dana Albrecht**, ) | |
| ) | |
| **Plaintiff** ) | |
| v. ) | **Civil No. 1:23-cv-00381-JL-TSM** |
| ) | |
| **Kathleen Sterneberg, et al.** ) | |
| ) | |
| **Defendants.** ) | |

---

PLAINTIFF'S OBJECTION TO
KATHLEEN STERNENBERG'S MOTION TO DISMISS

---

NOW COMES Dana Albrecht, *pro se*, and objects to Kathleen Sternenberg's *Motion to Dismiss*; and, in support thereof, further states:

1. Plaintiff has contemporaneously filed an accompanying *Memorandum of Law* setting forth more developed argument in objection to Ms. Sternenberg's *Motion*.

2. All arguments in Plaintiff's *Memorandum* are incorporated here, the same as if plead in full. In summary, however, Plaintiff argues that:

3. 42 U.S.C. § 1983 should be understood to eliminate judicial immunity.[1]

4. Court appointed *guardian ad litems* should be afforded qualified, not absolute quasi-judicial immunity.[2]

---

[1] A recent article in the Harvard Law Review is also provided in direct support of this argument. *Attachment 2*. Plaintiff respectfully acknowledges, however, that such argument is likely foreclosed in this jurisdiction at this time.

[2] *Id*.

5. Defendant Sternenberg was improperly appointed in Plaintiff's family law matter by Defendant Introcaso.

6. Defendant Sternenberg's actions, at issue in this case, were not "normal and routine" judicial acts.

7. The legal doctrines of "joint liability" and "reliance" apply both to Defendant Sternenberg and Defendant Introcaso; consequently, it is premature for this Court to dismiss any claims against Defendant Sternenberg without having first formed any opinion about the claims against Defendant Introcaso.

8. In particular, Defendant Introcaso was criminally charged *as a consequence of her behavior* after appointing Defendant Sternenberg in a different family law matter. *See, e.g.*, Attachment 4 and *State of New Hampshire v. Julie A. Introcaso*, No. 226-2021-CR-00126.

9. Moreover, Plaintiff seeks only a declaratory judgment, has not requested equitable relief or any award of financial damages, and has sued Defendant Sternenberg in her official capacity.

10. Finally, Plaintiff should be granted leave to amend his Complaint if "justice so requires."

11. Consequently, Defendant Sternenberg's *Motion to Dismiss* should be denied.

WHEREFORE Plaintiff Dana Albrecht respectfully requests that the Court:

A) Deny Defendant Sternenberg's *Motion to Dismiss* for the reasons set forth in his accompanying *Memorandum of Law*; or,

B) Hold a hearing on Defendant Sternenberg's *Motion to Dismiss*; and,

C) For all other such relief as is just and equitable.

- 3 -

                    Respectfully submitted,

                    _____

                    DANA ALBRECHT
                        *Plaintiff Pro Se*
                    131 Daniel Webster Hwy #235
                    Nashua, NH 03060
                    **(603) 809-1097**
                    dana.albrecht@hushmail.com

October 12, 2023.

## **CERTIFICATE OF SERVICE**

I, Dana Albrecht, hereby certify that a copy of this *Objection* shall be served to all the parties and/or counsel of record through the ECF system.

                    _____
                    DANA ALBRECHT

October 12, 2023