UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DANA ALBRECHT,<br><br>    Plaintiff,<br><br>v.<br><br>KATHLEEN STERNENBERG, IN HER OFFICIAL CAPACITY AS A GUARDIAN AD LITEM APPOINTED TO SERVE IN THE NEW HAMPSHIRE CIRCUIT COURT, FAMILY DIVISION; BRUCE F. DALPRA, IN HIS OFFICIAL CAPACITY AS A FORMER MARITAL MASTER IN THE NEW HAMPSHIRE CIRCUIT COURT, FAMILY DIVISION; JULIE A. INTROCASO, IN HER OFFICIAL CAPACITY AS A FORMER JUDGE IN THE NEW HAMPSHIRE CIRCUIT COURT, FAMILY DIVISION; MARK S. DERBY, IN HIS OFFICIAL CAPACITY AS A JUDGE IN THE NEW HAMPSHIRE CIRCUIT COURT, FAMILY DIVISION; DAVID D. KING, IN HIS OFFICIAL CAPACITY AS AN ADMINISTRATIVE JUDGE OF THE NEW HAMPSHIRE CIRCUIT COURT; AND NEW HAMPSHIRE JUDICIAL BRANCH,<br><br>    Defendants. | Docket No. 1:23-cv-000381-JL-TSM |

**REPLY TO PLAINTIFF'S OBJECTION
TO KATHLEEN STERNENBERG'S MOTION TO DISMISS**

Pursuant to L.R. 7.1(e), Defendant, Kathleen Sternenberg ("Sternenberg" or "Defendant"), by and through her counsel, Morrison Mahoney LLP, respectfully submits this Reply to Plaintiff's Objection to her Motion to Dismiss Plaintiff's Complaint for Civil Rights Violations, and Declaratory Judgment, stating as follows:

103179557

**REBUTTAL ARGUMENT**

**I. STERNENBERG WAS DULY APPOINTED AS GAL IN THE UNDERLYING MATTER**

In his objection, Albrecht contends that Sternenberg was not duly appointed, evidently as Judge Introcaso ordered her appointment even though Sternenberg was on her conflicts list. Albrecht supplied as an exhibit to his complaint Sternenberg's appointment. (See Doc. 1-3, pp. 11-14.) The marital master recommended, and the judge ordered, the appointment of Sternenberg as GAL. In other words, Sternenberg was duly appointed by a judge authorized to enter such an order. Thus, Sternenberg was "duly appointed" as the GAL in the Family Law Matter. See <u>Christian v. Anderson</u>, 2006 WL 2924926 (D.N.H. Oct. 5, 2006) at *2, citing <u>Briand v. Morin,</u> 2003 WL 540185 at *1 (D.N.H. Feb. 25, 2003) and <u>Crocker v. Lewiston Police Dep't</u>, 2001 WL 114977 at *5 (D.Me. Feb. 9, 2001).

For purposes of Sternenberg's motion to dismiss, whether Judge Introcaso should have recused herself is not relevant. Whether Judge Introcaso properly reviewed the order before she endorsed it is not relevant. Rather, Judge Introcaso's ability and authority to enter the order is relevant. Having such authority as a sitting judge, the order appointing Sternenberg as GAL was valid, and Sternenberg was "duly appointed" as the GAL in the Family Law Matter.

To the extent that Plaintiff implies that Judge Introcaso was criminally charged in connection with her appointment of Sternenberg in this matter or in any other matter, this is clearly not the case. As is abundantly demonstrated in the transcript from the change of plea hearing (Doc. 12-4), Judge Introcaso was "not charged with crimes based upon her actions as the presiding judge in the Partello case, actions she took as a judge sitting on that case or any other case, for that matter. But instead is charged based on the tampering and altering of a court file… [ ] Her judicial decisions, right or wrong, are not involved in the charges here." (Doc. 12-4, p.

11, lines 4-14.)  "These offenses, again did not occur in the context of judicial cases in the sense that they were not crimes committed from the bench for which a party to those judicial proceedings were harmed in the course of those judicial proceedings."  (Doc. 12-4, pp. 38-39, lines 24-25; 1-3).

