UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Dana Albrecht**,              ) | |
| )  | |
| **Plaintiff**       ) | |
| v.                              ) | Civil No. 1:23-cv-00381-JL-TSM |
| )  | |
| **Kathleen Sterneberg, et al.** ) | |
| )  | |
| **Defendants.**     ) | |

---

PLAINTIFF'S SURREPLY TO
KATHLEEN STERNENBERG'S RESPONSE

---

NOW COMES Dana Albrecht, *pro se*, and replies to Kathleen Sternenberg's *Response*, and further states:

1. Defendant Sternenberg has fully acknowledged she was on former Judge Introcaso's conflict list. However, <u>Ms. Sternenberg never informed Plaintiff</u>.

2. Whether Ms. Introcaso should have recused herself is directly relevant, because if Ms. Introcaso ought to have been recused, she did not have the authority to appoint Ms. Sternenberg as GAL. *See, e.g.*, *[Caperton v. AT Massey Coal Co., Inc.](#)*, 556 U.S. 868 (2009).[1]

3. Whether Judge Introcaso properly reviewed the order before she "endorsed" it is directly relevant, because "under the marital master system, it is a judge, not a master, which determines the case." *[Witte v. Justices of the N.H. Superior Court](#)*, 831 F.2d 362, 363 (1987).[2]

---

1  *See Attachment 2* for the full text of this opinion.
2  *See Attachment 3* for the full text of this opinion.

4. Plaintiff agrees, however, that "Judge Introcaso's <u>ability</u> … to enter the order is relevant" (*Response* at page 2, *¶2*).

5. In her "factual investigation report" dated January 26, 2020, former NHJB General Counsel Mary Ann Dempsey wrote:[3]

   **I believe that Judge Introcaso is dealing with difficult medical issues and may not have altered the file[4] with a clear state of mind. She did not remember writing a very detailed 3 page handwritten order in a contentious case where everyone knows the parties.**

6. Moreover, at Ms. Introcaso's *November 15, 2021 Plea and Sentencing Hearing*, Ms. Introcaso acknowledged she was "presently under the care of a doctor, a psychiatrist, or a therapist" (*Tr. 35*) and was "taking … prescription medication." (*Id.*)[5]

7. Plaintiff further affirmatively states that Ms. Introcaso improperly appointed Ms. Sternenberg as GAL in <u>at least nine family law cases</u>, including Plaintiff's.

8. While detailed information about these nine cases was already provided to this Court along with Plaintiff's original *Complaint* (Exhibit 22), Plaintiff also has now provided a one-page summary sheet (*Attachment 4*) listing these nine cases, as a further aid to the Court.

9. Moreover, Plaintiff further asserts that Ms. Sternenberg and Ms. Introcaso also engaged in a "cash for kids" scheme, wherein Ms. Introcaso regularly approved improper increases in the GAL fee cap for her friend, Ms. Sternenberg, including in Plaintiff's own family law matter.

10. This Court may refer to *Attachments 5 through 9* that accompany this reply for supporting evidence.

11. Insofar as Ms. Sternenberg *now* wishes to argue there is no "substantial controversy," Plaintiff respectfully disagrees.

---

3   *See* Exhibit 14 annexed to the original *Complaint*, at page 7.
4   The "file" at issue here is *Campbell v. Partello*, No. 659-2018-DM-00702.
5   *See* Document 12-4.

12. This Court may reasonably construe Plaintiff's request for a declaratory judgment, *inter alia*, as a "petition ... for a redress of grievances" under the Petition Clause of the First Amendment. *See, e.g.*, [Borough of Duryea, Pa. v. Guarnieri, 564 U.S. 379 (2011)](#).

13. As such, it is a constitutionally protected liberty interest, subject to strict scrutiny review; and, moreover, advances an "idea of interest to the community as a whole," (*[Id.](#)*). Indeed, Ms. Sternberg's misconduct extended far beyond Plaintiff's own family law matter. Moreover, recent scholarship in the Harvard Law Review[6] has challenged existing legal doctrines concerning immunity.

14. Plaintiff's *Memorandum of Law re: Petition Clause*, that accompanies this pleading,[7] and sets forth more developed argument, is incorporated by reference herein, the same as if plead in full.

---

[6] *Judicial Immunity at the (Second) Founding: A New Perspective on § 1983*. 136 Harv. L. Rev. 1456. March 2023. Available at https://harvardlawreview.org/print/vol-136/judicial-immunity-at-the-second-founding-a-new-perspective-on-%c2%a7-1983/

[7] *Attachment 1*.

Respectfully submitted,

_____
DANA ALBRECHT
    *Plaintiff Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
**(603) 809-1097**
dana.albrecht@hushmail.com

October 26, 2023.

## CERTIFICATE OF SERVICE

I, Dana Albrecht, hereby certify that a copy of this *Surreply* shall be served to all the parties and/or counsel of record through the ECF system.

_____
DANA ALBRECHT

October 26, 2023