UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Dana Albrecht,** )  )    **Plaintiff** )    v. ) )  **Kathleen Sterneberg, et al.** )  )    **Defendants.** ) | **Civil No. 1:23-cv-00381-JL-TSM** |

**PLAINTIFF'S MEMORANDUM OF LAW RE: PETITION CLAUSE**

By:   Dana Albrecht
*Plaintiff Pro Se*
131 D.W. Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................ 2
TABLE OF AUTHORITIES ....................................................................................... 3
   Cases ........................................................................................................................ 3
   Constitutional Provisions ........................................................................................ 3
   Other Authorities .................................................................................................... 3
INTRODUCTION ....................................................................................................... 4
SUMMARY OF ARGUMENT ................................................................................... 4
STANDARD OF REVIEW ......................................................................................... 4
ARGUMENT ............................................................................................................... 5
CONCLUSION ............................................................................................................ 6
CERTIFICATE OF SERVICE .................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Davila*, 125 F.3d 148 (3d Cir. 1997)..............................................................5

*BE & K Constr. Co. v. NLRB*, 536 U.S. 516 (2002).........................................................5 f.

*Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379 (2011)..............................................5 f.

*Brown v. Louisiana*, 383 U.S. 131 (1966).........................................................................6

*Erickson v. Pardus*, 551 U.S. 89 (2007)............................................................................6

*Holzemer v. City of Memphis*, 621 F.3d 512 (6th Cir. 2010)............................................6

*Mack v. Warden Loretto FCI*, 839 F. 3d 286 (3d Cir. 2016)..............................................6

*Magna Carta* (1215)...........................................................................................................5

*McDonald v. Smith*, 472 U.S. 479 (1985).........................................................................5

*NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982)................................................6

*Petition of Right*, 3 Car 1 c 1 (1628).................................................................................5

*The Bill of Rights 1689*, 1 William & Mary Sess 2 c 2......................................................5

*United Mine Workers of Am., Dist. 12 v. Ill. State Bar Ass'n*, 389 U.S. 217 (1967). 5

*United States v. Cruikshank*, 92 U.S. 542 (1875).............................................................5

*Van Deelen v. Johnson*, 497 F.3d 1151 (10th Cir. 2007)...................................................6

**Constitutional Provisions**

U.S. Const. amend. I............................................................................4pp., 5pp., 6p.

**Other Authorities**

Ronald J. Krotoszynski, Jr., *Reclaiming the Petition Clause*............................5

## **INTRODUCTION**

This memorandum of law sets forth, in further detail, various fundamental liberty interests that are protected by the Petition Clause.

## **SUMMARY OF ARGUMENT**

The right to petition the government is regarded as one of the most cherished liberties protected by the Bill of Rights, with deep historical roots in common law. This right is fundamental to a republican form of government, as it permits citizens to peacefully discuss public matters and seek redress for grievances. Petitioning serves essential interests, contributing to freedom, liberty, self-government, the public airing of disputes, the evolution of the law, and as an alternative to force.

The Petition Clause, distinct from the Speech Clause, allows citizens to convey their thoughts, aspirations, and concerns to their government and elected officials, encouraging a public discourse that is vital to a deliberative democracy. Constitutional safeguards apply to petitions aimed at federal, state, local governments, and other public officials.

A petition can target any branch of government, including the judiciary. A petition can take various forms, including an oral grievance, and can also encompass actions undertaken in preparation for legal proceedings. Although a petition can certainly address individual grievances, it takes on greater importance when promoting broader political, social, or communal concepts.

## **STANDARD OF REVIEW**

Fundamental liberty interests, such as those protected by the Petition Clause, are subject to strict scrutiny review.

More specifically, any governmental restriction on such liberty interests must be shown to be justified by: **(a)** a compelling state interest; **(b)** be narrowly tailored to achieve such goal or interest; and **(c)** provide the least restrictive means available to achieve that goal, or interest.

## **ARGUMENT**

The "Right of Petition" has deep historical roots in English law in *The Bill of Rights 1689*, 1 William & Mary Sess 2 c 2, the *Petition of Right*, 3 Car 1 c 1 (1628), and the *Magna Carta* (1215).

