# **Attachment 8**

Kathleen Sternenberg

GAL Fees

*Loudermilk v. Montgomery*, No. 659-2015-DM-00185

**THE STATE OF NEW HAMPSHIRE**
**JUDICIAL BRANCH**
**CIRCUIT COURT**

**9th CIRCUIT - FAMILY DIVISION - NASHUA**

**CASE NO: 659-2015-DM-185**

**IN THE MATTER OF STEPHEN B. LOUDERMILK AND LAURA A. MONTGOMERY**

**PARTIALLY ASSENTED TO MOTION TO ALLOW**
**GAL TO EXCEED FEE CAP**

**NOW COMES** Kathleen A. Sternenberg, Guardian ad Litem, in the above-referenced case, and she respectfully requests that this Court allow her to exceed the $3,000 fee cap for her services and order an additional $1,500 retainer and in support thereof states as follows:

1. On November 29, 2018, Kathleen A. Sternenberg, was appointed to act as Guardian ad Litem for E▓▓ L▓▓, DOB ▓/2005.

2. The Guardian ad Litem has expended 22.90 hours since she opened this case. As of the Guardian ad Litem's billing on 2/27/2019, there was a balance of $137.50 left in the account.

3. The Guardian ad Litem received and reviewed approximately 200 pages of pleadings, text messages and documentation. She met with each parent for interviews. She met with the child for a separate interview. She conducted home visits. She met with each party's significant other. She has contacted the child's school and special education staff and guidance counselor and has met with E▓▓'s special ed case worker. The Guardian ad Litem has sent letters and questionnaires to the parties' references and has received and reviewed them. The Guardian ad Litem has sent letters to school, doctors, therapists, and other collaterals and has not yet heard from some of these professionals.

4. The Guardian ad Litem has advised both parties and counsel that she has more investigation to do and that she anticipates that she will need an additional $1,500 to complete her work, write a report and appear at trial, if necessary.

5. Both parties have assented to this motion. Attorney Coughlin is out of town and has not been reached. Attorney Piela has assented to this motion.

**WHEREFORE**, the Guardian ad Litem respectfully requests that this Court:

A. Grant this Motion to Exceed the Fee Cap by $1,500; and

B. Grant such other relief as may be fair and just.

45

Respectfully submitted,

Dated: March 5, 2019

*Kathleen A. Sternenberg*

Kathleen A. Sternenberg, Esq., NHB#8840
Law Office of Kathleen A. Sternenberg
P.O. Box 2288
Concord, NH 03302-2288
(603)641-1048 phone
(603)215-7570 fax
kas@sternenberglaw.com

### Certificate of Service

I, Kathleen A. Sternenberg, hereby certify that I have, this day, mailed a copy of this motion to Timothy C. Coughlin, Esq., counsel for Stephen B. Loudermilk, and to Andrew J. Piela, Esq., counsel for Laura A. Montgomery.

*Kathleen A. Sternenberg*

Kathleen A. Sternenberg

4/23/19
Granted. So Ordered.

Julie A. Introcaso

*The State of New Hampshire*

NH CIRCUIT COURT
9TH Circuit

FAMILY DIVISION 
@ Nashua

**In the Matter of:**
**Stephen B. Loudermilk and Laura A. Montgomery (f/k/a Loudermilk)**

2019 DEC 26 A 10: 38

**Docket No.: 659-2015-DM-185**

### PETITONER'S MOTION TO CLARIFY
### TO REASSESS GUARDIAN AD LITEM'S FEES

NOW COMES the Petitioner, Stephen B. Loudermilk, by and through his attorneys, Coughlin, Rainboth, Murphy & Lown, P.A. and files this Motion and in support thereof states as follows:

1. The Petitioner requests that the Court reassess the issue of payment of the Guardian ad Litem's fees.

2. The GAL's total fees amount to $6,638.25. This large sum of money has been paid solely by the Petitioner. The Court previously issued an order allowing reallocation of such costs.

3. Petitioner requests that the parties each be equally (50/50) responsible for payment of the Guardian ad Litem's fees. Considering the evidence presented in the long history of this matter, it would only be equitable to have the Respondent responsible for one-half (½) of the cost.

4. Petitioner is agreeable to the Respondent paying her one-half share after she obtains gainful employment. The Petitioner has learned that the Respondent is now working part time for the United States Postal Service. She will be finding out very soon if it will be a full-time position.

79

5. Petitioner is requesting that once the Respondent is employed full-time either with the USPS or somewhere else in the future, she reimburse him for half of the Guardian fees as it was also her wish to have a Guardian ad Litem for this case. One-half of the GAL's fees is $3,319.12.

6. During the course of this case, Petitioner was going through medical retirement from the Coast Guard and due to a big change in pay, and very little pay for a time period, he had to borrow from his retirement account to make payments to the Guardian and to pay for other legal fees. He was working part-time for a short period of time to help ease the financial burden this caused his family, but had to cut his time down to a few days a month due to his physical injuries and inability to work even on a part-time basis.

7. Petitioner was also under the impression from what the Judge had said at the time he agreed to pay the Guardian, that it would later be discussed whether Respondent would also be responsible for half of the cost.

8. In addition, Petitioner has not received documentation detailing that the Respondent is physically unable to work. Therefore, she has the means to help in this matter when she is employed on a full-time basis.

WHEREFORE, the Petitioner respectfully requests that this Honorable Court:

A.  Grant the Petitioner's Motion;

B.  Order the parties to be equally responsible for the Guardian ad Litem's fees;

C.  Order the Respondent to reimburse the Petitioner for her one-half share of the GAL's fees once she obtains full-time employment; and

D.  Grant such other and further relief as is just and equitable.

Respectfully submitted,
**Stephen Loudermilk**
By and Through His Attorneys,
**COUGHLIN, RAINBOTH, MURPHY & LOWN**

Dated: December 24, 2019   By: _/s/ James C_____ For
Timothy C. Coughlin, Esquire (NH Bar #8527)
439 Middle Street
Portsmouth, NH 03801
(603) 431-1993
e-mail: tcoughlin@nhtrialattorneys.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has this day been forwarded, postage prepaid, to Andrew J. Piela, Esquire, opposing counsel, and Kathleen A. Sternenberg, Esquire, GAL.

_/s/ James C_____ For
Timothy C. Coughlin, Esquire

MASTER RECOMMENDS: Denied

1/2/20
Date    Bruce F. DalPra, Master

Approved.
1/2/20
Elizabeth M. Leonard