UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
************************************
Dana Albrecht,                      *
                                    *
            Plaintiff,              *
    v.                              *     Civil No. 1:23-CV-00381-JL-TSM
                                    *
Kathleen Sternenberg, et al.        *
                                    *
                                    *
            Defendants.             *
                                    *
************************************
```

### DEFENDANT JULIE A. INTROCASO'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS

Defendant Julie A. Introcaso, by and through counsel, the NH Office of the Attorney General, files this Memorandum of Law in Support of her Motion to Dismiss, stating as follows:

## INTRODUCTION

1. Plaintiff filed this Complaint on August 4, 2023, alleging violations of his procedural and substantive due process rights under the United States Constitution against six defendants, in forty counts (four of which are alleged against Defendant Julie Introcaso). Plaintiff sues Ms. Introcaso in her official capacity a former judge in the New Hampshire Circuit Court, Family Division. Compl. at 1.

2. Plaintiff's claims here relate to Plaintiff's family law matter, *ITMO Dana Albrecht & Katherine Albrecht*, New Hampshire Circuit Court, 9th Circuit, Family Division, Nashua, No. 659-2016-DM00288 ("family law matter"), which "commenced when Katherine Albrecht obtained a civil domestic violence order of protection [against Plaintiff]" on April 8, 2016. Compl. ¶ 11, 27.

3. Plaintiff alleges that Ms. Introcaso, a former Circuit Court judge, and Kathleen Sternenberg, a guardian ad litem ("GAL"), had a conflict of interest because they "are very good friends." Compl. ¶ 19, ¶¶ 23-26. On October 13, 2016, former Marital Master Bruce Dalpra "recommended the appointment of Kathleen Sternenberg as [GAL] in Plaintiff's family law matter" and Ms. Introcaso approved the recommendation. Compl. ¶ 28-29.

4. On May 9, 2019, Mr. Dalpra presided over a hearing in the family law matter. Compl. ¶ 39. Ms. Introcaso approved Mr. Dalpra's recommendations following the hearing on May 30, 2019. Compl. ¶ 41. Plaintiff does not make any allegations as to if and how the relationship between Ms. Sternenberg and Ms. Introcaso in any way affected the May 30, 2019 order, or how the order affected Plaintiff or his case. *See* Compl. ¶ 38-48.

5. In Plaintiff's Counts 5, 6, 17, and 18 (the claims that are alleged against Ms. Introcaso), Plaintiff alleges that Ms. Introcaso "had a duty to disclose her relationship with Defendant Sternenberg to Plaintiff at the time of Sternenberg's appointment as [GAL] [on October 13, 2016], but failed to do so" (Compl. ¶¶ 96, 99), and that Ms. Introcaso failed to disclose the same "prior to issuing her May 30, 2019 order" (Compl. ¶¶ 132, 134). Plaintiff alleges that, by failing to notify Plaintiff prior to issuing the October 13, 2016 and May 30, 2018 orders, Ms. Introcaso violated Plaintiff's procedural and substantive due process rights under the Fourteenth Amendment. Compl. ¶¶ 97, 100, 133, 136.

6. Plaintiff seeks a declaratory judgment in his favor on all forty counts. Compl. at 31-32 ("Prayers for Relief").

7. Plaintiff's claims against Ms. Introcaso fail because: 1) Plaintiff's claims for declaratory relief are barred by the Eleventh Amendment; 2) Ms. Introcaso is entitled to judicial

immunity; and 3) to the extent that Plaintiff is seeking to appeal certain orders in his state proceeding, such a request violates the *Rooker-Feldman* doctrine.

## LEGAL STANDARD

1. To survive a motion to dismiss, Plaintiff must state a claim for relief by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015). The pleading standard does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Moreover, a complaint must fall if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. To survive a motion to dismiss, a complaint must contain sufficient factual assertions, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

2. While a complaint by a *pro se* litigant is held to a less stringent standard than one drafted by a lawyer, the right to self-representation does not confer immunity from compliance with relevant rules of procedural and substantive law.  See *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir. 1985).

## ARGUMENT

### I. Plaintiff's Claims Are Barred by the Eleventh Amendment.

3. Plaintiff asks the Court to impose a declaratory judgment stating that, at specific times since 2016, all defendants violated Plaintiff's due process rights by failing to perform certain unsubstantiated duties.  Plaintiff cannot obtain such retrospective declaratory relief here.

4. The Eleventh Amendment bars states from suit in federal court "unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citing *Pennhurst State School & Hospital* v. *Halderman*, 465 U.S. 89, 99 (1984)). The Eleventh Amendment applies "whether the named defendant is the state itself," or "a state official in [their] official capacity." *Davidson v. Howe*, 749 F.3d 21, 27 (1st Cir. 2014).

5. The Supreme Court has created a narrow exception to the Eleventh Amendment for "suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex parte Young*, 209 U.S. 123 (1908)). The *Ex parte Young* exception to the Eleventh Amendment is intended "to prevent continuing violations of federal law, but not to remedy past violations." *Greenless v. Almond*, 277 F.3d 601, 607 (1st Cir. 2002) (citing Edelman v. *v. Jordan*, 415 U.S. 651(1974). Therefore, a plaintiff alleging a violation of federal law "may obtain prospective, but not retrospective, relief." *Id.* A declaratory judgment about the lawfulness of past judicial acts is not proper, as a "declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Brown v. Rhode Island*, 511 Fed. Appx. 4, 6 (1st Cir. 2013).

6. Plaintiff is seeking retrospective relief against Mr. Introcaso acting in her official capacity as a former judge only. Compl. at 1 (case heading identifies Ms. Introcaso as "Julie A. Introcaso, in her official capacity as a former judge in the in the New Hampshire Circuit Court, Family Division"); Compl. at 31-2. Plaintiff alleges that Judge Introcaso failed to disclose a conflict of interest between herself and a GAL prior to approving two recommendations by former Marital Master Dalpra on October 13, 2016 and May 30, 2019.

