# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Dana Albrecht,                           \*
                                         \*
        Plaintiff,          \*
    v.                           \*          Civil No. 1:23-CV-00381-JL-TSM
                                         \*
Kathleen Sternenberg, *et al.*           \*
                                         \*
                                         \*
        Defendants.         \*
                                         \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT BRUCE F. DALPRA'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS

Defendant Bruce F. Dalpra, by and through counsel, the NH Office of the Attorney

General, files this Memorandum of Law in Support of his Motion to Dismiss, stating as follows:

## INTRODUCTION

1.      Plaintiff filed this Complaint on August 4, 2023, alleging violations of his

procedural and substantive due process rights under the United States Constitution against six

defendants, in forty counts (twelve of which are alleged against Defendant Bruce Dalpra).

Plaintiff sues Mr. Dalpra in his official capacity as a former Marital Master in the New

Hampshire Circuit Court, Family Division. Compl. at 1.

2.      All of Plaintiff's claims against Mr. Dalpra relate to Mr. Dalpra's former role as a

Marital Master in Plaintiff's family law matter, *ITMO Dana Albrecht & Katherine Albrecht*,

New Hampshire Circuit Court, 9th Circuit, Family Division, Nashua, No. 659-2016-DM00288

(hereafter "family law matter"), which "commenced when Katherine Albrecht obtained a civil

domestic violence order of protection [against Plaintiff]" on April 8, 2016. Compl. ¶ 11, 27.

- 1 -

3.      On October 13, 2016, Mr. Dalpra "recommended the appointment of Kathleen Sternenberg as [GAL] in Plaintiff's family law matter" and Ms. Introcaso approved the recommendation. Compl. ¶ 28-29. Plaintiff alleges that Ms. Introcaso, a former Circuit Court judge, and Kathleen Sternenberg, a guardian ad litem ("GAL"), had a conflict of interest because they "are very good friends." Compl. ¶ 19, ¶¶ 23-26. According to Plaintiff's Complaint, Mr. Dalpra presided over several other hearings and issued several recommendations in Plaintiff's family court matter over the course of the next four years.

4.      Plaintiff alleges in Counts 3, 4, 9, 10, 13, 14, 15, 16, 19 and 20 that Mr. Dalpra violated his substantive and procedural due process rights because Plaintiff alleges that Mr. Dalpra "had a duty to disclose the relationship between Defendant Sternenberg and Defendant Introcaso [during each hearing that Mr. Dalpra presided over, or prior to issuing recommendations in Plaintiff's family law matter], but failed to do so." Compl. ¶¶ 90, 93, 108, 111, 120, 123, 126, 129, 138, 141.

5.      On November 6, 2020, Mr. Dalpra presided over a hearing in Plaintiff's family law matter during which Plaintiff alleges that Mr. "Dalpra committed proven judicial misconduct." Compl. ¶ 59. Plaintiff alleges in Counts 31-32 that Mr. Dalpra violated Plaintiff's substantive and procedural due process rights during the November 6, 2020 hearing.

6.      Plaintiff seeks a declaratory judgment in his favor on all forty counts. Compl. at 31-32 ("Prayers for Relief").

7.      Plaintiff's claims against Mr. Dalpra fail because: 1) Plaintiff's claims for declaratory relief are barred by the Eleventh Amendment; 2) Mr. Dalpra is entitled to absolute judicial immunity; and 3) to the extent Plaintiff is seeking to overturn orders in his family law matter, such relief is barred by the *Rooker-Feldman* doctrine.

**LEGAL STANDARD**

8.     To survive a motion to dismiss, Plaintiff must state a claim for relief by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015). The pleading standard does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Moreover, a complaint must fall if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. To survive a motion to dismiss, a complaint must contain sufficient factual assertions, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

9.     While a complaint by a *pro se* litigant is held to a less stringent standard than one drafted by a lawyer, the right to self-representation does not confer immunity from compliance with relevant rules of procedural and substantive law.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir. 1985).

**ARGUMENT**

**I.  Plaintiff's Claims Are Barred by the Eleventh Amendment.**

10.     Plaintiff asks the Court to impose a declaratory judgment stating that, at specific times since 2016, Defendants violated Plaintiff's due process rights by failing to perform certain unsubstantiated duties.  Plaintiff cannot obtain such retrospective declaratory relief here.

11.     The Eleventh Amendment bars states from suit in federal court "unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power,

- 3 -

unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citing *Pennhurst State School & Hospital* v. *Halderman*, 465 U.S. 89, 99 (1984)). The Eleventh Amendment applies "whether the named defendant is the state itself," or "a state official in [their] official capacity." *Davidson v. Howe*, 749 F.3d 21, 27 (1st Cir. 2014).

