## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Dana Albrecht,                    \*

                                 \*

        Plaintiff,          \*

    v.                       \*     Civil No. 1:23-CV-00381-JL-TSM

                                 \*

Kathleen Sternenberg, *et al.*     \*

                                 \*

                                 \*

        Defendants.        \*

                                 \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATE DEFENDANTS DERBY, KING AND NH JUDICIAL BRANCH'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Mark S. Derby, David D. King, and the NH Judicial Branch, by and through counsel, the NH Office of the Attorney General, file this Memorandum of Law in Support of their Motion to Dismiss, stating as follows:

### INTRODUCTION

1.      Plaintiff filed this Complaint on August 4, 2023, alleging violations of his procedural and substantive due process rights under the United States Constitution against six defendants, in forty counts. Defendant Mark S. Derby is sued in his official capacity as a New Hampshire Circuit Court Judge for the 9th Circuit, Family Division. Compl. at 1. Defendant David D. King is sued in his official capacity as the Chief Administrative Judge of the New Hampshire Circuit Court. Compl. at 1.

2.      Plaintiff's claims here relate, to some extent, to Plaintiff's family law matter, *ITMO Dana Albrecht & Katherine Albrecht*, New Hampshire Circuit Court, 9th Circuit, Family Division, Nashua, No. 659-2016-DM00288 (hereafter "family law matter"), which "commenced

- 1 -

when Katherine Albrecht obtained a civil domestic violence order of protection [against Plaintiff]" on April 8, 2016. Compl. ¶ 11, 27.

     3.     Plaintiff alleges that Judge Introcaso, a former Circuit Court judge, and Kathleen Sternenberg, a guardian ad litem ("GAL"), had a conflict of interest because they "are very good friends." Compl. ¶ 19, ¶¶ 23-26. On October 13, 2016, former Marital Master Bruce Dalpra "recommended the appointment of Kathleen Sternenberg as [GAL] in Plaintiff's family law matter" and Judge Introcaso approved the recommendation. Compl. ¶ 28-29.

     4.     On May 9, 2019, Mr. Dalpra presided over a hearing in the family law matter and made recommendations following the hearing on May 30, 2019, which Ms. Introcaso approved that same day. Compl. ¶¶ 39-41. On June 28, 2019, Mr. Dalpra "made a recommendation to deny" Plaintiff's motion for reconsideration of the May 30 Order. Compl. ¶ 42. Judge Derby approved that recommendation on June 30, 2019, while he allegedly "was aware of the conflict between Sternenberg and Introcaso" through orders issued in another case, but did not disclose the conflict to Plaintiff. Compl. ¶¶ 36-37, 43-44. Plaintiff does not make any allegations as to if and how the alleged relationship between Ms. Sternenberg and Ms. Introcaso in any way affected the recommendations and orders set forth above. *See* Compl. ¶ 40-43.

     5.     Plaintiff requested *certiorari* in the NH Supreme Court to review the May 30, 2019 and June 30, 2019 orders, which was denied on September 16, 2019 (and reconsideration was denied on October 15, 2019). Compl. ¶¶ 46-47.

     6.     Plaintiff alleges that Judge Derby presided over a hearing on December 20, 2019, in which Plaintiff "was questioned about Julie Introcaso's May 30, 2019 *Order*," and, had Plaintiff known about the conflict between Ms. Sternenberg and Ms. Introcaso, he "would have responded differently to the questions." Compl. ¶¶ 49-50, 52. He does not elaborate further. *Id.*

7.      On November 6, 2020, Mr. Dalpra presided over a hearing in Plaintiff's family law matter during which Plaintiff alleges that "Dalpra committed proven judicial misconduct." Compl. ¶ 59.

