UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

DANA ALBRECHT,

      Plaintiff,

v.

KATHLEEN STERNENBERG, IN HER OFFICIAL
CAPACITY AS A GUARDIAN AS LITEM
APPOINTED TO SERVE IN THE NEW HAMPSHIRE
CIRCUIT COURT, FAMILY DIVISION; BRUCE F.
DALPRA, IN HIS OFFICIAL CAPACITY AS A
FORMER MARITAL MASTER IN THE NEW
HAMPSHIRE CIRCUIT COURT, FAMILY
DIVISION; JULIE A. INTROCASO, IN HER
OFFICIAL CAPACITY AS A FORMER JUDGE IN
THE NEW HAMPSHIRE CIRCUIT COURT,
FAMILY DIVISION; MARK S. DERBY, IN HIS
OFFICIAL CAPACITY AS A JUDGE IN THE NEW
HAMPSHIRE CIRCUIT COURT, FAMILY
DIVISION; DAVID D. KING, IN HIS OFFICIAL
CAPACITY AS AN ADMINISTRATIVE JUDGE OF
THE NEW HAMPSHIRE CIRCUIT COURT; AND
NEW HAMPSHIRE JUDICIAL BRANCH,

      Defendants.

Docket No. 1:23-cv-000381-JL-TSM

## KATHLEEN STERNENBERG'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF LATE AUTHORITY

Defendant, Kathleen Sternenberg ("Sternenberg" or "Defendant"), by and through her counsel, Morrison Mahoney LLP, respectfully submits this Response to Plaintiff's Motion for Entry of Late Authority, stating as follows:

1.      On 11/3/23, Plaintiff filed his Motion for Entry of Late Authority, in connection with the currently pending motion to dismiss of Sternenberg (Doc. 5). Therein, he provides to the court the 10/30/23 opinion of the Fourth Circuit Court of Appeals in the matter of Gibson v. Goldston, No. 22-1757.

103230839

2.      Sternenberg responds in order to note that the Fourth Circuit's decision in Gibson is not in any way "directly relevant to the issues raised in" her motion to dismiss.  (Doc. 16, ¶3)

3.      In Gibson, a judge, in the midst of a property dispute between former spouses, halted the proceedings before her and ordered all parties to the home of one of the litigants.  She then ordered (and participated in) the search of the litigant's residence, an act which was outside the scope of judicial authority.  The Fourth Circuit agreed with the lower court, which found that the judge's conduct in conducting a search and seizure at a litigant's home constituted nonjudicial acts to which judicial immunity did not attach.  Further, the judge "was engaged [] in an executive function *forbidden* to her under the West Virginia Constitution."  (emphasis in original)  Gibson, p. 13.  While she had authority to order a search, she did not have authority to conduct a search. Gibson, p. 4.

4.      The Fourth Circuit held that judicial immunity "does not shield the conduct of judges who step outside their judicial role."  Gibson, p. 3.  This case is inapplicable to the facts in the instant case, as here, unlike in Gibson, the complained of acts as against Sternenberg all occurred in her role as the duly appointed guardian ad litem.  Unlike the judge in Gibson, Sternenberg never "exceeded the most common understandings of the proper [quasi-] judicial role." Gibson, p. 9.

5.      Even if the Fourth Circuit's decision had any persuasive value, which it does not, Gibson is clearly distinguishable from the facts of the instant case.

Wherefore Defendant respectfully requests that this Honorable Court:

A.      Dismiss all claims against Kathleen Sternenberg with prejudice; and

B.      Grant such other and further relief as is equitable and just.

103230839

Respectfully submitted,

Kathleen Sternenberg, in her official capacity as a Guardian ad Litem appointed to serve in the New Hampshire Circuit Court, Family Division

MORRISON MAHONEY LLP


By    /s/ *Linda M. Smith*
         Edwin F. Landers, Jr., #17297
         elanders@morrisonmahoney.com
         Linda M. Smith, #265038
         lsmith@morrisonmahoney.com
         Center of New Hampshire Office Tower
         650 Elm Street, Suite 201
         Manchester, NH 03101
         Phone:  603-622-3400
         Fax:     617-342-4967

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the following persons on this date in the manner specified herein:

Electronically Served:


         /s/ *Linda M. Smith*
         Linda M. Smith, #265038

3

103230839