# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **Dana Albrecht,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **Civil No. 1:23-cv-00381-JL-TSM** |
| | ) | |
| **Kathleen Sterneberg, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## PLAINTIFF'S OBJECTION TO
## STATE DEFENDANTS DERBY, KING AND NH JUDICIAL BRANCH'S
## MOTION TO DISMISS

---

NOW COMES Dana Albrecht, *pro se*, and objects to State Defendants Derby, King, and the NH Judicial Branch's *Motion to Dismiss*; and, in support thereof, further states:

1. Plaintiff has contemporaneously filed an accompanying *Memorandum of Law* setting forth more developed argument in objection to State Defendants Derby, King, and the NH Judicial Branch's *Motion*.

2. All arguments in Plaintiff's *Memorandum* are incorporated here, the same as if plead in full. In summary, however, Plaintiff argues that:

3. 42 U.S.C. § 1983 should be understood to eliminate judicial immunity.

4. Judicial immunity is limited and does not cover actions outside a judge's official duties, such as misconduct, code of conduct violations, or decisions made beyond their legal authority. It's essential for federal courts to acknowledge and rectify any denial of fair legal process caused by undisclosed

information or undisclosed conflicts. Notably, the Eleventh Amendment doesn't prevent federal courts from intervening in cases where state officials are accused of constitutional violations. The Rooker-Feldman doctrine, preventing federal courts from acting as appellate courts for state decisions, is irrelevant in this context. Rather, Plaintiff alleges misconduct and nondisclosure by state officials. These allegations predate various state court rulings and are not restricted by the Rooker-Feldman doctrine.

5. Declaratory relief should be awarded against state judicial officers despite any judicial immunity. Such relief aims to clarify future legal rights and obligations, especially regarding alleged violations of procedural and substantive due process rights by judges. This emphasizes the need for fairness, judicial transparency, and the public interest. Additionally, not providing declaratory relief could undermine the Petition Clause, vital for democratic governance and individual liberty.

6. Furthermore, amendments to the plaintiff's complaint should be permitted if it serves justice. Courts should apply stricter criteria when dismissing cases *sua sponte* and not based on any party's argument. Plaintiffs must have the chance to revise their complaint to address arguments independently created by the court, without influence from defendants' arguments.

7. Consequently, State Defendants Derby, King, and the NH Judicial Branch's *Motion to Dismiss* should be denied.

WHEREFORE Plaintiff Dana Albrecht respectfully requests that the Court:

A) Deny Defendant State Defendants Derby, King, and the NH Judicial Branch's *Motion to Dismiss* for the reasons set forth in his accompanying *Memorandum of Law*; or,

B) Hold a hearing on State Defendants Derby, King, and the NH Judicial Branch's *Motion to Dismiss Motion to Dismiss*; and,

C) For all other such relief as is just and equitable.

Respectfully submitted,

_____

DANA ALBRECHT
*Plaintiff Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

January 5, 2024.

## CERTIFICATE OF SERVICE

I, Dana Albrecht, hereby certify that a copy of this *Objection* shall be served to all the parties and/or counsel of record through the ECF system.

_____

DANA ALBRECHT

January 5, 2024