**EXHIBIT**

**17**

1          STATE OF NEW HAMPSHIRE

2     9TH CIRCUIT COURT - FAMILY DIVISION - NASHUA

3

KATHERINE ALBRECHT,              ) Family Division Case No.
4                                ) 659-2019-DV-00341
              Plaintiff,         )
5                                ) Nashua, New Hampshire
         vs.                     ) November 16, 2023
6                                ) 10:30 a.m.
DANA ALBRECHT,                   )
7                                )
              Defendant.         )
8    _____ )

9

10                          HEARING
          BEFORE THE HONORABLE KEVIN RAUSEO
         JUDGE OF THE CIRCUIT COURT - FAMILY DIVISION
11

APPEARANCES:
12

For the Plaintiff:          Michael Fontaine, Esq.
13                          WELTS WHITE FONTAINE PC
                            PO Box 507
14                          Nashua, NH 03061

15   Pro Se Defendant:      Dana Albrecht
                            (Address Unknown)
16

Audio Operator:            Electronically Recorded
17                          **Not Monitored**

18   TRANSCRIPTION COMPANY:   eScribers, LLC
                              7227 N. 16th Street, Suite 207
19                            Phoenix, AZ 85020
                              (800) 257-0885
20                            www.escribers.net

21   Proceedings recorded by electronic sound recording; transcript
     produced by court-approved transcription service.
22

23

24

25



1          (Proceedings commence at 10:30 a.m.)

2          THE COURT:  All right.  We're on the record in the

3  matter of Katherine Albrecht and Dana Albrecht, 659-2019-DV-

4  341.

5          Will the parties identify themselves for the record?

6  Starting with the Plaintiff and their attorney.

7          MR. FONTAINE:  Michael Fontaine from Welts, White

8  and Fontaine, representing the Plaintiff, Katherine Albrecht.

9          THE PLAINTIFF:  Katherine Albrecht.

10          THE COURT:  Please state your name.

11          THE PLAINTIFF:  Katherine Albrecht.

12          MR. ALBRECHT:  Dana Albrecht, Defendant.  And Your

13  Honor, respectfully, I need about two minutes just to organize

14  my papers.

15          THE COURT:  It's coming off your time, Mr. Albrecht.

16  Go ahead.

17          MR. FONTAINE:  Judge, while he's doing that, I have

18  my proposed order, and I do have proposed exhibits.

19          THE COURT:  Thank you.  Did you give a copy to Mr.

20  Albrecht?

21          MR. ALBRECHT:  May I approach or how do --

22          THE COURT:  Yeah, we have the court officer that --

23          MR. ALBRECHT:  Okay.

24          THE COURT:  Okay.

25          MR. ALBRECHT:  That's a motion in limine.



1          THE COURT:  Let me read it first.

2          Did you see this, Attorney Fontaine?

3          MR. FONTAINE:  I was just handed it.

4          THE COURT:  Okay.  You can docket it.

5          You can raise that in your presentation, Mr.

6  Albrecht, okay?

7          MR. ALBRECHT:  All right, Your Honor.

8          THE COURT:  What do you -- what's that, sir?

9          MR. ALBRECHT:  Hearing transcripts I'd like to

10  admit, if I could at least just give them to the officer so

11  they're off my desk.

12          THE COURT:  Absolutely.  Let me take them.

13          Do you have a copy, Attorney Fontaine?

14          MR. FONTAINE:  Yes, he did send them to me last

15  night.

16          THE COURT:  Okay.  Thank you.

17          Sir, did you put -- you didn't put exhibit stickers

18  on there, did you?

19          MR. ALBRECHT:  No, I didn't, Your Honor.

20          THE COURT:  No worries.  You all set, Mr. Albrecht?

21          MR. ALBRECHT:  I'm having trouble with the court Wi-

22  Fi.  I'm not sure if that comes off my time.  If need be, why

23  don't we proceed without it, but if I --

24          THE COURT:  Do you have material on this, sir?  Do

25  you have material on your laptop that you need to access?

1          MR. ALBRECHT:  Yes.

2          THE COURT:  Okay.  So we're going to take a recess;

3   let you -- it's not going to come off your time.

4          MR. ALBRECHT:  Okay.

5          THE COURT:  Make a note.  Take a recess.  You're

6   going to log into your computer, to the best you can, and then

7   let me know once you do and we'll reconvene, okay?

