UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Dana Albrecht,** )<br>)<br>**Plaintiff** )<br>v. )<br>)<br>**Kathleen Sternenberg, et al.** )<br>)<br>**Defendants.** ) | Civil No. 1:23-cv-00381-JL-TSM |

**PLAINTIFF'S OBJECTION TO
DEFENDANT DALPRA'S MOTION TO DISMISS**

NOW COMES Dana Albrecht, *pro se*, and objects to Defendant DalPra's *Motion to Dismiss*; and, in support thereof, further states:

1. Plaintiff has contemporaneously filed an accompanying *Memorandum of Law* setting forth more developed argument in objection to Defendant DalPra's *Motion*.

2. All arguments in Plaintiff's *Memorandum* are incorporated here, the same as if plead in full. In summary, however, Plaintiff argues that:

3. 42 U.S.C. § 1983 should be understood to eliminate judicial immunity.

4. Marital Master Bruce F. DalPra knew since 2014 about the conflict of interest between Julie Introcaso and Kathleen Sternenberg. This was evident from a 2014 court record where both acknowledged their close friendship. Introcaso even acknowledged Sternenberg the godparent of her child. In 2021, Introcaso confirmed DalPra's awareness of this relationship for seven years.

Despite this, different treatments were observed in various New Hampshire state court cases. For instance, in one case (*Campbell v. Partello*), Introcaso recused herself due to the conflict, while in another (Plaintiff's NH state family law case), the plaintiff remained unaware of the conflict and couldn't file a recusal motion.

5. Additionally, Sternenberg continued appearing in court cases before Introcaso even *after* Introcaso's recusal in *Campbell v. Partello*. This inconsistent approach led to unequal treatment of individuals in similar situations, violating federal equal protection provisions.

6. In his deposition, Master DalPra discussed Introcaso and Sternenberg's relationship, Sternenberg's role as a *guardian ad litem*, and his decision-making process in appointing her for specific cases. He also described the review process for marital master recommendations and his role in decision-making.

7. The plaintiff <u>first</u> learned about the conflict between Introcaso and Sternenberg on 10/23/2020 from a newspaper article. Relevant depositions were initially inaccessible to the plaintiff, further delaying knowledge of Plaintiff's awareness of the conflict. This lack of information prevented Plaintiff from taking necessary legal actions, such as filing for recusal before Sternenberg's appointment in 2016.

8. As a consequence, Plaintiff had very limited parenting time with his daughters due to these legal complications, which he argues is contrary to the parenting rights protected under the Fourteenth Amendment.

9. All of these actions by Master DalPra constitute <u>additional</u> violations of Plaintiff's due process rights, separate and apart from other the proven misconduct committed by Master DalPra in Plaintiff's family law case, wherein Master DalPra <u>later</u> stated "who the fuck cares" and called Plaintiff's daughters "a bunch of morons."

10. Judicial immunity is limited and does not cover actions outside a judge's official duties, such as misconduct, code of conduct violations, or decisions made beyond their legal authority. It's essential for federal courts to acknowledge and rectify any denial of fair legal process caused by undisclosed

information or undisclosed conflicts. Notably, the Eleventh Amendment doesn't prevent federal courts from intervening in cases where state officials are accused of constitutional violations. The Rooker-Feldman doctrine, preventing federal courts from acting as appellate courts for state decisions, is irrelevant in this context. Rather, Plaintiff alleges misconduct and nondisclosure by state officials. These allegations predate various state court rulings and are not restricted by the Rooker-Feldman doctrine.

11. Declaratory relief should be awarded against state judicial officers despite any judicial immunity. Such relief aims to clarify future legal rights and obligations, especially regarding alleged violations of procedural and substantive due process rights by judges. This emphasizes the need for fairness, judicial transparency, and the public interest. Additionally, not providing declaratory relief could undermine the Petition Clause, vital for democratic governance and individual liberty.

12. Furthermore, amendments to the plaintiff's complaint should be permitted if it serves justice. Courts should apply stricter criteria when dismissing cases *sua sponte* and not based on any party's argument. Plaintiffs must have the chance to revise their complaint to address arguments independently created by the court, without influence from defendants' arguments.

13. Consequently, Defendant DalPra's *Motion to Dismiss* should be denied.

WHEREFORE Plaintiff Dana Albrecht respectfully requests that the Court:

A) Deny Defendant DalPra's *Motion to Dismiss* for the reasons set forth in his accompanying *Memorandum of Law*; or,

B) Hold a hearing on Defendant DalPra's *Motion to Dismiss Motion to Dismiss*; and,

C) For all other such relief as is just and equitable.

Respectfully submitted,

_____

DANA ALBRECHT
*Plaintiff Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

January 8, 2024.

## CERTIFICATE OF SERVICE

I, Dana Albrecht, hereby certify that a copy of this *Objection* shall be served to all the parties and/or counsel of record through the ECF system.

_____
DANA ALBRECHT

January 8, 2024