```
                                                                    1

 1                      STATE OF NEW HAMPSHIRE

 2           9TH CIRCUIT COURT - FAMILY DIVISION - NASHUA

 3
     IN THE MATTER OF                )
 4                                   )
     THOMAS SOBELL,                  ) Family Division Case No.
 5                                   ) 659-2013-DM-00348
                 Petitioner,         )
 6                                   ) Nashua, New Hampshire
            and                      ) May 1, 2014
 7                                   ) 1:20 p.m.
     PATRICIA SOBELL,                )
 8                                   )
                 Respondent.         )
 9   _____  )

10             HEARING ON PRE-TRIAL CONFERENCE
             BEFORE THE HONORABLE JULIE INTROCASO
11        JUDGE OF THE CIRCUIT COURT - FAMILY DIVISION

12   APPEARANCES:

13   For the Petitioner:        Sandra F. Bloomenthal, Esq.
                                BLOOMENTHAL LAW OFFICE
14                              P.O. Box 6761
                                Laconia, NH 03247
15
     For the Respondent:        Allen Lucas, Esq.
16                              LUCAS LAW, PLLC
                                PO Box 445
17                              Wolfeboro, NH 03894
     ALSO PRESENT:
18   Kathleen Sternenberg,
     Guardian ad Litem
19
     Audio Operator:            Electronically Recorded
20                              **Not Monitored**

21   TRANSCRIPTION COMPANY:     eScribers, LLC
                                7227 N. 16th Street, Suite 207
22                              Phoenix, AZ 85020
                                (800) 257-0885
23                              www.escribers.net

24   Proceedings recorded by electronic sound recording; transcript
     produced by court-approved transcription service.
25
```



1        (Proceedings commence at 1:20 p.m.)

2              THE COURT:  Okay.  We are here on 659-2013-DM-348,

3  the matter of Thomas Sobell and Patricia Sobell.

4              Both parties are here.  The Petitioner is

5  represented by Attorney Bloomenthal; Respondent's represented

6  by Attorney Lucas.  We are also joined by the guardian ad

7  litem, Kathleen Sternenberg.

8              Before we start the pre-trial conference, Attorney

9  Sternenberg gives reason for me to talk with counsel.  I heard

10 some preliminary motions in this case, I know, sometime ago.

11 And at that time, I recall that Mr. Sobell had asked for the

12 appointment of a guardian ad litem by the Court.  And I

13 indicated, I believe, at that time that there was no fund.

14 And the only way that we would have a guardian is if one of

15 the parties were to take financial responsibility for that.

16             And I invited the parties to seek out the assistance

17 of a guardian if Mr. Sobell felt the need for a guardian and

18 had the ability to pay.  Sometime thereafter, I received an

19 order on appointment of guardian ad litem form that was

20 prepared by someone, I assume Petitioner's counsel.  And I

21 approved that on January 30th.

22             And I recognize Attorney Sternenberg's writing, I

23 believe -- maybe, maybe not -- but her name.  Counsel should

24 know that Attorney Sternenberg and I are very good friends.

25 Very good friends.  I don't know if she shared that with you,

1  or she did not.  And I'm going to look at K. -- who I refer to
2  as K.  I don't call her Kathleen or -- K., are we very good
3  friends?
4           MS. STERNENBERG:  Yeah, I think so.
5           THE COURT:  Yeah, we are very good friends.  Very
6  good friends like godparent of my child.  We are very close.
7           That being said, I have no problem at all in telling
8  Attorney Sternenberg she's completely wrong about something,
9  which is probably why she's one of my good friends.  We're
10 both pretty strong women and argue with one another about a
11 lot of things.  We met in the context of being marital
12 attorneys in a number of cases.  So we have a very healthy, I
13 think, professional respect for one another, but we also have
14 a pretty strong personal relationship.
15          She is on my conflict list.  I would never hear a
16 case of hers where she was acting as counsel for a party, but
17 I know she's a guardian ad litem.  I also think, by the way,
18 she's probably one of the best guardian ad litems out there.
19 I don't appoint her to cases because I don't want anyone to
20 think that I'm choosing a friend.
21          But you independently found her.  And under those
22 circumstances, I was certainly willing to accept what I
23 thought was a fine choice for a guardian.  So I have a lot of
24 respect for her, but I also would not necessarily and feel
25 absolutely feel no obligation -- sorry, K. -- to follow any