UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| **Dana Albrecht**, | ) |  |
|  | ) |  |
| **Plaintiff** | ) |  |
| v. | ) | Civil No. 1:23-cv-00381-JL-TSM |
|  | ) |  |
| **Kathleen Sternenberg, et al.** | ) |  |
|  | ) |  |
| **Defendants.** | ) |  |

PLAINTIFF'S OBJECTION TO
DEFENDANT JULIE A. INTROCASO'S MOTION TO DISMISS

NOW COMES Dana Albrecht, *pro se*, and objects to Defendant Julie A. Introcaso's *Motion to Dismiss*; and, in support thereof, further states:

1. Plaintiff has contemporaneously filed an accompanying *Memorandum of Law* setting forth more developed argument in objection to Defendant Julie A. Introcaso's *Motion*.

2. All arguments in Plaintiff's *Memorandum* are incorporated here, the same as if plead in full. In summary, however, Plaintiff argues that:

3. 42 U.S.C. § 1983 should be understood to eliminate judicial immunity.

4. In the <u>Sobell v. Sobell</u> case on May 1, 2014, Ms. Introcaso and Ms. Sternenberg acknowledged their close friendship in court, including a godparent relationship. Marital Master Bruce F. DalPra has known of this conflict since 2014, as revealed in Ms. Introcaso's 2021 deposition. Ms. Introcaso inconsistently addressed this conflict, recusing herself in some

- 1 -

cases like *Campbell v. Partello*, but not in others, including the Plaintiff's case and *Loudermilk v. Montgomery*.

5. During her deposition, Ms. Introcaso admitted to relying on Master DalPra's judgment in the *Albrecht* case, signing a GAL appointment form without a hearing. Judge King, informed of the conflict by March 30, 2018, was aware of manipulation attempts in judicial evaluations. Despite claims of appointing Sternenberg as a GAL only upon party requests, Introcaso conceded to making other appointments.

6. Judge Derby, aware of the conflict by April 26, 2019, acknowledged it in his ruling in *Campbell v. Partello*. The plaintiff learned of the conflict from a 2021 newspaper article, having been denied access to depositions and uninformed prior to Sternenberg's appointment, impacting his parenting time contrary to Fourteenth Amendment rights.

7. Relevant depositions were initially inaccessible to the plaintiff, further delaying knowledge of Plaintiff's awareness of the conflict. This lack of information prevented Plaintiff from taking necessary legal actions, such as filing for recusal before Sternenberg's appointment in 2016, or even before the 5/9/2019 parenting hearing in his case.

8. Declaratory relief should be awarded against state judicial officers despite any judicial immunity. Such relief aims to clarify future legal rights and obligations, especially regarding alleged violations of procedural and substantive due process rights by judges. This emphasizes the need for fairness, judicial transparency, and the public interest. Additionally, not providing declaratory relief could undermine the Petition Clause, vital for democratic governance and individual liberty.

9. This case underscores potential bias, transparency issues, and inconsistent conflict management in New Hampshire's courts, affecting litigant equality. Amendments to the plaintiff's complaint should be allowed for justice, with courts applying strict criteria for *sua sponte* dismissals and allowing plaintiffs to revise complaints independent of defendants' arguments.

10. Consequently, Defendant Julie A. Introcaso's *Motion to Dismiss* should be denied.

WHEREFORE Plaintiff Dana Albrecht respectfully requests that the Court:

A) Deny Defendant Julie A. Introcaso's *Motion to Dismiss* for the reasons set forth in his accompanying *Memorandum of Law*; or,

B) Hold a hearing on Defendant Julie A. Introcaso's *Motion to Dismiss*; and,

C) For all other such relief as is just and equitable.

Respectfully submitted,

_____
DANA ALBRECHT
*Plaintiff Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

January 8, 2024.

## CERTIFICATE OF SERVICE

I, Dana Albrecht, hereby certify that a copy of this *Objection* shall be served to all the parties and/or counsel of record through the ECF system.

_____
DANA ALBRECHT

January 8, 2024