```
                          STATE OF MICHIGAN

           IN THE CIRCUIT COURT FOR THE COUNTY OF ST. CLAIR

                           FAMILY DIVISION


DANA ALBRECHT,

         PLAINTIFF

VS                                            FILE NO: B 21-769 DC

KATHERINE ALBRECHT,

         DEFENDANT
_____/

                       MISCELLANEOUS HEARING

            HEARD BY THE HONORABLE ELWOOD L. BROWN

          THURSDAY, JULY 15, 2021 - PORT HURON, MICHIGAN

APPEARANCES:

FOR THE DEFENDANT:        MR. TIMOTHY WEGMEYER
                          ATTORNEY AT LAW
                          P.O. Box 596
                          Marine City, Michigan  48039
                          (586)634-4226

ALSO PRESENT:             MR. DANA ALBRECHT
                          PLAINTIFF

                          MS. KATHERINE ALBRECHT
                          DEFENDANT



RECORDED BY:   MS. CHRISTINE A. REGAN, CER 4832
               CERTIFIED ELECTRONIC RECORDER
```

```
                              TABLE OF CONTENTS
```

```
44                              TABLE OF CONTENTS
45
46 WITNESSES:
47
48              NONE
49
50
51
52
53
54
55
56
57
58
59
60
61 EXHIBITS:
62
63              NONE
64
65
66
67
68
69
70
71
72
73
74
75
76
77
78
79
80
81
82
83
84
85
86
87
88
89
90
91
92
93
```

```
 94                                    Thursday, July 15, 2021
 95                                    Port Huron, Michigan
 96         (At 11:04 a.m., proceeding began)
 97         THE COURT:  Albrecht versus Albrecht.  Counsel, your
 98    appearance, please.
 99         MR. WEGMEYER:  For the record, your Honor, Tim Wegmeyer
100    appearing on behalf of—its Albrecht on the pleadings, her name
101    is--she actually goes by Minges.
102         THE COURT:  I'm just going by the pleadings.
103         MR. WEGMEYER:  But we're going to refer to her as Dr.
104    Albrecht today.
105         THE COURT:  When you address the Court it would be good if
106    you stood.  It would be good if you stood up when you address the
107    Court.
108         MR. WEGMEYER:  I'm sorry.
109         THE COURT:  All right.  So—you can have a seat now, Mr.
110    Wegmeyer.
111         Are you Dana Albrecht?
112         MR. ALBRECHT: Yes, your Honor.
113         THE COURT:  All right, it's your motion, go ahead.
114         MR. ALBRECHT:  So, I'd just like the Court to enforce
115    existing orders with the New Hampshire Family Court.  Forgive me,
116    I'm pro se if I speak a little slowly and I'm a little nervous.
117    This has been an extensive long going battle between myself and
118    Dr. Albrecht over here.  And I'm really just looking to have
119    parenting with my kids and I'm just looking to have a relationship
120    with my kids.  And, while we are working this out in New
121    Hampshire, I'm very concerned that Dr. Albrecht essentially moved
```

3

122    out here without notice to me.  I found out about it months later
123    when I found out my daughter was in an emergency room here.  She
124    purchased the house here on October 15th.  On November 6th she
125    testified under oath to the Court in California—excuse me, to the
126    Court in New Hampshire that she lived in California—
127        THE COURT:  Mr. Albrecht, none of that concerns me.
128        MR. ALBRECHT:  Okay.  What would you like to know, sir, and
129    I'll do my best to address it.
130        THE COURT: It's your Motion, all I'm doing is having you
131    focus on what's relevant here.
132        MR. ALBRECHT:  Okay.  So, I think what's relevant—
133        THE COURT:  Excuse me just a minute.  You want to take your
134    hat off. Mr.—he's got to take his hat off, this is a courtroom.
135    Go ahead.
136        MR. ALBRECHT:  I think what's relevant, your Honor, is we've
137    gone years without having court orders followed.  And now that Dr.
138    Albrecht is here in Michigan I'd like to see those orders followed
139    when she's in Michigan.  And, I'd like the assistance of the Court
140    to basically say that the Orders out of 9th Circuit will be follow
141    and they're registered here and that you have a copy—this Court
142    has a copy in their case there's anything the New Hampshire Court
143    needs assistance with from Michigan.
144        THE COURT:  All right, you can have a seat.  Mr. Wegmeyer,
145    your response.
146        MR. WEGMEYER:  Thank you, your Honor.  Your Honor, the only
147    thing at issue today is whether this Court is going to take
148    jurisdiction of this matter under the Uniform Child Custody Act.
149    Under the requirements for that is that there's an Order that's

