House Children and Family Law Committee

January 18, 2022

**Laura Montgomery**

**Exhibits**

**In chronological order:**

1. October 19, 2018 – Hearing (Julie Introcaso) – Daughter
2. November 29, 2018 – Email from Julie Introcaso (Deposition Exhibit 19)
3. March 15, 2019 – Julie Introcaso Recusal order in *Campbell v. Partello*
4. June 3, 2019 – Hearing (Julie Introcaso and Kathleen Sternenberg) – Daughter
5. June 7, 2019 – *Ex Parte* Hearing (Julie Introcaso and Kathleen Sternenberg) – Daughter
6. July 23, 2019 – Hearing (Julie Introcaso and Kathleen Sternenberg) – Daughter
7. August 30, 2019 – *Ex Parte* Hearing (Julie Introcaso) – Son
8. April 20, 2020 – Hearing (Bruce DalPra) – Child Support
9. June 25, 2020 – Hearing (Bruce DalPra) – Son
10. August 31, 2020 – Hearing (Bruce DalPra) – Son
11. October 23, 2020 – New Hampshire Union Leader Article
12. February 8, 2021 – Excerpt from Deposition of Julie Introcaso re: Laura Montgomery
13. April 6, 2021 – Hearing (Bruce DalPra) – Son
14. June 21, 2021 – Hearing (Bruce DalPra) – Son
15. November 15, 2021 (10:00 am) – Hearing – Julie Introcaso Plea and Sentencing
16. November 15, 2021 (10:00 am) – Hearing (Bruce DalPra) – Son

1              STATE OF NEW HAMPSHIRE

2         9TH CIRCUIT COURT - FAMILY DIVISION - NASHUA

3
In the Matter of                )
4                               )
STEPHEN LOUDERMILK,             ) Family Division Case No.
5                               ) 659-2015-DM-00185
              Petitioner,       )
6                               ) Nashua, New Hampshire
        and                     ) October 19, 2018
7                               ) 10:43 a.m.
LAURA MONTGOMERY,               )
8                               )
              Respondent.       )
9 _____ )

10            HEARING ON SCHEDULING CONFERENCE
          BEFORE THE HONORABLE JULIE INTROCASO
11       JUDGE OF THE CIRCUIT COURT - FAMILY DIVISION

12  APPEARANCES:

13   For the Petitioner:        Timothy Coughlin, Esq.
                                125 Main Street
14                              Suite 20
                                New Market, NH 03857
15
     For the Respondent:        Andrea Labonte, Esq.
16                              4 Chenell Drive
                                Suite 102
17                              Concord, NH 03301

18  Audio Operator:             Electronically Recorded
                                **Not Monitored**
19
    TRANSCRIPTION COMPANY:      eScribers, LLC
20                              7227 N. 16th Street, Suite 207
                                Phoenix, AZ 85020
21                              (800) 257-0885
                                www.escribers.net
22
    Proceedings recorded by electronic sound recording; transcript
23  produced by court-approved transcription service.

24

25





**EXHIBIT** 19
Judge I.
2/8/2021

**From:** Hon. Julie Introcaso <JIntrocaso@courts.state.nh.us>
**Sent:** Thursday, November 29, 2018 3:34 PM
**To:** Timothy C. Coughlin <TCoughlin@nhtrialattorneys.com>; Andrew J. Piela <ajp@hamker.com>
**Cc:** Kathleen Sternenberg <kas@Sternenberglaw.com>
**Subject:** GAL Appointment

Counsel,

After calling several GALs (most of whom don't pick up the phone, Attorney Sternenberg and I spoke briefly about the case basics, particularly the need to work expeditiously on the matter given the holidays and the short time between appointment and NCE.
I need to state that having practiced law in Manchester for about 12 years prior to working for the Court beginning in 2000, Attorney Sternenberg and I became good friends and cooperative colleagues in the marital bar. She has an excellent reputation as a GAL in Manchester and rarely comes to Nashua. As I sit in Nashua each day, I don't see her often, although I still consider her a friend.

One of the reasons for that is my deep respect for her work ethic and professionalism. I think she will do a great job, she will do it with diligence, and I hope to assure you that I have before, and likely will again, disagree and argue with her about a variety of matters.

I don't believe I would have any problem looking at her recommendation objectively and, perhaps deciding a case differently from any recommendation she might make, should this case go to trial.

If you have any concerns about the appointment, let me know in the next 27 minutes if possible. Otherwise, I will head out, certain that you will hear from her and move forward in the near future.

Judge I.

PS – Absent an objection, a hard copy of the order attached will go out in tomorrow's mail along with a Notice of Decision

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

9th Circuit - Family Division - Nashua
30 Spring Street, Suite 102
Nashua NH  03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

**FILE COPY**

Case Name:   **In the Matter of David Campbell and Robin Partello**
Case Number:   **659-2018-DM-00702**

Enclosed please find a copy of the Court's Order dated March 15, 2019 relative to:

**Petitioner's Expedited Motion to Continue March 19, 2019 Status
Conference and Motion to Clarify Subject of Hearing - Granted**

**Introcaso, J.**

March 15, 2019

Sherry L. Bisson
Clerk of Court

(659304)
C:  David Campbell; Robin Partello; Kathleen A. Sternenberg; Tracey G. Crie, ESQ

NHJB-2207-DF (07/01/2011)

DAVID CAMPBELL
    AND
ROBIN PARTELLO

                659-2018-DM-702

On 3-15-19, the Petitioner filed a
motion to continue a Status Conf.
scheduled by this judge. The
motion (#38) is GRANTED.
In filing the motion, the Petitioner
inquired as to the purpose of
the hearing. The undersigned judge
scheduled the hearing to disclose
her conflict with the Court-
appointed GAL in the case.
    Although this judge has made
no substantive rulings in this
matter, it has approved substanti-
tative orders issued by the marital
master that had previously handled
this litigation.
    The marital master has been
reassigned to another court location
so numerous substantive motions
were presented to this judge for
review.
    In doing so, this judge

pg 2.

has determined that she is unable to address these motions, particularly as some relate directly to the payment and performance of the GAL.

The GAL has been a long-standing friend of this judge; she has vacationed with her, discussed personal matters in depth (including financial issues) and the GAL is the godparent to one of this judges children.

The Court does not believe this conflict, under the circumstances as stated above, is one which can be waived.

The Court hoped to put this matter on the record and set this matter for trial before another judge; however, even that may be seen as inappropriate given the conflict over the GAL specifically.

