UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Dana Albrecht**,  ) | |
| ) | |
| Plaintiff  ) | |
| v.  ) | Civil No. 1:23-cv-00381-JL-TSM |
| ) | |
| **Kathleen Sterneberg, et al.**  ) | |
| ) | |
| **Defendants.**  ) | |

**PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF**
United States v. Rahimi, 61 F. 4th 443 (5th Cir. 2023)
and related materials.

NOW COMES Dana Albrecht, *pro se*, and respectfully requests that this Honorable Court <u>may</u> consider portions of the Fifth Circuit Court of Appeal's Opinion in *United States v. Rahimi*, 61 F. 4th 443 (5th Cir. 2023), presently pending appeal in the United States Supreme Court, No. 22-915, along with related materials cited by the Fifth Circuit Court of Appeals.

In support thereof it is further stated:

1. Plaintiff acknowledges the court generally does not take "judicial notice" of caselaw. See Fed. R. Evid. 201; *Getty v. Petroleum Marketing, Inc. v. Capital Terminal Co.*, 391 F.3d 312, 322 (1st Cir. 2004) (Lipez, J., concurring) (discussing when courts take "judicial notice" of law versus facts).

2. Nevertheless, *Getty* provides various exceptions, *inter alia*, depending on whether materials are "easily accessible to the judge" (*Getty* at 324, 329).

3. Out of an abundance of caution, and as an aid to the court, Plaintiff wishes to provide copies of the Fifth Circuit Court of Appeal's Opinion in *United States*

*v. Rahimi,* 61 F. 4th 443 (5th Cir. 2023), along with related materials cited by this Opinion, to inform the court of the current status of this case so as to avoid confusion, and to ensure related law review articles are "easily accessible to the judge" (*Getty* at 324, 329).

4. Consequently copies of the following documents are provided as attachments:

- *United States v. Rahimi*, 61 F. 4th 443 (5th Cir. 2023).

- Questions Presented: *United States v. Rahimi*, Supreme Court of the United States, No. 22-915, presently pending.

- Transcript of Oral Argument, Tuesday, November 7, 2023, *United States v. Rahimi*, Supreme Court of the United States, No. 22-915, presently pending.

- Various law review articles cited by the Fifth Circuit, namely:

    David N. Heleniak, *Shuttering the New Star Chamber: Toward a Populist Strategy Against Criminal Equity in the Family Court*, Liberty University Law Review: Vol. 17: Iss. 2, Article 2 (2022)

    Peter Slocum, *Biting the D.V. Bullet: Are Domestic-Violence Restraining Orders Trampling on Second Amendment Rights?*, 40 Seton Hall L. Rev. 639, 662–63 (2010)

    Scott A. Lerner, *Sword or Shield? Combating Orders–of–Protection Abuse in Divorce*, 95 Ill. Bar J. 590, 591 (2007)

    Jeannie Suk, *Criminal Law Comes Home*, 116 Yale L.J. 2, 62 n.257 (2006)

    David N. Heleniak, *The New Star Chamber: The New Jersey Family Court and the Prevention of Domestic Violence Act*, 57 Rutgers L. Rev. 1009 (2005)

    Randy Frances Kandel, *Squabbling in the Shadows: What the Law Can Learn from the Way Divorcing Couples Use Protective Orders as Bargaining Chips in Domestic Spats and Child Custody Mediation*, 48 S. C. L. Rev. 441 (1997)

- *Colleen Nestler v. David Letterman*, No. D-0101-DV-200502772, 1st Jud. Dist. Ct., N.M.

5. These materials are intended as an aid for this court to construe, as needed, the portion of *Rahimi* most relevant to Plaintiff's state court case, namely, [*United States v. Rahimi*, 61 F. 4th 443, 465-66 (5th Cir. 2023)](#) (internal citations omitted; cleaned up) wherein Judge Ho (concurring) stated that:

