```
                                                                         1

 1                         STATE OF NEW HAMPSHIRE

 2             9TH CIRCUIT COURT - FAMILY DIVISION - NASHUA

 3
     IN THE MATTER OF              )
 4                                 )
     THOMAS SOBELL,                ) Family Division Case No.
 5                                 ) 659-2013-DM-00348
              Petitioner,          )
 6                                 ) Nashua, New Hampshire
          and                      ) May 1, 2014
 7                                 ) 1:20 p.m.
     PATRICIA SOBELL,              )
 8                                 )
              Respondent.          )
 9   _____)

10              HEARING ON PRE-TRIAL CONFERENCE
            BEFORE THE HONORABLE JULIE INTROCASO
11         JUDGE OF THE CIRCUIT COURT - FAMILY DIVISION

12   APPEARANCES:

13   For the Petitioner:          Sandra F. Bloomenthal, Esq.
                                  BLOOMENTHAL LAW OFFICE
14                                P.O. Box 6761
                                  Laconia, NH 03247
15
     For the Respondent:          Allen Lucas, Esq.
16                                LUCAS LAW, PLLC
                                  PO Box 445
17                                Wolfeboro, NH 03894

     ALSO PRESENT:
18   Kathleen Sternenberg,
     Guardian ad Litem
19
     Audio Operator:              Electronically Recorded
20                                **Not Monitored**

21   TRANSCRIPTION COMPANY:       eScribers, LLC
                                  7227 N. 16th Street, Suite 207
22                                Phoenix, AZ 85020
                                  (800) 257-0885
23                                www.escribers.net

24   Proceedings recorded by electronic sound recording; transcript
     produced by court-approved transcription service.
25
```



1       (Proceedings commence at 1:20 p.m.)

2             THE COURT:  Okay.  We are here on 659-2013-DM-348,

3  the matter of Thomas Sobell and Patricia Sobell.

4             Both parties are here.  The Petitioner is

5  represented by Attorney Bloomenthal; Respondent's represented

6  by Attorney Lucas.  We are also joined by the guardian ad

7  litem, Kathleen Sternenberg.

8             Before we start the pre-trial conference, Attorney

9  Sternenberg gives reason for me to talk with counsel.  I heard

10 some preliminary motions in this case, I know, sometime ago.

11 And at that time, I recall that Mr. Sobell had asked for the

12 appointment of a guardian ad litem by the Court.  And I

13 indicated, I believe, at that time that there was no fund.

14 And the only way that we would have a guardian is if one of

15 the parties were to take financial responsibility for that.

16            And I invited the parties to seek out the assistance

17 of a guardian if Mr. Sobell felt the need for a guardian and

18 had the ability to pay.  Sometime thereafter, I received an

19 order on appointment of guardian ad litem form that was

20 prepared by someone, I assume Petitioner's counsel.  And I

21 approved that on January 30th.

22            And I recognize Attorney Sternenberg's writing, I

23 believe -- maybe, maybe not -- but her name.  ==Counsel should==

24 ==know that Attorney Sternenberg and I are very good friends.==

25 ==Very good friends.  I don't know if she shared that with you,==



1    or she did not.  And I'm going to look at K. -- who I refer to
2    as K.  I don't call her Kathleen or -- K., are we very good
3    friends?
4                MS. STERNENBERG:  Yeah, I think so.
5                THE COURT:  Yeah, we are very good friends.  Very
6    good friends like godparent of my child.  We are very close.
7                That being said, I have no problem at all in telling
8    Attorney Sternenberg she's completely wrong about something,
9    which is probably why she's one of my good friends.  We're
10   both pretty strong women and argue with one another about a
11   lot of things.  We met in the context of being marital
12   attorneys in a number of cases.  So we have a very healthy, I
13   think, professional respect for one another, but we also have
14   a pretty strong personal relationship.
15               She is on my conflict list.  I would never hear a
16   case of hers where she was acting as counsel for a party, but
17   I know she's a guardian ad litem.  I also think, by the way,
18   she's probably one of the best guardian ad litems out there.
19   I don't appoint her to cases because I don't want anyone to
20   think that I'm choosing a friend.
21               But you independently found her.  And under those
22   circumstances, I was certainly willing to accept what I
23   thought was a fine choice for a guardian.  So I have a lot of
24   respect for her, but I also would not necessarily and feel
25   absolutely feel no obligation -- sorry, K. -- to follow any