### THE STATE OF NEW HAMPSHIRE
### ADMINISTRATIVE OFFICE OF THE COURTS

DIANNE MARTIN  
DIRECTOR



ONE GRANITE PLACE, SUITE N400  
CONCORD, NH 03301  
(603) 415-0665  
dmartin@courts.state.nh.us

November 13, 2023

Mr. Dana Albrecht  
131 Daniel Webster Highway #235  
Nashua, NH 03060

  Re: **Response to request for records under Part I, Article 8 of the State Constitution.**

Dear Mr. Albrecht:

The purpose of this letter is to respond to your request for records, which you sent me by mail in a letter dated November 1, 2023.

Specifically, you requested the following:

- All materials used to train NHJB judicial officers on civil protective orders and/or RSA 173-B.

You have requested these materials under Part I, Article 8 of the New Hampshire Constitution, as well as pursuant to your federal due process rights under the United States Constitution. Records requests to the Judicial Branch are handled in accordance with Part I, Article 8. Under Part I, Article 8, the public has a right to access court records, absent some overriding consideration or special circumstance. See In re Union Leader Corp., 147 N.H. 603, 604 (2002). The New Hampshire Supreme Court has explained that public court records are those that have been "filed in court in connection with a pending case." Id. at 605. Conversely, documents that have not been filed in court in connection with a pending case, such as administrative records, are not court records for which the public has a right to access under Part I, Article 8. See id.

Your request is not seeking records that have been "filed in court in connection with a pending case." Therefore, records that might be responsive to your request above are not court records for which the public has a right to access under Part I, Article 8.

However, the Judicial Branch has determined that it will voluntarily as an exercise of discretion provide you the following information.

The Branch takes it obligation to provide adequate training for judges very seriously. Training on domestic violence is a high priority. For example, in June of 2023, domestic violence topics constituted the bulk of the training for Circuit Court judges, with three full days devoted to the topics for recently appointed judges, and a full day for all other judges.

This year's three-day training in New Hampshire was a tailored version of a training to which we sent new judges prior to the pandemic. The training, "Enhancing Judicial Skills in Domestic Violence Cases," is a program of the National Judicial Institute on Domestic Violence in partnership with the National Council of Juvenile and Family Court Judges. If you are interested to learn more about the protocols on which judges are trained, the protocols are available on the Branch's website: https://www.courts.nh.gov/our-courts/circuit-court/district-division/protocols/domestic-violence-protocols.

I understand that you are specifically seeking information as to how a judge in a particular pending case of yours may have been trained. Although the Branch does not have any further response to your request for public records pursuant to Part I, Article 8 of the New Hampshire Constitution, this letter is not intended to be a comment or adjudication on any motion you might file in your pending case.

Thank you for your interest in the Branch's mission to appropriately handle cases involving domestic violence and provide robust judicial training.

        Sincerely,

        *Erin Creegan*
        Erin Creegan
        General Counsel
        Administrative Office of the Courts