THE STATE OF NEW HAMPSHIRE
JUDICIAL BRANCH
http://www.courts.state.nh.us

9th Circuit – Family Division - Nashua

Katherine Albrecht v. Dana Albrecht
Docket Number: 659-2019-DV-00341

**PLAINTIFF'S VERIFIED OBJECTION TO DEFENDANT'S *EX PARTE* MOTION TO VACATE ORDER ON OBJECTION TO EXTENSION OF DV/STALKING FINAL ORDER (#260 & #261)**

NOW COMES the Plaintiff, Katherine Minges, formerly known as Katherine Albrecht, by and through her attorneys, Welts, White & Fontaine, P.C., and objects to the Defendant's *Ex Parte* Motion to Vacate Order on Objection to Extension of DV/Stalking Final Order (hereinafter *Ex Parte* Motion to Vacate) and, in support thereof, states as follows:

1. Mr. Albrecht's *Ex Parte* Motion to Vacate, once again, is frivolous and without merit.

2. First and foremost, Mr. Albrecht is abusing the *ex parte* process as he has provided no evidence that a circumstance exists which poses a risk that irreparable harm will result if this Court does not take immediate action. Further, Mr. Albrecht has failed to swear under oath that the facts alleged in his motion are true and accurate and that these facts justify the issuance of an emergency Order as required by relevant rule. See, Fam. Div. R. 2.9(B).

3. Also, this Court should be aware that counsel for Ms. Minges received Mr. Albrecht's *Ex Parte* Motion to Vacate, which is dated December 8, 2023, along with 4 other motions/pleadings he was//had filed with the NH Supreme Court, by e-mail at exactly 4:00 p.m. on December 8, 2023, which is when this Court closes. There was no advance phone call from Mr. Albrecht to advise Ms. Minges' counsel of Mr. Albrecht's intent to file an

ITMO: Albrecht and Albrecht
Docket No.: 659-2019-DV-00341

emergency motion and the time he intended to do so. It is Ms. Minges' counsel's understanding from the Court that he filed the 5 total pleadings with this Court and they were docketed between 4:00 p.m. and 4:06 p.m.

4. For the foregoing reasons, Mr. Albrecht's *Ex Parte* Motion to Vacate should be dismissed and/or denied.

5. Notwithstanding the foregoing, Ms. Minges objects to the *Ex Parte* Motion to Vacate. This Court's Order on Extension of Domestic Violence Protective Order dated November 28, 2023, set forth in great detail the procedural history of this DV matter, the legal standard to be applied per the Supreme Court's Order and relevant statute, and the facts supporting not only the extension of the protective order, but also the facts supporting the extension of the protective order for more than one year.

6. Furthermore, this Court's Order on Extension of Domestic Violence Protective Order fully addressed its prior restriction against Mr. Albrecht coming within 2,000 feet of the property line of the Collinsville Bible Church in Dracut, MA, and vacated said restriction from the protective order, noting that Ms. Minges now resides in Michigan and does not attend services at Collinsville Bible Church on a regular basis.

7. In light of this Court's lifting of the restriction against Mr. Albrecht coming within 2,000 feet of the property line of the Collinsville Bible Church, it is Ms. Minges' understanding that there is nothing that prevents Mr. Albrecht from handing out leaflets or parking in the "public parking lot on the corner of Lakeview Avenue and Mammoth Road, in Dracut, Massachusetts."

8. However, it is quite telling, not to mention extremely disturbing, that Mr. Albrecht clearly states in his *Ex Parte* Motion to Vacate that he believes that the Order on Objection to Extension of Domestic Violence Protective Order should be vacated as he

ITMO: Albrecht and Albrecht
Docket No.: 659-2019-DV-00341

clearly intends to distribute all or portions of the "112 page NH Supreme Court pleading," which pleading includes Ms. Minges' police reports (containing her personal information), including at or near the Collinsville Bible Church. By Mr. Albrecht doing so, it will cause Ms. Minges to be in fear for her safety and well-being, as she has already made explicitly clear in her testimony and which fear is acknowledged by Mr. Albrecht in his *Ex Parte* Motion to Vacate.

    9.    Mr. Albrecht's many pleadings filed in this Court, the NH Supreme, and the US Supreme Court, together with the statements made therein, including the statements made by Mr. Albrecht in the *Ex Parte* Motion to Vacate, provide ample evidence that this Court had "good cause" to issue its Order on Objection to Extension of Domestic Violence Protective Order. RSA 173-B:5, VI.

WHEREFORE, the Plaintiff, Katherine Minges respectfully requests that this Court:

    A.    Deny the Defendant's *Ex Parte* Motion to Vacate Order on Objection to Extension of DV/Stalking Final Order;

    B.    Award Plaintiff her reasonable attorney's fees for having to respond to this frivolous *Ex Parte* Motion; and

    C.    Grant such other and further relief as is just and equitable.

ITMO: Albrecht and Albrecht
Docket No.: 659-2019-DV-00341

                        Respectfully submitted,

                        Katherine Albrecht
                        By Her Attorneys,

                        WELTS, WHITE & FONTAINE, P.C.

Date: December 11, 2023        By: _____
                                    Michael J. Fontaine, Esquire
                                    29 Factory Street; P.O. Box 507
                                    Nashua, NH 03061
                                    (603) 883-0797
                                    NH BAR ID #832

## CERTIFICATE OF SERVICE

     I certify that I have this day furnished the within pleading, by delivering a copy of same by email and first-class mail, postage prepaid, to Dana Albrecht, pro se Defendant.

Date: December 11, 2023        _____
                                        Michael J. Fontaine, Esquire

**I hereby certify that I have reviewed this pleading over the telephone with Katherine Minges, who resides in East China, Michigan and has no ability to execute the same before a Notary Public due to the time sensitive nature of this pleading. Ms. Minges has certified to me that the facts contained herein are true and accurate to the best of her knowledge and belief.**

Date: December 11, 2023        By: _____
                                          Wendy J. Borrun, Paralegal