UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
*************************************
Dana Albrecht,                       *
                                     *
          Plaintiff,                 *
     v.                              *     Civil No. 1:23-CV-00381-JL-TSM
                                     *
Kathleen Sternenberg, et al.         *
                                     *
                                     *
          Defendants.                *
                                     *
*************************************
```

**STATE DEFENDANTS' JOINT OBJECTION TO PLAINTIFF'S MOTION TO PARTIALLY VACATE AND FOR CLARIFICATION OF NOVEMBER 4, 2025 ORDER (ECF NO. 49)**

Defendants Mark S. Derby, David D. King, and the New Hampshire Judicial Branch ("NHJB"), by and through counsel, Christopher Bond, Esq. of the New Hampshire Office of the Attorney General, and Bruce Dalpra and Julie Introcaso, by and through counsel, Catherine Denny, Esq. of the New Hampshire Office of the Attorney General, submit this Joint Objection to Plaintiff's Motion to Partially Vacate and for Clarification of November 4, 2025 Order (ECF No. 49), stating as follows:

1.  Plaintiff filed this complaint on August 4, 2023, alleging violations of his procedural and substantive due process rights under the United States Constitution against six defendants, including current and former judges, David King, Mark Derby, and Julie Introcaso; a former Marital Master, Bruce Dalpra; and a former guardian ad litem, Kathleen Sternenberg; in forty counts. All Defendants filed motions to dismiss. See ECF 18 (Introcaso Motion to Dismiss); ECF 19 (Dalpra Motion to Dismiss); ECF 20 (Derby, King, NHJB Motion to Dismiss); ECF 5 (Sternenberg Motion to Dismiss). Of the defendants, all are current or former

state employees except for Ms. Sternenberg. The dispositive motions of the current and former state employees (collectively, the "State Defendants") were fully briefed by the parties as of February 8, 2024.

2.     On February 1, 2024, the Court approved the Report and Recommendation of the Magistrate Judge recommending dismissal of all claims against Ms. Sternenberg. Plaintiff filed an interlocutory appeal of the order in the First Circuit. *See* ECF 41.

3.     On August 12, 2024, the Court dismissed the State Defendants' motions to dismiss on procedural grounds and stayed the case pending the resolution of Plaintiff's appeal. The First Circuit dismissed the appeal, finding no appellate jurisdiction, on August 11, 2025. *See* ECF 44.

4.     Plaintiff now seeks "clarification" that he can amend his complaint as of right nearly two years after the motions to dismiss were fully briefed. Plaintiff's request should be denied.

5.     Rule 15(a)(1)(B) allows amendment to a pleading "<u>once</u> as a matter of course <u>no later than</u>…21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(1)(B) (emphasis added). The State Defendants filed their motions to dismiss on November 6, 2023. Plaintiff timely filed objections. Plaintiff had the opportunity within 21 days of the State Defendants' filing of their motions to dismiss to amend his complaint but did not do so. Nothing has changed in the State Defendants' briefing to justify re-starting the clock. The briefing is the same. Plaintiff points to no cases that support his interpretation of Rule 15(a)(1)(B) that would allow him to amend his complaint as a matter of course under similar circumstances, and the plain language of the statute makes clear that Plaintiff has missed the 21-day window to amend.

6.        To amend his pleadings, Plaintiff would have to move to amend pursuant to Rule 15(a)(2). For plaintiffs seeking to amend their complaint more than twenty-one days after a motion to dismiss or answer has been served, plaintiffs can only amend "with the opposing party's written consent or the court's leave." Rule 15(a)(2). Leave to amend "shall be freely given when justice so requires." *Id.* A court may deny a motion for leave to amend for "myriad reasons" including "undue delay, repeated failure to cure deficiencies, or futility." *United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 195 (1st Cir. 2015). The Court may also consider "undue prejudice to the opposing party by virtue of allowance of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). While the State Defendants understand that motions to amend should be freely given, Plaintiff has not moved to amend his pleadings "for good cause" or otherwise. As Plaintiff's motion merely seeks to "clarify" that he may file an amended complaint under Rule 15(a)(1)(B) and Plaintiff is not entitled to amend his complaint as of right, Plaintiff's request for relief should be denied.

7.        The State Defendants respectfully request that this Court deny Plaintiff's motion, specifically relief "B" through "D." The State Defendants take not position as to relief "A."

Respectfully submitted,

**DEFENDANTS MARK S. DERBY, DAVID D. KING, AND THE NH JUDICIAL BRANCH**

By their attorney,

JOHN FORMELLA
ATTORNEY GENERAL

| | |
|---|---|
| Dated: November 25, 2025 | /s/ Christopher Bond<br>Christopher G. Bond, Bar #20161<br>Associate Attorney General<br>NH Department of Justice<br>1 Granite Place South<br>Concord, NH 03301<br>christopher.g.bond@doj.nh.gov |

**DEFENDANTS BRUCE DALPRA AND JULIE INTROCASO**

By their attorney,

JOHN FORMELLA
ATTORNEY GENERAL

| | |
|---|---|
| Dated: November 25, 2025 | /s/ Catherine A. Denny<br>Catherine A. Denny, Bar #275344<br>Assistant Attorney General<br>Civil Bureau<br>NH Department of Justice<br>1 Granite Place South<br>Concord, NH 03301<br>catherine.a.denny@doj.nh.gov<br>(603) 271-1354 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ECF on November 25, 2025 to the parties and/or counsel of record.


/s/ Catherine Denny
Catherine Denny