UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

DANA ALBRECHT

    v.                                                    Civil No. 23-cv-00381-JL-TSM

KATHLEEN STERNENBERG, *et al*

## ORDER

Self-represented Plaintiff, Dana Albrecht, filed suit against six Defendants, including current and former judges, David King, Mark Derby, and Julie Introcaso; a former Marital Master, Bruce Dalpra; a former guardian ad litem, Kathleen Sternenberg; and the New Hampshire Judicial Branch ("NHJB"). All Defendants filed motions to dismiss Plaintiff's case. See Doc. No. 5, 18-20. On December 11, 2023, the magistrate judge issued a Report and Recommendation ("R&R") recommending that the district judge dismiss all claims against Defendant Sternenberg. Doc. No. 23. The district judge approved the R&R, Doc. No. 37, and on March 3, 2024, Plaintiff filed an interlocutory appeal of that order to the First Circuit Court of Appeals, Doc. No. 41.

When Plaintiff filed his interlocutory appeal, the remaining motions to dismiss (Doc. Nos. 18-20) were fully briefed, but were not decided given the pending appeal. On August 12, 2024, the court "[stayed] the case pending resolution of the pending interlocutory appeal," and denied the remaining motions to dismiss "for docket management purposes only without prejudice to . . . [D]efendants' ability to reinstate those motions by notifying the court of their reinstatement . . . after the stay is lifted upon the Court of Appeals' ruling on the interlocutory appeal." Endor. Ord., Aug. 12, 2024 (Laplante, J.) (parenthesis omitted).

On August 11, 2025, the First Circuit dismissed the appeal for lack of appellate jurisdiction, Doc. No. 44, and on September 3, 2025, the First Circuit issued a formal mandate, Doc. No. 45.

Shortly thereafter, this court lifted the stay. Endor. Ord., Oct. 14, 2025 (Saint-Marc, J.). On October 22, 2025, Defendants Derby, King, Dalpra, Introcaso, and the NHJB filed notices reinstating their motions to dismiss. Doc. Nos. 46-48 (reinstating Doc. Nos. 18-20). The court reinstated the motions to dismiss (Doc. Nos. 18-20) and the objections thereto (Doc. Nos. 25-27) in an Endorsed Order on November 4, 2025. Endor. Ord., Nov. 4, 2025 (Saint-Marc, J.).

Plaintiff now moves for partial vacatur and clarification of the court's November 4, 2025 Endorsed Order. Doc. No. 49. In his prayer for relief, Plaintiff requests that the court:

A. Clarify that Defendant Sternenberg's prior dismissal remains in effect;

B. Partially vacate the November 4, 2025 Endorsed Order to the extent that it *sua sponte* reinstated Plaintiff's previously filed objections;

C. Confirm that Plaintiff can amend his complaint as of right pursuant to Federal Rule of Civil Procedure 12(a)(1)(B); and

D. Stay or vacate the reply and surreply briefing deadlines, pending Plaintiff filing an amendment as of right.

Doc. No. 49 at pg. 3.

Defendants object to the motion to the extent it pertains to Plaintiff's requests for relief "B" through "D," but they take no position with respect to Plaintiff's request to clarify the dismissal of all claims against Defendant Sternenberg. Doc. No. 51 at pg. 3. For the reasons that follow, Plaintiff's motion is granted to the extent Plaintiff requests clarification regarding Defendant Sternenberg's dismissal but is otherwise denied.

Plaintiff also filed a motion for extension of time (Doc. No. 50), wherein he requests that the court extend his deadline to file an amended complaint or otherwise respond to the reinstated motions to dismiss. For the reasons that follow, Plaintiff's motion is granted.

## DISCUSSION

I. **Motion to Partially Vacate and Clarify (Doc. No. 49)**

    a. Request to Clarify Dismissal of Defendant Sternenberg

Plaintiff requests clarification that Defendant Sternenberg's prior dismissal remains in effect. Doc. No. 49 at pg. 2; Id. at pg. 3 (requests for relief). His motion is granted with respect to this request. The court previously dismissed the claims against Defendant Sternenberg, and the November 4, 2025 Endorsed Order did not alter that decision. Accordingly, the dismissal remains in effect.

    b. Reinstatement of Motions to Dismiss

Plaintiff contends that when the court reinstated Defendants' motions to dismiss, it improperly reinstated his objections to the motions. Doc. No. 49 at pg. 1; see Endor. Ord., Nov. 4, 2025; Doc. Nos. 25-27. Plaintiff requests that the court vacate that portion of its November 4, 2025 Endorsed Order. Defendants object to this request. See Doc. No. 51 at pg. 3.

The court is not persuaded by Plaintiff's argument that reinstating his objections was procedurally improper or that Plaintiff was unfairly prejudiced by the reinstatement of his objections. However, given Plaintiff's pro se status, the court grants Plaintiff until December 31, 2025 to supplement his objections, should he wish.

    c. Amendment of Complaint

Plaintiff asserts that his "right to amend the complaint as of right under Fed. R. Civ. P. 15(a)(1)(B) has not yet been exercised or waived." Doc. No. 49 at pg. 2. He seeks confirmation that he may file an amended complaint as a matter of course. Id. Defendants argue that Plaintiff missed his window to amend as a matter of course pursuant to Rule 15(a)(1).

3

Rule 15(a)(1) provides:

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:
 (A) 21 days after serving it, or
 (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Defendants filed their motions to dismiss on November 6, 2023. See Doc. Nos. 18-20. Therefore, Plaintiff had until November 27, 2023, to file an amended complaint as a matter of course. He did not do so, and the court is not persuaded by his unsupported argument that the 21-day period restarts now that the motions to dismiss are reinstated. Accordingly, to the extent that Plaintiff requests confirmation that he may file an amended complaint as a matter of course pursuant to Rule 15(a)(1)(B), the motion is denied.

## II.     Motion to Extend (Doc. No. 50)

Plaintiff filed a motion for extension of time (Doc. No. 50), wherein he requests that the court extend his deadline to file an amended complaint or otherwise respond to the reinstated motions to dismiss. As explained above, Plaintiff may not file an amended complaint as of right. See Fed. R. Civ. P. 15(a)(1)(B). However, pursuant to Rule 15(a)(2), Plaintiff may amend his complaint with the written consent of the remaining Defendants or by leave of the court. Accordingly, the court grants Plaintiff until December 31, 2025 to file a motion for leave to amend his complaint and/or supplement his objections to the motions to dismiss.

## CONCLUSION

For the reasons detailed herein, Plaintiff's motion to vacate and clarify is granted to the extent Plaintiff requests clarification regarding Defendant Sternenberg's dismissal, but is otherwise

4

5

denied, and Plaintiff's motion to extend is granted. Plaintiff may supplement his objections to the motions to dismiss and/or seek leave to amend on or before December 31, 2025.

    SO ORDERED.

_____
Talesha L. Saint-Marc
United States Magistrate Judge

December 10, 2025

cc:    Dana Albrecht, pro se
       Counsel of Record