STATE OF NEW HAMPSHIRE

9TH CIRCUIT COURT - FAMILY DIVISION - NASHUA

IN THE MATTER OF                    )
                                    )
THOMAS SOBELL,                      ) Family Division Case No.
                                    ) 659-2013-DM-00348
            Petitioner,             )
                                    ) Nashua, New Hampshire
        and                         ) May 1, 2014
                                    ) 1:20 p.m.
PATRICIA SOBELL,                    )
                                    )
            Respondent.             )
_____       )

HEARING ON PRE-TRIAL CONFERENCE
BEFORE THE HONORABLE JULIE INTROCASO
JUDGE OF THE CIRCUIT COURT - FAMILY DIVISION

APPEARANCES:

For the Petitioner:            Sandra F. Bloomenthal, Esq.
                               BLOOMENTHAL LAW OFFICE
                               P.O. Box 6761
                               Laconia, NH 03247

For the Respondent:            Allen Lucas, Esq.
                               LUCAS LAW, PLLC
                               PO Box 445
                               Wolfeboro, NH 03894

ALSO PRESENT:
Kathleen Sternenberg,
Guardian ad Litem

Audio Operator:                Electronically Recorded
                               **Not Monitored**

TRANSCRIPTION COMPANY:         eScribers, LLC
                               7227 N. 16th Street, Suite 207
                               Phoenix, AZ 85020
                               (800) 257-0885
                               www.escribers.net

Proceedings recorded by electronic sound recording; transcript produced by court-approved transcription service.



2

(Proceedings commence at 1:20 p.m.)

THE COURT:  Okay.  We are here on 659-2013-DM-348, the matter of Thomas Sobell and Patricia Sobell.

Both parties are here.  The Petitioner is represented by Attorney Bloomenthal; Respondent's represented by Attorney Lucas.  We are also joined by the guardian ad litem, Kathleen Sternenberg.

Before we start the pre-trial conference, Attorney Sternenberg gives reason for me to talk with counsel.  I heard some preliminary motions in this case, I know, sometime ago.  And at that time, I recall that Mr. Sobell had asked for the appointment of a guardian ad litem by the Court.  And I indicated, I believe, at that time that there was no fund.  And the only way that we would have a guardian is if one of the parties were to take financial responsibility for that.

And I invited the parties to seek out the assistance of a guardian if Mr. Sobell felt the need for a guardian and had the ability to pay.  Sometime thereafter, I received an order on appointment of guardian ad litem form that was prepared by someone, I assume Petitioner's counsel.  And I approved that on January 30th.

And I recognize Attorney Sternenberg's writing, I believe -- maybe, maybe not -- but her name.  Counsel should know that Attorney Sternenberg and I are very good friends.  Very good friends.  I don't know if she shared that with you,

or she did not.  And I'm going to look at K. -- who I refer to as K.  I don't call her Kathleen or -- K., are we very good friends?

MS. STERNENBERG:  Yeah, I think so.

THE COURT:  Yeah, we are very good friends.  Very good friends like godparent of my child.  We are very close.

That being said, I have no problem at all in telling Attorney Sternenberg she's completely wrong about something, which is probably why she's one of my good friends.  We're both pretty strong women and argue with one another about a lot of things.  We met in the context of being marital attorneys in a number of cases.  So we have a very healthy, I think, professional respect for one another, but we also have a pretty strong personal relationship.

She is on my conflict list.  I would never hear a case of hers where she was acting as counsel for a party, but I know she's a guardian ad litem.  I also think, by the way, she's probably one of the best guardian ad litems out there. I don't appoint her to cases because I don't want anyone to think that I'm choosing a friend.

But you independently found her.  And under those circumstances, I was certainly willing to accept what I thought was a fine choice for a guardian.  So I have a lot of respect for her, but I also would not necessarily and feel absolutely feel no obligation -- sorry, K. -- to follow any

