# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

9th Circuit - Family Division - Nashua
30 Spring Street, Suite 102
Nashua NH 03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

**FILE COPY**

Case Name:    **In the Matter of Dana Albrecht and Katherine Albrecht**
Case Number:    **659-2016-DM-00288**

Enclosed please find a copy of the Court's Order dated September 01, 2017 relative to:

**Final Parenting Plan**

September 01, 2017

Sherry L. Bisson
Clerk of Court

(567)

C: Michael J. Fontaine, ESQ; Joseph Caulfield, ESQ; Kathleen A. Sternenberg

NHJB-2207-DF (07/01/2011)

# THE STATE OF NEW HAMPSHIRE

Ninth Circuit-Family Division-Nashua

No. 659-2016-DM-00288

In the Matter of: Dana Albrecht and Katherine Albrecht

## PARENTING PLAN

The parties are parents of four children: ▮▮ (an adult); C▮▮ (age 16); S▮▮ (age 13) and G▮▮ (age 10). They were married in 1996.







The court has considered the testimonial and documentary evidence and finds that it is in the best interests of the children to live primarily with the Respondent. The court finds that Respondent's desire to relocate with the children to CA is for a legitimate purpose and the relocation is reasonable under the circumstances.

RECOMMENDED:

This Parenting Plan is ordered by the court. This Plan is: **FINAL.**

**Because the children do best when both parents have a stable and meaningful involvement in their lives, it is the policy of this State, unless it is clearly shown that in a particular case it is detrimental to a child, to:**

   a. **Support frequent and continuing contact between each child and both parents;**

   b. **Encourage parents to share in the rights and responsibilities of raising their children after parents have separated or divorced;**

   c. **Encourage parents to develop their own parenting plan with the assistance of legal and mediation professionals, unless there is evidence of domestic violence or child abuse or neglect;**

   d. **Grant parents and courts the widest discretion in developing a plan;**

   e. **Consider the best interests of the child in light of the factors described in RSA 461-A: 6 and the safety of the parties in developing a parenting plan.**

Children:

   1. C███ Albrecht          DOB: ███/2000
   2. S███ Albrecht          DOB: ███/2004
   3. G███ Albrecht          DOB: ███/2006

**A. Decision-making Responsibility:**

   1. <u>Joint Decision-Making Responsibility</u>: Parties shall share responsibility for making major decisions regarding the children. These include, but are not limited to education, non-emergency health and dental care and religious training.

      **The parties are awarded joint decision-making responsibility.**
      The court is reluctant to empower one party to have final decision-making authority in case of dispute. However, in the case of dispute regarding

education choice, Respondent shall have final decision-making authority in the event of a dispute.

Petitioner's current residence: ██████████ ████, Nashua, NH

Respondent's current residence: ██ ████████ ████, Hollis, NH

2. Day-to-day decisions: each parent shall make such decisions during the time he/she is caring for the children.

## B. Residential Responsibility:

**Respondent** is awarded primary residential responsibility for the minor children. She shall be entitled to relocate with the children to CA as soon as she is able to arrange for same.

1. Routine Schedule:

   Petitioner shall have parenting time for the children's spring and winter school vacation periods (if any) from Saturday to Saturday; a minimum of two non-consecutive two week periods each summer; any reasonable period of time he may travel to CA upon 10 days' written notice; other times the parties may agree.

2. Holiday and Birthday Schedule:

   Petitioner shall have parenting time during the Thanksgiving holiday period from Wednesday to Sunday in even numbered years. He shall have parenting time during the Christmas holiday period each year from December 27 to December 31. The parties are free to amend this provision by agreement in writing.

3. Three-Day Weekends:

   Routine schedule shall govern.

4. Vacation Schedule:

   See Paragraph B2.

5. Supervised Parenting Time:

   NA.

6. Other Parental Responsibilities:

Each parent shall promote a healthy and beneficial relationship between the children and the other parent. Neither parent shall demean or speak negatively in any manner that would damage the relationship between the other parent and children.

Neither parent shall permit the children to be subjected to persons abusing alcohol or using illegal drugs. This provision includes the parents.

a. A parent requesting a temporary change in the parenting schedule shall act in good faith and request from the other parent the change as soon as possible. The parents are expected to fairly adjust parenting schedules when family circumstances, illness or other commitments make modification reasonable;

b. Each parent shall supply appropriate clothing for the children during their scheduled parenting time. The clothing is to be considered the property of the children and shall be returned with the children;

c. As the children get older, their individual interests may impact the parenting schedule. Each parent shall be flexible in making reasonable adjustments to the schedule as the needs and interests of the children require.

**C. Legal Residence for School Attendance:**

Respondents' residence shall be designated as the children's residence for school attendance.

**D. Transportation and Exchange of Children:**

Petitioner shall be solely responsible for transportation costs for the children.

**E. Information Sharing and Access, Including Telephone and Electronic Access:**

**Unless there is an outstanding court order to the contrary:**

Each parent shall have the right to inspect and receive the children's school; records and are authorized to consult with school staff concerning the children's welfare and academic progress. Each parent shall be entitled to participate in school events.

Each parent shall have the right to inspect and receive government and law enforcement agencies' records concerning the children;

Each parent shall have the right to inspect and receive medical, counseling, psychological, dental and other health care providers' records concerning the children. Each parent has the right to consult with any such person regarding the children's health and welfare.

**Each parent has the continuing responsibility to provide a residential, mailing or other contact address and telephone number to the other parent.**

Each party has a continuing responsibility to notify the other parent of any emergency circumstances, substantial changes or decisions affecting the children as close in time as the occurrence of the emergency.

1. Telephone Contact:

   While the children are with one parent, the other shall be permitted to telephone the children at reasonable times in consideration of the time difference between NH and CA. The children shall be given privacy during the conversation, unless there is a court order to the contrary.

2. Written/Electronic Communication:

   Each parent shall have the right to communicate with the children in writing; or by email or text during reasonable hours without interference of monitoring by the other parent, unless there is a court order to the contrary.

**F. Relocation of Children:**

1. The relocation of a child's residence in which he/she lives at least 150 days per year is governed by RSA 461-A: 12. Either parent may relocate the child's residence if it results in the parents living closer to one another and does not affect the child's school enrollment. Prior to relocating the child's residence farther from the other parent or in such a way that school enrollment will be impacted, the parent shall provide reasonable notice to the other parent. For purposes of this provision, 60 days' notice is presumed to be reasonable unless other factors are found to be present. At the request of either parent, the court shall conduct a hearing on the issue of relocation.

**G. Review and adjustment of the Parenting Plan:**

The parents shall meet periodically only as necessary to discuss the children's welfare. Meetings shall not be required to occur more than once annually.

## H. Method for Resolving Disputes:

1. In the future, if the parents have a disagreement about parenting issues, they shall try to resolve the dispute in the best interests of the children. If they are unable to do so, they shall attend mediation. Only after such efforts may either seek court assistance for resolution.

## I. Other Orders:

There shall **no stay** of any provision herein should either party file any post-hearing motions for reconsideration or clarification or take an appeal to the NH Supreme Court.

Respondent shall be allowed to relocate at any reasonable time of her choosing.

_9/1/8017_
Date

_Bruce F. DalPra, Master_

I hereby certify that I have read the recommendation and agree that, to the extent the marital master has made factual findings, he has applied the correct legal standard to the facts determined by the marital master. So ordered.

_9/1/2017_
Date

_Presiding Justice_