**EXHIBIT** 1
Judge I.
2/8/2021

**From:**          Hon. David D. King
**Sent:**          Friday, April 27, 2018 12:47 PM
**To:**            Hon. Julie Introcaso
**Subject:**       RE: 2018 Evaluation

Hi Julie: I apologize for somehow missing this the first time around. Yes, we are all a little sensitive about judicial evaluations these days.   The names that were sent to you by Kathy Yee are all pulled randomly from parties/counsel who have actually appeared in front of you at least twice in the last two years.   That must mean, for example, that Attorney Sternenberg had an  appearance in at least 2 of your cases to make the list.    We also send the letter to the prosecutors and public defender offices, DCYF local offices, probation etc. for every court. I assume you also understand that anyone can go online and complete a survey, whether they receive a letter from us or not—put another way, even if we were to not send the evaluation letter to someone you have concerns about, they may well complete an evaluation anyway.  For reasons that have recently come to light, we are looking closely at our procedures and will likely not allow/request judges to suggest additions/deletions from the list.  As you know, one of the things that Paul Moore attempted to do was "stuff the ballot box" with people he knew would submit favorable responses.  We have been criticized for even offering that opportunity.

Every judge, probably more in the family division, is apt to have one or more persons who will try and railroad the judge through the evaluation process. We can generally spot those evaluations easily through the comments and discount those responses.   While I appreciate you raising these issues, I don't see anything out of the ordinary.   Finally, I will say what I have said publically a few times lately,  that NH is a very small state, Ed and I are pretty visible and accessible, and it is rare that we are surprised when we see the results of a judges' evaluation. If there is a problem with a judge, we generally don't have to wait the 3 years to read about it. We have not had negative feedback about you and don't have a concern that you will have an unfavorable evaluation.

Call me if you have further questions or issues.  Have a great weekend.

David

**From:** Hon. Julie Introcaso
**Sent:** Friday, April 27, 2018 11:52 AM
**To:** Hon. David D. King
**Subject:** FW: 2018 Evaluation

Good Morning Judge King,

        I apologize for taking your time up over this matter, but I hope you can understand my sensitivity around this topic given recent events and announcements regarding the evaluation process. The first time through, I didn't say or do much, but I suppose it was something of a mystery at the time.
        As you can see in my earlier email below, I felt compelled to tell you that "a friend" of mine appear on the list of attorneys.  A friend  who, I have no doubt, would be honest in her evaluation - - nonetheless, I did what I believed I should and pointed that fact out.

        Assuming an illegitimate evaluation, either positive or negative, would likely be minimized in the process of averaging, I recognized I was being unfair to myself for only reporting those names who I had reason to believe

1

might be seen as unfairly skewing their opinion on the positive side. I also think I should note the three names who appear on the list who may well pose a problem on the negative side, due to a current conflict of interest. I know you will do whatever, if anything, is necessary or appropriate.

Kalie Lydon, Esq. and Ed Richards, Esq. — law partners in Nashua who currently have filed a Judicial Conduct Complaint against me (on behalf of a client they represented in the underlying litigation) as well as a Supreme Court appeal based on my "unfair and biased treatment" of their client. I understand that a judge's ethical issues is a most valuable subject for review, but at this time they appear to have a vested interest in promoting a narrative that suggests I'm unethical and unfair in a case that remains pending.

Attorney Meredith Gregory-Gallant — I recently referred a case involving Attorney Gallant to the Hillsborough County attorney's office as I believe she may have knowingly committed or allowed her staff member to commit a crime on her behalf. Needless to say, I suggest she may not be capable of assessing my actions fairly under her current circumstances.


Again, I appreciate your time, particularly allowing me the opportunity to be heard on this issue. I truly value this process, and hope I'm not making it more difficult than it need be.

All the best,
Julie Introcaso


---

**From:** Hon. Julie Introcaso
**Sent:** Friday, March 30, 2018 1:55 PM
**To:** Hon. David D. King
**Cc:** LCammett@courts.state.nh.us
**Subject:** 2018 Evaluation

Good afternoon,

Thanks for sending along the materials related to my judicial review. I did look at the sample survey last evening. I will complete the self-evaluation as quickly as possible; I'm in a more severe time crunch than usual right now. However, so as not to hold up your end of this effort, I want to make two comments:

1. I would appreciate feedback from Interpreters, Court Security Officers, Victim Advocates and the local prosecutors. Recently, I have been doing some limited work in the District Division (with the kind support of my colleagues who have allowed me to branch out beyond the marital docket at times). I'm reluctant to suggest names, you could always as a clerk; but Alexandra Baer is our lead interpreter from the Language Bank. John Dube, is our OIC for the CSOs, and he could surely tell you who might be able to give you the most meaningful review of my work from the CSO perspective, and our local DV advocates are at Bridges, 33 E. Pearl Street, Nashua. (I don't know their names and it's my policy to simply acknowledge them as "an advocate".) The Nashua prosecutor is Attorney Don Topham, for Hudson it would be Attorney Tessier, both of whom should be in our system or in the Bar Directory.

   I understand "Court Staff" is a category listed on the survey, but most of these folks don't easily fit into those areas, but they are really critical to how smoothly this rather busy operation runs.

2. I need to mention that one of the lawyers on the list you prepared, Kathleen Sternenberg, is one of four people on my "conflicts" list. That is, we have been friends and colleagues for many years. I have not heard any cases where she is counsel for a litigant. I have, however, after disclosures, appointed her as a GAL, only when the parties have specifically requested her services. On one occasion, I believe, I suggested her as a

2

possible GAL to counsel, recognizing her particular strengths and experience in dealing with children with disabilities - again with appropriate disclosures.  I do not appoint her otherwise because of the financial complications. I suspect she is on your list because she has handled a number of cases before me as GAL only.

Obviously, I don't know if she will choose to fill out a survey or not.  (Honestly, Kay is the epitome of the old adage "Sometimes our closest friends can be our harshest critics" – God bless, her.  She's a tough nut.) I just thought I should give you my input on that point and inform you of the limited nature in which she appears in my cases.  Do with it what you will.

I hope this email addresses your correspondence. Should you require a more formal response, just let me know.

Have a lovely Easter weekend.

JL

3