**THE STATE OF NEW HAMPSHIRE**
**JUDICIAL BRANCH**
**CIRCUIT COURT**



RECEIVED
NH CIRCUIT COURT
9TH CIRCUIT NASHUA

2019 FEB -5 P 1:06

**9th CIRCUIT-FAMILY DIVISION-NASHUA**

**CASE NUMBER: 659-2018-DM-00414**

**IN THE MATTER OF KSENIYA AUSIAIKOVA AND BRIAN MECKEL**

**MOTION FOR INSTRUCTION**

**NOW COMES** the court-appointed Guardian ad Litem, Kathleen A. Sternenberg, Esq., of the Law Office of Kathleen A. Sternenberg, P.O. Box 2288, Concord, NH 03302-2288, and she respectfully seeks instruction regarding her appointment and in support thereof states as follows:

1.    The court appointed the Guardian ad Litem on 12/13/2018.

2.    The Guardian ad Litem sent a letter, stipulation and questionnaires and release forms to counsel with copies to the parties on 12/27/2018.

3.    On 1/2/2019, the Guardian ad Litem received various pleadings and documentation form Attorney Robinson, along with a signed Stipulation, signed releases, and a retainer check.

4.    On 1/10/2019, the Guardian ad Litem received Kseniya Ausiaikova's completed Guardian ad Litem Questionnaire.

5.    On 1/4/2019, Attorney Rauseo sent correspondence asking to change the Guardian ad Litem's Stipulation.  Attorney Rauseo stated that Mr. Meckel would not agree to support a reasonable request to exceed the fee cap in this matter and he would not agree to counseling for the children and/or family counseling.  Attorney Rauseo asked the Guardian ad Litem to strike these provisions from her Stipulation.

6.    The GAL wrote to Attorney Rauseo on 1/4/2019 to inform him that she anticipated, given the subjects for investigation (11 issues including relocation), that if a report is written and if she had to testify, she may exceed the fee cap.

7.    The GAL further explained that she was asked by the court to make recommendations about counseling for the child(ren).  She agreed to strike family counseling from the stipulation, although she believed that it was covered by the court asking her to investigate other issues which the GAL deems relevant based on the investigation.  Often, parents need to address their inability to communicate or co-parent.  The GAL sent an

-1-

36

amended stipulation striking the language about family counseling or mediation.

8. Attorney Rauseo wrote on 1/15/2019 that he and his client will not agree to the language of the GAL's stipulation, "If it is reasonably required to complete her investigation, report and appearance at a hearing thereon, the parties will not oppose a motion filed by the GAL to exceed the fee cap."

9. On the same date, Attorney Robinson informed the GAL and Attorney Rauseo that her client was willing to bear the cost of any monies which would exceed the cap of $3,000 if the parties were equally responsible for the initial retainer of $3,000.

10. Attorney Rauseo replied, on 1/28/2019 that his client will not agree to this provision and stated that the Guardian ad Litem is "no longer impartial" because of her requested language and suggested that the GAL decline the appointment.

11. The matter is scheduled for a three hour hearing on March 7, 2019.

12. The Guardian ad Litem has been unable to proceed with her investigation because Brian Meckel has not returned the necessary paperwork or retainer and now refuses to sign the Guardian ad Litem's usual and customary stipulation.

**WHEREFORE,** the Guardian ad Litem requests that this Court:

A. Instruct the parties as to cooperate fully with the Guardian ad Litem and to provide necessary information and retainers within a time specified; and

B. Continue the final hearing for at least 60 days to allow the GAL to complete her investigation; or

C. Dismiss the Guardian ad Litem and order that her fees to date be paid by the parties;

D. Make such other orders as are fair and just.

Respectfully submitted,

Date: 2/4/2019

Kathleen A. Sternenberg, Esq., NH Bar #8840
Law Office of Kathleen A. Sternenberg
P.O. Box 2288
Concord, NH 03302-2288
(603)641-1048 phone
(603)215-7570 fax
kas@sternenberglaw.com

-2-

## Certificate of Service

I, Kathleen A. Sternenberg, do hereby certify that on this date, 2/4/2019, I have mailed, postage pre-paid, a copy of this pleading to counsel of record:

Lyndsay N. Robinson, Esq.
Wolfson & Bernazzani, PLLC
30 Temple Street, Suite 515
Nashua, NH 03060

Kevin P. Rauseo, Esq.
Hamblett & Kerrigan, P.A.
20 Trafalgar Square, Suite 505
Nashua, NH 03063

_Kathleen A. Sternenberg_
Kathleen A. Sternenberg

2/22/19 Res:

1. The GAL shall continue with her investigation. Any request to exceed the fee cap shall be determined by the Court based upon pleadings that may be filed.

2. If the GAL recommends counseling and there is no agreement the court shall determine the appropriateness of the counseling request.

3. The Respondent's allegation that an alleged fee dispute is prejudicial to him has no merit. His request to remove the GAL is denied.

4. GAL's request to continue the final hearing for 60 days is ~~premature~~ premature. A final hearing has not been schedule. The due date for her report is extended 60 days.

5. Parties shall, in all other respects, cooperate with the GAL so that she may complete her investigation.

_Bruce F. D___

BRUCE F. DALPRA
MARITAL MASTER

So Order...

hereby certify that ... ... ... ...e recom... ... ...)
nd agree that, to the extent the marital master/judicial
)feree/hearing officer has made factual findings, she/he
as applied the correct legal standard to the facts
!etermined by the marital master/judicial referee/hearing
officer.

Date 2/25/19

Signature of Judge

Julie A. Introcaso

-3-