# THE STATE OF NEW HAMPSHIRE

## JUDICIAL BRANCH

Ninth Circuit-Family Division-Nashua

Docket No. 659-2017-DM-00288

In the Matter of: Dana Albrecht and Katherine Albrecht

## ORDER

The parties are parents of four children, two of whom are minors: ages 15 and 12.  The parties appeared before the court with counsel regarding more than a dozen motions-most filed by the Petitioner.  These parties have litigated virtually all issues than exist in a divorce proceeding.  They have filed dozens of post Parenting Plan and divorce motions in addition to the current pleadings.  The conflict between the parties appears to be never-ending.  The level of animosity between them is immeasurable.  They are absolutely unable to effectively communicate with one another.  Respondent maintains that Petitioner is hacking in to her devices and has "bugged" her home.  The court notes that Petitioner continues to live in NH while Respondent resides with the children in CA.  In short, there is no order the court can issue that will ease the tension and utter disdain these parties have for one another.  If that is ever to happen, it is squarely on the parties to do so.  These circumstances serve as the backdrop for the hearing the court conducted on May 9, 2019.

In August 2017 the court heard the first installment of a bifurcated divorce hearing.  This hearing dealt with parenting issues.  The court issued a Parenting Plan in September 2017.  The reader is invited to review the Plan and accompanying narrative (document 176).  The reader is also invited to review the narrative and terms of the Divorce Decree (document 248).  The order accompanying this narrative may reference either of the 2 documents without quoting from either.

The provisions below will cite document numbers and will refer to allegations in the documents briefly, if at all.  The reader is invited to review the documents in conjunction with the provisions of this Order.

RECOMMENDED:

1.  Petitioner's Petition for Contempt (doc. 241) is denied.  He has failed to prove his allegations that Respondent has refused to allow the children to telephone, text or write.  The allegations are simply speculation or suspicion.

2.  Petitioner's Petition for Contempt (doc. 273-alleged refusal to allow a second period of summer parenting time) is denied.  The child, G▆▆▆, refused to board the plane in CA for the flight to NH.  The parties' inability to effectively communicate with one another also led to Respondent's not exercising all his 2018 summer parenting time.

3.  Petitioner's Petition for Contempt (doc. 283-winter 2018 parenting time) is denied.  Petitioner alleged that Respondent refused parenting time for the December school holiday period.  At the time the court formulated the Parenting Plan (September 2017) the court was unaware that the sole winter school vacation was in December.  Unlike in

*345*

NH, there is no February (winter) school vacation. There is the December vacation period and a spring vacation period. Further there was reliable evidence that the parties had reached a verbal agreement-also through counsel-regarding the December vacation period. Evidence existed supporting the Respondent's assertion that Petitioner did not comply with the verbal agreement.

4. Respondent's Motion for Contempt (doc. 286-Christmas 2018) is denied. See Paragraph 3.

5. Respondent's Motion to Change the Parenting Plan (doc. 290-decision-manking responsibility) is denied. The Parenting Plan allows Respondent to have final decision-making regarding school choice if there is no agreement between the parties. In the narrative regarding the Parenting Plan (doc. 176) the court was reluctant to issue and order for sole decision-making due to the potential that the party with such authority would abuse it. The conduct of the parties and these proceedings since the issuance of that order has reinforced that finding. Respondent shall ensure that Petitioner is listed as an emergency contact on all the children's school and health records.

6. Respondent's Motion for Contempt (doc. 291-USO, medical insurance) is granted. Petitioner was ordered to provide a certain type of medical insurance for the children in CA. The communications between the parties **and** counsel are classic examples of each party placing their own interests above those of the children. Petitioner refused to comply with the USO requiring him to provide medical insurance. When he finally did provide some form of medical insurance, Respondent objected and alleged that the type provided was inadequate and alleged some sort of stigma attached to families who participate in the program. She eventually purchased health insurance for the children. Petitioner's obligation to provide health insurance is vacated, effective May 31, 2019. He has been found in contempt. He shall reimburse Respondent for the cost of health insurance for the children from when Respondent purchased same through May 31, 2019. He shall reimburse Respondent the sum of $700.00 as reasonable attorneys' fees and the aforementioned reimbursement in 30 days.

7. Petitioner's Motion for Contempt (doc. 294-failure to allow phone calls) is denied. He has not proven that Respondent does not allow the children to turn on their phones or willfully interferes with any calls.

8. Petitioner's Motion to Compel (doc. 295-C████'s Social Security number) is denied. ████ is 18 years old; presumably an adult and can apply for his own.

9. Petitioner's Motion to Amend Parenting Plan (doc. 296-school choice) is denied. He has presented no reliable evidence that would warrant a modification this provision of the Parenting Plan. See Paragraph 5, above.

