# The State of New Hampshire
## ADMINISTRATIVE OFFICE OF THE COURTS

Christopher Keating
Director

1 Granite Place, Suite N400
Concord, NH 03301
(603) 271-2521
Fax: (603) 513-5454
eMail: aoc@courts.state.nh.us
TTY/TDD Relay: (800) 735-2964

October 26, 2020

Philip Waystack, Esquire
Waystack & Frizzell
251 Main Street
P.O. Box 137
Colebrook, NH 03576
**Sent via email: phil@waystackfrizzell.com**

Re:  In Re: Honorable Julie A. Introcaso, JC-19-050-C and JC-20-010-C

Dear Attorney Waystack:

I am writing to advise you of a telephone conversation I had with Judge Mark Derby relative to this matter. Today, on October 26, 2020, Judge Derby contacted me after reviewing the Statement of Formal Charges Pursuant to New Hampshire Supreme Court Rule 40(9) in this matter.

By way of background, when I interviewed Judge Julie Introcaso on January 21, 2020, she stated that she contacted Judge Derby on January 9, 2020 while drafting her answer to the JCC complaint regarding the two March 12, 2019 Orders. Judge Derby informed her that he held a status conference subsequent to those orders being issued and reviewed all motions de novo. The date of Judge Derby's Order is April 26, 2019.

Following the interview with Judge Introcaso on January 21, 2020, I spoke by phone with Judge Derby. Judge Derby remembered speaking with Judge Introcaso about the file and issuing the de novo order. We discussed whether he would have whited out the March 12, 2019 Orders as part his April 26, 2019 Order and he informed me that he was almost positive he did not. He called me on October 26, 2020 to reiterate that he could not say with 100% certainty that he did not white out the March 12, 2019 Orders as part of his April 26, 2019 Order. He does not believe he did it but, in reviewing the Statement of Formal Charges Par. 30(a), he saw that Clerk Bisson stated that she saw an exhibit and he was concerned that it may not have been the original Order but rather an exhibit to Ms. Partello's JCC complaint. I told him that I believed the exhibit referenced in Par. 30(a) was an exhibit to Ms. Bisson's examination under oath and that exhibit is the original Apple Pay Order. I also told him that I would let you know that he had contacted me in case you had any questions in connection with the JCC matter.

Although Judge Derby informed me that he was not completely positive he did not white out the March 2019 Orders, my factual investigation concluded he did not. On January 21, 2020, I met with Sherry Bisson for a second time. I asked if it was possible that, on January 6, 2020 when she was in Judge Introcaso's office, she was shown a copy of the March 12, 2019 Orders and not the originals. As reflected in my Factual Investigation, dated January 26, 2020, Sherry Bisson confirmed that, on January 6, 2020, she saw only the Apple Pay Order, dated March 12, 2019, and it was the original hand-written order in the court file and it was not whited out. This confirmed that the white out of the orders occurred between January 6, 2020 and January 9, 2020.

Sincerely,

Mary Ann Dempsey

/mad

Cc: Geoffrey Ward, Senior Assistant Attorney General