STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. CLAIR

FAMILY DIVISION

DANA ALBRECHT,

             PLAINTIFF

VS                                          FILE NO: B 21-769 DC

KATHERINE ALBRECHT,

             DEFENDANT
_____/

MISCELLANEOUS HEARING

HEARD BY THE HONORABLE ELWOOD L. BROWN

THURSDAY, JULY 15, 2021 – PORT HURON, MICHIGAN

APPEARANCES:

FOR THE DEFENDANT:        MR. TIMOTHY WEGMEYER
                          ATTORNEY AT LAW
                          P.O. Box 596
                          Marine City, Michigan  48039
                          (586)634-4226

ALSO PRESENT:             MR. DANA ALBRECHT
                          PLAINTIFF

                          MS. KATHERINE ALBRECHT
                          DEFENDANT

RECORDED BY:    MS. CHRISTINE A. REGAN, CER 4832
                CERTIFIED ELECTRONIC RECORDER

TABLE OF CONTENTS

WITNESSES:

      NONE

EXHIBITS:

      NONE

Thursday, July 15, 2021

Port Huron, Michigan

(At 11:04 a.m., proceeding began)

THE COURT:  Albrecht versus Albrecht.  Counsel, your appearance, please.

MR. WEGMEYER:  For the record, your Honor, Tim Wegmeyer appearing on behalf of—its Albrecht on the pleadings, her name is--she actually goes by Minges.

THE COURT:  I'm just going by the pleadings.

MR. WEGMEYER:  But we're going to refer to her as Dr. Albrecht today.

THE COURT:  When you address the Court it would be good if you stood.  It would be good if you stood up when you address the Court.

MR. WEGMEYER:  I'm sorry.

THE COURT:  All right.  So—you can have a seat now, Mr. Wegmeyer.

Are you Dana Albrecht?

MR. ALBRECHT: Yes, your Honor.

THE COURT:  All right, it's your motion, go ahead.

MR. ALBRECHT:  So, I'd just like the Court to enforce existing orders with the New Hampshire Family Court.  Forgive me, I'm pro se if I speak a little slowly and I'm a little nervous. This has been an extensive long going battle between myself and Dr. Albrecht over here.  And I'm really just looking to have parenting with my kids and I'm just looking to have a relationship with my kids.  And, while we are working this out in New Hampshire, I'm very concerned that Dr. Albrecht essentially moved

3

out here without notice to me. I found out about it months later when I found out my daughter was in an emergency room here. She purchased the house here on October 15th. On November 6th she testified under oath to the Court in California—excuse me, to the Court in New Hampshire that she lived in California—

THE COURT: Mr. Albrecht, none of that concerns me.

MR. ALBRECHT: Okay. What would you like to know, sir, and I'll do my best to address it.

THE COURT: It's your Motion, all I'm doing is having you focus on what's relevant here.

MR. ALBRECHT: Okay. So, I think what's relevant—

THE COURT: Excuse me just a minute. You want to take your hat off. Mr.—he's got to take his hat off, this is a courtroom. Go ahead.

MR. ALBRECHT: I think what's relevant, your Honor, is we've gone years without having court orders followed. And now that Dr. Albrecht is here in Michigan I'd like to see those orders followed when she's in Michigan. And, I'd like the assistance of the Court to basically say that the Orders out of 9th Circuit will be follow and they're registered here and that you have a copy—this Court has a copy in their case there's anything the New Hampshire Court needs assistance with from Michigan.

THE COURT: All right, you can have a seat. Mr. Wegmeyer, your response.

MR. WEGMEYER: Thank you, your Honor. Your Honor, the only thing at issue today is whether this Court is going to take jurisdiction of this matter under the Uniform Child Custody Act. Under the requirements for that is that there's an Order that's

4

enforceable in this State.  And, I've attached as my exhibit B, first of all, my exhibit A, and I don't know how much—I apologize for the volume of information because I haven't been looking at it —Mr. Albrecht served me with over a thousand pages of document, discovery requests, et cetera.  It's an ongoing thing that I have a copy of the 9th Circuit index—pleadings index, if your Honor would like to see it, it's unbelievable.  There's four-hundred and five entries; three hundred and ninety three pleadings filed, it's just—and I'm afraid if this Court takes jurisdiction this is just going to keep going and going.

But, back to the point, the last Order out of the New Hampshire Court is attached as Exhibit B to my response.  And it indicates that any parenting time—there's going to be a temporary parenting time in May, which took place, very short, with the youngest daughter it was five or six hours and the oldest daughter, who is seventeen, was five minutes.  That's the first parenting time since Christmas of 2019—

MS. ALBRECHT:  '18.

