**Subject:** Subpoena
**From:** Julie <julie.introcaso@gmail.com>
**Date:** 2/15/22, 7:28 PM
**To:** dana.albrecht@hushmail.com

Mr. Albrecht,

Thank you for your response.  I will transmit a copy of the Motion to Quash as quickly as I can figure out how to scan, hopefully tomorrow morning.  A photocopy of the motion will be mailed to your DW Highway address tomorrow as well.  Similarly, I will be forwarding the same to Attorney Fontaine as he was copied on the NOH.  I am not submitting my motion to Katherine Albrecht as you were the party compelling my appearance.

I respectfully suggest (a suggestion you are absolutely entitled to ignore)  if you are calling me to testify about a matter or statement I made in my deposition,  the quickest and easiest way to do that would be to submit my deposition itself with references to particular passages for the judicial officer to digest in deliberation. It is extremely unlikely that I will testify to any matter differently than I did under oath (see below).  An in-court solicitation of testimony can be dicey and distract from the substance.  You can't anticipate what other parties or the court may ask of me when I appear (I can't either).  In all reasonable likelihood, I will continue to refer back to my deposition, frustrating the hearing officer/judge in your case.

An important aside, I have yet to see or read that deposition or any others taken during the same investigation.  I did not contest the judicial conduct allegations against me, I did not contest the criminal allegations against me (rather, I asserted my innocence under <u>Alford</u>) and I recently learned of attempts to disbar me which I agreed to resolve without any objection. I have had no reason to review the same.  I gave that deposition by agreement in a vain attempt to inform the investigation.

If the Court compels me to attend, I ask that you let me see and review the parts of the deposition you intend to highlight for the Court before Friday morning.  I want to be fully responsive to the areas of inquiry you want to highlight in presenting your case.

Also, be aware that I have credible reasons to believe the State would take criminal action against me due to conclusions that have been drawn related to my voluntary resignation and subsequent <u>Alford</u> plea.  If asked to expand on or clarify my deposition in any fashion, I will most likely assert my rights under the Fifth and Fourteenth Amendments to the US Constitution and Part I, Article 15 of the NH Constitution. I would have no other practical alternative and I regret that is the case, but I want you to be on notice of the possibility.

With respect to any Appointment of Guardian ad litem order issued in your case, I suspect I was a "co-signer".  I have no recollection of you personally, any facts of your case, or having co-signed many orders, given the nature and volume of my judicial work. I clearly recall being asked about the appointment of Attorney Sterneberg <u>in another case</u> - again, a decision that I did not make substantively, but rather I provided a certification and approval of a master's deliberated recommendation.

Prior to any hearing, I will happily respond to any direct, informal inquiry you have for me, as I will if contacted by the opposing party. I am also amenable to providing a signed affidavit if presented with one that represents my anticipated testimony.

I will cooperate fully with whatever you think is best for your case. I also respectfully ask for your assent to my motion which you can consider after review.

Have a peaceful evening and be well.

Regards,

Julie Introcaso