# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

## O R D E R

## LD-2021-0001, In the Matter of Julie A. Introcaso, Esquire

On March 24, 2021, the court suspended the respondent, Julie A. Introcaso, on an interim basis from the practice of law as a result of criminal charges that were pending against her.  On February 3, 2022, the Attorney Discipline Office (ADO) filed certified copies of the respondent's convictions in State of New Hampshire v. Julie A. Introcaso, Hillsborough Superior Court – South docket no. 226-2021-CR-00126, on two misdemeanor counts of RSA 641:7 (Tampering With Public Records or Information) and one misdemeanor count of RSA 641:3 (Unsworn Falsification). With the certified copies, the ADO provided its written recommendation "that the Court enter an order disbarring [the respondent] from the practice of law pursuant to Rule 37(9)(d)."  The ADO further stated that it had contacted the respondent, and she "**does not object to the disposition proposed by the Attorney Discipline Office and waives the formal disciplinary process contemplated by Rule 37(9)(d).**"

The court concludes that the respondent has been convicted of a "serious crime," as that term is defined in Supreme Court Rule 37(9)(b).  Subparagraph 9(d) of Rule 37 provides that "[u]pon the receipt of a certificate of conviction of an attorney for a 'serious crime,' the court may, and shall if suspension has been ordered pursuant to subsection (a) above, institute a formal disciplinary proceeding by issuing an order to the attorney to show cause why the attorney should not be disbarred as result of the conviction."  Because the respondent does not object to the ADO's recommendation for disbarment, and because the respondent has waived the formal disciplinary process contemplated by Rule 37(9)(d), it is unnecessary to serve the respondent with the ADO's recommendation or to provide her an opportunity to be heard on the recommendation prior to court action.  In light of the seriousness of the respondent's misconduct, the court concludes that the respondent should be disbarred.

THEREFORE, the court orders that Julie A. Introcaso be disbarred from the practice of law in New Hampshire.  She is hereby assessed all costs and expenses incurred by the attorney discipline system in the investigation and prosecution of the disciplinary matter.

Bassett, Hantz Marconi, and Donovan, JJ., concurred.

DATE:  February 25, 2022

ATTEST:

**Timothy A. Gudas, Clerk**

Distribution:
Mark P. Cornell, Esq.
Brian R. Moushegian, Esq.
Michael A. Delaney, Esq.
Julie A. Introcaso, Esq.
File