**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0181, <u>K.A. v. D.A.</u>, the court on July 8, 2024, issued the following order:**

D.A.'s June 7, 2024 <u>ex</u> <u>parte</u> motion for instruction is denied.  D.A.'s June 7, 2024 <u>ex</u> <u>parte</u> motion for remand is denied.  D.A.'s June 10, 2024 motion for late entry is granted.  D.A.'s June 11, 2024 motion for reconsideration is denied.

Since February 28, 2024, the court has ordered D.A., on multiple occasions, to identify any issues that remain pending in the trial court and any new issues that have arisen from the hearing on remand.  The court directed D.A. to take this action so that it could progress with its appellate review of the post-remand proceedings in this expedited matter, including the November 15, 2023 motions hearing, the November 16, 2023 final hearing, and the November 28, 2023 orders, as more than six months have elapsed since these proceedings and final order.

Following multiple extensions of time, on June 10, 2024, D.A. filed a document that chronicles many years of underlying litigation in this case and others.  Through that filing, D.A. has identified, with specificity, five new issues that appear to have arisen post-remand.  The issues are summarized as follows:

1. The trial court erred in denying D.A.'s subpoena duces tecum to obtain a copy of Judge King's complete and unredacted deposition;

2. The trial court erred in disallowing subpoenas that D.A. issued to a number of witnesses to obtain relevant documents and compel their testimony;

3. The trial court "erred in stating he was striking Attorney Piela's subpoena, as Attorney Piela was his former law partner at Hamblett & Kerrigan;"

4. The trial court "erred in deciding at the November 15, 2023 Motion(s) hearing that no police reports at all could be admitted into evidence, unless there was a corresponding criminal conviction of K.A.[;]" and

5.  The trial court erred in not allowing D.A.to conduct any discovery, and not allowing D.A. to call any witnesses [at the "November 16, 2023 hearing on 'offers of proof.'"].

Accordingly, the five above-referenced issues are added to this appeal and shall receive supplemental briefing.  On or before August 7, 2024, D.A. shall file a supplemental brief addressing the issues set forth above.  In accordance with this court's November 27, 2023 order in case number 2023-0602, D.A. may also include in his supplemental brief any remaining issues identified in the notice of appeal filed in case number 2023-0602, which D.A. refiled into this case on April 22, 2024.

Pursuant to the court's May 22, 2024 order, K.A. is not permitted to file a supplemental brief.  Accordingly, once D.A.'s brief is filed, the appeal will proceed on D.A.'s supplemental brief alone.

To the extent that D.A. argues that there are four pleadings that he filed in the trial court between 2019 and the present that have allegedly gone unaddressed, i.e. index numbers 12, 192, 195, and 289, the court finds that D.A. has not demonstrated how the lack of a ruling on these filings has impacted his ability to proceed with this appeal.

D.A.'s motion for "clarification re; Justice Marconi" is denied.  Justice Hantz Marconi has reviewed this matter and has determined that she is not disqualified.

On June 7, 2024, D.A. conventionally filed several hundred pages of documents with the court along with a cover letter that stated: "Please find enclosed copies of additional documents from the trial court file."  D.A.'s cover letter did not specify any particular document or documents being filed within the hundreds of pages, and D.A. did not indicate that the filing was made in conjunction with a motion, brief, or other filing permitted by the rules of this court, or in compliance with any prior court order.  On June 12, 2024, the court issued an order explaining to D.A. that the June 7, 2024 filing would not be docketed.  D.A. has filed a motion for reconsideration, arguing that certain documents filed on June 7, 2024 that were intermixed with the numerous other "additional documents" filed, were filed in an attempt to comply with prior orders of this court directing D.A. to file copies of the orders issued by trial court on remand.

D.A.'s motion for reconsideration of the court's June 12, 2024 order is denied without prejudice to D.A. electronically refiling any trial court orders issued on remand that he may have been included in the June 7, 2024 filing and that he has not previously filed with this court.  On or before August 7,

2024, D.A. may retrieve the June 7, 2024 filing from the clerk's office. After August 7, 2024, the documents will be discarded.

D.A.'s ex parte motion to exclude K.A. from service is granted, in part, as follows. Going forward, D.A. shall mail to the court one additional copy of any document filed in relation to this appeal, which will be served upon K.A. by the court. D.A.'s June 21, 2024 ex parte motion for instruction is denied. D.A.'s ex parte motion for limited exemption from e-filing in NH Supreme Court is denied. D.A.'s ex parte motion to allow defendant to electronically file pleadings in the trial court is denied.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

Distribution:
Mr. Dana Albrecht
Ms. Katherine Albrecht
File

3