**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| DANA ALBRECHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:23-cv-381-JL-TSM |
| ) | |
| KATHLEEN STERNENBERG, ET AL., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT**

**INTRODUCTION**

1.      Plaintiff Dana Albrecht, proceeding *pro se*, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 15(a)(2), 15(d), and 20(a)(2) for leave to file a First Amended and Supplemental Complaint.

2.      On April 1, 2026, in a good-faith effort to meet the Court's deadline – which provided that "[n]o further extensions absent extraordinary circumstances" would be granted – Plaintiff filed his proposed Amended Complaint directly on the docket (Doc. No. 55) with 48 exhibits. Plaintiff recognizes that the proper procedure was to file the present motion for leave first, with the proposed pleading attached as

- 1 -

an exhibit. Plaintiff, who is not trained in law, respectfully asks the Court to construe the filing liberally and treat Doc. No. 55 as the proposed Amended Complaint in support of this motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (documents filed *pro se* are to be "liberally construed"). Whatever its deficiencies in form, the filing itself demonstrates the scope and substance of the amendments Plaintiff sought leave to make. Proposed summonses for service on the newly added defendants are attached hereto.

3.     Since Plaintiff filed his original Complaint on August 4, 2023, a justice of the New Hampshire Supreme Court who participated in orders in Plaintiff's appeal has been criminally convicted – for conduct committed six days before she issued a single-justice order in that appeal. That conviction, along with other significant post-filing events and the deficiencies identified in Magistrate Judge Saint-Marc's December 11, 2023 Report and Recommendation (Doc. No. 23), necessitate amendment. The Amended Complaint adds new defendants involved in the same course of concealment, supplements the factual record, and restructures the relief sought to address the R&R's analysis.

## PROCEDURAL BACKGROUND

4.     Plaintiff filed his original Complaint on August 4, 2023 (Doc. No. 1), asserting forty counts under 42 U.S.C. § 1983 against six defendants, seeking declaratory relief only.

5.      All defendants moved to dismiss. On December 11, 2023, Magistrate Judge Saint-Marc issued an R&R recommending dismissal of Defendant Sternenberg on quasi-judicial immunity grounds (Doc. No. 23). The R&R noted that Plaintiff "did not indicate what he would add or change in an amended pleading that would affect the outcome." Doc. No. 23 at 10. On February 1, 2024, Judge Laplante approved the R&R (Doc. No. 37).

6.      Plaintiff filed an interlocutory appeal (Doc. No. 41), and the case was stayed on August 12, 2024. The First Circuit dismissed the appeal on August 11, 2025 (Doc. No. 44), and this Court lifted the stay on October 14, 2025. Defendants reinstated their motions to dismiss (Doc. No. 18; Doc. No. 19; Doc. No. 20) on October 22, 2025.

7.      On December 10, 2025, the Court granted Plaintiff until December 31, 2025 to seek leave to amend and/or supplement his objections to the motions to dismiss (Doc. No. 52). The Court subsequently extended that deadline, ultimately to April 1, 2026. On April 1, 2026, Plaintiff filed his proposed Amended Complaint at Doc. No. 55. No scheduling order has issued. The motions to dismiss (Doc. No. 18; Doc. No. 19; Doc. No. 20) remain pending.

## SUMMARY OF PROPOSED AMENDMENTS

8.      The Amended Complaint (Doc. No. 55) makes three categories of changes. First, it adds seven new defendants and one new capacity for an existing

defendant – all current or former officials of the New Hampshire Judicial Branch involved in the same institutional course of concealment. Second, it supplements the complaint under Rule 15(d) with events occurring after the original filing, most significantly Justice Marconi's October 7, 2025 criminal conviction for conduct committed during the pendency of Plaintiff's appeal. Third, it restructures the relief sought: the original Complaint sought only backward-looking declaratory judgments, which the R&R correctly held did not satisfy the definition of "declaratory judgment." *See* Doc. No. 23 at 8–9 (citing *Justice Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 764 (8th Cir. 2019)). The Amended Complaint now seeks prospective declaratory and injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908), nominal damages against Derby in his individual capacity, and comprehensive structural due process relief.

9.     The full detail of the amendments – including the identity and role of each new defendant, the specific post-filing events, and the restructured legal framework – is set forth in the proposed Amended Complaint (Doc. No. 55).

