UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

DANA ALBRECHT,

       Plaintiff,

v.

KATHLEEN STERNENBERG, ET AL,

       Defendants.

Docket No. 1-23-cv-381-JL-TSM

**OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST
AMENDED AND SUPPLEMENTAL COMPLAINT**

Defendant, Kathleen Sternenberg ("Sternenberg" or "Defendant"), by and through her counsel, Morrison Mahoney LLP, respectfully submits this Objection to Motion for Leave to File First Amended Complaint and Supplemental Complaint. Through his proposed amended complaint plaintiff Dana Albrecht ("Albrecht" or "Plaintiff"), reasserts dismissed claims for violation of his substantive and procedural due process rights and a violation of the Free Exercise Clause and Establishment Clause. As described below, Plaintiff brings the same already-dismissed seven counts against Sternenberg. As such, his proposed amended complaint as against Sternenberg is futile and his motion to amend his complaint should be denied. Sternenberg further states as follows:

1.      On August 4, 2023, Plaintiff filed his original complaint. *Doc. 1.* On September 5, 2023, Sternenberg filed her motion to dismiss. *Docs. 5 and 5-1.* On October 12, 2023, Plaintiff Dana Albrecht objected. *Doc. 7.* On October 20, 2023, Sternenberg filed her Reply to Plaintiff's Objection to her motion to dismiss. *Doc. 14.* On October 26, 2023, Plaintiff filed his surreply. *Doc. 15.* On December 11, 2023, Judge Talesha L. Saint-Marc issued a report and

105053510.v1

recommendation that the Court should grant Sternenberg's motion to dismiss. *Doc. 23* p. 4 ("the district court [should] grant Sternenberg's motion on the basis of quasi-judicial immunity"). On January 25, 2024, Plaintiff objected to the Report and Recommendation. *Doc. 36*. On February 1, 2024, Judge Joseph N. LaPlante approved the Report and Recommendation and dismissed the claims against Sternenberg. *Doc. 37*.

2.      Plaintiff thereafter filed an interlocutory appeal. On August 11, 2025, the appeal was dismissed. *Doc. 41*.

3.      On April 1, 2026, Plaintiff filed an Amended Complaint, and on April 2, 2026 Plaintiff filed a Motion to Amend Complaint. *Docs. 55 and 56.* In his proposed Amended Complaint, Plaintiff brings the same seven claims against Sternenberg as he did in his original complaint. *Compare Doc. 1, ¶¶83-88, 101-106, 113-118, 201-205 and Doc. 55, ¶¶274-279, 292-297, 304-309 and 390-394*. There are no new allegations or claims against Sternenberg, although Plaintiff adds citations to various transcripts, e.g., *Doc. 55, ¶¶ 47, 74, 393*. Notably, the proposed Amended Complaint, Plaintiff specifically states "Counts 1, 2, 7, 8, 11, 12, and 40 are restated from the original Complaint filed August 4, 2023, solely for purposes of preservation." *Doc. 55, p. 130*. These seven counts comprise all of Plaintiff's claims as against Sternenberg in both the original complaint, *Doc. 1*, and the proposed amended complaint, *Doc. 55*.

4.      As against Sternenberg, Plaintiff alleges that Sternenberg, in the course of her duties as a court-appointed GAL, failed to disclose her relationship with Judge Introcaso (a) at the time of her appointment as a GAL; (b) at the time of the August 9, 2017 hearing; and (c) at the time of the May 9, 2019 hearing. *Doc. 55, ¶¶274-279, 292-297, 304-309.* Plaintiff further claims that Sternenberg, in performing her duties as a court-appointed GAL, displayed extreme religious

2

prejudice in violation of the Free Exercise clause, the Establishment Clause, and violated defendant's procedural and substantive due process rights. *Doc. 55, ¶¶390-394.*

5.    Indeed, the already dismissed claims appear verbatim[1]. Rule 15 of the Federal Rules of Civil Procedure states that the Court should "freely give leave [to amend the pleadings] when justice so requires." *Fed. R. Civ. P. 15(a)(1)-(2).* However, "futility is fully sufficient to justify the denial of a motion to amend . . ." *Hatch v. Department for Children*, 274 F.3d 12, 19 (1st Cir. 2001). "If leave to amend is sought before discovery is complete and neither party has moved for summary judgment . . .," *Id.*, then the "proposed amendment is futile only if it could not withstand a 12(b)(6) motion to dismiss". *Id.* (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000)). The proposed Amended Complaint is futile as the claims against Sternenberg are identical and have already correctly been dismissed by this Court. *See Doc. 23 and Doc. 37.*

6.    Plaintiff's proposed Amended Complaint brings the exact same claims against Sternenberg, and are futile as Sternenberg enjoys quasi-judicial immunity, as found by Judge Saint-Marc. *Doc. 23, pp. 4-6.* Plaintiff also clearly states that he brings suit against Sternenberg "solely in her official capacity," *Doc. 55, ¶3.* And understands that the claims are futile, stating that "Counts 1, 2, 7, 8, 11, 12 and 40 are restated from the original Complaint filed August 4, 2023, solely for purposes of preservation." *Doc 55, p. 130.* Plaintiff concedes the claims are the same.

7.    As argued by Sternenberg in her Motion to Dismiss, *Doc. 5-1*, the "doctrine of quasi-judicial immunity provides absolute immunity for those who perform tasks that are inextricably intertwined with the judicial function." *Nystedt v. Nigro*, 700 F.3d 25, 30 (D. Mass.

