**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Dana Albrecht, | \* |
| | \* |
| Plaintiff, | \* |
| v. | \*    Civil No. 1:23-CV-00381-JL-TSM |
| | \* |
| Kathleen Sternenberg, *et al.* | \* |
| | \* |
| | \* |
| Defendants. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATE DEFENDANTS' JOINT OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendants Mark S. Derby, David D. King, and the New Hampshire Judicial Branch ("NHJB"), by and through counsel, Christopher Bond, Esq. of the New Hampshire Office of the Attorney General, and Bruce Dalpra and Julie Introcaso, by and through counsel, Catherine Denny, Esq. of the New Hampshire Office of the Attorney General, submit this joint objection to Plaintiff's motion for leave to file amended complaint, stating as follows:

## INTRODUCTION

Plaintiff's original complaint, seeking a declaratory judgment that his constitutional rights were violated during family court proceedings in state court, was fatally flawed for many reasons set forth in the defendants' motions to dismiss. *See* ECF 18-20. Plaintiff's proposed amended complaint – spanning 159 pages, alleging 45 counts against 12 current and former State judicial officers, court staff, and the entire New Hampshire Judicial Branch – fails for the same reasons. Plaintiff's motion to amend should be denied because he fails to cure the myriad inadequacies of his original complaint and his amended complaint utterly fails to comply with Fed. R. Civ. P. 8(a)(2). Plaintiff is a pro se litigant with a penchant for filing frivolous claims

against public officials and failing to abide by court rules,[1] for which this case is just one other

example. Plaintiff's motion to amend should be denied and his complaint should be dismissed.

## PROCEDURAL HISTORY

Plaintiff filed his original complaint on August 4, 2023, alleging forty separate counts of

violations of his procedural and substantive due process rights under the United States

Constitution against six defendants, including current and former judges David King, Mark

Derby, and Julie Introcaso; former Marital Master Bruce Dalpra; the NHJB; and former guardian

ad litem Kathleen Sternenberg. Plaintiff seeks to collaterally challenge his divorce and child

custody orders dating back to 2016. All defendants filed motions to dismiss. *See* ECF 18

(Introcaso Motion to Dismiss); ECF 19 (Dalpra Motion to Dismiss); ECF 20 (Derby, King,

NHJB Motion to Dismiss); ECF 5 (Sternenberg Motion to Dismiss).  Of the individual

defendants, all are current or former state employees except for Ms. Sternenberg.

The dispositive motions of the NHJB, Bruce Dalpra, David King, Mark Derby, and Julie

Introcaso (collectively, the "State Defendants") were fully briefed by the parties as of February

8, 2024. The State Defendants, in their motions to dismiss, set forth several reasons that

---

[1] *Dana Albrecht v. The Honorable John Pendelton et al.*, No. 25-cv-93, 2025 U.S. Dist. LEXIS 152867, at *8 (D.N.H. Aug. 8, 2025) (dismissing constitutional claims against numerous public officials for lack of standing); *Dana Albrecht v. Kathleen Sternberg et al*, No. 23-cv-381, 2023 U.S. Dist. LEXIS 234529, at *8-9 (D.N.H. Dec. 11, 2023) (dismissing constitutional claims against court appointed guardian ad litem as barred by absolute quasi-judicial immunity); Order on Motion to Dismiss, *Dana Albrecht v. The Honorable Mark E. Howard et al.*, No. 226-2024-CV-00281 (Hillsborough Super. Ct. Aug. 11, 2024) (*Temple*, J.) (dismissing complaint against Judge Howard, alleging violations of Part I, Article 35 of the New Hampshire Constitution, for lack of standing); Order on State's Motion to Dismiss, *Dana Albrecht v. State of New Hampshire et al.*, No. 226-2023-CV-00035 (Hillsborough Super. Ct. Aug. 9, 2023) (*Temple*, J.) ("Conclusory allegations riddled with legal conclusions are insufficient to allege recognized causes of action."); Final Parenting Plan Order, *ITMO Albrecht and Albrecht*, No. 659-2017-DM-00288, at *3 (Ninth Cir.-Family Division-Nashua May 30, 2019) (filed in this matter as ECF No. 55-12) ("The court finds that [Dana Albrecht's] pleadings border on vexatious and frivolous").

Plaintiff's claims fail, including: 1) Plaintiff's claims for declaratory relief are barred by the Eleventh Amendment; 2) the NHJB and its judges are entitled to absolute judicial immunity; and 3) Plaintiff's claims for relief are barred by *Rooker-Feldman* doctrine. *See* ECF 18-20.

On February 1, 2024, the Court issued a Report and Recommendation recommending dismissal of all claims against Ms. Sternenberg, finding that Ms. Sternenberg was entitled to absolute quasi-judicial immunity as the appointed guardian ad litem in Plaintiff's family court proceedings. ECF 23 at 5. The Court further held that Plaintiff was not entitled to declaratory relief because Plaintiff's claims against Ms. Sternenberg were for past conduct, not for an ongoing violation of Plaintiff's rights. ECF 23 at 8-9. Plaintiff filed an interlocutory appeal of the dismissal in the First Circuit. *See* ECF 41.

