**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

DANA ALBRECHT

v. Civil No. 23-cv-381-JL-TSM

KATHLEEN STERNENBERG, ET AL.

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS

Self-represented Plaintiff Dana Albrecht brought this civil rights suit under 42 U.S.C. § 1983 asserting claims for violations of his First and Fourteenth Amendment rights against Defendants.[1] Doc. No. 1. Presently before the court are Defendants' motions to dismiss (Doc. Nos. 18–20), to which Plaintiff objects (Doc. Nos. 25–27). For the reasons stated herein, the court recommends that the district judge grant those motions.[2]

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges whether a complaint contains enough "factual matter" to show that the plaintiff has a plausible entitlement to relief under the prevailing law. See Burt v. Board of Tr. of Univ. of R.I., 84 F.4th 42, 50 (1st Cir. 2023). In evaluating whether the plaintiff has a plausible entitlement to relief, the court must accept the complaint's factual allegations as true, and it must draw all reasonable inferences in the

[1] Defendants include current and former state judges David King, Mark Derby, and Julie Introcaso; former Martial Master Bruce DalPra; and the New Hampshire Judicial Branch ("NHJB") (hereinafter "Defendants").

[2] On this date, the court also issued a Report and Recommendation in which it recommended that the district judge deny Plaintiff's motion to amend.

plaintiff's favor. Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Generally, the court may consider only the facts alleged in the complaint, exhibits attached to the complaint, and other materials that are fairly incorporated in the complaint or are subject to judicial notice such as matters of public record. Lowe v. Mills, 68 F.4th 706, 713-14 (1st Cir. 2023); see Butler v. Balolia, 736 F.3d 609, 611 (1st Cir. 2013). Finally, as a pro se litigant, Plaintiff is entitled to a liberal construction of his pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## BACKGROUND

The following facts are drawn from Plaintiff's Complaint. Doc. No. 1. This suit arises out of state court proceedings in the New Hampshire Circuit Court, 9th Circuit, Family Division regarding Plaintiff's divorce from his then-spouse, Katherine Albrecht, and the custody of their shared children, as well as related domestic violence cases (hereinafter, Plaintiff's "family law matter"). Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983 and asserts multiple claims arising from his allegations that Defendants Introcaso, DalPra, Derby, King (all of whom are current or former state court judges or a former marital master) and the NHJB did not inform Plaintiff at various times throughout his family law matter about the misconduct of judges (Claims 3–6, 9–10, 13–22, 25–30, 33–34); the New Hampshire Supreme Court ("NHSC")[3] declined to review orders in Plaintiff's family law matter (Claims 23–24); Defendant DalPra acted inappropriately during a hearing (Claims 31 and 32); and Defendants NHJB and King refused to produce depositions taken during the course of or disclose information about investigations into judicial misconduct (Claims 35–37, 39).

---

[3] In his Complaint, Plaintiff alleges that the NHSC violated his due process rights by failing to review decisions made during the courts of Plaintiff's family law matter (Doc. No. 1 at ¶¶ 149–155 (Claims 23 and 24)). Only the NHJB is named as a Defendant.

Plaintiff also brought a number of claims against Kathleen Sternenberg, a former guardian ad litem ("GAL") (Claims 1–2, 7–8, and 11–12, 40), which the court dismissed. Doc. No. 23 ("Sternenberg R&R") Doc. No. 37 (approving Sternenberg R&R). Accordingly, the court addressed the remaining claims of the Complaint (Claims 3–6, 9–10, 13–37, 39) against Defendants Introcaso, DalPra, Derby, King, and the NHJB.[4]

***Relationship Between Defendants Introcaso and Sternenberg***

The first instance of misconduct in Plaintiff's Complaint is the conflict between Defendants Introcaso and Sternenberg. Defendant Introcaso (a former state court judge) approved the recommendation of Defendant DalPra (a former marital master) that Defendant Sternenberg be appointed as GAL in Plaintiff's family law matter in October 2016. Doc. No. 1 at ¶¶ 28–29. However, prior to that appointment, Plaintiff alleges that Defendants Introcaso and Sternenberg had a history of being good friends since at least 2014 and that all Defendants knew about but failed to disclose the Introcaso-Sternenberg relationship to Plaintiff. Id. at ¶¶ 19, 23, 25–27, 53. Plaintiff found out about Defendants Introcaso and Sternenberg's relationship in October 2020 through a Union Leader article. Id. at ¶¶ 56–57.

