**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **DANA ALBRECHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil No. 1:23-cv-00381-JL-TSM** |
| | ) | |
| **KATHLEEN STERNENBERG, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITIES AND NEWLY AVAILABLE RECORDS**

---

## I. NEW DEVELOPMENTS AFTER THE REQUEST FOR ADDITIONAL TIME

1. Plaintiff Dana Albrecht, *pro se*, submits Exhibits 1 through 8 to document newly available material bearing on his need for additional time to prepare responses to the August 28, 2026 Reports and Recommendations (Doc. Nos. 60 and 61). These materials concern judicial-conduct proceedings involving Gordon J. MacDonald, a proposed defendant in Plaintiff's First Amended and Supplemental Complaint (Doc. No. 55), and Plaintiff's efforts to obtain access to the records of those proceedings. They include the Justices' account of interviews conducted in a jury deliberation room in the Warren B. Rudman United States Courthouse, quoted in full below (¶6).

2. On September 11, 2026, Plaintiff moved for an extension through September 28, 2026, to respond to the two Reports and Recommendations. Doc. No. 62. None of the six documents designated Exhibits 3 through 8 had yet been issued or filed. Exhibits 1 and 2 were earlier filings in the previously confidential record. The developments described below therefore arose, or became available to Plaintiff, after his extension request.

3. On September 15, 2026, an alternate panel of the New Hampshire Supreme Court approved a Stipulation and Agreement between MacDonald and the Judicial Conduct Committee ("JCC"). The order identifies admitted violations of Canon 1, Rule 1.2, and Canon 2, Rules 2.5(A) and 2.13(A), concerning public confidence in judicial impartiality, the appearance of impropriety, and the administration of Dianne Martin's removal and reappointment. MacDonald agreed to resign upon approval of the stipulation. The court found the JCC's findings supported by the record and provided for public release of the record with specified redactions. Exhibit 3 at 1-3. That order followed Plaintiff's extension request by four days.

4. On September 18, 2026, the alternate panel directed public release of the filings and orders in Nos. JD-2026-0001 and JD-2026-0003, subject to specified redactions, and deemed Plaintiff's motion for reconsideration moot. Exhibit 4 at 1. MacDonald and the JCC then jointly sought redaction of references to a Statement of Formal Charges from the JCC's August 13 response to Plaintiff's access petition. Exhibit 5 ¶¶ 1-7. Justice Gould sought a stay of disclosure, and Justices Donovan and Countway joined. Exhibits 6 and 7. A single justice issued a temporary stay that day. Exhibit 8 at 1.

5. On September 21, 2026, the panel denied the redaction and stay motions and lifted the temporary stay. The order preserved the JCC's ability to withhold the unserved, unfiled Statement of Formal Charges, which had been vacated during settlement negotiations, and other JCC materials consisting of work product, internal memoranda, or deliberations. Exhibit 8 at 1. Plaintiff received the previously confidential materials on or about September 21. That was ten days after his extension request and only one week before the September 28 date requested in it.

## II. THE JUSTICES' STATEMENT CONCERNING THE FEDERAL COURTHOUSE

6. Among the newly available materials is the February 9, 2026 Emergency Motion for Protective Order and/or Injunction, filed with the JCC by MacDonald and Associate Justices Donovan, Countway, and Gould through Attorney Richard J. Lehmann. The motion sought to prohibit disclosure of

the existence of the committee-initiated inquiry. Exhibit 1 at 1 & at 6. Paragraph 20 states in full:

> Attorney Waystack interviewed Justices Donovan and Countway in a jury deliberation room in the United States District Court building. Members of the public do not ordinarily have access to that part of the federal courthouse, and it is only reasonable to assume that in order gain that access, statements were likely made to someone in the federal court. It would be pure speculation to guess exactly what was said and exactly to whom, but the extraordinary nature of the access provided reasonably raises concern about whether confidentiality has already been compromised.

Exhibit 1 ¶ 20.

7. This passage identifies the reported location of interviews of two New Hampshire Supreme Court Justices and raises questions about the circumstances of access to that location. The motion itself distinguishes that account from speculation about what was said and to whom. Plaintiff needs time to examine the statement in the context of the newly released record and determine whether it bears on any issue requiring presentation to this Court.

