CONFIDENTIAL – FILED UNDER SEAL

THE STATE OF NEW HAMPSHIRE

SUPREME COURT – ALTERNATE PANEL
2026 TERM

JD-2026-0001

*Submitted to the Substitute Panel specially assigned pursuant to RSA 490:3, II - Nadeau, J. (Ret.), and Attorri, Honigberg, MacLeod, and Kennedy, JJ., Superior Court Justices*

## RESPONSE TO PETITION FOR ACCESS TO CASE RECORD

NOW COME Chief Justice Gordon J. MacDonald's counsel and respectfully files this Response to the Petition for Access to Case Record filed by Dana Albrecht. Chief Justice MacDonald's counsel state as follows:

1. On August 11, 2026, counsel for Chief Justice Gordon J. MacDonald became aware through this Honorable Court's Order that on August 10, 2026, Dana Albrecht filed a Petition for Access to the Case Record in this matter pursuant to New Hampshire Supreme Court Rule 12 (3).

2. As has been previously noted to this Court by the undersigned counsel, Chief Justice MacDonald remains [redacted] and thus is unable to provide any direction at this time.

3. Nonetheless, counsel for Chief Justice MacDonald now makes this Objection to the Petition for Case Access filed by Dana Albrecht. This proposed case access stands to irreparably damage the standing and reputation of the Chief Justice MacDonald by releasing protected medical information revealed to this Honorable Court, as well as the details of the pendency of an investigation by the Judicial Conduct Committee, threatening his constitutionally protected liberty. State v. Veale, 158 N.H. 632, 638 (2009) (recognizing "ample support in our [New Hampshire] jurisprudence for the proposition that reputational stigma can, by itself, constitute a deprivation of liberty deserving due process"); Gantert v.

City of Rochester, 168 N.H. 640, 648 (2016) ("We have held that an interest in one's reputation, particularly in one's profession, is significant and that governmental actions affecting it require due process.").

4. Moreover, New Hampshire Supreme Court Rule 40 (3)(a) expressly provides that "all proceedings" and materials developed or received by the Judicial Conduct Committee "shall be confidential." Rule 40 (3)(b) further requires that the Reporter and Judge keep confidential the filing of a judicial misconduct report and any committee action until "either the report is dismissed, a statement of formal charges is prepared and filed as described in section 9(a) of this rule, or the committee has disposed of the report by taking appropriate remedial action." In this case, none of these three conditions which would otherwise allow for the disclosure of these proceedings involving Chief Justice MacDonald have occurred. Thus, Supreme Court Rule 40 (3) requires that these proceedings remain confidential.

5. Granting case access to the Petitioner, Dana Albrecht, would essentially allow for the broader public release of all information contained herein. This would amount to the disclosure of all information previously revealed in the interest of candor and transparency to this Court with the understanding that it remain confidential and under seal. Thus, his request should be denied at this juncture.

WHEREFORE, Counsel for Chief Justice Gordon J. MacDonald respectfully requests that this Honorable Court:

A. Deny the Petition for Case Access filed by Dana Albrecht;

B. Schedule a hearing on this matter, if necessary; and

C. Grant any other further relief as is just and necessary.

CONFIDENTIAL – FILED UNDER SEAL

Respectfully submitted,

Chief Justice Gordon J. MacDonald,
By and Through His Attorneys,

MCDOWELL & MORRISSETTE, P.A.

Dated: August 19, 2026

By: */s/Jane E. Young*
Jane E. Young, Esq. (#7946)
282 River Road
Manchester, NH 03104
(603) 623-9300
JYoung@mcdowell-morrissette.com

By: */s/Mark D. Morrissette*
Mark D. Morrissette, Esq. (#10033)
282 River Road
Manchester, NH 03104
(603) 623-9300
mmorrissette@mcdowell-morrissette.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served through the Court's electronic filing system.

*/s/Jane E. Young*
Jane E. Young