II.     **STERNENBERG ENGAGED IN THE NORMAL AND ROUTINE ACTIVITIES AS GAL, CONTRARY TO PLAINTIFF'S CONTENTIONS.**

As indicated in the order appointing her as GAL, Sternenberg was ordered by the court to undertake certain tasks and write a report.  (Doc.1-3 pp. 11-14.)  She complied with the court order, to include testifying during an August 9, 2017 hearing.  (Doc. 1-3, pp. 15-55.)  As argued in her memorandum of law in support of her motion to dismiss (Doc. 5-1), Sternenberg acted in accordance with her appointment as GAL, and the allegations in Plaintiff's complaint are both linked to the Family Law Matter and "are closely associated with the judicial process." Marr v. Maine Dept. of Human Services, 215 F. Supp. 2d 261, 268 (ME 2002).  "Child custody determinations are 'normal and routine' judicial acts."  Thibodeau v. Yazinski, 2018 WL 3520846 (D.N.H. June 20, 2018) at *2.

Here, Plaintiff seeks to avoid the clear applicability of absolute quasi-judicial immunity by citing to Judge Introcaso's reasons for placing Sternenberg on her conflicts list.  He argues that Sternenberg failed to disclose, as Judge Introcaso has indicated, that the two had previously vacationed together, attended plays together, discussed personal matters in depth, and that Sternenberg is a godparent to one of the judge's children.  (Doc. 12-1, p 16)  Also, Sternenberg was on Judge Introcaso's recusal list.  (See Doc. 12-1, p. 5).  None of these "facts" involve an activity by Sternenberg undertaken during the course of or related to the Family Law Matter.

> Judges [and GALs] have "absolute immunity from civil liability for any normal and routine judicial act." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (citing Stump v. Sparkman, 435 U.S. 349, 356–57 (1978)). To protect "principled and fearless decision making" and prevent intimidation, "[t]his immunity applies even

3

> when the judge is accused of acting maliciously and corruptly." <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967). **The proper means for correcting errors is appeal**. <u>Id.</u> Judicial immunity "applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive. Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity." <u>Cok</u>, 876 F.2d at 2 (citations omitted).

(emphasis added.)  <u>Rogers v. Town of New Hampton</u>, NH, 2019 WL 13149949 (D.N.H. Aug. 7, 2019).  See also <u>Puiia v. Cross</u>, 2012 WL 3257824 (D.N.H. Aug. 8, 2012) at *2 (approval of a master's orders "is clearly a routine judicial act within the jurisdiction of a family court judge"; immunity extended to GAL as well).  Moreover, factors to be considered are whether the acts of the GAL are "a function normally performed by a [GAL], and to the expectations of the parties, i.e., whether they dealt with the [GAL] in [her] capacity [as a GAL]."  <u>Stump</u>, 435 U.S. at 362  The inquiry focuses on whether the GAL was performing a function normally performed by GALs.  <u>Id</u>. at 362-363.  Such is the case here, as outlined in Sternenberg's memorandum of law in support of her motion to dismiss.  (Doc. 5-1.)

Plaintiff alleges wrongdoing by Sternenberg in her *failing to disclose* certain facts that relate to acts that were *not* undertaken as part of her duties as GAL.  Specifically, Plaintiff alleges that Sternenberg, in the course of her duties as a court-appointed GAL, failed to disclose her relationship with Judge Introcaso (a) at the time of her appointment as a GAL; (b) at the time of the August 9, 2017 hearing; and (c) at the time of the May 9, 2019 hearing.  (Doc. 1, ¶¶ 84 - 88, 102 - 106, and 114 - 118.) Plaintiff further claims that Sternenberg, in performing her duties as a court-appointed GAL, displayed extreme religious prejudice in violation of the Free Exercise clause, the Establishment Clause, and violated defendant's procedural and substantive due process rights.  <u>See generally</u> (Doc. 1.) His complaint is based entirely upon Sternenberg's role as GAL, and the information supporting the reasons upon which Judge Introcaso placed Sternenberg on her conflicts do not relate to the underlying Family Law Matter.

4

### III.     PLAINTIFF'S STATEMENT THAT HE IS NOT SEEKING MONETARY DAMAGES DOES NOT SAVE HIS CLAIMS

Plaintiff states that he is seeking a declaratory judgment only, and not monetary damages. (Doc. 12-1, p. 5.) This is insufficient to avoid the preclusive effects of the absolute quasi-judicial immunity. Moreover,

> Section 1983 expressly limits the availability of injunctive relief against judges; it provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. [Albrecht] does not allege that any declaratory decree has been violated or that declaratory relief was unavailable in [Albrecht's] state-court proceedings. Judge [Introcaso's appointment of Sternenberg and Sternenberg's acts as GAL] did not constitute a final judgment on the merits, let alone a declaratory decree for purposes of § 1983. See Puiia, 2012 WL 3257824, at *3. As such, the court lacks the authority under § 1983 to grant [Plaintiff's] request for injunctive relief against [the judicial actors]."