More recently, in *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379 (2011), the United States Supreme Court recently renewed its Petition Clause jurisprudence, with a focus on the historical underpinnings of the right. 564 U.S. at 387-97, 131 S.Ct. 2488; see also Ronald J. Krotoszynski, Jr., *Reclaiming the Petition Clause* 104-28 (2012) (chronicling the history of petitioning in the United States, including its importance in the abolitionist movement). The United States Supreme Court described the "special concerns" of the Petition Clause, as compared to the Speech Clause, as follows: "The right to petition allows citizens to express their ideas, hopes, and concerns *to their government and their elected representatives*, whereas the right to speak fosters the public exchange of ideas that is integral to deliberative democracy as well as to the whole realm of ideas and human affairs." *Id*. at 388, 131 S.Ct. 2488 (emphasis added).

A petition may be directed towards any department of government, including the courts. *Guarnieri*, 564 U.S. at 387, 131 S.Ct. 2488; *BE & K Constr.*, 536 U.S. at 525, 122 S.Ct. 2390; see also *Anderson v. Davila*, 125 F.3d at 162-63 (holding that the right to petition includes actions taken in anticipation of litigation).

Further, the right to petition the government is "one of 'the most precious of the liberties safeguarded by the Bill of Rights.'" *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 524, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002) (quoting *United Mine Workers of Am., Dist. 12 v. Ill. State Bar Ass'n*, 389 U.S. 217, 222, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967)). "The very idea of a government, republican in form, implies a right on the part of its citizens to meet peaceably for consultation in respect to public affairs and to petition for a redress of grievances." *United States v. Cruikshank*, 92 U.S. 542, 552, 23 L.Ed. 588 (1875). Petitioning serves numerous, fundamental interests of petitioners and the government alike. It is "essential to freedom," liberty and self-government. *Guarnieri*, at 382, 394; see also *McDonald v. Smith*, 472 U.S. 479, 483, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985). Petitions contribute to the "public airing" of disputes, the "evolution of the

law," and the use of government as an "alternative to force." *BE & K Constr.*, 536 U.S. at 532, 122 S.Ct. 2390.

A petition may "undoubtedly" consist of a "personal grievance addressed to the government." *Guarnieri at 394, 131 S.Ct. 2488*. But "[p]etitions to the government assume an added dimension when they seek to advance political, social, or other ideas of interest to the community as a whole." *Id.* at 395, 131 S.Ct. 2488. A petition need not "take[] a specific form," and may include an oral grievance. *Mack*, 839 F.3d at 299 (citation omitted).

A petition enjoys constitutional protection whether it is addressed, as here, to this Honorable Court, or to a state or national government. See, e.g., *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 889, 102 S.Ct. 3409, 73 L.Ed.2d 1215 (1982) (petition and boycott directed at county officials); *Brown v. Louisiana*, 383 U.S. 131, 142, 86 S.Ct. 719, 15 L.Ed.2d 637 (1966) (protest of segregated public library); *Holzemer v. City of Memphis*, 621 F.3d 512, 519 (6th Cir. 2010) (oral request to city councilperson); *Van Deelen v. Johnson*, 497 F.3d 1151, 1158 (10th Cir. 2007) (appeal of county property tax assessment).

Further, Plaintiff appears *pro se*. Consequently, Plaintiff's "pleading[] should be construed so as to do substantial justice." *Erickson v. Pardus*, 551 U.S. 89 (2007). Finally, Plaintiff respectfully requests this Court *also* to construe the relief sought by Plaintiff as a constitutionally protected "petition for redress of grievances" under the Petition Clause, *in addition to* any other argument(s) made by Plaintiff, for the reasons previously set forth.

## **CONCLUSION**

The right to petition the government, deeply rooted in the Bill of Rights and common law, is a cornerstone of a republican form of government. It enables citizens to peacefully address public issues and seek remedy for grievances, thereby supporting freedom, self-governance, and the peaceful resolution of disputes. The Petition Clause empowers individuals to communicate their perspectives to government entities across all levels and branches, fostering essential public discourse in a deliberative democracy. While petitions can address specific issues, their significance is amplified when championing broader societal ideals.

- 7 -

                                      Respectfully submitted,

                                      _____
                                      DANA ALBRECHT
                                          *Plaintiff Pro Se*
                                      131 Daniel Webster Hwy #235
                                      Nashua, NH 03060
                                      **(603) 809-1097**
                                      dana.albrecht@hushmail.com

October 26, 2023.

## CERTIFICATE OF SERVICE

I, Dana Albrecht, hereby certify that a copy of this *Memorandum* shall be served to all the parties and/or counsel of record through the ECF system.

                                      _____
                                      DANA ALBRECHT

October 26, 2023