7. Plaintiff does not make any allegations of ongoing deprivation of his rights; his allegations against Ms. Introcaso solely relate to alleged failures to disclose information in her role as a judicial officer several years before the filing of this Complaint.

8. As Plaintiff is seeking a declaratory judgment related to past conduct only, the Eleventh Amendment bars all of Plaintiff's claims.

## II. All Claims Against Julie Introcaso Are Barred by Judicial Immunity.

9. "[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." *Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019) (citing *Goldstein v. Galvin*, 719 F.3d 16, 25 (1st Cir. 2013)). Judicial immunity applies even when a judge's "actions are malicious, corrupt, mistaken, or taken in bad faith." *Zenon*, 924 F.3d at 616. Further, "the Supreme Court has recognized that judicial immunity applies in the context of suits . . . that are brought under § 1983." *Id.* (citing *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967)). Judicial immunity is overcome in only two circumstances: 1) "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" and 2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

10. Here, all allegations against Ms. Introcaso relate to conduct performed in her judicial capacity only, namely, her approval of two recommendations by Mr. Dalpra in Plaintiff's family law matter on October 13, 2016 and May 30, 2019. Plaintiff alleges that Ms. Introcaso should have notified Plaintiff of her conflict of interest prior to approving these two recommendations. However, Ms. Introcaso's conflict of interest with the GAL assigned to Plaintiff's family law matter does not fall into either of the exceptions to judicial immunity set forth by the Supreme Court.

### III. To the extent that Plaintiff is seeking to appeal orders in his family law matter, such relief is barred by the *Rooker-Feldman* doctrine.

11. Plaintiff has not alleged any injury arising from Ms. Introcaso's nondisclosure of her conflict of interest with GAL Sternenberg. For example, Plaintiff provides no argument that Ms. Introcaso was biased against Plaintiff as a result of Ms. Introcaso's conflict with Ms. Sternenberg, or that the nondisclosure in any way affected the outcome of Plaintiff's case. While Plaintiff does not directly ask this Court to overturn Ms. Introcaso's orders, Plaintiff's request for a declaratory judgment would call these orders into question.

12. The federal district court lacks subject matter jurisdiction to second-guess the decisions made in state court proceedings. The *Rooker-Feldman* doctrine presumes that the U.S. Supreme Court has exclusive jurisdiction over state court judgments while "divesting lower federal courts of jurisdiction to hear certain cases brought by parties who have lost in state court." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F. 3d 61, 64-65 (1st Circ. 2018). Thus federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine applies even where the Plaintiff "implicitly" seeks review and rejection of a state judgment. *Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 24 (1st Cir. 2005).

13. Plaintiff should have challenged the substance of any orders made by Ms. Introcaso in his family law case through the state court appeal process, and it is improper to challenge such orders here. Rather, Plaintiff could have, and should have, challenged Ms. Introcaso's orders directly in his family law matter.

### IV. The Court Should Exercise its Discretion by Denying Declaratory Relief.

14. Finally, the decision to issue a declaratory judgment is within the discretion of the District Court. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, . . . to dismiss an action seeking a declaratory judgment before trial."). While the District Court may be obliged "to decide virtually all questions within their jurisdiction," this obligation "is…curtailed when complainants seek declaratory relief." *S. Bos. Allied War Veterans Council v. City of Bos.*, 875 F. Supp. 891, 905 (D. Mass. 1995) (citing *El Dia, Inc. v. Hernandez-Colon,* 963 F.2d 488, 493 (1st Cir. 1992); remaining citations omitted).

15. The fact that equitable relief may be granted does not mean that it should. "[T]he principles of equity, comity and federalism oblige federal courts to act with great restraint." *SMA Life Assur. Co. v. Sanchez-Pica*, 764 F. Supp. 7, 8 (D.P.R. 1991), *citing Mitchum v. Foster*, 407 U.S. 225, 243 (1972); *De Cosme v. Sea Containers, L.T.D.*, 874 F.2d 66, 68 (1st Cir.1989). As the Supreme Court noted in *Whole Woman's Health v. Jackson*, the court has gone "out of its way" to "emphasize" that "principles of equity, comity, and federalism" might alone bar a suit against a judge. 142 S. Ct. 522, 534 (2021) (citation omitted). Here, Plaintiff is seeking purely declaratory relief, such that the Court may choose, in its sound discretion, to dismiss this matter. While it is Ms. Introcaso's position that the claims must be dismissed for the reasons stated above, she alternatively asks the Court to exercise its discretion to do the same.

## CONCLUSION

16.	All claims alleged by Plaintiff against Ms. Introcaso are barred by the Eleventh Amendment. Even if Plaintiff's claims were not barred by the Eleventh Amendment, Ms. Introcaso is entitled to judicial immunity as to all claims against her. For these reasons, all claims against Ms. Introcaso should be dismissed.

WHEREFORE, the Defendant Julie Introcaso respectfully requests that this Honorable Court:

A.  Grant the Motion to Dismiss;

B.  Dismiss all claims; and

C.  Grant any further relief that justice may require.

                Respectfully submitted,

                Julie A. Introcaso

                By her attorney,

                THE OFFICE OF THE ATTORNEY GENERAL

Dated: November 6, 2023        /s/ Catherine Denny
                Catherine A. Denny, NH Bar No. 275344
                Assistant Attorney General
                33 Capitol Street
                Concord NH  03301
                Catherine.A.Denny@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ECF on November 6, 2023 to the parties and/or counsel of record.

                /s/ Catherine A. Denny
                Catherine A. Denny