12.     The Supreme Court has created a narrow exception to the Eleventh Amendment for "suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex parte Young*, 209 U.S. 123 (1908)). The *Ex parte Young* exception to the Eleventh Amendment is intended "to prevent continuing violations of federal law, but not to remedy past violations." *Greenless v. Almond*, 277 F.3d 601, 607 (1st Cir. 2002) (citing *Edelman v. Jordan*, 415 U.S. 651(1974). Therefore, a plaintiff alleging a violation of federal law "may obtain prospective, but not retrospective, relief." *Id.* A declaratory judgment about the lawfulness of past judicial acts is not proper, as a "declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Brown v. Rhode Island*, 511 Fed. Appx. 4, 6 (1st Cir. 2013).

13.     Plaintiff is seeking retrospective relief against Mr. Dalpra acting in his official capacity only. Compl. at 1 (case heading identifies Mr. Dalpra as "Bruce A. Dalpra, in his official capacity as a former Marital Master in the in the New Hampshire Circuit Court, Family Division"); Compl. at 31-2. Plaintiff's allegations against Mr. Dalpra relate to his role as Marital Master in Plaintiff's family law matter, concerning events that occurred years prior to the filing of this Complaint.  Plaintiff does not make any allegations of ongoing deprivation of his rights.

14.     Plaintiff is seeking a declaratory judgment that the failure to disclose information in the past violated his constitutional rights. As the Eleventh Amendment bars declaratory

judgments for retrospective relief against state actors in their official capacities, all claims

against Mr. Dalpra are barred by the Eleventh Amendment.

## II.    All Claims Against Bruce Dalpra Are Barred by Judicial Immunity.

15.    Plaintiff's claims against Mr. Dalpra also fail because he is entitled to judicial

immunity. "[I]t is an axiom of black letter law that when a judge carries out traditional

adjudicatory functions, he or she has absolute immunity for those actions." *Zenon v. Guzman*,

924 F.3d 611, 616 (1st Cir. 2019) (citing *Goldstein v. Galvin*, 719 F.3d 16, 25 (1st Cir. 2013)).

Judicial immunity applies even when a judge's "actions are malicious, corrupt, mistaken, or

taken in bad faith." *Zenon*, 924 F.3d at 616. Further, "the Supreme Court has recognized that

judicial immunity applies in the context of suits . . . that are brought under § 1983." *Id.* (citing

*Pierson v. Ra*y, 386 U.S. 547, 554-55 (1967)). Likewise, "[t]he doctrine of quasi-judicial

immunity provides absolute immunity for those who perform tasks that are inextricably

intertwined with the judicial function." *Nystedt v. Nigro*, 700 F.3d 25, 30 (1st Cir. 2012). Judicial

immunity is overcome in only two circumstances: 1) "nonjudicial actions, i.e., actions not taken

in the judge's judicial capacity" and 2) "actions, though judicial in nature, taken in the complete

absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

16.    All of the allegations against Mr. Dalpra relate to recommendations Mr. Dalpra

issued and hearings he presided over as a Marital Master. A Marital Master performs tasks

substantially similar to that of a judge, including presiding over evidentiary hearings and issuing

recommendations that apply the legal standards to findings of fact. RSA § 490-D:7 [Nominations

and Appointments of Marital Masters], RSA § 490-D:9 [Recommendations of Marital Masters].

Recommendations of a marital master are then signed by a Circuit Court judge. RSA § 490-D:9.

- 5 -

As a Marital Master's tasks "are inextricably intertwined with the judicial function," Mr. Dalpra

is entitled to judicial immunity for the actions alleged by Plaintiff in each of his claims.

17.    Plaintiff does not allege that any exception to judicial immunity applies. Mr.

Dalpra was acting within his judicial capacity and was acting within the jurisdiction of the

Circuit Court at all times relevant to this Complaint. The misconduct alleged against Mr. Dalpra

during the November 6, 2020 hearing is an insufficient basis to allow a claim to proceed against

Mr. Dalpra. *Pierson*, 386 U.S. at 554 ("[Judicial] immunity applies even when the judge is

accused of acting maliciously and corruptly, and it is not for the protection or benefit of a

malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges

should be at liberty to exercise their functions with independent and without fear of

consequences.") Furthermore, Plaintiff fails to point to any duty for Mr. Dalpra to notify Plaintiff

regarding a conflict between the GAL and Judge Introcaso. Accordingly, the allegations

regarding Mr. Dalpra's nondisclosure also fail to provide a basis to overcome judicial immunity.

18.    Therefore, all claims against Mr. Dalpra should be dismissed because he is

entitled to judicial immunity.