8.      In Plaintiff's Counts 21, 22, 25, and 26, Plaintiff alleges that Judge Derby had a duty to disclose Ms. Introcaso and Ms. Sternenberg's conflict of interest in Plaintiff's family law matter when Judge Derby issued an order dated June 30, 2019 and when he presided over a hearing on December 20, 2019. Compl. ¶¶ 143-148, 156-162. Plaintiff alleges that, by failing to disclose the conflict of interest between Introcaso and Sternenberg, Judge Derby is liable for violating Plaintiff's substantive and procedural due process rights pursuant to 42 U.S.C. § 1983. *Id.*

9.      In Plaintiff's Counts 27-28, Plaintiff alleges that Judge King had a duty to disclose to Plaintiff the conflict of interest between Ms. Introcaso and Ms. Sternenberg when he became aware of the conflict, but he failed to do so. Compl. ¶¶ 163-167. In Counts 33, 34, 37 and 39, Plaintiff alleges that Judge King failed to notify Plaintiff of alleged misconduct by Mr. Dalpra. Compl. ¶¶ 180-184, 194-200.  Plaintiff does not allege that Judge King ever presided over Plaintiff's family law matter or had any role in his case. *See generally* Compl. However, Plaintiff alleges that, by failing to disclose the foregoing information, Judge King is liable for violating Plaintiff's substantive and procedural due process rights pursuant to 42 U.S.C. § 1983. Compl. ¶¶ 163-167, 180-184, 194-200.

10.      Plaintiff then alleges that the NH Judicial Branch failed to inform Plaintiff about a statement allegedly made by Judge Derby in the investigation of Ms.  Introcaso, and that the NH Judicial Branch failed to produce depositions related to the Judicial Conduct Committee's investigation. Compl. ¶¶ 170-192.  Plaintiff alleges that, by failing to provide that information to

Plaintiff, the NH Judicial Branch is liable for violating Plaintiff's substantive and procedural due process rights pursuant to 42 U.S.C. § 1983. *Id.*

11.    Finally, Plaintiff alleges that the NH Supreme Court violated his due process rights by denying *certiorari* to review two orders from Plaintiff's family law matter. Compl. ¶¶ 149-155.

12.    Plaintiff seeks a declaratory judgment in his favor on all forty counts. Compl. at 31-32 ("Prayers for Relief").

13.    Each of Plaintiff's claims fails for multiple reasons: 1) Plaintiff's claims for declaratory relief are barred by the Eleventh Amendment; 2) Judge Derby and the NH Supreme Court are entitled to absolute judicial immunity; 3) and Plaintiff does not set forth a legal "duty" by Judge King to disclose certain information, nor for the NH Judicial Branch to have produced records from the Judicial Conduct Committee (JCC) investigation.

## LEGAL STANDARD

14.    To survive a motion to dismiss, Plaintiff must state a claim for relief by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015). The pleading standard does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Moreover, a complaint must fall if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. To survive a motion to dismiss, a complaint must contain sufficient

factual assertions, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

15.     While a complaint by a *pro se* litigant is held to a less stringent standard than one drafted by a lawyer, the right to self-representation does not excuse compliance with relevant rules of procedural and substantive law.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir. 1985).  As set forth below, though Plaintiff here alleges myriad facts, he has not alleged any well-pleaded facts that, when assumed true, are sufficient to survive a motion to dismiss as a matter of law.


**ARGUMENT**

**I.  Plaintiff's Claims Are Barred by the Eleventh Amendment.**

16.     Plaintiff asked the Court to impose a declaratory judgment stating that, at specific times since 2016, Defendants violated Plaintiff's due process rights by failing to perform certain unsubstantiated duties.  Plaintiff cannot obtain such retrospective declaratory relief here.

17.     The Eleventh Amendment bars states from suit in federal court "unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citing *Pennhurst State School & Hospital* v. *Halderman*, 465 U.S. 89, 99 (1984)). The Eleventh Amendment applies "whether the named defendant is the state itself," or "a state official in [their] official capacity." *Davidson v. Howe*, 749 F.3d 21, 27 (1st Cir. 2014).