8          MR. ALBRECHT:  Okay.

9          MR. FONTAINE:  Can I just ask a procedural question?

10  Maybe you can ask him this.  Is it necessary what's on there

11  relative to --

12         THE COURT:  I just --

13         MR. FONTAINE:  -- my --

14         THE COURT:  -- asked him that and he said yes.

15         MR. FONTAINE:  Relative to my presentation?

16         MR. ALBRECHT:  Well -- I'm not sure.  I just don't

17  want to interrupt you for --

18         MR. FONTAINE:  Okay.

19         THE COURT:  Yeah --

20         MR. ALBRECHT:  I'm used to having --

21         THE COURT:  -- for the flow of the proceeding?

22         MR. ALBRECHT:  For the flow of it, yeah.

23         THE COURT:  We're going to take a break.

24         MR. ALBRECHT:  Sure.

25         THE COURT:  You're going to access your laptop.



1  Once you do, within the 30 minutes, we'll start, okay.

2              MR. ALBRECHT:  All right.

3              THE COURT:  Any questions, Attorney Fontaine?

4              MR. FONTAINE:  No.  Thank you.

5              THE COURT:  Any questions, Attorney Albrecht -- I'm

6  sorry, Mr. Albrecht?

7              MR. ALBRECHT:  No.

8              THE COURT:  All right.  So let me know, okay.

9              THE BAILIFF:  Please rise.

10       (Recess at 10:34 a.m., recommencing at 10:40 a.m.)

11             THE COURT:  We're back on the record in the matter

12  of Albrecht and Albrecht -- v. Albrecht.

13             Attorney Fontaine, you have 15 minutes.  So if you

14  want rebuttal, you need to reserve it or you may not get it.

15             Ms. Albrecht, please raise your right hand.

16             KATHERINE ALBRECHT, PLAINTIFF, SWORN

17             THE COURT:  Ma'am, it's your obligation to listen to

18  what -- the representations made by Attorney Fontaine.  It's

19  your responsibility to correct him if he says anything that's

20  different than your understanding.  Do you understand that,

21  ma'am?

22             THE PLAINTIFF:  How do I do that?

23             THE COURT:  Let him know.

24             THE PLAINTIFF:  Just --

25             THE COURT:  Wave.



1           MR. FONTAINE:  Thank you.

2           The Supreme Court in case number 2022-284 stated in

3   the third paragraph of its order, affirming the trial court's

4   previous request for an extension of the protective order, the

5   standard by which the trial court should utilize in

6   determining whether to extend a protective order, more

7   specifically the trial court may extend a protective order for

8   one year after the expiration of the original DV protective

9   order and up to five years thereafter at its discretion.  To

10  determine whether good cause exists, the trial court must

11  assess whether the current conditions are such that there is

12  still concerns for the safety and well-bring of the plaintiff.

13          In the trial court's assessment, the trial court

14  must review the circumstances giving rise to the original

15  protective order and any violation of the order.  Importantly,

16  the court should also take into account any present and

17  reasonable fear of the plaintiff.

18          The Supreme Court in citing McPherson stated that

19  where the trial court determines that the circumstances are

20  such that without a protective order, the plaintiff's safety

21  and well-being would be in jeopardy.

22          In Ms. Albrecht's request for an extension, dated

23  2/3/23, she requested up to five year extension.  She stated

24  as follows in the request.  Mr. Albrecht has demonstrated a

25  pattern of harassing and stalking like behavior and actions

1    that is well-documented with the court, not only in this

2    matter, but also in numerous pleadings filed, and the

3    testimony of Ms. Minges and her witness at multiple hearings.

4    And it references the docket number.

5              Ms. Minges asserts that she continues to be in fear

6    for her safety based upon Mr. Albrecht's past actions, and

7    based upon his continued actions after this court's last

8    extension, including filing of pleadings clearly intended --

9              MR. ALBRECHT:  Objection.

10             THE COURT:  What's the objection, sir?

11             MR. ALBRECHT:  That would be covered in the motion

12   for limine.

13             THE COURT:  Okay.  So what specifically is your

14   objection to what he was just representing?