4

150     enforceable in this State.  And, I've attached as my exhibit B,
151     first of all, my exhibit A, and I don't know how much—I apologize
152     for the volume of information because I haven't been looking at it
153     —Mr. Albrecht served me with over a thousand pages of document,
154     discovery requests, et cetera.  It's an ongoing thing that I have
155     a copy of the 9th Circuit index—pleadings index, if your Honor
156     would like to see it, it's unbelievable.  There's four-hundred and
157     five entries; three hundred and ninety three pleadings filed, it's
158     just—and I'm afraid if this Court takes jurisdiction this is just
159     going to keep going and going.
160         But, back to the point, the last Order out of the New
161     Hampshire Court is attached as Exhibit B to my response.  And it
162     indicates that any parenting time—there's going to be a temporary
163     parenting time in May, which took place, very short, with the
164     youngest daughter it was five or six hours and the oldest
165     daughter, who is seventeen, was five minutes.  That's the first
166     parenting time since Christmas of 2019—
167         MS. ALBRECHT:  '18.
168         MR. WEGMEYER:  '18.  It was very bad circumstances and the
169     children refused to see their father after that.  So, five
170     minutes, with the oldest child, and a few hours only on my
171     client's assistance that you go and try to do it.  She did it and
172     it was very tough.  She's written another letter to the Court
173     which I would provide to you.  Under the last—the temporary Order
174     out of New Hampshire, it says there's going to be some short--a
175     two and a half hour duration, that took place, that was bad.
176     Pending further order all such periods shall occur in New
177     Hampshire and I believe they were in a public place because the

178    girls don't want to be alone with him in private.  Any further
179    such period shall be contingent upon the children's preferences
180    and their comfort levels.  So, there's no mandatory parenting
181    time, it's up to the children whether or not they want to schedule
182    time with him they are free to do that.   Petitioner's extended
183    parenting time in the Summer of 2021 is temporarily suspended.
184         That Order is going to be reviewed on August 6th.  And I
185    spoke with New Hampshire counsel—I apologize, your Honor, I have
186    new teeth and I'm having a tough time—
187         THE COURT:  I understand what you're saying.
188         MR. WEGMEYER:  Anyway, August 6th the Court is going to
189    review that and see how the parenting time went and determine then
190    whether there's going to be any parenting time or if it's going to
191    be suspended for another period of time; whether it's going to be
192    terminated, et cetera.  And, it's my position we shouldn't, right
193    at this point, there was a never—which is a requirement under the
194    Act, that's enforceable in this Court.  Well, there's never been a
195    Court Order that provides for parenting time in the State of
196    Michigan.  There's no support—
197         THE COURT:  Under the UCCJEA, you don't have to have one in
198    Michigan.  What Mr. Albrecht's asking for is for me to enforce
199    another State's order.
200         MR. WEGMEYER:  I understand.
201         THE COURT: So, it doesn't have to be my order that I'm
202    enforcing.
203         MR. WEGMEYER:  No, I understand.  But I'm saying that there's
204    no—even if we took the New Hampshire Court Order—
205         THE COURT:  I understand what you're saying.  But I just