The wisest course for this judge, and in an attempt to

pg 3.    provide the parties with the
         most unbiased and fair
         hearing, is to simply withdraw
         as the presiding justice in
         this matter with regret as
         to the delay this may cause
         to the parties.

         ORDER :

1.   Judge Julie Introcaso shall
     have no further involvement in
     this matter.

2.   The Clerk shall expeditiously
     work with the parties to
     reassign this matter, resolve
     the pending motions, and
     schedule this matter for any
     Further hearing.

3.   No status conference will occur
     on March 19, 2019.

                    So Ordered.
     3/15/19

                    Julie A. Introcaso

1

```
 1                    STATE OF NEW HAMPSHIRE

 2          9TH CIRCUIT COURT - FAMILY DIVISION - NASHUA

 3
    IN THE MATTER OF:              )
 4                                 ) Family Division Case No.
    STEPHEN LOUDERMILK,            ) 659-2015-DM-00185
 5                                 )
                    Petitioner,    ) Nashua, New Hampshire
 6                                 ) June 3, 2019
          and                      ) 1:12 p.m.
 7                                 )
    LAURA MONTGOMERY,              )
 8                                 )
                    Respondent.    )
 9   _____)

10             HEARING ON PRE-TRIAL CONFERENCE
           BEFORE THE HONORABLE JULIE INTROCASO
11       JUDGE OF THE CIRCUIT COURT - FAMILY DIVISION

12   APPEARANCES:

13   For the Petitioner:          Timothy Coughlin, Esq.
                                   125 Main Street
14                                 Suite 20
                                   New Market, NH 03857
15
     For the Respondent:          Andrew Piela, Esq.
16                                 20 Trafalgar Square
                                   Suite 505
17                                 Nashua, NH 03302

18   Also Present:                Kathleen Sternenberg, Esq.
                                   Guardian Ad Litem
19
     Audio Operator:              Electronically Recorded
20                                 **Not Monitored**

21   TRANSCRIPTION COMPANY:       eScribers, LLC
                                   7227 N. 16th Street, Suite 207
22                                 Phoenix, AZ 85020
                                   (800) 257-0885
23                                 www.escribers.net

24   Proceedings recorded by electronic sound recording; transcript
     produced by court-approved transcription service.
25
```



1            STATE OF NEW HAMPSHIRE

2        9TH CIRCUIT COURT - FAMILY DIVISION - NASHUA

3   IN THE MATTER OF              )
                                  ) Family Division Case No.
4   STEPHEN LOUDERMILK,           ) 659-2015-DM-00185
                                  )
5               Petitioner,       ) Nashua, New Hampshire
                                  ) June 7, 2019
6          and                    ) 3:05 p.m.
                                  )
7   LAURA MONTGOMERY,             )
                                  )
8               Respondent.       )
    _____ )

9

                HEARING ON EX PARTE HEARING
10        BEFORE THE HONORABLE JULIE INTROCASO
            JUDGE OF THE CIRCUIT COURT - FAMILY DIVISION

11

    APPEARANCES:
12

    For the Petitioner:        Timothy Coughlin, Esq.
13                             COUGHLIN LAW OFFICES, LLC
                               125 Main Street
14                             Suite 20
                               Newmarket, NH 03857
15
    For the Respondent:        Andrew J. Piela, Esq.
16                             HAMBLETT & KERRIGAN
                               20 Trafalgar Square
17                             Suite 505
                               Nashua, NH 03063
18
    Also Present:              Kathleen Sternenberg
19                             Guardian Ad Litem

20  Audio Operator:            Electronically Recorded
                               **Not Monitored**
21
    TRANSCRIPTION COMPANY:     eScribers, LLC
22                             7227 N. 16th Street, Suite 207
                               Phoenix, AZ 85020
23                             (800) 257-0885
                               www.escribers.net
24
    Proceedings recorded by electronic sound recording; transcript
25  produced by court-approved transcription service.



1

1       STATE OF NEW HAMPSHIRE

2    9TH CIRCUIT COURT - FAMILY DIVISION - NASHUA

3

 IN THE MATTER OF:     )
4             ) Family Division Case No.
 STEPHEN LOUDERMILK,   ) 659-2015-DM-00185
5             )
      Petitioner, ) Nashua, New Hampshire
6             ) July 23, 2019
     and       ) 9:26 a.m.
7             )
 LAURA MONTGOMERY,    )
8             )
      Respondent. )
9 _____ )

10      HEARING ON MOTION TO MODIFY
     BEFORE THE HONORABLE JULIE A. INTROCASO
11    JUDGE OF THE CIRCUIT COURT - FAMILY DIVISION

12 APPEARANCES:

13 Pro Se Petitioner:    Stephen Loudermilk
             82 Main Stream Road
14             Fairfield, ME 04937

15 For the Respondent:   Andrew Piela, Esq.
             20 Trafalgar Square
16             Suite 505
             Nashua, NH 03302
17

 Also Present:      Kathleen Sternenberg
18             Guardian Ad Litem

19 Audio Operator:     Electronically Recorded
             **Not Monitored**
20

 TRANSCRIPTION COMPANY:   eScribers, LLC
21             7227 N. 16th Street, Suite 207
             Phoenix, AZ 85020
22             (800) 257-0885
             www.escribers.net
23

 Proceedings recorded by electronic sound recording; transcript
24 produced by court-approved transcription service.

25



```
 1                    STATE OF NEW HAMPSHIRE

 2          9TH CIRCUIT COURT - FAMILY DIVISION - NASHUA

 3
     IN THE MATTER OF:               )
 4                                   ) Family Division Case No.
     CHRISTOPHER MORRELL,            ) 659-2019-DM-00383
 5                                   )
                    Petitioner,      ) Nashua, New Hampshire
 6                                   ) August 30, 2019
                and                  ) 11:53 a.m.
 7                                   )
     LAURA MONTGOMERY,               )
 8                                   )
                    Respondent.      )
 9   _____ )

10                  HEARING ON EX PARTE MOTION
             BEFORE THE HONORABLE JULIE A. INTROCASO
11          JUDGE OF THE CIRCUIT COURT - FAMILY DIVISION

12   APPEARANCES:

13   For the Petitioner:            Jane M. Schirch, Esq.
                                    SHANELARIS & SCHIRCH, PLLC
14                                  35 East Pearl Street
                                    Nashua, NH 03060
15
     Pro Se Respondent:            Laura Montgomery
16                                  (Address Unknown)

17   Audio Operator:               Electronically Recorded
                                    **Not Monitored**
18
     TRANSCRIPTION COMPANY:        eScribers, LLC
19                                  7227 N. 16th Street, Suite 207
                                    Phoenix, AZ 85020
20                                  (800) 257-0885
                                    www.escribers.net
21

22   Proceedings recorded by electronic sound recording; transcript
     produced by court-approved transcription service.
23

24

25
```