> **Many divorce lawyers routinely recommend pursuing civil protection orders for clients in divorce proceedings as a tactical leverage device. This is because civil protective orders can help a party in a divorce proceeding to secure favorable rulings on critical issues such as marital and child support, exclusion from the marital residence, and property disposition. Protective orders can also be a powerful strategic tool in custody disputes.**
>
> **That makes civil protective orders a tempting target for abuse. Judges have expressed concern with the serious policy implications of permitting allegations of domestic violence to be used in divorce proceedings. And for good reason. Not all parties to divorce are above using protective orders not for their intended purpose but solely to gain advantage in a dissolution. Anyone who is willing to commit perjury can spend months or even years planning to file a domestic violence complaint at an opportune moment to gain the upper hand in a divorce proceeding. So, a plaintiff willing to exaggerate past incidents or even commit perjury can have access to a responsive support group, a sympathetic court, and a litany of immediate relief.**
>
> **Moreover, these concerns are exacerbated by the fact that judges are too often ill-equipped to prevent abuse. Family court judges may face enormous pressure to grant civil protective orders – and no incentive to deny them. For example, family court judges may receive mandatory training in which they're warned about the unfavorable publicity that could result if they deny requests for civil protective orders. As one judge has noted, a newspaper headline can be death to a municipal court judge's career. So, the prospect of an unfavorable newspaper headline is a frightening one. To quote another judge: "Your job is not to become concerned about all the constitutional rights of the defendant you're violating as you grant a restraining order. Throw him out on the street, give him the clothes on his back and tell him, See ya around." Yet**

> **another judge said, "If there is any doubt in your mind about what to do, you should issue the restraining order."**
>
> **As a result, restraining orders are granted to virtually all who apply. So there's a tremendous risk that courts will enter protective orders automatically – despite the absence of any real threat of danger. In one case, for example, a family court judge granted a restraining order on the ground that the husband told his wife that he did not love her and was no longer attracted to her. There was no prior history of domestic violence, yet the judge issued the order anyway. Another judge issued a restraining order against celebrity David Letterman on the grounds that his presence on television harassed the plaintiff.**

6. Moreover, Plaintiff wishes this court to be aware that *United States v. Rahimi*, 61 F. 4th 443 (5th Cir. 2023) is presently pending appeal in Supreme Court of the United States, No. 22-915.

7. However, on appeal, the sole question before the Supreme Court of the United States is "whether 18 U.S.C. 922(g)(8), which prohibits the possession of firearms by persons subject to domestic-violence restraining orders, violates the Second Amendment on its face?"

8. Oral Arguments in the Supreme Court of the United States were held on Tuesday, November 7, 2023, and a decision is still pending.

9. However, *Rahimi* at 465-66, quoted above, and most relevant to Plaintiff's related state court proceedings, raises separate issues that are distinct from the sole issue on appeal before the United States Supreme Court.

10. Whether or not the Supreme Court of the United States ultimately affirms or rejects the Fifth Circuit's opinion that 18 U.S.C. 922(g)(8) violates the Second Amendment on its face will, of course, substantially affect whether, or to what degree, various portions of *United States v. Rahimi*, 61 F. 4th 443 (5th Cir. 2023) will ultimately be viewed as either binding or persuasive authority on the lower federal courts.

11. Notably, however, Plaintiff opines it is unlikely that the United States Supreme Court will utterly abrogate those portions of *Rahimi* at 465-66 that Plaintiff has cited in support of Plaintiff's position, and that do not directly address the Second Amendment in any way.

12. By way of specific example, Plaintiff opines that is highly unlikely the United States Supreme Court would *explicitly reject* the Fifth Circuit's opinion that a state trial court judge issuing a restraining order against celebrity David Letterman on the grounds that his presence on television harassed the plaintiff constituted an abuse of discretion by the state trial court, even if it decides to uphold the constitutionality of 18 U.S.C. 922(g)(8).

    *See, e.g. Colleen Nestler v. David Letterman*, No. D-0101-DV-200502772, 1st Jud. Dist. Ct., N.M. (December 15, 2005).

13. Relief requested is limited to a narrow request that this court may, at its sole discretion, refer to these materials to more easily construe any reference to *Rahimi* and related materials cited in other pleadings, and to make plain to this court what is the current status of this case.

WHEREFORE Plaintiff Dana Albrecht respectfully requests this Honorable Court:

A) To refer to these materials, as needed, to the degree they are cited in other pleadings, and are otherwise not "easily accessible to the judge" (*Getty* at 324, 329), and as set forth in ¶13, *supra*.

B) For all other such relief as is just and equitable.

Respectfully submitted,

_____
DANA ALBRECHT
*Plaintiff Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

January 23, 2024.

- 6 -

## CERTIFICATE OF SERVICE

I, Dana Albrecht, hereby certify that a copy of this *Motion* shall be served to all the parties and/or counsel of record through the ECF system.

_____
DANA ALBRECHT

January 23, 2024