10. Petitioner's Motion to Amend the Parenting Plan (doc. 297-return the children to NH) is denied. There is reliable evidence to show that the parties' two youngest children have a problematic relationship with Petitioner at times and that Petitioner's actions and conduct is the major contributor to these circumstances. Petitioner has not demonstrated the necessary proof that a change in residence of the children would obviate their stress and emotional health. To emphasize yet again: it is the parties' conduct toward one another that adversely affects the children's emotional and psychological health.

11. Petitioner's Motion to Confirm Escrow Order (doc. 315) will be rendered moot by the terms described elsewhere in this order.

12. Petitioner's Motion to Change Court Order (doc. 318) is denied.  The NH Supreme Court upheld the provisions of this court's Divorce Decree.

13. Petitioner's Motion for Contempt (doc 320-parental alienation) is denied.  The court heard many of the same allegations at the August 2018 parenting portion of this matter.  The court does find that Respondent is very hyper-sensitive regarding alleged spying and hacking.  The court finds no credible evidence that Petitioner has engaged in any of these activities since the Respondent and children left for CA.  The Petitioner has failed to prove allegations of other types of supposed harassment and interference with his parental rights.  The evidence gleaned from the August 2017 hearing, as well as in recent hearings, disclosed that any estrangement that exists between Petitioner and his two youngest daughters is largely the result of his actions and obsession with this case.

14. Petitioner's Motions for Contempt (doc. 321 and 322-G███e's and S████e's spring vacations) are denied.  The evidence disclosed that the girls do not wish to fly to NH for parenting time with the Petitioner.  There is insufficient reliable evidence to show that Respondent has willfully disregarded the Parenting Plan or has acted in any way as to discourage parenting time.

15.  Respondent's Motion for Attorneys' Fees (doc. 324) is denied without prejudice.  The court finds that Petitioner's pleadings border on vexatious and frivolous.  The court may revisit this provision should Petitioner file any further pleadings deemed to be so.

16.  Petitioner's Motion for Attorneys' fees (doc 325) is denied.

17.  Petitioner's Motion for Contempt (doc. 334-S████e's spring parenting time) is denied.  The reliable evidence disclosed that Respondent has encouraged S████ (15 years old) to travel to NH for parenting time.

18.  Respondent's Ex Parte Motion (doc. 335-disbursement of escrow funds is granted.  Counsel is authorized to disburse the funds held in escrow pursuant to the terms of the Divorce Decree.

_5/30/19_____
Date

_____
Bruce F. DalPra, Master

I hereby certify that I have read the recommendation and agree that, to the extent that the marital master has made factual findings, he has applied the correct legal standard to the facts determined by the marital master.

**So ordered:**

_5/30/19_____
Date

_____
Judge
Julie A. Introcaso

1

STATE OF NEW HAMPSHIRE

9TH CIRCUIT COURT - FAMILY DIVISION - NASHUA

IN THE MATTER OF:                    )
                                     )
DANA ALBRECHT,                       ) Family Division Case No.
                                     ) 659-2016-DM-00288
                Petitioner,          )
                                     ) Nashua, New Hampshire
          and                        ) May 9, 2019
                                     ) 10:33 a.m.
KATHERINE ALBRECHT,                  )
                                     )
                Respondent.          )
_____ )

MOTIONS HEARING
BEFORE THE HONORABLE BRUCE F. DALPRA
MARITAL MASTER OF THE CIRCUIT COURT - FAMILY DIVISION

APPEARANCES:

For the Petitioner:          Joseph Caulfield, Esq.
                             CAULFIELD LAW & MEDIATION
                             OFFICE
                             126 Perham Corner Road
                             Lyndeborough, NH 03082-6522

For the Respondent:          Michael J. Fontaine, Esq.
                             WELTS WHITE & FONTAINE, PC
                             29 Factory Street
                             PO Box 507
                             Nashua, NH 03061-0507

Audio Operator:              Electronically Recorded
                             Aline Chasseur

TRANSCRIPTION COMPANY:       eScribers, LLC
                             7227 N. 16th Street, Suite 207
                             Phoenix, AZ 85020
                             (800) 257-0885
                             www.escribers.net

Proceedings recorded by electronic sound recording; transcript produced by court-approved transcription service.



2

                              I N D E X

WITNESS(ES)         DIRECT    CROSS    REDIRECT    RECROSS

FOR THE PETITIONER:

Dana Albrecht        5         10       15,38      20,77


FOR THE RESPONDENT:

Katherine Albrecht 95         155

MISCELLANEOUS                                           PAGE

NONE


EXHIBITS                                          ID      EVD

Petitioner's 1              Emails from 9/18/17            41

Petitioner's 2              Sierra Madre Police Report     48

Petitioner's 3              High school application        55

Petitioner's 4              Transcript and photos          60

Petitioner's 5              S████'s two letters            61

Respondent's A              Dentist's Letter              137

escribers

(973) 406-2250 | operations@escribers.net | www.escribers.net