MR. WEGMEYER:  '18.  It was very bad circumstances and the children refused to see their father after that.  So, five minutes, with the oldest child, and a few hours only on my client's assistance that you go and try to do it.  She did it and it was very tough.  She's written another letter to the Court which I would provide to you.  Under the last—the temporary Order out of New Hampshire, it says there's going to be some short--a two and a half hour duration, that took place, that was bad. Pending further order all such periods shall occur in New Hampshire and I believe they were in a public place because the

5

girls don't want to be alone with him in private.  Any further such period shall be contingent upon the children's preferences and their comfort levels.  So, there's no mandatory parenting time, it's up to the children whether or not they want to schedule time with him they are free to do that.    Petitioner's extended parenting time in the Summer of 2021 is temporarily suspended.

That Order is going to be reviewed on August 6th.  And I spoke with New Hampshire counsel—I apologize, your Honor, I have new teeth and I'm having a tough time—

THE COURT:  I understand what you're saying.

MR. WEGMEYER:  Anyway, August 6th the Court is going to review that and see how the parenting time went and determine then whether there's going to be any parenting time or if it's going to be suspended for another period of time; whether it's going to be terminated, et cetera.  And, it's my position we shouldn't, right at this point, there was a never—which is a requirement under the Act, that's enforceable in this Court.  Well, there's never been a Court Order that provides for parenting time in the State of Michigan.  There's no support—

THE COURT:  Under the UCCJEA, you don't have to have one in Michigan.  What Mr. Albrecht's asking for is for me to enforce another State's order.

MR. WEGMEYER:  I understand.

THE COURT:  So, it doesn't have to be my order that I'm enforcing.

MR. WEGMEYER:  No, I understand.  But I'm saying that there's no—even if we took the New Hampshire Court Order—

THE COURT:  I understand what you're saying.  But I just

wanted it to be clear from what you just said that there's no order in Michigan and he's asking for an Order in Michigan.

MR. WEGMEYER:  No.  I'm saying—I was saying there was no Court Order out of New Hampshire that provides for any parenting time in the State of Michigan.

THE COURT:  That's not what you said.

MR. WEGMEYER:  Well, I apologize.

THE COURT:  It might have been what you meant but it's not what you said.

MR. WEGMEYER:  That's what I meant.

THE COURT:  All right.

MR. WEGMEYER:  There's nothing in New Hampshire that requires any parenting time—it says it's going to take place in New Hampshire.  Mr. Albrecht filed simultaneously the same action in California as he did here with no legal basis.  There's no Nexis to California whatsoever for either party.  This is just a continuation of abusing the judicial system, your Honor.  His Attorney filed in New Hampshire is nine banker boxes.  We're just into this a week and we've got a thousand pages.  Your Honor, if you take jurisdiction in this matter now, and you might end up, I admit that if the Court in New Hampshire says parenting time is going to happen—right now there is no parenting time to enforce.  And, Mr. Albrecht is the one paying all be it, very little, 50.00 a month, a man with a Harvard Education.  He's the one that, if there's any enforcement for child support, it would take place in New Hampshire.  But he is up to date on his 50.00 a month.  There's nothing that this Court needs to enforce.

And, I do have attached as Exhibit B(3) is the Notice of

Hearing for August 6th in New Hampshire.

I would direct your attention, your Honor, I know it's on the merits, if this Court were to assume jurisdiction--but the letters from the children are attached as exhibits, the Court should be aware of their position. They are fourteen and seventeen. I know them very casually and I've never actually spoke to them about this file but Dr. Albrecht recently started, when she moved to Michigan, started attending the Church that I belong too and I'm one of the Church Council members et cetera. I haven't had a whole lot of contact with the kids but the Youth Pastor has indicated they are just wonderful intelligent—

THE COURT: Mr. Wegmeyer, that's really not relevant here to these proceedings.

MR. WEGMEYER: I understand.

THE COURT: And even their feelings, at this point and time, are not relevant to this issue because it would be relevant to the Court in New Hampshire as it would affect the Judge's decision there on what he ordered.

MR. WEGMEYER: Understood, your Honor.

THE COURT: But I can't change that order.

MR. WEGMEYER: I understand, your Honor.

THE COURT: So, if he ordered, for example, that there be parenting time, the desire of the kids, I can't change that just because they don't want to do it.

MR. WEGMEYER: I understand.

THE COURT: He would have to change--he or she would have to change that in New Hampshire.

MR. WEGMEER: Right.

THE COURT:  So, anything else?

MR. WEGMEYER:  Nothing, your Honor.

THE COURT:  All right.  Mr. Albrecht, you want to respond.