## **LEGAL STANDARD**

10.     Under Rule 15(a)(2), a court "should freely give leave when justice so requires." The Supreme Court identified the relevant factors in *Foman v. Davis*, 371 U.S. 178 (1962): undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of the amendment.

Under Rule 15(d), the standard for supplemental pleadings mirrors Rule 15(a). Under Rule 20(a)(2), defendants may be joined where claims arise from the same series of transactions or occurrences and share at least one common question of law or fact.

## ARGUMENT

### A. No Undue Delay, Bad Faith, or Repeated Failure to Cure

11.     Most of the events giving rise to the new allegations had not yet occurred when the original Complaint was filed. Justice Marconi's criminal conduct occurred on June 6, 2024. Her conviction occurred on October 7, 2025. Chief Justice MacDonald's concurrence in the tainted panel order occurred on July 8, 2024. The continued withholding of Administrative Judge King's deposition is ongoing. Plaintiff could not have included these events in his original Complaint because they had not yet happened.

12.     As to the restructured legal framework, the R&R itself identified the deficiencies that the Amended Complaint now addresses. Plaintiff is responding to the Court's guidance. This is Plaintiff's first request to amend.

### B. No Undue Prejudice

13.     Every new defendant is a current or former official of the New Hampshire Judicial Branch – an entity already named in this action. The *Ex parte Young* doctrine requires naming the specific officer responsible for an ongoing violation of federal law; that is why these officials are identified individually in the Amended Complaint. They are represented (or will be represented) by the same Attorney General's Office that has been litigating this case since November 2023 and is already familiar with the factual record. The addition of these parties does not require fundamentally new or different discovery; they are part of the same institutional course of conduct already at issue.

**C. The Amendments Are Not Futile**

14.     An amendment is futile only if the proposed complaint would not survive a motion to dismiss. *Foman, 371 U.S. at 182*. The Amended Complaint addresses each deficiency identified in the R&R:

(a) The R&R held that backward-looking declaratory judgments did not satisfy the definition of "declaratory judgment." The Amended Complaint now seeks prospective relief under *Ex parte Young*, addressing ongoing violations including the continued enforcement of orders from tainted proceedings and the ongoing withholding of the King deposition.

(b) The R&R applied quasi-judicial immunity broadly. The Amended Complaint responds with a detailed factual and legal framework – set forth in

the complaint itself – that the Court can evaluate on a properly developed motion to dismiss. The Amended Complaint also adds claims against defendants not entitled to judicial immunity, including the General Counsel defendants in their administrative capacity and Derby in his individual capacity.

15.    Whether the Amended Complaint's substantive theories ultimately prevail is a question for a motion to dismiss, not for the threshold decision whether to permit filing. The proper sequence is to grant leave and allow defendants to challenge the amended pleading on the merits.

**D. Joinder Is Proper**

16.    The claims against the new defendants arise from the same series of transactions and occurrences as the existing claims – the concealment of conflicts and misconduct in Plaintiff's family law and domestic violence proceedings – and share common questions of law and fact. Rule 20(a)(2) is satisfied.

**E. Relation Back and Timeliness**

17.    The majority of the new claims arise from post-filing events for which no limitations period has run. For claims arising from pre-filing conduct, the amendment relates back under Rule 15(c)(1)(B) because all claims arise from the same conduct, transaction, or occurrence set out in the original Complaint. The new

defendants are officials of an entity already named as a defendant; they received actual notice of this action through the Attorney General's Office, which has appeared since November 2023. *See Krupski v. Costa Crociere S.p.A., 560 U.S. 538 (2010)* (relation-back inquiry focuses on what the prospective defendant knew).

## CONCLUSION

18.    For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file his First Amended and Supplemental Complaint. The proposed Amended Complaint has been filed on the docket at Doc. No. 55. Plaintiff respectfully asks the Court to construe that filing as the proposed pleading in support of this motion.

WHEREFORE, Plaintiff respectfully requests that this Court:

A) Grant Plaintiff leave to file his First Amended and Supplemental Complaint (Doc. No. 55);

B) Direct the Clerk to issue summonses for service on the newly added defendants;

C) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____

**DANA ALBRECHT**

*Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

April 2, 2026

## CERTIFICATE OF SERVICE

I, Dana Albrecht, certify that a copy of this Motion has been served on all parties of record via the CM/ECF system.

_____

**DANA ALBRECHT**

April 2, 2026

- 9 -