---

[1] Plaintiff includes a citation to an exhibit in Count 40 not contained in the original complaint and deletes one paragraph from the original complaint. *See Doc. 55, ¶393 and Doc. 1, ¶206.* Otherwise, the counts are identical.

105053510.v1

2012) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)).  The doctrine is predicated on the fact that those who serve an imperative role in our judicial system ought to be protected from liability.  *Id.*  For example, "[c]ourt appointed discovery masters and the like plainly perform judicial functions and so long as they act in that capacity, they share a judge's immunity from suit. In fact, even allegations of malice or bad faith do not defeat immunity."  *D'Angelo v. New Hampshire Supreme Court*, 740 F. 3d 802, 808 (1st Cir. 2014) (internal citations and quotations omitted).  In *D'Angelo*, the court held that a commissioner appointed by the Derry Family Court to investigate and produce a report on plaintiff's financial condition was immune from suit.  740 F.3d at 808; *see also Nystedt*, 700 F.3d at 30 (court-appointed discovery master immune from suit).

8.      The key to determining whether one's role is essential to the judicial function and therefore bestowing on them immunity from liability, is whether the act fell within the purview of the adjudication of disputes between parties.  *Nystedt*, 700 F.3d at 31.  Further, the "conduct must be intimately related to the judicial process."  *Marr v. Maine Dept. of Human Services*, 215 F. Supp. 2d 261, 268 (Me. 2002).  Tasks of gathering information for the purpose of reporting it to the court with recommendations are considered tasks protected by the doctrine. Brown v. Newberger, 291 F. 3d 89, 94 (1st Cir. 2002) (citing *Cok v. Costentine*, 876 F.2d 1, 3 (1st Cir. 1989)).  Persons performing such tasks are considered an arm of the judicial officer and therefore immune from liability.  *Id.*

9.      Both the New Hampshire Supreme Court and the First Circuit Court of Appeals have recognized that the doctrine of absolute quasi-judicial immunity applies to GALs. See *Cok*, 876 F.2d at 3; *Surprenant v. Mulcrone*, 163 N.H. 529, 531 (2012). Thus, "immunity attaches when a GAL performs certain delegated duties because of the intimate relationship between the GAL and the court in the judicial process."  *Marr*, 215 F. Supp. at 268 (citation omitted).  Immunity

4

105053510.v1

"has been extended to protect the GAL's acts of investigating, meeting with children, making reports and recommendations to the court, and testifying in court." *Surprenant*, 163 N.H. at 531; see also *Cok*, 876 F.2d at 3.

10.     Here, Sternenberg is entitled to absolute quasi-judicial immunity with respect to Plaintiff's claims against her. On October 13, 2016, Sternenberg was appointed by the court as a GAL in the Family Law Matter and ordered by the court undertake certain tasks and write a report. *Doc. 55-3*.  She complied with the court order to include preparing and submitting a report and testifying during an August 9, 2017 hearing.  *Doc. 55-4*.  Sternenberg's testimony related to her investigation and recommendations regarding the parenting plan and Plaintiff's ex-wife's proposed relocation to California. Sternenberg submitted a report, which was accepted by the court.  *Doc. 55-4, pp. 5-6, 13 and 29*.  All of the alleged acts or omissions of which Plaintiff complains are both linked to the Family Law Matter and "are 'closely associated with the judicial process.'"  *Marr*, 215 F. Supp. at 268, citing *Cok,* 876 F.2d at 3. As a result, absolute quasi-judicial immunity bars Plaintiff's operative complaint against Sternenberg because Sternenberg "performed all of the [alleged] acts about which plaintiff complains in her role as a GAL." *Surprenant*, 163 N.H. at 531 (upholding trial court order granting GAL's motion to dismiss based upon absolute immunity); *see also Cok*, 876 F.2d at 3.

11.     In sum, for the reasons expressed above and as stated in Sternenberg's Motion to Dismiss, Reply and this Court's Report and Recommendation, *Doc. 5, 5-1, and 23*, Plaintiff's motion to amend his complaint should be denied.  Briefly, Sternenberg, as a duly appointed GAL through the New Hampshire Circuit Court, is absolutely immune from suit for the complained of conduct under the doctrine of absolute quasi-judicial immunity.  *See Fed. R. Civ. P. 12(b)(6); Local Rule 7.1(a)(2); See also Doc. 5, 5.1, and 23*, which are incorporated herein by referenced.

5

105053510.v1

12.     Plaintiff's Motion for Leave to File an Amended Complaint should be denied, as his claims against Sternenberg are futile.

Wherefore Defendant respectfully requests that this Honorable Court:

A.     Deny Plaintiff's Motion for Leave to Amend Complaint; and

B.     Grant such other and further relief as is equitable and just

Respectfully submitted,

Kathleen Sternenberg

MORRISON MAHONEY LLP

By     */s/ Linda M. Smith*
         Linda M. Smith, #265038
         lsmith@morrisonmahoney.com
         Edwin F. Landers, Jr., #17297
         elanders@morrisonmahoney.com
         Center of New Hampshire Office Tower
         650 Elm Street, Suite 201
         Manchester, NH 03101
         Phone:  603-622-3400
         Fax:     617-342-4889

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically through the CM/ECF system to all counsel of record and to plaintiff.

*/s/ Linda M. Smith*
Linda M. Smith, #265038

6

105053510.v1