By endorsed order on August 12, 2024, the Court denied the State Defendants' motions to dismiss on procedural grounds and stayed the case pending the resolution of Plaintiff's appeal. The First Circuit dismissed Plaintiff's appeal on August 11, 2025. *See* ECF 44. The State Defendants filed motions to reinstate their motions to dismiss on October 22, 2025. ECF 46-48. The Court authorized Plaintiff to supplement his objection to the motions to dismiss or file a motion for leave to amend on or before December 31, 2025. ECF 52. Plaintiff failed to do so. On January 2, 2026, Plaintiff filed a motion to extend the time to file a supplemental objection or to seek leave to amend until January 21, 2026. ECF 53. Plaintiff still failed to file anything on or before January 21, 2026. On March 27, 2026, Plaintiff filed another motion to extend the time to file a supplemental objection or seek leave to amend until April 1, 2026. ECF 54. The Court granted Plaintiff's request, with the warning that "no further extensions [would be granted] absent extraordinary circumstances." Plaintiff nevertheless filed a motion for leave to amend a day after the deadline to do so, on April 2, 2026. ECF 56.

**LEGAL AUTHORITY**

Under Fed. R. Civ. P. 15(a)(2), a party may amend a pleading "with the court's leave." Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires." The trial court "enjoys significant latitude in deciding whether to grant leave to amend." *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008). Grounds to deny leave to amend include "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (cleaned up). "'[I]f the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend.'" *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 117 (1st Cir. 2009) (quoting *Boston & Me. Corp. v. Hampton*, 987 F.2d 855, 868 (1st Cir. 1993)); *see also Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (finding that "[f]utility means that the complaint, as amended, would fail to state a claim upon which relief could be granted").

**ARGUMENT**

Plaintiff's motion to amend should be denied because Plaintiff: 1) Plaintiff failed to set forth "extraordinary circumstances" for further extension of the April 1, 2026 deadline; 2) Plaintiff's proposed amended complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8(a); and 3) the proposed amended complaint is futile.

**1) Plaintiff failed to articulate "extraordinary circumstances" for his delayed filing.**

Plaintiff repeatedly requested extensions in this matter following the dismissal of his appeal. *See* ECF 50, 53, 54.  Plaintiff's most recent request for an extension led to the Court's endorsed order on March 30, 2026, authorizing Plaintiff to file a motion for leave to amend by

- 4 -

April 1, 2026. The Court further ordered that "no further extensions [would be granted] absent extraordinary circumstances." Plaintiff instead filed his amended complaint, without leave of court, in violation of Fed. R. Civ. P. 15(a)(2), Local Rule 15.1(a), and this Court's order. Plaintiff only filed his motion for leave to amend a day after the deadline to do so, on April 2, 2026. ECF 56. Plaintiff did not move to extend the deadline to file his motion for leave. Nor did he articulate any "extraordinary circumstances" for his delay, or even an explanation for it. As Plaintiff filed this motion for leave in violation of this Court's March 30, 2026 endorsed order, his motion for leave should be denied.

### 2) Plaintiff's amended complaint violates Fed. R. Civ. P. 8(a).

Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing the pleader is entitled to relief." Plaintiff's amended complaint includes over 421 paragraphs in 159 pages and alleges 45 counts against 12 current and former state judicial officers, court staff, and the entire New Hampshire Judicial Branch, all boiling down to several state court rulings against Plaintiff in marital and child custody matters dating back to 2016. Plaintiff attached 48 exhibits to his proposed amended complaint. ECF 55-1 to ECF 55-48. The exhibits include filings from his family court matters. *See* ECF 55-5; 55-12; 55-23; 55-42. However, Plaintiff also filed many wholly unrelated and inappropriate exhibits, including transcripts and orders from other family court cases that have no direct relationship with Plaintiff and his familial woes whatsoever. *See, e.g.*, ECF 55-16 (unredacted transcript of hearing on motion to modify custody plan of unrelated minor children); ECF 55-14 (unredacted transcript of hearing on pretrial conference of unrelated minor children).

Plaintiff utterly fails to limit the pleadings to matters relevant to his claims. This is not the first time Plaintiff has been found to have violated Rule 8(a): the District Court found

Plaintiff in violation of Rule 8(a) just last year. *Dana Albrecht v. The Honorable John Pendelton et al.*, No. 25-cv-93, 2025 U.S. Dist. LEXIS 152867, at *1-2 (D.N.H. Aug. 8, 2025) ("The amended complaint includes seventeen counts and 388 paragraphs over 69 pages in clear violation of Federal Rule of Civil Procedure 8(a)."). Plaintiff, despite being warned that a 69-page complaint is excessive, filed this 159-page amended complaint only months later. Defendants respectfully request this Court to refuse to condone Plaintiff's vexatious litigation tactics here.