Plaintiff claims that Defendants continued to participate in his family law matter without informing Plaintiff of the conflict between Defendants Introcaso and Sternenberg. For instance, in 2019 Defendant Introcaso and Derby (based on Defendant DalPra's recommendations) issued orders regarding the Albrechts' parenting plan. Id. at ¶¶ 35–36, 38–43. Plaintiff appealed those decisions, which the NHSC declined to review. Id. at ¶ 47. In December 2019, Defendant Derby presided over a hearing in Plaintiff's family law matter, but did not disclose the conflict between

[4] Plaintiff omitted Claim 38 in the numbering of claims in his Complaint.

Defendants Introcaso and Sternenberg at that time. Id. at ¶¶ 49–51. According to Plaintiff, had he known about the conflict between Introcaso and Sternenberg, he would have responded differently to questions about a prior order by Defendant Introcaso during the December 2019 hearing. Id. at ¶ 52.

Defendant Introcaso was disbarred in February 2022, after the NHSC concluded that she violated the Code of Judicial Conduct in connection with her conflict of interest with Defendant Introcaso. Id. at ¶¶ 65, 69; see Doc. No. 1-7 at pgs. 1–2; Doc. No. 1-8 at pg. 3. Plaintiff alleges that Defendant King, who was the Administrative Judge of the Circuit Court at the time, participated in the investigation into Defendant Introcaso by sending an email to the Judicial Conduct Committee ("JCC") describing Defendant Introcaso's misconduct. Doc. No. 1 at ¶ 53.

Plaintiff also requested copies of "relevant deposition transcripts" from that investigation, but NHJB General Counsel Marry Ann Dempsey denied Plaintiff's request. Id. at ¶ 66; see Doc. No. 1-7 at pg. 41.

***Defendant DalPra***

Next, Plaintiff alleges that Defendant DalPra (a former state court judge) engaged in "proven judicial misconduct" in that he used expletives during a November 6, 2020 telephonic hearing for Plaintiff's family law matter. Doc. No. 1 at ¶¶ 59, 175. Plaintiff also alleges that Defendant King knew about the misconduct by writing an email to Defendant DalPra on November 13, 2020 about the misconduct. Id. at ¶ 60. The NHSC investigated Defendant DalPra's misconduct and concluded that he committed judicial misconduct in Plaintiff's family law matter. Id. at ¶ 73; Doc. No. 1-8 at pgs. 16–17.

***Relief Requested***

Plaintiff alleges that all original Defendants, in their official capacity, violated his right to due process and seeks declaratory judgments against each original Defendant for those violations. Doc. No. 1 at Prayers A–M. Defendants Introcaso (Doc. No. 18); DalPra (Doc. No. 19); as well as Derby, King, and the NHJB (Doc. No. 20) all move to dismiss the claims Plaintiff brought against them in their official capacities in Plaintiff's Complaint (Doc. No. 1) on the basis that his claims are barred by sovereign immunity and judicial immunity.[5] Doc. No. 18 at ¶ 2; Doc. No. 19 at ¶ 2; Doc. No. 20 at ¶ 2. Plaintiff objects. Doc. Nos. 25–27.

**DISCUSSION**

**I. Eleventh Amendment Sovereign Immunity**

Plaintiff seeks declaratory relief for various alleged due process violations by Defendants Introcaso, DalPra, Derby, and King in their official capacities as current or former state court judges and a former marital master, and against the NHJB. See Doc. No. 1 at pgs. 1, 31–32 (Prayers C–L).