8. The February motion also identifies Plaintiff by name, describes him as "a longstanding critic of the judicial branch," and refers to his separate state records-access action, *Albrecht v. MacDonald*, No. 226-2025-cv-00705. Exhibit 1 ¶ 13. Counsel for MacDonald subsequently opposed Plaintiff's petition for access to the case record. Exhibit 2 ¶¶ 3-5. The materials thus include statements specifically concerning Plaintiff and his litigation, as well as the account of the interviews in a jury deliberation room of the Warren B. Rudman United States Courthouse.

## III. WHY THE NEW MATERIALS REQUIRE ADDITIONAL REVIEW TIME

9. The eight exhibits comprise 34 pages and include three court orders, the Justices' February motion, MacDonald's August response, and the September motions concerning disclosure. Exhibit 5 also contains the JCC's eleven-page August 13 response to Plaintiff's access petition. That response states that, pursuant to the court's August 10 order, it was submitted without service on Plaintiff. Exhibit 5, Ex. A at 1, 10. Counsel for the

Associate Justices likewise stated that he had not served Plaintiff with the September 18 stay motion or joinder. Exhibit 7 at 1.

10. These materials require Plaintiff to distinguish the court's findings and dispositions from the parties' assertions; examine the context of the statement from Exhibit 1 about the Warren B. Rudman United States Courthouse quoted in ¶6, *supra*; and compare the newly available information with the proposed amended complaint and the reasoning of the two Reports and Recommendations. That review is necessary to determine which matters, if any, should be addressed in specific objections or by a separate motion, and to support any resulting submission with accurate citations to the record.

11. Plaintiff's September 11 request could not account for orders and motions that had not yet been issued or filed. The subsequent release also gave him access to earlier filings that he had not previously received. These developments added a distinct review task during the period for which he had already requested more time. Plaintiff submits the documents and this chronology to explain the additional work occasioned by their recent availability.

12. Plaintiff respectfully submits this Notice and the accompanying exhibits in support of his need for further time to prepare his responses. The requested extension and proposed deadline will be set out in a separate motion. This Notice identifies the new materials and their timing; their substantive application will be addressed after review in the appropriate filing.

Respectfully submitted,

DANA ALBRECHT
*Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

Dated: September 29, 2026

**CERTIFICATE OF SERVICE**

I, Dana Albrecht, certify that a copy of this Notice has been served on all parties of record via the CM/ECF system.

Dana Albrecht

Dated: September 29, 2026

**LIST OF EXHIBITS**

1. Exhibit 1 - Emergency Motion for Protective Order and/or Injunction, JCC Case No. JD-25-079-CII (Feb. 9, 2026), filed on behalf of Chief Justice MacDonald and Associate Justices Donovan, Countway and Gould by and through counsel Richard J. Lehmann (7 pp.)

2. Exhibit 2 - Response of Chief Justice Gordon J. MacDonald to Petition for Access to Case Record, No. JD-2026-0001 (Aug. 19, 2026), redacted version released by the court (3 pp.)

3. Exhibit 3 - Order, In the Matter of Gordon J. MacDonald, No. JD-2026-0004 (Sept. 15, 2026), approving Stipulation and Agreement and accepting resignation (3 pp.)

4. Exhibit 4 - Order, Nos. JD-2026-0001 and JD-2026-0003 (Sept. 18, 2026), vacating confidentiality designations and making filings publicly available (2 pp.)

5. Exhibit 5 - Emergency Joint Motion to Redact, with Exhibit A, No. JD-2026-0001 (Sept. 18, 2026), filed by counsel for Chief Justice MacDonald and for the Judicial Conduct Committee (14 pp.)

6. Exhibit 6 - Emergency Motion to Stay, No. JD-2026-0001 (Sept. 18, 2026), filed on behalf of Associate Justice Gould (2 pp.)

7. Exhibit 7 - Notice of Joinder of Emergency Motion to Stay, No. JD-2026-0001 (Sept. 18, 2026), filed on behalf of Associate Justices Donovan and Countway (2 pp.)

8. Exhibit 8 - Order, Nos. JD-2026-0001 and JD-2026-0003 (Sept. 21, 2026), denying the Emergency Motion to Stay and the Emergency Joint Motion to Redact and lifting the temporary stay (1 p.)