Lewis v. Hynes Group, 2022 WL 579237 (D.N.H. Feb. 16, 2022) at *5. See also Allen v. DeBello, 861 F.3d 433, 439, 443 (2017) (state court judges not proper parties under Section 1983 actions for declaratory or injunctive relief). Here, Albrecht does not allege that Sternenberg or any co-defendant violated a declaratory decree or that declaratory relief was unavailable[1]. Thus, his statement that he does not seek monetary damages does not save his claims.

---

[1] Sternenberg further notes that to the extent he seeks a declaration only, there is no case or controversy. Shell Oil Co. v. Noel, 608 F.2d 208, 213 (First Cir. 1979). In other words, there is no "substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id., citing Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941). Moreover, the Sixth Circuit "has observed that 'our sister circuits have pointed out that there is usually no case or controversy between judges acting as adjudicators and litigants displeased with litigation outcomes. And it has 'cited that position favorably in unpublished opinions. In one such decision, it held that the lack of adversity between a Section 1983 plaintiff and a defendant-judge who acted in an adjudicatory capacity presented an Article III problem that deprived the court of subject matter jurisdiction." (internal citations omitted) Lindke v. Lane, 523 F.Supp.3d 940, 947 (2021). Here, Albrecht does not challenge a statute or the application of a statute. He brings "a civil rights action [ ] pursuant to 42 U.S.C. § 1983 seeking declaratory relief that [Sternenberg's] failure to disclose various conflicts of interest and other relevant materials to Plaintiff in a timely fashion during the course of Plaintiff's family law case violated Plaintiff's procedural and substantive due process rights under the Fourteenth Amendment." (Doc. 1, ¶ 1.)

## IV. GIVEN THE ABSOLUTE QUASI-JUDICIAL IMMUNITY APPLICABLE TO PLAINTIFF'S CLAIM, ANY AMENDMENT OF HIS COMPLAINT WOULD BE FUTILE.

Albrecht should not be given an opportunity to amend, as any proposed amendment would be futile. As argued in her Motion to Dismiss, as a duly appointed GAL through the New Hampshire Circuit Court, Sternenberg is absolutely immune from suit for the complained of conduct under the doctrine of absolute quasi-judicial immunity. While, generally, the amendment of pleadings is liberally granted, the amendment in this case is futile because Sternenberg's actions as GAL are immune from suit. Polansky v. Wrenn, 2013 WL 1165158 at *4 (D.N.H.), citing to Mueller Co. v. U.S. Pipe & Foundry Co., 351 F.Supp.2d 1, 2 (D.N.H.2005) (motions to supplement and to amend may be denied on the basis of futility.)

## CONCLUSION

Kathleen Sternenberg is absolutely immune from suit because Plaintiff's complaint against Sternenberg is barred by the doctrine of absolute quasi-judicial immunity. All of the alleged conduct and inaction of which Plaintiff complains occurred within the scope of Sternenberg's official duties as a court-appointed GAL. Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Complaint against Sternenberg should be dismissed.

Wherefore Defendant respectfully requests that this Honorable Court:

A. Dismiss all claims against Kathleen Sternenberg with prejudice; and

B. Grant such other and further relief as is equitable and just.

103179557

Respectfully submitted,

Kathleen Sternenberg, in her official capacity as a Guardian ad Litem appointed to serve in the New Hampshire Circuit Court, Family Division

MORRISON MAHONEY LLP

By    /s/ *Linda M. Smith*
      Linda M. Smith, #265038
      lsmith@morrisonmahoney.com
      Center of New Hampshire Office Tower
      650 Elm Street, Suite 201
      Manchester, NH 03101
      Phone: 603-622-3400
      Fax:    617-342-4967

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on the following persons on this date in the manner specified herein:

Electronically Served:

/s/ Linda M. Smith
Linda M. Smith, #265038
Edwin F. Landers, Jr., #17297