### III.    To the extent that Plaintiff is seeking to appeal orders in his family law matter, such relief is barred by the *Rooker-Feldman* doctrine.

19.    Plaintiff has not alleged any injury arising from Mr. Dalpra's nondisclosure of the

conflict of interest between Ms. Introcaso and Ms. Sternenberg. Nor does Plaintiff allege any

injury arising from Mr. Dalpra's misconduct during the hearing in November 2020. For example,

Plaintiff provides no argument that Mr. Dalpra was biased against Plaintiff as a result of Ms.

Introcaso's conflict with Ms. Sternenberg, or that the conflict affected any of the

recommendations in Plaintiff's case. Plaintiff does not argue that the nondisclosure of the

conflict between Sternenberg and Introcaso or that Plaintiff's misconduct during the November

2020 hearing in any way affected the outcome of Plaintiff's case, either. While Plaintiff does not directly ask this Court to invalidate Mr. Dalpra's recommendations or the Circuit Court judge's approval of those recommendations, Plaintiff's request for a declaratory judgment would allow Plaintiff to collaterally attack those orders and recommendations.

20.    The federal district court lacks subject matter jurisdiction to second-guess the decisions made in state court proceedings. The *Rooker-Feldman* doctrine presumes that the U.S. Supreme Court has exclusive jurisdiction over state court judgments while "divesting lower federal courts of jurisdiction to hear certain cases brought by parties who have lost in state court." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F. 3d 61, 64-65 (1st Circ. 2018). Thus federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine applies even where the Plaintiff "implicitly" seeks review and rejection of a state judgment. *Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 24 (1st Cir. 2005).

21.    Plaintiff could have, and should have, challenged any recommendations and orders in his family law case. As Plaintiff's requested relief would essentially require this Court to declare certain recommendations and orders in Plaintiff's state court proceedings unconstitutional, Plaintiff's Complaint should be barred pursuant to *Rooker-Feldman* doctrine.

**IV.    The Court Should Exercise its Discretion by Denying Declaratory Relief.**

22.    Finally, the decision to issue a declaratory judgment is within the discretion of the District Court. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("By the Declaratory

Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, . . . to dismiss an action seeking a declaratory judgment before trial."). While the District Court may be obliged "to decide virtually all questions within their jurisdiction," this obligation "is…curtailed when complainants seek declaratory relief." *S. Bos. Allied War Veterans Council v. City of Bos.*, 875 F. Supp. 891, 905 (D. Mass. 1995) (citing *El Dia, Inc. v. Hernandez-Colon,* 963 F.2d 488, 493 (1st Cir. 1992); remaining citations omitted).

23.     The fact that equitable relief may be granted does not mean that it should. "[T] he principles of equity, comity and federalism oblige federal courts to act with great restraint." *SMA Life Assur. Co. v. Sanchez-Pica*, 764 F. Supp. 7, 8 (D.P.R. 1991), *citing Mitchum v. Foster*, 407 U.S. 225, 243 (1972); *De Cosme v. Sea Containers, L.T.D.*, 874 F.2d 66, 68 (1st Cir.1989). As the Supreme Court noted in *Whole Woman's Health v. Jackson*, the court has gone "out of its way" to "emphasize" that "principles of equity, comity, and federalism" might alone bar a suit against a judge. 142 S. Ct. 522, 534 (2021) (citation omitted). Here, Plaintiff is seeking purely declaratory relief, such that the Court may choose, in its sound discretion, to dismiss this matter. While it is Mr. Dalpra's position that the claims must be dismissed for the reasons stated above, he alternatively asks the Court to exercise its discretion to do the same.

## CONCLUSION

24.     All claims alleged by Plaintiff against Mr. Dalpra are barred by the Eleventh Amendment. Even if Plaintiff's claims were not barred by the Eleventh Amendment, Mr. Dalpra is entitled to judicial immunity as to all claims against him. For these reasons, all claims against Mr. Dalpra should be dismissed.

WHEREFORE, the Defendant Bruce F. Dalpra respectfully requests that this Honorable

Court:

A.  Grant Mr. Dalpra's Motion to Dismiss;

B.  Dismiss all claims; and

C.  Grant any further relief that justice may require.


Respectfully submitted,

Bruce F. Dalpra

By his attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated:  November 6, 2023          */s/ Catherine A. Denny*
                                 Catherine A. Denny, NH Bar No. 275344
                                 Assistant Attorney General
                                 1 Granite Place South
                                 Concord NH  03301
                                 Catherine.A.Denny@doj.nh.gov


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ECF on November 6, 2023 to the parties and/or counsel of record.


*/s/ Catherine A. Denny*
Catherine A. Denny

- 9 -