18.     The Supreme Court has created a narrow exception to the Eleventh Amendment for "suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

The *Ex parte Young* exception to the Eleventh Amendment is intended "to prevent continuing violations of federal law, but not to remedy past violations." *Greenless v. Almond*, 277 F.3d 601, 607 (1st Cir. 2002) (citing *Edelman v. Jordan*, 415 U.S. 651 (1974). Therefore, a plaintiff alleging a violation of federal law "may obtain prospective, but not retrospective, relief." *Id.* A declaratory judgment about the lawfulness of past judicial acts is not proper, as a "declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Brown v. Rhode Island*, 511 Fed. Appx. 4, 6 (1st Cir. 2013).

19.     Plaintiff's claims do not fall within the *Ex parte Young* exception to Eleventh Amendment immunity for at least two separate reasons.

20.     First, the Judicial Branch (which includes the New Hampshire Supreme Court) is a state agency, such that the Judicial Branch is immune from suit pursuant to the Eleventh Amendment.

21.     Second, Plaintiff is seeking retrospective relief against Judge Derby and Judge King acting in their official capacities only. Compl. at 1 (case headings identify defendants as "Mark S. Derby, in his official capacity capacity [sic] as a judge" and "David D. King, in his official capacity capacity [sic] as a [sic] Administrative Judge"); Compl. at 31-2. Plaintiff alleges that Judge Derby and Judge King failed to disclose a conflict of interest between a GAL and another judge on several occasions in the past. He also alleges that Judge King failed to notify Plaintiff about misconduct by former Marital Master Dalpra. Plaintiff is seeking a declaratory judgment that these past failures to disclose information violated his constitutional rights. As the Eleventh Amendment bars declaratory judgments for retrospective relief against state actors in

their official capacities, all claims against Judges Derby and King are barred by the Eleventh Amendment.

## II. All Claims Against Judge Derby and the New Hampshire Supreme Court Are Barred by Absolute Judicial Immunity.

22. "[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." *Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019) (citing *Goldstein v. Galvin*, 719 F.3d 16, 25 (1st Cir. 2013)). Judicial immunity applies even when a judge's "actions are malicious, corrupt, mistaken, or taken in bad faith." *Zenon*, 924 F.3d at 616. Further, "the Supreme Court has recognized that judicial immunity applies in the context of suits . . . that are brought under § 1983." *Id.* (citing *Pierson v. Ra*y, 386 U.S. 547, 554-55 (1967)). Judicial immunity is overcome in only two circumstances: 1) "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" and 2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

23. Here, all allegations against Judge Derby reflect conduct performed in his judicial capacity. Plaintiff alleges that Judge Derby failed to disclose to Plaintiff a conflict between the GAL and another judge when he issued an order in Plaintiff's family law matter on June 30, 2019 and when he presided over a hearing on December 20, 2019.  As all allegations against Judge Derby occurred while he was acting in a judicial capacity, Judge Derby is entitled to absolute judicial immunity.

24. Similarly, the NH Supreme Court has absolute judicial immunity in its decision to deny *certiorari* for review of two orders from Plaintiff's family law matter. It should also be noted that the case cited by Plaintiff to support his claim against the NH Supreme Court, *State v. Cooper*, 127 N.H. 119 (1985), does not support his position.  In *Cooper*, the New Hampshire

Supreme Court held that the appellants' federal and state due process rights were not violated by the rules allowing for discretionary appeals, as "the right to appeal in New Hampshire is limited to the right to obtain a discretionary determination by this court as to whether it will accept the appeal." 127 N.H. at 124. "The standard governing the making of a declination decision is one of sound judicial discretion with respect to the desirability of our hearing and deciding the case." *Id.* at 125. Therefore, Plaintiff does not have a due process right to appeal beyond what was afforded to him, and the New Hampshire Supreme Court is entitled to judicial immunity in its discretionary decision to decline review of Plaintiff's appeal.[1]

25.     While judicial immunity may not apply to some claims for *prospective* declaratory relief, it does apply to requests for *retrospective* declaratory relief. *See Lund v. Cowan*, 5 F.4th 964, 973 (9th Cir. 2021); *see also Miller v. Purpura*, No. JKB-21-3206, 2022 U.S. Dist. LEXIS 139306, at *3 (D. Md. Aug. 3, 2022) ("A complaint seeking a declaratory of past wrongdoing by a judge, in contrast to one seeking to halt a present or ongoing violation of federal law, is not a claim for prospective relief, but rather is retrospective in nature; such a complaint is barred by absolute judicial immunity." (cleaned up)). Here, as discussed above, Plaintiff only seeks to redress past alleged harms. Judicial immunity therefore applies.