15             MR. ALBRECHT:  So --

16             THE COURT:  He's reading from the --

17             You're reading from the --

18             MR. FONTAINE:  Original --

19             THE COURT:  -- petition?

20             MR. FONTAINE:  -- petition.

21             THE COURT:  From --

22             MR. FONTAINE:  The request.

23             THE COURT:  From February of 2023.

24             MR. ALBRECHT:  Oh from February -- then never mind.

25             THE COURT:  Okay.  Thank you.



1           MR. FONTAINE:  Thank you.

2           Ms. Albrecht would testify that she remains and

3 continues to be terrified of Mr. Albrecht for all of the

4 reasons previously found by this court in the previous orders

5 concerning the original domestic violence order and the

6 subsequent final order for an extension -- the first

7 extension.

8           Ms. Albrecht would further testify that Mr.

9 Albrecht's actions, since the current request for an

10 extension --

11           MR. ALBRECHT:  Objection.

12           THE COURT:  He hasn't said anything yet, so once he

13 says it, then you can object, okay.  So --

14           MR. ALBRECHT:  Well, that's the limine I wanted to

15 keep out, so let's just keep it out of the record.

16           THE COURT:  All right.  So what's -- I'll hear you

17 now on the limine.

18           MR. ALBRECHT:  Okay.  So what's properly before the

19 Court, Your Honor, is the February 24th, 2023 order, where you

20 already granted Ms. Albrecht's one year request for an

21 extension.

22           THE COURT:  Um-hum.

23           MR. ALBRECHT:  What's before the Court is, I

24 believe, whether we're upholding that or vacating that, along

25 with the amendment.  I would move to exclude everything that's

1    happened since that date because what's before the Court right

2    now is whether that's the order that we're upholding or

3    vacating.

4                THE COURT:  So --

5                MR. ALBRECHT:  You decided then, so we have to base

6    this only on what you had access to at 2/24 when you decided

7    it, and anything after that should be excluded.

8                THE COURT:  I don't share that limited of opinion,

9    Mr. Albrecht.  The issue that I can determine today is based

10   on the credibility of the parties.  I can also base it upon

11   the proceeding we had yesterday and the pleadings you filed in

12   this case since then, so I can consider that information

13   because that's your own behavior, as well as her responses.

14   So --

15               MR. ALBRECHT:  But that's --

16               THE COURT:  -- I can --

17               MR. ALBRECHT:  That's not properly before the Court,

18   and whether we're upholding or extending this 2023 court

19   order.

20               THE COURT:  So what we're here is, does good cause

21   exist.  The allegations for the good cause that the Petitioner

22   has alleged is the foundation.  But I also can consider what

23   you say and how you behave in the context of the proceedings.

24   And so what was said yesterday and what was said today by you

25   is something I can consider as well.

1          MR. ALBRECHT:  Okay.

2          THE COURT:  And so -- however, if the allegation is

3   an incident that happened in July, say for example, I would

4   agree with you; that won't -- not come into evidence.  So

5   she's saying that you did something in July of 2023, I will

6   not consider that.

7          MR. ALBRECHT:  Okay.

8          THE COURT:  But I will consider what you say today,

9   what you said yesterday, the pleadings you have filed in this

10  case regarding this hearing, because the Supreme Court has

11  remanded this.

12         MR. ALBRECHT:  Okay.

13         THE COURT:  You took that issue up for

14  clarification.  Supreme Court said I could hold hearings --

15  any hearing -- well, not any hearing but -- the exact phrase

16  was, any other proceeding that the trial court deems necessary

17  to resolve these issues.  And that's what yesterday was, Mr.

18  Albrecht.

19         MR. ALBRECHT:  Okay.

20         THE COURT:  And so what was said in those

21  proceedings I'm going to consider.

22         MR. ALBRECHT:  Okay.

23         THE COURT:  But I will not consider any events or

24  incidents, if there are any, that occurred after February

25  24th, 2023.



1           MR. ALBRECHT:  And just to clarify, so we're on the

2    same page, that would extend to any documents or whatever that

3    they're providing that are after that date?

4           THE COURT:  I will consider the court record in this

5    case.

6           MR. ALBRECHT:  The court record but --

7           THE COURT:  In this case.

8           MR. ALBRECHT:  Yeah, but not something they want to

9    admit today.  There's a lot of things on his exhibit list that

10   are after that date.

11          THE COURT:  Okay.  Well, we'll address those each as

12   they come up, okay?