206   wanted it to be clear from what you just said that there's no
207   order in Michigan and he's asking for an Order in Michigan.
208         MR. WEGMEYER:  No.  I'm saying—I was saying there was no
209   Court Order out of New Hampshire that provides for any parenting
210   time in the State of Michigan.
211         THE COURT:  That's not what you said.
212         MR. WEGMEYER:  Well, I apologize.
213         THE COURT:  It might have been what you meant but it's not
214   what you said.
215         MR. WEGMEYER:  That's what I meant.
216         THE COURT:  All right.
217         MR. WEGMEYER:  There's nothing in New Hampshire that requires
218   any parenting time—it says it's going to take place in New
219   Hampshire.  Mr. Albrecht filed simultaneously the same action in
220   California as he did here with no legal basis.  There's no Nexis
221   to California whatsoever for either party.  This is just a
222   continuation of abusing the judicial system, your Honor.  His
223   Attorney filed in New Hampshire is nine banker boxes.  We're just
224   into this a week and we've got a thousand pages.  Your Honor, if
225   you take jurisdiction in this matter now, and you might end up, I
226   admit that if the Court in New Hampshire says parenting time is
227   going to happen—right now there is no parenting time to enforce.
228   And, Mr. Albrecht is the one paying all be it, very little, 50.00
229   a month, a man with a Harvard Education.  He's the one that, if
230   there's any enforcement for child support, it would take place in
231   New Hampshire.  But he is up to date on his 50.00 a month.
232   There's nothing that this Court needs to enforce.
233         And, I do have attached as Exhibit B(3) is the Notice of

7

234       Hearing for August 6th in New Hampshire.
235           I would direct your attention, your Honor, I know it's on the
236       merits, if this Court were to assume jurisdiction--but the letters
237       from the children are attached as exhibits, the Court should be
238       aware of their position.  They are fourteen and seventeen.  I know
239       them very casually and I've never actually spoke to them about
240       this file but Dr. Albrecht recently started, when she moved to
241       Michigan, started attending the Church that I belong too and I'm
242       one of the Church Council members et cetera.  I haven't had a
243       whole lot of contact with the kids but the Youth Pastor has
244       indicated they are just wonderful intelligent—
245           THE COURT:  Mr. Wegmeyer, that's really not relevant here to
246       these proceedings.
247           MR. WEGMEYER:  I understand.
248           THE COURT:  And even their feelings, at this point and time,
249       are not relevant to this issue because it would be relevant to the
250       Court in New Hampshire as it would affect the Judge's decision
251       there on what he ordered.
252           MR. WEGMEYER:  Understood, your Honor.
253           THE COURT:  But I can't change that order.
254           MR. WEGMEYER:  I understand, your Honor.
255           THE COURT:  So, if he ordered, for example, that there be
256       parenting time, the desire of the kids, I can't change that just
257       because they don't want to do it.
258           MR. WEGMEYER:  I understand.
259           THE COURT:  He would have to change--he or she would have to
260       change that in New Hampshire.
261           MR. WEGMEER:  Right.

262            THE COURT: So, anything else?
263            MR. WEGMEYER: Nothing, your Honor.
264            THE COURT: All right. Mr. Albrecht, you want to respond.
265            MR. ALBRECHT: A quick procedural thing. I understand Mr.
266     Wegmeyer's put in exhibits. I have some exhibits in response to
267     that.
268            THE COURT: No, you should have filed them if you wanted me
269     to see them. I'm not going to look at them now.
270            MR. ALBRECHT: I don't need you to look at them now, I'd just
271     like to have them filed. I only got them from him and I had to
272     fly out and I—
273            THE COURT: Mr. Albrecht, I'm not going to take them. I'm
274     not the keeper of the records.
275            MR. ALBRECHT: Okay. May I file them with the Court
276     downstairs?
277            THE COURT: For what purpose?
278            MR. ALBRECHT: They're responsive to Mr. Wegmeyer's exhibits,
279     which I only received—he promised them to me—
280            THE COURT: No. I'm not going to allow you to just to file
281     blank exhibits. You could have attached them to your motion right
282     from the beginning.
283            MR. ALBRECT: I attached—
284            THE COURT: I'm telling you, I'm not going to take them—
285            MR. ALBRECHT: Okay.
286            THE COURT: --so that's it.
287            MR. ALBRECHT: Okay.
288            THE COURT: What did you have to say in response?
289            MR. ALBRECHT: Give me just a moment to recall his points,