1

1          STATE OF NEW HAMPSHIRE

2      9TH CIRCUIT COURT - FAMILY DIVISION - NASHUA

3

IN THE MATTER OF:              )
4                              ) Family Division Case No.
STEPHEN LOUDERMILK,            ) 659-2015-DM-00185
5                              )
            Petitioner,        ) Nashua, New Hampshire
6                              ) April 20, 2020
        and                    ) 9:45 a.m.
7                              )
LAURA MONTGOMERY,              )
8                              )
            Respondent.        )
9  _____     )

10            HEARING ON CHILD SUPPORT
        BEFORE THE HONORABLE BRUCE DALPRA
11    MARITAL MASTER OF THE CIRCUIT COURT - FAMILY DIVISION

12  APPEARANCES (All present by video or telephone):

13  For the Petitioner:          Timothy C. Coughlin, Esq.
                                 COUGHLIN LAW OFFICES
14                               125 Main Street
                                 Suite 20
15                               Newmarket, NH 03857

16  Pro Se Respondent:           Laura Montgomery
                                 195 McGregor Street
17                               Unit 202
                                 Manchester, NH 03102
18
    Audio Operator:              Electronically Recorded
19                               **Not Monitored**

20  TRANSCRIPTION COMPANY:       eScribers, LLC
                                 7227 N. 16th Street, Suite 207
21                               Phoenix, AZ 85020
                                 (800) 257-0885
22                               www.escribers.net

23  Proceedings recorded by electronic sound recording; transcript
    produced by court-approved transcription service.
24

25



1

1        STATE OF NEW HAMPSHIRE

2    9TH CIRCUIT COURT - FAMILY DIVISION - NASHUA

3

IN THE MATTER OF:              )
4                               ) Family Division Case No.
CHRISTOPHER MORRELL,           ) 659-2019-DM-00383
5                               )
                Petitioner,    ) Nashua, New Hampshire
6                               ) June 25, 2020
        and                    ) 11:39 a.m.
7                               )
LAURA MONTGOMERY,              )
8                               )
                Respondent.    )
9    _____ )

10              HEARING ON STATUS CONFERENCE
            BEFORE THE HONORABLE BRUCE DALPRA
11    MARITAL MASTER OF THE CIRCUIT COURT - FAMILY DIVISION

12   APPEARANCES (All present by video or telephone):

13   For the Petitioner:          Jane Schirch, Esq.
                                  SHANELARIS & SCHIRCH, PLLC
14                                35 East Pearl Street
                                  Nashua, NH 03060
15
Pro Se Respondent:             Laura Montgomery
16                                195 McGregor Street
                                  Unit 202
17                                Manchester, NH 03102

18   Audio Operator:              Electronically Recorded
                                  **Not Monitored**
19
TRANSCRIPTION COMPANY:         eScribers, LLC
20                                7227 N. 16th Street, Suite 207
                                  Phoenix, AZ 85020
21                                (800) 257-0885
                                  www.escribers.net
22
Proceedings recorded by electronic sound recording; transcript
23   produced by court-approved transcription service.

24

25



1

```
 1                    STATE OF NEW HAMPSHIRE

 2          9TH CIRCUIT COURT - FAMILY DIVISION - NASHUA

 3
    IN THE MATTER OF                )
 4                                  ) Family Division Case No.
    CHRISTOPHER MORRELL,            ) 659-2019-DM-00383
 5                                  )
                    Petitioner,     ) Nashua, New Hampshire
 6                                  ) August 31, 2020
            and                     ) 9:23 a.m.
 7                                  )
    LAURA MONTGOMERY,               )
 8                                  )
                    Respondent.     )
 9   _____ )

10                         FINAL HEARING
               BEFORE THE HONORABLE BRUCE DALPRA
11      MARITAL MASTER OF THE CIRCUIT COURT - FAMILY DIVISION

12   APPEARANCES:

13   For the Petitioner:          Jane Schirch, Esq.
                                  SHANELARIS & SCHIRCH PLLC
14                                35 East Pearl Street
                                  Nashua, NH 03060
15
     Pro Se Respondent:           Laura Montgomery
16                                195 McGregor Street
                                  Unit 202
17                                Manchester, NH 03102

18   Audio Operator:              Electronically Recorded
                                  by **Not Monitored**
19
     TRANSCRIPTION COMPANY:       eScribers, LLC
20                                7227 N. 16th Street, Suite 207
                                  Phoenix, AZ 85020
21                                (800) 257-0885
                                  www.escribers.net
22
     Proceedings recorded by electronic sound recording; transcript
23   produced by court-approved transcription service.

24

25
```



# Nashua judge under ethics, criminal investigation

## Investigation includes possible charges of falsifying physical evidence and tampering with public records.

**By Mark Hayward**
New Hampshire Union Leader

CONCORD — A Circuit Court judge in Nashua is under criminal investigation, apparently to cover up what had started as a minor mistake but grew to her whiting out court records to hide the mistake, according to documents accusing her of wrongdoing.

New Hampshire Attorney General Gordon MacDonald announced on Thursday that he has opened an investigation into criminal activity on the part of Judge Julie A. Introcaso.

The investigation includes possible charges of falsifying physical evidence and tampering with public records, MacDonald said in a statement.

The announcement follows a decision last week by the state Judicial Conduct Committee to accuse Introcaso of eight violations of the code of judicial conduct. The case against Introcaso is spelled out in a 13-page Formal Statement of charges issued against her.

According to the statement, the JCC started investigating Introcaso in September 2019, when it received a complaint from Robin Partello, who was involved in a parenting case.

As a judge, Introcaso was merely signing off on recommendations made by family court masters. Her initial mistake was to sign off on a record that a friend, lawyer Kathleen Sternenberg, be appointed as a guardian ad litum in Partello's case. Introcaso said she signed the recommendation without reading it.

"There simply isn't enough time (to) read every order coming out of Nashua Family Division in detail," she wrote in her explanation to the JCC.