MR. ALBRECHT:  A quick procedural thing.  I understand Mr. Wegmeyer's put in exhibits.  I have some exhibits in response to that.

THE COURT:  No, you should have filed them if you wanted me to see them.  I'm not going to look at them now.

MR. ALBRECHT: I don't need you to look at them now, I'd just like to have them filed.  I only got them from him and I had to fly out and I—

THE COURT:  Mr. Albrecht, I'm not going to take them.  I'm not the keeper of the records.

MR. ALBRECHT:  Okay.  May I file them with the Court downstairs?

THE COURT:  For what purpose?

MR. ALBRECHT:  They're responsive to Mr. Wegmeyer's exhibits, which I only received—he promised them to me—

THE COURT:  No.  I'm not going to allow you to just to file blank exhibits.  You could have attached them to your motion right from the beginning.

MR. ALBRECT:  I attached—

THE COURT:  I'm telling you, I'm not going to take them—

MR. ALBRECHT:  Okay.

THE COURT:  --so that's it.

MR. ALBRECHT:  Okay.

THE COURT:   What did you have to say in response?

MR. ALBRECHT:  Give me just a moment to recall his points,

9

sir. Primarily there are other aspects of the Order enforceable here, such as access to records, access to school stuff and all that so this isn't just about parenting.

THE COURT: That's it.

MR. ALBRECHT: If you have questions for me, sir, I'd be happy to answer them.

THE COURT: You can have a seat. First of all, I want to indicate that your Motion, Mr. Albrecht, not only asks me to enforce the Order but asks me to require the Respondent to bring the minor children to law enforcement for purpose of exchanges, to —frankly, I think that's unconscionable to involve children with the police. And, there is no way, even if I had the ability to enforce this—even if the Court in New Hampshire had said, and had not issued their temporary order, I wouldn't have granted that to begin with. And I think it's unconscionable that'd you even ask that your children be taken to the police station and have them involved. I think that would be detrimental to the children, period, to have to be gone—taken to a police station. And the law is clear, now in as much as Ms.—it says Albrecht on the heading here, is a resident of the State of Michigan, any Orders in the State of New Hampshire is enforceable here.

The current Order, however, suspends parenting time. It did not suspend the party's joint legal custody as far as having access to records and things of that nature. So, to the extent that Mr. Albrecht is asking that I enforce parenting time, I'm not going to do it because you don't have any, number one, at least temporarily. And, number two, if any parenting—the only Order that I've been provided for indicates that the parenting time take

10

place in New Hampshire.  So, it's not like you can just come to Michigan and see the kids.  So, as far as records go, at least until you can show me that you've—for example, on the kids' schooling, that you have been unable to access them yourself, because it's not the respondent's responsibility to give them to you.  That part of the provision of the Order simply allows you access to them from whoever has them.  So—and I don't have jurisdiction over the school in this case and neither does the Court in New Hampshire.  I don't have jurisdiction over medical records, only hospitals or whoever is the provider has that.  They are not a party to this case.  I can simply indicate and agree that you have joint—what's referred to as joint legal custody and have the ability to obtain that information.  And, to that extent, I would sign an Order that says that because that's what the current Order in New Hampshire says, but that's all I'll do.  I will not direct the school, I will not direct the medical facility to give them to you.  If you have problems with them you're going to have to deal with them directly.

MR. ALBRECHT:  May I respond.

THE COURT:  No, this is not a response, I'm issuing a ruling here.  So, your Motion here to the extent that you're asking me to enforce a parenting time Order is denied because there is no parenting time Order that I can enforce.

To the extent that you're asking to have access in Michigan to the information that you're seeking, I'm not going to issue that either because you already have an Order from New Hampshire that says the same thing.  And, to the—and as I indicated, I have no jurisdiction over those agencies, they are not a party to this

11

case.

So, your Motion here, to this extent, I would simply indicate that to the extent that I have an enforceable issue from the State of New Hampshire—a Court in the State of New Hampshire, I will enforce it in Michigan. But, so far I haven't been presented with an enforceable issue. So, your Motion today is denied.

That's it.

MR. WEGMEYER:  Thank you, your Honor.

(At 11:21 a.m., proceeding concluded)

REPORTER'S CERTIFICATE

STATE OF MICHIGAN          )

                          )

COUNTY OF ST. CLAIR       )


     I hereby certify that this transcript, consisting of 13 pages, is a complete, true and accurate transcript of the proceedings heard in this Court on Thursday, July 15, 2021 before the Honorable Elwood L. Brown.


_____                _____
Dated                       MS. CHRISTINE A. REGAN, CER 4832

                            201 MCMORRAN BLVD., ROOM 2200

                            PORT HURON, MICHIGAN  48060

                            (810) 985-2010