3) **Plaintiff's motion to amend should be denied because his amended pleadings remain futile.**

Plaintiff's proposed amended complaint contains the same fatal defects as his original complaint. Adding additional allegations regarding unrelated improprieties of a Supreme Court justice and other alleged wrongdoing by public officials does not allow Plaintiff to avoid absolute judicial immunity. Nor does his rephrasing of his complaint allow him to avoid the Eleventh Amendment.

Fundamentally, none of the perceived misconduct by any of the judicial officers demonstrate that the orders in *his* cases were incorrectly decided. He fails to allege facts showing that he was unable to obtain a fair result due to any of this perceived misconduct. As this Court has already applied absolute judicial immunity to the GAL in Plaintiff's custody proceedings, Ms. Sternenberg, the same immunity applies to the remaining judicial officers. Nothing in Plaintiff's amended complaint alters this result.

Plaintiff admits in his motion to amend that he is adding certain defendants solely because he is trying to circumvent judicial immunity. Plaintiff wrote that he "adds claims against defendants not entitled to judicial immunity, including the General Counsel defendants in their administrative capacity and Derby in his individual capacity." ECF 56 at 7. Plaintiff fails to state

any viable claims against these individuals. Current and former General Counsel for the NHJB, Mary Ann Dempsey, Erin Creegan, and Jessica King, had no role in Plaintiff's family law matters and Plaintiff failed to allege *any* action by these individuals giving rise to a constitutional violation against him. Further, Plaintiff's claims against the General Counsel defendants are identical to those that had previously been asserted against the NHJB. Compare ECF 55, ¶¶ 400-402 (alleging that "the successive holders of the office of General Counsel" and NHJB violated Plaintiffs procedural and substantive due process rights "[b]y withholder from Plaintiff the unredacted deposition of Defendant King"), with ECF 1, ¶¶ 187-193 (alleging that the NHJB violated Plaintiff's procedural and substantive due process rights "[b]y refusing to produce the depositions."). Plaintiff's claims against the General Counsel defendants in their official capacities are no different than claims against the NHJB. By adding claims against the General Counsel defendants in their official capacities, Plaintiff's claims against the General Counsel defendants are likewise barred by the Eleventh Amendment.[2]

In his proposed amended complaint, Plaintiff added a claim against Judge Derby in his individual capacity for attending the same church service as Plaintiff in December 2025. Nothing prohibited Judge Derby from attending this church. On the other hand, Plaintiff appears to admit that Plaintiff violated a court order by attending the church service. ECF 55, ¶¶ 411-415. It is difficult, if not impossible, to infer a good-faith basis for Plaintiff's proposed claim against Judge Derby in his individual capacity based on the facts alleged. Plaintiff's attempt to circumvent judicial immunity by suing court staff and Judge Derby in his individual capacity can only be described as frivolous and harassing.

---

[2] The Eleventh Amendment applies "whether the named defendant is the state itself," or "a state official in [their] official capacity." *Davidson v. Howe*, 749 F.3d 21, 27 (1st Cir. 2014).

Finally, Plaintiff cannot skirt Eleventh Amendment immunity by attempting to rephrase the relief he seeks as prospective, rather than retrospective. This Court, in its Report and Recommendation on GAL Sternenberg's Motion to Dismiss, found that Plaintiff is seeking an improper advisory opinion regarding past actions, not future conduct. ECF 23 at 8-9. This court cited, among other cases, *Davis v. Campbell*, which held that a request for declaratory judgment that "past actions that occurred in the context of the Family Court proceedings violated [the plaintiff's] constitutional rights" was a retrospective rather than prospective request, even though framed in "future terms." ECF 23 at 8-9, citing *Davis v. Campbell*, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014). Plaintiff, despite his attempted wordsmithing, is fundamentally still asking this Court to reconsider past decisions in state court.

WHEREFORE, Defendants Julie Introcaso, Bruce Dalpra, Mark S. Derby, David D. King, and the NH Judicial Branch respectfully request that this Court deny Plaintiff's motion to amend and grant their pending motions to dismiss.

Respectfully submitted,

**DEFENDANTS MARK S. DERBY, DAVID D. KING, AND THE NH JUDICIAL BRANCH**

By their attorney,

JOHN FORMELLA
ATTORNEY GENERAL

Dated: April 16, 2026

/s/ Christopher Bond
Christopher G. Bond, Bar #20161
Associate Attorney General
NH Department of Justice
1 Granite Place South
Concord, NH 03301
christopher.g.bond@doj.nh.gov

**DEFENDANTS BRUCE DALPRA AND JULIE INTROCASO**

By their attorney,

JOHN FORMELLA
ATTORNEY GENERAL

Dated: April 16, 2026

/s/ Catherine A. Denny
Catherine A. Denny, Bar #275344
Assistant Attorney General
Civil Bureau
NH Department of Justice
1 Granite Place South
Concord, NH 03301
catherine.a.denny@doj.nh.gov
(603) 271-1354

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ECF on April 16, 2026 to the parties and/or counsel of record.

/s/ Catherine Denny
Catherine Denny