The Eleventh Amendment "bars a citizen from bringing a federal court action against his or her own State, including instrumentalities of the state, such as state agencies." Lewis v. Hynes Grp., No. 21-CV-597-LM, 2022 WL 579237, at *4 (D.N.H. Feb. 16, 2022) (citing Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015)); U.S. Const. amend. XI. Because Defendants Introcaso, DalPra, Derby, King, and the NHJB are either state agencies or employees thereof, any

[5] Defendants Introcaso and DalPra also assert that the claims against them are barred under the Rooker-Feldman doctrine (Doc. No. 18 at ¶ 2; Doc. No. 19 at ¶ 2), and counsel for Defendants King and the NHJB also maintain that those Defendants did not owe a legal duty to Plaintiff to disclose information to him and that the NHJB was not required to produce information about JCC investigations. Doc. No. 20 at ¶ 20. Because the court recommends dismissal based on sovereign and judicial immunity, the court does not reach these additional arguments.

official-capacity claim asserting that they previously violated the Constitution is barred. See Dongon v. Banar, 363 Fed. App'x 153, 156 (3d Cir. 2010) (state courts and its employees are considered "arms" of the state and entitled to immunity under the Eleventh Amendment); Greenless v. Almond, 277 F.3d 601, 607 (1st Cir. 2002) (Ex parte Young exception to Eleventh Amendment sovereign immunity is intended "to prevent continuing violations of federal law, but not to remedy past violations[]") (citing Edelman v. Jordan, 415 U.S. 651 (1974)).

Here, Defendants assert that the claims against them seek retrospective declaratory relief and are therefore barred by the Eleventh Amendment. Doc. No. 18-1 at ¶ 6; Doc. No. 19-1 at ¶ 13; Doc. No. 20-1 at ¶¶ 20–21. Plaintiff counters that his claims "seek[] to address continuous and ongoing violations of federal due process rights due to past actions, aligning with the principles outlined in Ex Parte Young[.]" Doc. No. 25-1 at pg. 19; Doc. No. 26-1 at pg. 17; Doc. No. 27-1 at pg. 22. However, contrary to Plaintiff's assertions, his claims seek relief for past harms.

When determining whether relief is prospective or retrospective, a court focuses on the effect of the relief and when the injury occurred. Va. Off. for Prot. & Advoc. v. Stewart, 563 U.S. 247, 256 (2011); Edelman, 415 U.S. at 666–67. "Young has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past . . . ." Papasan v. Allain, 478 U.S. 265, 277–78 (1986). Plaintiff's claims against Defendants concern the latter scenario in that he seeks relief for Defendants' alleged due process violations between 2017 and 2022. In other words, Plaintiff seeks relief for a past harm, which may carry with it a "continuing liability . . . , but there is no ongoing violation[.]" Cotto v. Campbell, 126 F.4th 761, 769–70 (1st Cir. 2025). "[W]ithout an ongoing violation and future misconduct to enjoin, there is no prospective relief[.]" Id. at 768.

Accordingly, the district judge should grant Defendants' motion to dismiss and dismiss Plaintiff's remaining claims in the Complaint (Claims 3–6, 9–10, 13–37, 39) as being barred by sovereign immunity under the Eleventh Amendment.

## II. Judicial or Quasi-Judicial Immunity

The district judge should also grant Defendants' motions to dismiss as to Plaintiff's claims against Defendants Introcaso, DalPra, Derby, and King under judicial or quasi-judicial immunity.[6] Absolute judicial immunity bars claims "against judges for acts done in the exercise of their judicial functions." Suny v. KCP Advisory Grp. LLC, 152 F.4th 25, 29 (1st Cir. 2025) (internal quotation marks and citations omitted). The doctrine of quasi-judicial immunity extends the same absolute immunity to "public officials . . . who perform quasi-judicial functions." Coggeshall v. Mass. Bd. of Registration of Psych, 604 F.3d 658, 662 (1st Cir. 2010)).