---

[1] It should be noted that the U.S. Supreme Court is the appropriate venue to review a state supreme court action, rather than a federal district court. *See, e.g., McKenna v. Curtin*, 869 F.3d 44, 47–48 (1st Cir. 2017); *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 64–65 (1st Cir. 2018):

> The Rooker-Feldman doctrine preserves the Supreme Court's exclusive jurisdiction over "appeals from final state-court judgments," *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam), by divesting lower federal courts of jurisdiction to hear certain cases brought by parties who have lost in state court*, see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-93 (2005); *Coggeshall v. Mass. Bd. of Regist. of Psychologists*, 604 F.3d 658, 663 (1st Cir. 2010). Specifically, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments [that were] rendered before the district court proceedings commenced and invit[e] district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284, 125 S.Ct. 1517.

III.    **Plaintiff Has Failed to Cite a Legally Cognizable "Duty" That Gives Rise to a Constitutional Violation**

26.    Unlike Judge Derby, who is entitled to judicial immunity, Judge King never adjudicated Plaintiff's family law matter and had no judicial role in his case whatsoever. Plaintiff alleges that, on several occasions, Judge King failed to disclose certain information, which, in turn, violated Plaintiff's procedural and substantive due process rights. Plaintiff fails to cite, however, to any legal duty that would have required Judge King to disclose such information to Plaintiff, and he fails to explain how the nondisclosure of such information led to a deprivation of Plaintiff's rights.

27.    "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Before depriving an individual of liberty or property through state action, an individual is entitled to notice and a hearing. *See id.* at 333. Substantive due process "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (internal quotations and citations omitted). Neither of these rights is implicated by the defendants' alleged conduct.

28.    Plaintiff, despite repeating that Judge King failed to disclose an alleged conflict of interest and failed to disclose judicial misconduct to him, did not cite to any legal authority to show that Judge King had a legal "duty" to take such actions. Plaintiff does not provide a state or federal statute that requires a judge, who is not presiding over a case, to inform a litigant of an alleged conflict or misconduct.  In fact, there are specific requirements to ensure that Judicial Conduct Committee (JCC) investigations are kept confidential.  NH Sup. Ct. R. 40(3). Assuming, arguendo, that there had been a duty to report a conflict or alleged misconduct under

the Code of Judicial Conduct, such a duty would not give rise to a cause of action, let alone a

constitutional violation. NH Code of Judicial Conduct Rule 38 ("The Code is not designed or

intended as a basis for civil or criminal liability. Neither is it intended to be the basis for litigants

to seek collateral remedies against each other or to obtain tactical advantages in proceedings

before a court"); *Chmielinski v. Mass. Office of the Comm'r of Prob.*, 513 F.3d 309, 316 n.5 (1st

Cir. 2008) ("An agency's failure to follow its own rules" does not give rise to a due process

violation under the Federal Constitution because "the federal Due Process Clause does not

incorporate the particular procedural structure enacted by state or local governments").

29.     Without citing to any legal basis to support his contention that Judge King had a

duty to provide Plaintiff with certain information, it is further unclear how this failure caused a

deprivation of Plaintiff's protected liberty or property interests. Plaintiff does not explain how his

liberty or property was deprived of as a result of Judge Kings' failure to provide him with

information. While one can deduce that Plaintiff did not gain custody of his children in his

family law matter, nothing in Plaintiff's Complaint connects the alleged conflict of interest

between Ms. Introcaso and Ms. Sternenberg, or the misconduct of Mr. Dalpra, to this result. It

would take a further mental leap to find that Judge King, who never presided over Plaintiff's

family law matter, could be held responsible for the alleged misconduct of others.