13          MR. ALBRECHT:  Okay.

14          THE COURT:  Okay.  Attorney Fontaine.

15          MR. FONTAINE:  Thank you.

16          Ms. Albrecht, as I said, would testify that she

17   remains and continues to be terrified -- I don't want to

18   repeat that, I'm sorry.  Strike that, Judge.

19          Ms. Albrecht would testify that his pleadings, which

20   she considers to be unhinged and show a complete and repeated

21   denial and lack of remorse relative to the original domestic

22   violence incident at the Collinsville Bible Church, causes her

23   to believe that if this court were to remove the protective

24   order, that her safety and her well-being would be in

25   jeopardy.



1           Ms. Albrecht requests this court to look back to Mr.

2   Albrecht's -- the 18 pleadings and filings with this court

3   since the request was filed to take -- and to take judicial

4   notice of them, and the statements and conclusions that Mr.

5   Albrecht sets forth in them.  Also, Ms. Albrecht's requests

6   that you take into account, as you've indicated already, the

7   presentation of Mr. Albrecht yesterday at the hearing.

8           My client is submitting nine exhibits to

9   specifically highlight why she remains very concerned for her

10  safety and well-being.  The first exhibit, which was prepared

11  by him prior to the scheduled hearing and his appeal --

12           MR. ALBRECHT:  Objection.  It's dated 3/20/23.

13           MR. FONTAINE:  Yeah.

14           THE COURT:  So I'm going to sustain the objection.

15  That was not raised prior to my ruling or subsequent.  There

16  was no amendment filed since then, so I am sustaining the

17  objection.

18           MR. FONTAINE:  Okay.

19           THE COURT:  Exhibit 1 is excluded.

20           MR. FONTAINE:  Judge, I would just like to state --

21           THE COURT:  I think your -- did you --

22           THE PLAINTIFF:  I don't have a list of the exhibits.

23  I don't know which one we're discussing --

24           MR. FONTAINE:  Yeah, sorry.

25           THE PLAINTIFF:  -- just so I can stay on top of



1  what's happening.

2         MR. ALBRECHT:  Just to move things along, Your

3  Honor, I have no objection to 2 and 3.

4         THE COURT:  Well, 2 and 3 don't matter; they're

5  already part of the court record, so I don't know why you --

6         MR. ALBRECHT:  Well, I -- I -- just I --

7         THE COURT:  Yeah.

8         MR. ALBRECHT:  -- trying to save --

9         THE COURT:  Yeah, I mean, so I'm not going to -- and

10  I'll keep them, but they're part --

11         MR. FONTAINE:  Well, I just want -- but I wanted to

12  highlight them, Judge, and again --

13         THE COURT:  Okay.

14         MR. FONTAINE:  -- whether they're --

15         THE COURT:  Well, you can refer to them.

16         MR. FONTAINE:  Sure.  So as you can see, Judge,

17  those exhibits were two requests for admissions.  First and

18  second set.  One was 87 requests for admission, the other was

19  147.  A total of 234 requests.  That, from my client's

20  perspective, were completely irrelevant and were harassing and

21  caused her to be in fear for her safety.

22         The Court subsequently issued an order, which I've

23  also attached, that struck those requests for admissions.  And

24  then, recently, as the Court indicated, it can take judicial

25  notice, he filed an additional two sets of request for

14

1  admissions that were essentially identical to those first two

2  sets, and those two sets that were previously ordered by this

3  court to be stricken.  Once again, it caused my client to

4  continue to be in fear for her safety and well-being.

5          The last exhibit that we have, Judge, is a copy of

6  an order, and there's one highlighted paragraph on it, that --

7          MR. ALBRECHT:  Which one, Mike?

8          MR. FONTAINE:  Paragraph -- I believe it's -- I

9  believe it's 9.  Yes, 9.

10          THE COURT:  Is that a Supreme Court document?

11          MR. ALBRECHT:  Yeah, that's dated 8/4/23.  And if

12  you want to put it in, I guess I got --

13          THE COURT:  You don't object?

14          MR. ALBRECHT:  I'm going to look at this.  I

15  actually would object because it's different from the version

16  he gave me last night.

17          THE COURT:  How's it different from the --

18          MR. ALBRECHT:  The version that he gave me last

19  night is a PDF that's 112 pages long, and so if he wants to

20  put in all 112 pages, that's fine.