290    sir.  Primarily there are other aspects of the Order enforceable
291    here, such as access to records, access to school stuff and all
292    that so this isn't just about parenting.
293        THE COURT:  That's it.
294        MR. ALBRECHT:  If you have questions for me, sir, I'd be
295    happy to answer them.
296        THE COURT:  You can have a seat.  First of all, I want to
297    indicate that your Motion, Mr. Albrecht, not only asks me to
298    enforce the Order but asks me to require the Respondent to bring
299    the minor children to law enforcement for purpose of exchanges, to
300    —frankly, I think that's unconscionable to involve children with
301    the police.  And, there is no way, even if I had the ability to
302    enforce this—even if the Court in New Hampshire had said, and had
303    not issued their temporary order, I wouldn't have granted that to
304    begin with.  And I think it's unconscionable that'd you even ask
305    that your children be taken to the police station and have them
306    involved.  I think that would be detrimental to the children,
307    period, to have to be gone—taken to a police station.  And the law
308    is clear, now in as much as Ms.—it says Albrecht on the heading
309    here, is a resident of the State of Michigan, any Orders in the
310    State of New Hampshire is enforceable here.
311        The current Order, however, suspends parenting time.  It did
312    not suspend the party's joint legal custody as far as having
313    access to records and things of that nature.  So, to the extent
314    that Mr. Albrecht is asking that I enforce parenting time, I'm not
315    going to do it because you don't have any, number one, at least
316    temporarily.  And, number two, if any parenting—the only Order
317    that I've been provided for indicates that the parenting time take

318    place in New Hampshire.  So, it's not like you can just come to
319    Michigan and see the kids.  So, as far as records go, at least
320    until you can show me that you've—for example, on the kids'
321    schooling, that you have been unable to access them yourself,
322    because it's not the respondent's responsibility to give them to
323    you.  That part of the provision of the Order simply allows you
324    access to them from whoever has them.  So—and I don't have
325    jurisdiction over the school in this case and neither does the
326    Court in New Hampshire.  I don't have jurisdiction over medical
327    records, only hospitals or whoever is the provider has that.  They
328    are not a party to this case.  I can simply indicate and agree
329    that you have joint—what's referred to as joint legal custody and
330    have the ability to obtain that information.  And, to that extent,
331    I would sign an Order that says that because that's what the
332    current Order in New Hampshire says, but that's all I'll do.  I
333    will not direct the school, I will not direct the medical facility
334    to give them to you.  If you have problems with them you're going
335    to have to deal with them directly.
336         MR. ALBRECHT:  May I respond.
337         THE COURT:  No, this is not a response, I'm issuing a ruling
338    here.  So, your Motion here to the extent that you're asking me to
339    enforce a parenting time Order is denied because there is no
340    parenting time Order that I can enforce.
341         To the extent that you're asking to have access in Michigan
342    to the information that you're seeking, I'm not going to issue
343    that either because you already have an Order from New Hampshire
344    that says the same thing.  And, to the—and as I indicated, I have
345    no jurisdiction over those agencies, they are not a party to this

346    case.

347         So,  your Motion here, to this extent, I would simply

348    indicate that to the extent that I have an enforceable issue from

349    the State of New Hampshire—a Court in the State of New Hampshire,

350    I will enforce it in Michigan.  But, so far I haven't been

351    presented with an enforceable issue.  So, your Motion today is

352    denied.

353         That's it.

354         MR. WEGMEYER:  Thank you, your Honor.

355         (At 11:21 a.m., proceeding concluded)

356

```
357                          REPORTER'S CERTIFICATE
358 STATE OF MICHIGAN            )
359                              )
360 COUNTY OF ST. CLAIR          )
361
362      I hereby certify that this transcript, consisting of 13 pages, is
363 a complete, true and accurate transcript of the proceedings heard in
364 this Court on Thursday, July 15, 2021 before the Honorable Elwood L.
365 Brown.
366
367 _____            _____
368 Dated                   MS. CHRISTINE A. REGAN, CER 4832
369                         201 MCMORRAN BLVD., ROOM 2200
370                         PORT HURON, MICHIGAN  48060
371                         (810) 985-2010
```