But as the case progressed, Introcaso began issuing decisions that went against Partello and favored Sternenberg. She authorized payments beyond the $350 cap, and she ordered Partello to pay in cash or check, rather than Apple Pay.

Eventually, Introcaso stepped off the case, citing the conflict and her longstanding, close friendship with Sternenberg.

After the JCC asked Introcaso to respond to Partello's complaint, she had the file delivered into her office and — according to allegations from the JCC — whited out her hand-written orders in the court file.

Court clerks and staff told the JCC that Introcaso queried staff to ask if they had whited out the document, even asking if they did so to protect her. She even checked the register to see who had access to the file. But she never reported the white outs to her superiors.

"The facts set forth establish compelling circumstantial evidence that Judge Introcaso whited out the Apple Pay Order and the Fee Cap Order some time between January 6 and January 9, 2020," the JCC wrote. "At the time, she knew there was an ongoing investigation by the Committee with respect to her rulings on this order."

## Salvation Army accepting applications for Christmas assistance

Staff Report

The Salvation Army is considering applications year we have added all of for its Christmas assistance program in Manchester through Dec. 3.

The 121 Cedar St. office will be open 9 a.m. to 2 p.m. Monday through Thursday to take applications. It will also be open 6:30 to 8:30 p.m. Thursday evenings on Oct. 22 and 29, Nov. 5 and 12 and Dec. 3. Applicants must be from Manchester, Bedford or Litchfield.

No children will be allowed in the building on these dates.

Applicants need to bring a valid photo ID, proof of address (such as a bill or current mail), identification of each child (such as birth certificate, or health

commanding officer/pastor, in a statement. "This year we have added all of the COVID guidelines supplied by the CDC and the Salvation Army into our Christmas Assistance Application Process. Please recognize that with these added protocols it will take a little time to bring you through the process."

The Salvation Army's Christmas Toy Shop, when parents come to pick up toys for their children, will take place at the Double-Tree by Hilton Hotel, 700 Elm St., on Dec. 20 and 21.

A limited number of clients will be allowed in the building. Children will not be allowed. Masks are required to enter the building, and social distancing will be required.

*In the Matter Of:*

RE HONORABLE JULIE A. INTROCASO

---

HONORABLE JULIE A. INTROCASO

February 08, 2021

---



**Certified**
**Videographers & Court Reporters**
**VIDEOCONFERENCING**

**603-666-4100**
**Toll Free: 1-888-212-2072**

814 Elm Street * Suite 400 * Manchester, NH  03101
Fax: 603-666-4145 * Email: info@avicorereporting.com
Website: www.avicorereporting.com

**Page 1**

THE STATE OF NEW HAMPSHIRE
JUDICIAL CONDUCT COMMITTEE

* * * * * * * * * * * * * * *
                              *
IN RE:                        *  Case Nos.:
                              *  JC-19-050-C
HONORABLE JULIE A. INTROCASO  *  JC-20-010-C
                              *
                              *
* * * * * * * * * * * * * * *

      DEPOSITION OF HONORABLE JULIE A. INTROCASO
      Deposition taken by agreement of counsel via
      Zoom on Monday, February 8, 2021, commencing at
      1:35 P.M.

Court Reporter:
Tina L. Hayes, RPR, NH LCR #80
(RSA 310-A:161-181)

**Page 2**

             A P P E A R A N C E S
Representing the Judicial Conduct Committee:
      WAYSTACK FRIZZELL
      251 Main Street
      Colebrook, NH  03576
      By:  Philip R. Waystack, Esquire
      (603)237-8322
      phil@waystackfrizzell.com

Representing Honorable Julie A. Introcaso:

      McLANE MIDDLETON, P.A.
      900 Elm Street
      Manchester, NH  03101
      By:  Michael A. Delaney, Esquire
      (603)628-1248
      michael.delaney@mclane.com
      McLANE MIDDLETON, P.A.
      900 Elm Street
      Manchester, NH  03101
      By:  Amanda Quinlan, Esquire
      (603)628-1348
      amanda.quinlan@mclane.com

           S T I P U L A T I O N S
    It is agreed that the deposition shall be taken
in the first instance in stenotype and when
transcribed may be used for all purposes for which
depositions are competent under New Hampshire
practice.
    Notice, filing, caption and all other
formalities are waived.  All objections except as to
form are reserved and may be taken in court at time
of trial.

    It is further agreed that if the deposition is
not signed within 30 days, the signature of the
deponent is waived.

**Page 3**

                    I N D E X
WITNESS:
   Honorable Julie A. Introcaso
EXAMINATION:                                    Page
   By Mr. Waystack                         6, 210
   By Mr. Delaney                              192

ERRATA SHEET                                    217

CERTIFICATE OF REPORTER                         218

EXHIBITS FOR IDENTIFICATION:

Number                                          Page

Exhibit 1   03/30/18 - 04/27/18 Email String,
            Introcaso/King                        6
Exhibit 2   10/25/18 Notice of Decision,
            Campbell/Partello                     6

Exhibit 3   11/29/18 Order on Appointment
            of Guardian ad Litem,
            Loudermilk/Montgomery                 6

Exhibit 4   12/12/18 Order on Appointment
            of Guardian ad Litem,
            Ausiaikova/Meckel                     6

Exhibit 5   2/21/19 Notice of Decision,
            Campbell/Partello                     6
Exhibit 6   3/12/19 Notice of Decision,
            Campbell/Partello                     6

Exhibit 7   3/12/19 Notice of Decision,
            Campbell/Partello                     6
Exhibit 8   3/12/19 Notice of Decision
            Campbell/Partello                     6

**Page 4**

EXHIBITS FOR IDENTIFICATION:   (Cont.)
Number                                          Page
Exhibit 9   3/15/19 Notice of Decision and
            Sua Sponte Recusal Order,
            Campbell/Partello                     6
Exhibit 10  4/29/19 Notice of Decision,
            Campbell/Partello                     6

Exhibit 11  1/6/20 Email String,
            Bisson/Introcaso                      6
Exhibit 12  3/12/19 Last page of Apple
            Pay Order with Margin Order           6

Exhibit 13  9/5/13 Order on Appointment
            of Guardian ad Litem,
            Merrifield/Cox                        6

Exhibit 14  1/30/14 Order on Appointment
            of Guardian ad Litem, Sobell          6
Exhibit 15  5/12/15 Order on Appointment
            of Guardian ad Litem, Crawford        6