Plaintiff contests Defendants' motions to dismiss on those grounds by asserting that judicial immunity does not extend to Defendants' actions, which include misconduct, and that § 1983 should be understood to eliminate judicial immunity. Doc. No. 25-1 at pgs. 15–17; Doc No. 26-1 at pgs. 12–14; Doc. No. 27-1 at pgs. 17–19. However, judicial and quasi-judicial immunity extends to the roles in which original Defendants acted as current and former state court judges, and a

[6] The NHJB asserts that claims against the NHSC should be dismissed under judicial immunity. Doc. No. 20-1 at ¶ 24. While the court generally agrees that the NHSC would be entitled to judicial immunity in this case, Plaintiff named the NHJB as a defendant. Doc. No. 1 at ¶ 8; see Toro v. Rhode Island, No. C.A.08-064S, 2008 WL 2973035, at *3 (D.R.I. Aug. 1, 2008) ("For the purposes of judicial immunity, courts and judges have been treated as synonymous." (citations omitted)), R&R adopted, No. C.A.08-64S, 2008 WL 4361240 (D.R.I. Sept. 16, 2008). However, for the reasons stated, the district judge should dismiss Plaintiff's claims against the NHJB (Claims 23–24, 29–30, 35–36) as being barred by sovereign immunity. In addition, the court observes that Plaintiff fails to state a claim for relief against the NHJB because it is an agency of the state and, therefore, does not constitute a "person" for purposes of a claim under 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002).

former marital master. Cok v. Cosentino, 876 F.2d 1, 2–3 (1st Cir. 1989) (judicial immunity applies to those "closely associated with the judicial process"); Turgeon v. Brock, No. 94–cv–569–SD, 1994 WL 529919, *2 (D.N.H. Sept. 29, 1994) (applying judicial immunity to marital master in New Hampshire).

Immunity also extends to the types of actions Defendants undertook in their judicial or quasi-judicial roles, including issuing orders, making recommendations, their behavior during court proceedings, and declining to provide transcripts of judicial investigations. Cok, 876 F.2d at 2–3 (judicial immunity applies to "non-judicial persons fulfilling quasi-judicial functions" with "absolute immunity from civil liability for any normal and routine judicial act[]"); Goldstein v. Galvin, 719 F.3d 16, 25 (1st Cir. 2013) ("Judicial acts are those that are intimately associated with the judicial function." (internal quotation marks and citations omitted)). "[A]llegations of malice, or bad faith or, . . . a claim of conspiracy will not defeat the protection of derivative absolute immunity . . . ." Cok, 876 F.2d at 3; Nystedt v. Nigro, 700 F.3d 25, 31 (1st Cir. 2012) ("The fact that a court-appointed discovery master performs a judicial function in an imperfect (or even unethical) way does not, by itself, dissolve his quasi-judicial immunity." (citation omitted)).

Finally, Plaintiff's argument that § 1983 does not apply to judicial immunity is incorrect. "[T]he Supreme Court has long held that judicial immunity (and by extension, quasi-judicial immunity) applies in actions under § 1983." Albrecht v. Sternenberg, No. 23-CV-381-JL-TSM, 2023 WL 9500621, at *4 & n.4 (D.N.H. Dec. 11, 2023) (citing Stump v. Sparkman, 435 U.S. 349, 355–56 (1978), 42 U.S.C. § 1983, and Bolin v. Story, 225 F.3d 1234, 1240 (11th Cir. 2000)), R&R approved, No. 23-CV-381-JL-TSM, 2024 WL 385363 (D.N.H. Feb. 1, 2024). Ultimately, Plaintiff's request for declaratory relief that state judges and a former marital master previously violated federal law would "be an impermissible advisory opinion" that is barred by judicial

immunity. See id. (quoting Justice Network Inc. v. Craighead Cnty., 931 F.3d 753, 763 (8th Cir. 2019)) (citing ACLU of Mass. v. U.S. Conference of Catholic Bishops, 705 F.3d 44, 53 (1st Cir. 2013))

For these reasons, the district court should grant Defendants' motions to dismiss and dismiss all claims against Defendants Introcaso, DalPra, Derby, and King in the Complaint (Claims 3–6, 9–10, 13–22, 25–28, 31–34, 37, 39) as being barred by judicial immunity.

## CONCLUSION

For the foregoing reasons, the district judge should grant Defendants' motions to dismiss (Doc. Nos. 18–20) and dismiss all remaining claims in his Complaint. Then, the Clerk may close this case.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

Talesha L. Saint-Marc
United States Magistrate Judge

August 28, 2026

cc: Dana Albrecht, pro se
Counsel of Record