30.     By failing to allege any legally cognizable duty on the part of Judge King or any

direct involvement in the family law proceedings, Plaintiff similarly fails to allege a substantive

due process violation. Plaintiff cannot allege "government interference with certain fundamental

rights and liberty interests" where Judge King had no role in adjudicating Plaintiff's case.

31.     Similarly, Plaintiff has failed to allege a cognizable duty for the NH Judicial

Branch to provide records in the custody of the Judicial Conduct Committee. First, the JCC is an

independent entity, such that the NH Judicial Branch did not possess the deposition that Plaintiff

requested. *See* Sup. Ct. R. 39. Furthermore, even if Plaintiff had requested a deposition from the

JCC, depositions and other materials obtained during the course of an investigation are

confidential. NH Sup. Ct. R. 40(3)(a)). Therefore Plaintiff has also failed to allege that the NHJB

had any duty to provide the deposition requested by Plaintiff, or that it even had the ability to do

so, that could give rise to a violation of Plaintiff's due process rights.

**IV.    The Court Should Exercise its Discretion by Denying Declaratory Relief.**

32.     Finally, the decision to issue a declaratory judgment is within the discretion of the

District Court. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("By the Declaratory

Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created

an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent

with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise

of its discretion, . . . to dismiss an action seeking a declaratory judgment before trial."). While

the District Court may be obliged "to decide virtually all questions within their jurisdiction," this

obligation "is…curtailed when complainants seek declaratory relief." *S. Bos. Allied War*

*Veterans Council v. City of Bos.*, 875 F. Supp. 891, 905 (D. Mass. 1995) (citing *El Dia, Inc. v.*

*Hernandez-Colon,* 963 F.2d 488, 493 (1st Cir. 1992) (remaining citations omitted).

33.     The fact that equitable relief may be granted does not mean that it should. "[T] he

principles of equity, comity and federalism oblige federal courts to act with great restraint." *SMA*

*Life Assur. Co. v. Sanchez-Pica*, 764 F. Supp. 7, 8 (D.P.R. 1991), *citing Mitchum v. Foster*, 407

U.S. 225, 243 (1972); *De Cosme v. Sea Containers, L.T.D.*, 874 F.2d 66, 68 (1st Cir.1989). As

the Supreme Court noted in *Whole Woman's Health v. Jackson*, the court has gone "out of its

way" to "emphasize" that "principles of equity, comity, and federalism" might alone bar a suit

against a judge. 142 S. Ct. 522, 534 (2021) (citation omitted). Here, Plaintiff is seeking purely declaratory relief, such that the Court may choose, in its sound discretion to respect the independence of the state judiciary and dismiss this matter. While it is Judge King, Judge Derby, and the NH Judicial Branch's position that the claims must be dismissed for the reasons stated above, they alternatively ask the Court to exercise its discretion to do the same.

## CONCLUSION

34.      All claims alleged by Plaintiff against the Judicial Branch, Judge King, and Judge Derby are barred by the Eleventh Amendment. Even if Plaintiff's claims were not barred, Plaintiff has failed to state a claim for relief against Judge King, who had no legally cognizable duty to act. As all claims against Judge Derby occurred in his capacity as a judicial officer, he is entitled to judicial immunity. Therefore, for multiple reasons, all claims should be dismissed.


WHEREFORE, the NH Judicial Branch, Judge King, and Judge Derby respectfully request that this Honorable Court:

A.  Grant this Motion;

B.  Dismiss all claims against the NH Judicial Branch, Judge Derby, and Judge King; and

C.  Grant any further relief that justice may require.


Respectfully submitted,

Mark S. Derby, David D. King, and the NH Judicial Branch

By their attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: November 6, 2023          /s/ Christopher Bond

- 12 -

Christopher G. Bond, Bar #20161
Associate Attorney General
33 Capitol Street
Concord NH  03301
christopher.g.bond@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ECF on November 6, 2023 to the parties and/or counsel of record.


/s/ Christopher Bond_____
Christopher G. Bond