21          THE COURT:  Okay.

22          MR. ALBRECHT:  But that's what he gave me last

23  night.

24          THE COURT:  So Attorney Fontaine, I'm going to

25  sustain the objection.  You sent him something that's

1    different than here.  I don't expect he's going to go through

2    it right now to see what was omitted and what wasn't.  So --

3            MR. FONTAINE:  Well, Judge, I guess I'm only

4    referring to a portion of what I gave him.  I don't -- I'm not

5    sure how that would prevent me from being able to give -- it's

6    not -- I'm referring to the actual pleading that he filed --

7            THE COURT:  Okay.

8            MR. FONTAINE:  -- and not all the attachments that

9    were attached to it.  I didn't think the Court wanted all

10   those attachments in its file.  I'm not referring to it.  The

11   section I highlighted is in the pleading itself, as it was on

12   the copy that was sent to him.

13           MR. ALBRECHT:  The Supreme Court order, Your Honor,

14   it's a single PDF in the Supreme Court's file.  I have no

15   objection to all of it coming in.  I have an objection to some

16   of it coming in.

17           THE COURT:  Okay.  So for context, I'm going to

18   sustain the objection.  Please move forward.

19           MR. FONTAINE:  Thank you, Judge.  I guess, I'll just

20   conclude that my client remains in fear for her safety and her

21   well-being based upon the Court's prior orders, the original

22   incident, the prior orders that the Court made findings in

23   relative to the original domestic violence order, as well as

24   the final order relative to the first extension.  My client

25   continues to be concerned regarding, as she would testify, the

1  unhinged and irrational pleadings that he has been filing that

2  cause her to continue to be in fear for her safety and well-

3  being.  My client would ask not just for the extension, but

4  for a five year extension at this point.

5            MR. ALBRECHT:  Objection.  Move to strike.

6            THE COURT:  Why?

7            MR. ALBRECHT:  I wasn't -- I would move to strike

8  his proposed order.  I had no notice today he was going to

9  request a five year extension.

10           THE COURT:  It was in the initial February filing,

11 so.  He requested five years --

12           MR. FONTAINE:  I did.

13           THE COURT:  -- or Ms. Albrecht --

14           MR. FONTAINE:  I did.

15           THE COURT:  -- requested five years in the initial

16 filing.  I'll review it again.

17           MR. ALBRECHT:  I wasn't aware that was before the

18 Court.  I was aware that the -- whether we were vacating the

19 existing order was before the Court.

20           THE COURT:  Okay.  So objection's overruled.  You

21 can argue in your case whether I should consider that or not,

22 okay.

23           MR. ALBRECHT:  Okay.

24           MR. FONTAINE:  If I can just have a minute, Judge.

25           THE COURT:  You'll have two minutes of rebuttal left

1      if you'd like, Attorney Fontaine.

2               MR. FONTAINE:  Judge, I'm --

3               THE COURT:  All right.  Mr. Albrecht, please raise

4      your right hand.

5                    DANA ALBRECHT, RESPONDENT, SWORN

6               THE COURT:  So you may proceed from where you sit,

7      or you may stand at the podium, whatever you prefer.

8               MR. ALBRECHT:  So if we could start with just a

9      highlight.  One thing that is already in the case record, that

10     it's a single page order, that I'd just like to highlight.

11              MR. FONTAINE:  Judge, I just want to point out that

12     I didn't receive any of his exhibits.

13              THE COURT:  I didn't issue an order on the exhibits,

14     did I?

15              MR. FONTAINE:  No, you didn't.

16              THE COURT:  Okay.  So rules don't require them ahead

17     of time, so -- okay.

18              MR. ALBRECHT:  So Your Honor, this is already part

19     of the record.  It's docket entry 140.  I just wanted to bring

20     it to your attention so we could get to it quickly.

21              THE COURT:  Go ahead.  Please proceed.

22              MR. ALBRECHT:  So this is the order on the objection

23     to the extension domestic violence for stalking final

24     protective order pursuant to RSA 633-a or 173-B.  Docket entry

25     140.  You issued the order on February 25th, 2022.  It was

1    subsequently affirmed by the Supreme Court.  Just for the

2    record, the 55 at the bottom would refer to this being page 55

3    in the appellate brief docket 220284.