Exhibit 16  8/20/15 Order on Appointment
            of Guardian ad Litem, Covart          6
Exhibit 17  10/13/16 Order on Appointment
            of Guardian ad Litem, Albrecht        6

Exhibit 18  2/22/17 Order on Appointment
            of Guardian ad Litem, Yiatras         6
Exhibit 19  11/29/18 Email,
            Introcaso/Coughlin/Piela              6

Exhibit 20  1/9/20 Email from Judge Introcaso
            to Judges and Court Staff             6
Exhibit 21  1/9/20 Judge Introcaso's Draft
            Answer to JCC                         6

```
                                               5
1   EXHIBITS FOR IDENTIFICATION:  (Cont.)
2   Number                              Page
3   Exhibit 22  December 2019 Calendar      6
4   Exhibit 23  January 2020 Calendar       6
5    (The original exhibits were retained by
    Mr. Waystack.)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
```

```
                                               7
1   did you go right to the 9th Circuit?  Was that your
2   first posting, so to speak?
3      A.  Yes.
4      Q.  And what was it that you were initially
5   assigned to do at the 9th Circuit?
6      A.  I was assigned to the family division in
7   both Manchester and Nashua, both in the 9th Circuit.
8      Q.  Okay.
9      A.  And I was working between the two for a
10  period of time.
11     Q.  Was there -- I know that other judges,
12  from time to time -- and this may be more a superior
13  court matter.  But judges, from time to time, would
14  do a process when they began -- of shadowing another
15  judge.  Did you have such a process?
16     A.  I did.
17     Q.  And whom did you shadow?
18     A.  I know I spent a day with Judge Garner.  I
19  know I spent a day with -- I apologize -- the judge
20  who was in Carroll County.  He sat in Carroll County
21  up in Laconia and he's since retired.
22     Q.  Is that Judge Patten maybe?
23     A.  No.  It was not Judge Patten.  I know
```

```
                                               6
1           P R O C E E D I N G S
2      (Judge Introcaso Exhibit Nos. 1 through 23
3   were premarked by Mr. Waystack for
4   identification.)
5           HONORABLE JULIE A. INTROCASO,
6   having been first duly sworn by the reporter, under
7   RSA 310-A:181, Limited Notarial Function, was
8   deposed and testified as follows:
9               EXAMINATION
10  BY MR. WAYSTACK:
11     Q.  Okay.  Good afternoon, Judge Introcaso.
12     A.  Good afternoon.
13     Q.  As you know, my name is Philip Waystack.
14  And in this matter, I am representing the Judicial
15  Conduct Committee.
16         I don't know all of your general details;
17  so let me get a few of them.  Do I understand you
18  began serving on the bench in the year 2012?
19     A.  That's correct.
20     Q.  And whenabouts was that, Judge Introcaso?
21     A.  September.  I think my first day actually
22  on the bench was around September 18.
23     Q.  And when you began your judicial career,
```

```
                                               8
1   Judge Patten.  I apologize.
2      Q.  That's okay.  You don't have to apologize.
3      A.  Shadowed him.
4      Q.  Judge Pam Albee, is that the one?  No?
5      A.  No, no.  Not Pam Albee.  It's a gentleman.
6      Q.  It's a gentleman?
7      A.  He sat in Laconia.  I apologize, mostly to
8   him.  I don't recall his name.  But he's retired
9   within the last year or two.
10     Q.  Yeah.
11     A.  I believe I spent an afternoon or so
12  perhaps with attorney -- sorry -- Judge Spath.  And
13  I think that's about it.  I really didn't do much
14  shadowing.
15     Q.  Okay.
16     A.  I had a discussion with Judge Kelly at the
17  time, which was within those days that I was, you
18  know, shadowing, so to speak.
19     Q.  Okay.  So for a few days with a few
20  judges, but not any kind of formal shadowing
21  program?
22     A.  No.
23     Q.  Okay.  So let's talk about you for a bit.
```

**45**

1  to do that.
2      Q.   As you sit here today, do you think
3  Ms. Partello had some right to be notified that the
4  person who a judge has appointed to be her guardian
5  was on your conflicts list?
6      A.   Again, at this point in the case, no.
7      Q.   Okay.  Turn to the next page, please.
8  Look at paragraph 4, Judge, which is halfway down
9  the page.  It says here "The court sets the maximum
10  fee in this case of $3,500."  Now, that's for the
11  guardian's fee; is that right?
12      A.   Yes.
13      Q.   I mean, it's been many years since I have
14  done marital work, but I always thought it was 1,000
15  or 1,500.  $3,500 struck me as being a relatively
16  significant amount for the guardian's fee.  I guess
17  that's the cap, so to speak.
18      A.   Initially.
19      MR. DELANEY:  Objection to the form.
20      You may answer the question.
21      THE WITNESS:  Okay.
22      A.   That would be the initial cap that would
23  be set by Master DalPra, yes.

**46**

1      Q.   (By Mr. Waystack) Did you think that that
2  was pretty significant, $3,500?
3      A.   Again, I honestly don't believe that I
4  read through this entire form.  I -- I -- there are
5  a number of court forms that, as a matter of course,
6  I do not read the details of things, like the money
7  issues.
8      Q.   Whether you read it or not, I am asking
9  you now.  Do you think that $3,500 in the initial
10  appointment is a relatively high figure for a
11  guardian to receive?
12      A.   It is unusually high, yes.
13      Q.   Thank you.
14      Okay.  Now, if you turn to the final
15  page -- second-to-the-last page of this exhibit,
16  this is the signature page; correct?
17      A.   Yes.
18      Q.   And as with the interim order,
19  Master DalPra signs.  And then you, as judge, also
20  sign?
21      A.   That's right.
22      Q.   And the part that I read to you before
23  that I thought was a form, apparently wrongly, it's

**47**

1  got that same language, hasn't it?  Let me just read
2  it once.  "So ordered:  I hereby certify that I have
3  read the recommendations and agree that, to the
4  extent the marital master/judicial referee/hearing
5  officer has made factual findings, he/she has
6  applied the correct legal standard to the facts
7  determined by the marital master/judicial referee/
8  hearing officer."
9      Did I read that correctly?
10      A.   Yes.
11      Q.   So that part on this document in Exhibit 2
12  is part of a form; correct?
13      A.   Yeah.  It's -- it's in every form that
14  either a master or referee can sign.
15      Q.   And as you sit here today, you didn't --
16  you did not read the entire document?  You didn't
17  read the entire interim order?  You didn't read the
18  entire order appointing the GAL?  Is that your
19  testimony?
20      A.   I did not read them word for word, no.
21      Q.   Is it also your testimony that you were
22  not aware that Kathleen Sternenberg, a person on
23  your conflicts list, was being appointed GAL and