4              THE COURT:  That's what I expected, yeah.

5              MR. ALBRECHT:  Yeah.  So this says pursuant to the

6    provision of New Hampshire RSA 173-B:5(6) or RSA 633:3-a, III-

7    C, the Plaintiff was requested and was granted a one year

8    extension of the final protective order issued on December

9    21st, 2020.  It then says, based on the evidence presented at

10   the hearing, the Court finds that the Plaintiff showed good

11   cause why the extension order is necessary pursuant to RSA

12   173-B:6 or RSA 633:3-a(III-C).

13             Accordingly, the extension of the final order

14   remains in effect.  The extension order expires on February

15   25th, 2023.  So this is an order for a one year extension of

16   the final protective order issued on December 21st, 2020 until

17   February 25th, 2023.  So it's a one year extension from

18   12/21/2020 until 2/25/2023.  By my math, that's two years, two

19   months and four days, excluding the end date.

20             So would Your Honor agree that you issued a one year

21   extension that lasted two years, two months, and four days,

22   and the Supreme Court subsequently affirmed that?

23             THE COURT:  Sir, you don't get to ask me questions

24   like this.  So you can present arguments, you can make an

25   argument if you'd like, but I'm not going to get into a

1    dialogue regarding decisions that have been affirmed by the

2    Supreme Court.  So you may proceed, sir.

3            MR. ALBRECHT:  So moving to the current request

4    that's before the Court.  Docket entry 160, where she --

5            THE COURT:  Entry 160?

6            MR. ALBRECHT:  That's the request.

7            THE COURT:  Okay.

8            MR. ALBRECHT:  Where she says, having received an

9    initial one year extension based on the pleadings filed -- so

10   I understand these fear of the pleadings.  Is Your Honor

11   give -- or that you did initially find good cause on this, is

12   Your Honor able to help me out with any pleadings you relied

13   on to make that determination?

14           THE COURT:  One again, Mr. Albrecht, this is not an

15   opportunity for you to ask me questions, sir.  It's your

16   opportunity to basic -- I will note you've addressed this

17   issue in a motion to reconsider, which I addressed back on

18   March 24th, 2023, as to what basis I did.  So this is seven

19   months later.  I'm sure you're aware of what I wrote back on

20   March 24th, 2023, so we're not going to have any further

21   dialogue on that, Mr. Albrecht.

22           MR. ALBRECHT:  So I'm now looking at the motion to

23   amend.

24           THE COURT:  That's the one filed on March 21st?

25   Sorry, February 21st of --



1          MR. ALBRECHT:  Yes.

2          THE COURT:  -- of 2023?

3          MR. ALBRECHT:  So paragraph D says that, in

4    Defendant's testimony, Defendant -- and I'm paraphrasing --

5    Defendant asserted -- at the previous, Defendant asserted that

6    he would do it again.  And so Attorney Fontaine -- so we do

7    have the previous hearing, which is February 18th of 2022.

8    Your Honor has a copy.  Mike has a copy.

9          If we could please identify in the record, Mike,

10   your claim that I asserted I would do it again.

11          THE COURT:  Mr. Albrecht, you can't ask Attorney

12   Fontaine questions, sir.  If you want to reference a February

13   25th, 2022 hearing, I question the relevance of that, sir.

14   There's already been findings that I made from that February

15   18th, 2022 hearing, and I made findings in my February 25th,

16   2022 order, like -- which we talked about yesterday as being

17   11 pages, and I did a detailed order on a reconsideration.

18          MR. ALBRECHT:  Well --

19          THE COURT:  Those are final.  As I read to you

20   yesterday during that hearing, the Supreme Court noted that

21   the -- Judge Derby's order from 2020 -- or 2019, I'm sorry, as

22   well as my order are final.  So you may disagree with the

23   findings, but the Supreme Court has affirmed them.  So if you

24   want to use your --

25          MR. ALBRECHT:  I'm talking about the pleading

1 currently before the Court, Your Honor.

2 THE COURT: Okay. So you can disagree with what

3 Attorney Fontaine wrote in the motion, but what's binding is

4 what is in the court record, and that's the findings that have

5 been affirmed on appeal.