**48**

1  that she was receiving a high initial cap of $3,500?
2      A.   I had no idea.
3      Q.   In retrospect, if you had read that, would
4  you have taken any other steps?
5      A.   I likely would have given the file back to
6  whomever presented it to me and said, "Why don't you
7  have any other judge sign this?" as has been done in
8  the case in other places, I notice, but -- and, like
9  I said, it's unusual because Master DalPra
10  oftentimes will come in for cosignatures.  We live
11  right next door in the courthouse.  But when he
12  knows it's Kay Sternenberg or Jane-Holly Weintraub,
13  he will go, "Oh," and he will take it to someone
14  else.  He knows my conflicts.
15      Q.   All right.  So this document we're talking
16  about was in late October of 2018?
17      A.   Correct.
18      Q.   Would you please turn to Exhibit 3.  Take
19  a moment and just look that over, if you would.
20      MR. WAYSTACK:  Michael, did you want to
21  make an objection about this?  We discussed
22  this beforehand.
23      MR. DELANEY:  Thank you, Attorney

49

1  Waystack.  My understanding is that Exhibit 3
2  relates to a different case than the Partello
3  case involving an order on the appointment of
4  guardian ad litem related to Guardian ad Litem
5  Kay Sternenberg.
6      I also understand that Judge King has
7  referred this matter to the Judicial Conduct
8  Committee, and I am not aware of the case yet
9  having been docketed as a complaint or
10  scheduled for any form of inquiry or
11  investigation.
12      Judge Introcaso has obligations of
13  confidentiality related to that referral by
14  Judge King.  I want to ensure that she does not
15  take any steps today that could be deemed
16  inconsistent with her obligations under the
17  judicial cnduct rules.
18      I am not entirely sure if committee
19  counsel of the JCC has a right to inquire about
20  this before a majority of the JCC takes a vote
21  to determine whether it should be docketed as a
22  complaint.
23      With that being said, I will register an

50

1  objection to the line of inquiry.  I will allow
2  Judge Introcaso to answer questions regarding
3  prior cases, subject to that objection.  And I
4  would ask for a continuing objection, for the
5  purposes of this deposition, for all inquiries
6  related to prior cases other than the Partello
7  case.
8      MR. WAYSTACK:  Okay.  Let me just respond
9  briefly.  There will be about six or seven
10  other of these appointments I will be talking
11  about.  I agree, Attorney Delaney, you can have
12  a continuing objection for the reasons stated.
13  I am not going to eat up a lot of the time with
14  a response to your objection other than to say
15  this matter has been brought before the
16  Judicial Conduct Committee.  I don't have any
17  view of there being new charges, but it relates
18  to some of the statements in this case, in the
19  Partello case.
20      Q.  (By Mr. Waystack) So having said all that,
21  did you have a chance to look at Exhibit 3, Judge
22  Introcaso?
23      A.  Yes.

51

1      Q.   Let me ask you.  This -- if you look at
2  the -- let's go to the end of this.  The third
3  page -- it's a four-page exhibit, Exhibit 3.
4      Just for timeline here, so it looks like
5  you signed this on November 29, 2018.
6      A.  That's right.
7      Q.  Do you see that?  Okay.
8      So let me ask you this, now that I have
9  given you the time frame:  Do you have any
10  recollection about this case at all, Loudermilk and
11  Laura Montgomery?
12      A.  I do.
13      Q.  You do?  Okay.
14      And this was a case that involved -- it
15  needed a guardian ad litem because there was a
16  parenting issue here; correct?
17      A.  Correct.
18      Q.  And this was not a case where Master
19  DalPra had recommended this.  This is a case, it
20  looks like, you signed on your own.
21      A.  Yes.
22      Q.  Fair enough?  Okay.
23      And in this case, again, page 1 of