6 MR. ALBRECHT: Okay. So --

7 THE COURT: What he wrote -- if you can -- you want

8 to contest what he wrote was accurate, you may do that, but

9 the court record's going to determine what the actual --

10 MR. ALBRECHT: Okay.

11 THE COURT: -- findings were, okay.

12 MR. ALBRECHT: So the -- I would submit to Your

13 Honor that I never testified I would do it again, and that any

14 representation by Attorney Fontaine that I testified to that

15 is inaccurate.

16 So if Your Honor could please interrupt me if you

17 disagree with a portion of our argument sua sponte to save

18 time, otherwise, I'll just speak.

19 THE COURT: So Mr. Albrecht, you have five minutes

20 left, and so how you use it, unless there's an objection or if

21 I feel something is out of bounds, I will, but I'm going to

22 give you the latitude. If you want to make an argument that I

23 disagree with, that's --

24 MR. ALBRECHT: Your Honor --

25 THE COURT: -- your choice.



1          MR. ALBRECHT:  -- the clerk was notified in advance

2     of this hearing that this was insufficient time.

3          THE COURT:  Okay.  Well, the Court has given broad

4     discretion, Mr. Albrecht.  I'm determining the amount of time

5     necessary for a hearing.  The Court has given both in the DV

6     case as well as the marital case a significant amount of time

7     to your family.  And 30 minutes is sufficient in my

8     discretion.  So please proceed.

9          MR. ALBRECHT:  Your Honor, you -- the law of the

10    case, that the Supreme Court has upheld, is Judge Derby's

11    determination that we're supposed to start a hearing within 30

12    days of the issuance of this decision.  It says we have to

13    hold the hearing.  It doesn't say we have to finish it.  It

14    says we have to start it.  That's index 30 at page 4, where

15    Judge Derby made that order.  And the Supreme Court has upheld

16    Judge Derby's determination on that.  So the finding law of

17    the case would be that if we don't have time to do a hearing,

18    we start it within 30 days and we don't have to finish it; it

19    just says we have to start it.  That's the law of the case

20    from the Supreme Court, Your Honor.

21         THE COURT:  Continue.  I'm not -- this isn't a

22    debate, Mr. Albrecht.

23         MR. ALBRECHT:  Okay.

24         THE COURT:  You're raising your issues.  I'm not

25    going to -- this is a counterpoint, okay.  This is your

1  opportunity to give me what you want me to consider, sir.

2  MR. ALBRECHT:  Okay.  So RSA 173:B-5(6) requires in

3  part that a defendant shall have the right to a hearing on the

4  extension of any order under this paragraph to be held within

5  30 days of the extension.  The Court shall state in writing

6  the respondent's requests, its reason or reasons for granting

7  the extension.  I have not received a written narrative order

8  for the reason you granted the extension on the most recent

9  one you granted.  And the order we got only yesterday, 11/15,

10  I would assume would -- if there's any confusion between that

11  and the prior, would supersede the prior for a hearing as

12  required by RSA 173:B-5(6), to allow the creation of a fully

13  developed factual record.  I don't know how we're going to get

14  a fully developed factual record in 30 minutes of offers of

15  proof.  So if we're not able to take the time we need, I think

16  we're in violation of the Supreme Court order.

17  And also, if it's as required by RSA 173:B-5, that

18  would mean you would have to schedule the hearing in the past

19  or by Monday, 3/27/23, over seven months ago.  So I guess why

20  it's now scheduled for today.  So given very short notice,

21  based on the order yesterday from the Supreme Court, and a

22  lack of time to prepare, this is a little bit trial by ambush

23  but -- let's see, what else.

24  Okay.  So I would bring to your attention in the

25  record on February 2nd, 2020 hearing, that Ms. Albrecht



1    testified --

2              THE COURT:   2020 what?

3              MR. ALBRECHT:   The evidentiary hearing from February

4    18th, 2022.  Ms. Albrecht testified, transcript at page 35, 7

5    and 8, that she had never filed a false police report.  So I

6    would infer that to mean -- and I did list Ms. Albrecht as a

7    witness -- that I would put in an offer of proof that she

8    would testify that everything she's ever stated to the police

9    was true.  If she disagrees with that, she's welcome to say.