52

1  Exhibit 3, paragraph 2, who's being appointed?
2      A.  Kathleen Sternenberg.
3      Q.  Okay.  And do you remember at the time if
4  Mr. Loudermilk and Ms. Montgomery were represented
5  by counsel?
6      A.  They were both represented.
7      Q.  Okay.  And was this as a result of an
8  actual hearing in a courtroom, Judge?
9      A.  There was a hearing in a courtroom, that I
10  recall.  Whether this order was delivered to the
11  parties in the courtroom or whether it was mailed
12  out subsequently to that hearing, I couldn't tell
13  you.  But it was subsequent to a hearing.
14      Q.  Okay.  And I am going to go back to what
15  you said in your email to Judge King.  To your
16  knowledge, did the parties -- or, rather, did
17  counsel for the parties tell you they wanted
18  Kathleen Sternenberg appointed as GAL?
19      A.  They did.  They had come to an agreement
20  that she would be the guardian in the case.
21      Q.  Do you have any different recollection of
22  that, Judge Introcaso?
23      MR. DELANEY:  Objection to the form.

```
                                                      53
1        You may answer.
2        MR. WAYSTACK:  I will withdraw the
3   question.  I will withdraw the question.
4        Q.   (By Mr. Waystack) Are you reasonably sure
5   what you just said to me, Judge Introcaso, that is,
6   that it was the parties who decided that they wanted
7   Kathleen Sternenberg?
8        A.   I am reasonably sure that these two
9   attorneys had spoken with one another and agreed to
10  have her appointed to the case.  And we had a
11  discussion -- whether or not it was on the record, I
12  recall it very clearly -- with Attorney Piela and
13  Attorney Coughlin us talking about, "Oh, you
14  have got Attorney Sternenberg here today.  Well,
15  then we have some things to talk about."
16       And when we -- I disclosed my conflict,
17  they were both, "Fine.  Fine.  No.  We're okay with
18  that."
19       I don't have an immediate recollection of
20  any language.  I am just trying to reflect the tenor
21  of the meeting with counsel.  That was in the
22  courtroom.
23       Q.   Okay.  From time to time, it appears to
```

```
                                                      54
1   me, in the course of my investigation, that you
2   would -- as a judge, you would have direct email
3   contact with the attorneys in the case; is that
4   right?
5        A.   Only if it's cc'd to the other side.  But,
6   yes, I allowed contact with counsel via email.
7        Q.   So in certain cases, counsel could contact
8   you directly by email rather than go through the
9   court system?
10       A.   Yes, under certain circumstances.
11       Q.   Okay.  Do you have a recollection of any
12  such email contact in this case?
13       A.   I remember the courtroom hearing.  I don't
14  specifically recall if I communicated with counsel
15  prior to or subsequent to that hearing via email.
16  But both Attorney Coughlin and Attorney Piela would
17  have been permitted to do that if they needed to.
18       MR. WAYSTACK:  Okay.  Michael, would you
19  please hand the witness Exhibit 19 now.
20       THE WITNESS:  Excuse me.  I am just going
21  to throw away a piece of waste here.
22       MR. WAYSTACK:  Go ahead.
23       THE WITNESS:  Thanks.
```

```
                                                      55
1        Q.   (By Mr. Waystack) I am going to give you a
2   moment to read that, Judge, Exhibit 19.
3        A.   Okay.  Thank you.  I was going to say this
4   actually says "Exhibit 19."
5        (Witness peruses document.)  Okay.
6        Q.   Okay.  So this appears to be an email sent
7   from you on the same date you signed the orders
8   appointing Kathleen Sternenberg as the guardian ad
9   litem in the Loudermilk case.
10       A.   Yes.
11       Q.   And it's sent from you to Attorney Timothy
12  Coughlin and Attorney Andrew Piela?
13       A.   Right.
14       Q.   And it's copied to Kathleen Sternenberg.
15  Did I say that right?
16       A.   Yes.
17       Q.   In the first paragraph, it seems to
18  suggest that it was you, Judge, who called several
19  guardians ad litem.  And you make the comment "most
20  of whom don't pick up the phone."  And then you
21  spoke with Attorney Sternenberg, and you talked
22  briefly about the facts in the case.  That's what
23  your email says, isn't it?
```

```
                                                      56
1        A.   Yes.  And I recall this.  I now recall
2   this.  The attorneys could not agree on a guardian.
3   We had a hearing.  And, you know, I said, "If you
4   guys can't agree on someone, then the court will
5   appoint somebody."
6        Q.   Right.  And the someone you appointed was
7   Kathleen Sternenberg?
8        A.   Was Kay, right.
9        Q.   Again, you make some reference to the fact
10  that you worked with her for a while in Manchester
11  before going to court, but -- before working for the
12  court.  But then you go back and you say -- you sort
13  of explain it in the second-to-the-last paragraph.
14  "I don't believe I would have any problem looking at
15  her recommendation."
16       And what I am concerned about is the last
17  paragraph that says, "If you have any concerns about
18  the appointment, let me know in the next 27 minutes,
19  if possible.  Otherwise, I will head out, certain
20  you will hear from her and move forward in the near
21  future."  In other words, "Get back to me in
22  27 minutes or Kathleen Sternenberg is appointed in
23  this case."  Isn't that what this says, Judge?
```

**57**

1    A.   No.  I don't agree with that.
2    Q.   Why not?
3    A.   At the end, I also say, "PS: Absent an
4  objection, a hard copy of the order will go out in
5  tomorrow's mail along with a notice of decision."
6         I was trying to -- I believe the
7  "27 minutes" has to do with the fact it was 3:34 and
8  they wouldn't be able to get back to me that day and
9  that I would hear from her if she was willing to
10  take it.  I would hear from them.  I am just trying
11  to put together, "Basically, can we all get on the
12  page who the guardian is going to be?"  And, you
13  know, I -- frankly, "Let me know in the next
14  27 minutes," unfortunately, was intended lightly.
15  It was not intended as pressure.
16    Q.   Well, let's just look at the facts.  So we
17  just talked about Exhibit 3.  And Exhibit 3 is the
18  actual appointment that you signed on the 29th.
19  That's the day you sent the email.
20    A.   Correct.
21    Q.   So it looks to me, by the end of the
22  business day, that is, November 29, '18, you went
23  ahead and appointed Kathleen Sternenberg.  And you

**58**

1  gave -- and I realize it's 3:34 you sent the email.
2  I know that the court closes at 4:00.  My read is,
3  "You have got 27 minutes to object.  And if you
4  don't, I am going to" -- "I am going to appoint
5  her."
6         Now, maybe they sent a written objection
7  later, but isn't that the way this happened, Judge
8  Introcaso?
9         MR. DELANEY:  Objection to the form.  The
10  question has been asked and answered.
11         You may answer the question.
12    A.   No.  I don't -- I don't think that that's
13  how it went.  I mean, we had had an earlier hearing
14  where we talked about guardians.  They had given me
15  the authority to select a guardian.  I don't recall
16  if I specifically mentioned Kay or not.  But I think
17  this email, to me, reads like I am trying to
18  document what happened in terms of the guardian.
19         Like I said, I just -- I distinctly
20  remember Attorney Coughlin, Attorney Piela, and I
21  talking about the issue of the guardian and my
22  initial recollection being they were comfortable
23  with me picking a guardian, regardless.

**59**

1    Q.   Okay.  To be clear, this was not an email
2  to you.  This is an email you sent Judge Introcaso,
3  isn't it?
4    A.   Yes, because the hearing was left on a
5  note of, "We can't agree on someone.  Judge, we will
6  give you the authority to pick who you think would
7  be appropriate in this case."  And under the time
8  constraints, the appropriate person was a person who
9  I could get in touch with.  There aren't that many
10  guardians available.  And she was -- she was
11  available.  I thought she would do good in the case,
12  do a nice job.  I told them that I had something of
13  a conflict and, if they wanted to let me know, they
14  would object.
15    Q.   Do you think it's your job as a judge to
16  call guardians for appointment in cases?
17    A.   Yes, I do.
18    Q.   Did you do that regularly?
19    A.   Yes.  I was also regularly called as a
20  guardian by judges to do specific cases.
21    Q.   And so your recollection is that the
22  attorneys in this case asked you to find the
23  guardian?  That's your testimony under oath?

**60**

1    A.   In essence, it's a default position.  If
2  the two parties can't come up with lists that they
3  can agree on one side or the other -- or one person
4  or the other, by default, then, we kind of let the
5  judge find somebody or have the judge try to find
6  someone.
7         It's my practice to normally let people
8  submit three names, each of them submit three names.
9  If they lost someone in common, great.  If they
10  don't and we're finishing up a structuring
11  conference, they sort of leave it in my hands.  And,
12  frankly, 75 percent of that time I leave it to the
13  staff, who often appoint guardians to do it.
14    Q.   Regardless of the process, Exhibit 19
15  seems to suggest that what you told Judge King, that
16  you only appoint the guardian when both parties
17  agree, that is not accurate in terms of what
18  Exhibit 19 says, is it?
19    A.   No.  Not technically, no.
20    Q.   Okay.  Let's go to Exhibit 4, please.
21         Now, what is Exhibit 4.  Is it another
22  order on the appointment of a guardian ad litem?
23    A.   It is.