10             Ms. Albrecht testified at the October 13th, 2022

11   hearing that sometime in October 2020, she drove out to

12   Michigan from California and never came back.  That's

13   transcript at page 51.  At the November 6th, 2020 hearing --

14   and there's multiple versions of that transcript -- the

15   version that's Exhibit 12 from yesterday's hearing, she

16   testified again, November 6th, 2020, that she resided at 730

17   West Alegria Avenue in Sierra Madre, California, page 79,

18   after, according to her testimony, she drove out to

19   California.

20             At the January 12th, 2023 motion hearing --

21             THE COURT:   You have one minute, Mr. Albrecht.

22             MR. ALBRECHT:   -- this court found that you

23   refused -- that she refused to comply with discovery.

24             Concerning Ms. Albrecht's argument that I would do

25   it again, I strongly disagree with that, and I request more

1   time to present that, and again, per the law of the case or we

2   can get through it fairly quickly now.

3          Quite frankly, I'm deeply remorseful.  I went to a

4   independent fundamentalist Baptist church on November 3rd,

5   2019.  That's been extremely damaging to my family.  My

6   daughter is traumatized by that.  She's testified that I'm

7   devil dad since I've left the church.  I regret ever going to

8   that church.  I regret especially November 3rd, 2019.

9          I mean, I knew that the leadership didn't like me.

10  I knew that they didn't want me to see my kids.  And ever

11  since then, I've been subject to a restraining order -- a

12  civil restraining order that's really taken away my rights.

13         I mean, all of this has caused me not to be able to

14  see my kids.  I haven't been able to see my kids.  I've seen

15  my kids a total of 30, 40 days over the past seven years of

16  this whole event.

17         And again, I can't tell you how much I regret going

18  to the church, even prior to the marriage, because after the

19  divorce started, the only option was to be forced to attend

20  there three times a week to see my kids, and so they got this

21  probably idea in their head that if Dad's not part of the

22  church -- ███ (phonetic) testified I was devil dad because

23  I left.  And so yeah, I very much regret going.

24         It means now I've got to commute all the way into

25  Boston.  The closer service is kind of within -- it's not that

1    church, it's across the street, the Church of the Ascension.

2    So this order is -- I really regret doing that, and I regret

3    the damage the church has caused the kids.

4             I believe this has contributed heavily to a serious

5    medical condition my son has.

6             THE COURT:  Thank you, Mr. Albrecht.

7             You have two minutes of rebuttal, Attorney Fontaine.

8             MR. FONTAINE:  I won't use the two.  Judge, very

9    briefly.  That was not a sincere apology, in my opinion, and

10   my client's opinion.  More specifically my client's opinion, I

11   think is -- that's the relevant point.  Specifically, there's

12   never been any apology or attempt to send an apology to the

13   children, who were at the church and affected to Ms. --

14   obviously, there's a restraining order, but through my office,

15   any kind of an attempt to apologize to my client.  That was

16   not an acknowledgement that he did something wrong; that was

17   an acknowledgment of what happened as a result of it.  And I

18   think that's a big distinguishing factor.

19            And if I could, my client's raising her hand.

20            THE COURT:  You have the time.

21            MR. FONTAINE:  And just -- my client just wants me

22   to clarify that we're talking about apologizing for this

23   incident, not anything else that might have happened in the

24   past.

25            THE COURT:  Thank you.



1           All right.  I'll take the issue under advisement.

2           MR. ALBRECHT:  Your Honor, that's a

3   misrepresentation because I've sent numerous apology letters

4   to the kids, and there was even an apology issued very

5   specifically about that issue.  My younger son,  ███████

6   (phonetic), to me, that he apologized to me that he didn't

7   return my phone calls while I was there because he said Mom

8   didn't want him to know about travel.  Mom didn't want him to

9   communicate with me.  But he apologized to me.

10          THE COURT:  All right.  So I'm going to take the

11  issue under advisement.  I'll issue a written order.

12          MR. FONTAINE:  Thank you, Judge.

13          THE BAILIFF:  Please rise.

14       (Proceedings concluded at 11:14 a.m.)

15

16

17

18

19

20

21

22

23

24

25

<u>CERTIFICATE</u>

I, TreLinda Wilson, a court-approved proofreader, do hereby

certify that the foregoing is a correct transcript from the

official electronic sound recording of the proceedings in the

above-entitled matter, to the best of my professional skills

and abilities.

# TreLinda Wilson

Digitally signed by TreLinda Wilson
Date: 2023.11.20 13:21:45 -06'00'

TRELINDA WILSON, CDLT-148                    November 19, 2023
Transcriptionist/Proofreader