1                    STATE OF NEW HAMPSHIRE

2          9TH CIRCUIT COURT - FAMILY DIVISION - NASHUA

3

   IN THE MATTER OF:              )
4                                 ) Family Division Case No.
   CHRISTOPHER MORRELL,           ) 659-2019-DM-00383
5                                 )
                Petitioner,       ) Nashua, New Hampshire
6                                 ) April 6, 2021
        and                       ) 9:17 a.m.
7                                 )
   LAURA MONTGOMERY,              )
8                                 )
                Respondent.       )
9   _____  )

10                        MOTION HEARING
              BEFORE THE HONORABLE BRUCE DALPRA
11      MARITAL MASTER OF THE CIRCUIT COURT - FAMILY DIVISION

12   APPEARANCES (All present by video or telephone):

13   For the Petitioner:          Jane Schirch, Esq.
                                   SHANELARIS & SCHIRCH, PLLC
14                                 35 East Pearl Street
                                   Nashua, NH 03060
15
     Pro Se Respondent:           Laura Montgomery
16                                 195 McGregor Street
                                   Unit 202
17                                 Manchester, NH 03102

18   Audio Operator:              Electronically Recorded
                                   **Not Monitored**
19
     TRANSCRIPTION COMPANY:       eScribers, LLC
20                                 7227 N. 16th Street, Suite 207
                                   Phoenix, AZ 85020
21                                 (800) 257-0885
                                   www.escribers.net
22
     Proceedings recorded by electronic sound recording; transcript
23   produced by court-approved transcription service.

24

25



1

1    STATE OF NEW HAMPSHIRE

2    9TH CIRCUIT COURT - FAMILY DIVISION - NASHUA

3

   IN THE MATTER OF:                )
4                                    ) Family Division Case No.
   CHRISTOPHER MORRELL,             ) 659-2019-DM-00383
5                                    )
                 Petitioner,        ) Nashua, New Hampshire
6                                    ) June 21, 2021
          and                       ) 2:37 p.m.
7                                    )
   LAURA MONTGOMERY,                )
8                                    )
                 Respondent.        )
9    _____ )

10                        EX PARTE HEARING
              BEFORE THE HONORABLE BRUCE DALPRA
11    MARITAL MASTER OF THE CIRCUIT COURT - FAMILY DIVISION

12   APPEARANCES (All present by video or telephone):

13   For the Petitioner:          Jane Schirch, Esq.
                                   SHANELARIS & SCHIRCH, PLLC
14                                 35 East Pearl Street
                                   Nashua, NH 03060
15
     Pro Se Respondent:           Laura Montgomery
16                                 195 McGregor Street
                                   Unit 202
17                                 Manchester, NH 03102

18   Audio Operator:              Electronically Recorded
                                   **Not Monitored**
19
     TRANSCRIPTION COMPANY:        eScribers, LLC
20                                 7227 N. 16th Street, Suite 207
                                   Phoenix, AZ 85020
21                                 (800) 257-0885
                                   www.escribers.net
22
     Proceedings recorded by electronic sound recording; transcript
23   produced by court-approved transcription service.

24

25



1                         STATE OF NEW HAMPSHIRE

2               HILLSBOROUGH COUNTY SUPERIOR COURT SOUTH

3

    STATE OF NEW HAMPSHIRE,            )
4                                      ) Superior Court Case No.
                       Plaintiff,      ) 226-2021-CR-00126
5                                      )
                  vs.                  ) Nashua, New Hampshire
6                                      ) November 15, 2021
    JULIE A. INTROCASO,                ) 10:04 a.m.
7                                      )
                  Defendant.           )
8    _____ )

9

                   HEARING ON PLEA AND SENTENCING
10          BEFORE THE HONORABLE CHARLES S. TEMPLE
                 JUDGE OF THE SUPERIOR COURT
11
    APPEARANCES:
12
    For the Plaintiff:          Geoffrey W.R. Ward, Esq.
13                              OFFICE OF THE ATTORNEY GENERAL
                                33 Capitol Street
14                              Concord, NH 03301

15  For the Defendant:          Michael A. Delaney, Esq.
                                MCLANE MIDDLETON
16                              900 Elm Street
                                10th Floor
17                              Manchester, NH 03101

18  Audio Operator:             Electronically Recorded
                                by Elizabeth K. Lynch
19
    TRANSCRIPTION COMPANY:      eScribers, LLC
20                              7227 N. 16th Street, Suite 207
                                Phoenix, AZ 85020
21                              (800) 257-0885
                                www.escribers.net
22
    Proceedings recorded by electronic sound recording; transcript
23  produced by court-approved transcription service.

24

25

1

STATE OF NEW HAMPSHIRE

9TH CIRCUIT COURT - FAMILY DIVISION - NASHUA

IN THE MATTER OF                    )
                                    ) Family Division Case No.
CHRISTOPHER MORRELL,                ) 659-2019-DM-00383
                                    )
          Petitioner,               ) Nashua, New Hampshire
                                    ) November 15, 2021
          and                       ) 10:17 a.m.
                                    )
LAURA MONTGOMERY,                   )
                                    )
          Respondent.               )
_____     )

HEARING ON PETITION TO BRING FORWARD
BEFORE THE HONORABLE BRUCE DALPRA
MARITAL MASTER OF THE CIRCUIT COURT - FAMILY DIVISION

APPEARANCES:

For the Petitioner:          Jane Schirch, Esq.
                             SHANELARIS & SCHIRCH, PLLC
                             35 East Pearl Street
                             Nashua, NH 03060

Pro Se Respondent:           Laura Montgomery
                             (Address Unknown)

Audio Operator:              Electronically Recorded
                             **Not monitored**

TRANSCRIPTION COMPANY:       eScribers, LLC
                             7227 N. 16th Street, Suite 207
                             Phoenix, AZ 85020
                             (800) 257-0885
                             www.escribers.net

Proceedings recorded by electronic sound recording; transcript
produced by court-approved transcription service.

