# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

## ORDER

## JD-2026-0004, In the Matter of Gordon J. MacDonald

On September 9, 2026, the Judicial Conduct Committee (JCC) filed a Summary Report of its proceedings, findings, and recommendations in JC-2025-0079-C, In re: The Honorable Gordon J. MacDonald, and a certified copy of the record of its proceedings in the matter.

According to the JCC's Summary Report, Chief Justice MacDonald admitted that he had violated three canons of the Code of Judicial Conduct. The JCC's Summary Report includes Exhibits A-Q ("Record"), which includes, inter alia, a copy of the Complaint (Ex. O), Chief Justice MacDonald's Response to the Complaint (Ex. P), and the Stipulation and Agreement (Ex. Q). In the Stipulation and Agreement, which is executed by the parties, Chief Justice MacDonald admits to committing specific violations of the Code of Judicial Conduct, acknowledges that the JCC would enter findings that he had violated those provisions of the Code of Judicial Conduct, and waives his right to a de novo hearing on the charges. In addition, he acknowledges that the JCC's findings and disposition would be final pursuant to New Hampshire Supreme Court Rule 40(12)(d)(1) and (2). In addition, Chief Justice MacDonald agrees to resign his judicial appointment, effective upon this Court's approval of the Stipulation and Agreement.

The Summary Report and the Stipulation and Agreement set forth the uncontested and agreed upon findings that Chief Justice MacDonald violated the following sections of the Code of Judicial Conduct and that the violations warrant formal discipline, see Supreme Court Rule 40(12)(d):

a. Chief Justice MacDonald, in violation of Canon 1, Rule 1.2, failed to act in a manner that promotes public confidence in the impartiality of the judiciary and failed to avoid the appearance of impropriety.

b. Chief Justice MacDonald, in violation of Canon 2, Rule 2.5 (A), failed to perform his administrative duties competently and diligently in

connection with the characterization, processing and public explanation of Dianne Martin's removal and reappointment, including by bypassing established Judicial Branch rules and procedures in extending her a position without the competitive, merit-based process required of other Judicial Branch employees.

c. Chief Justice MacDonald, in violation of Canon 2, Rule 2.13 (A), failed to exercise the power of administrative appointment impartially and on the basis of merit, and failed to avoid favoritism with respect to the removal of Dianne Martin as Director of the Administrative Office of the Courts (AOC) and appointment as Bar Counsel.

Rule 40(13) provides the Court's procedure when the JCC determines that a judge has violated the Code of Judicial Conduct and determines that the violations warrant formal disciplinary action by the Supreme Court. This Rule states "[u]pon receipt of a report of the findings and record of the proceedings before the committee under section 12(d)(2), or after a de novo hearing before a judicial referee under subsections 12(c)(1) and 12(d)(1), the supreme court shall set the matter down for briefing and oral argument which shall be open to the public." However, considering Chief Justice MacDonald's acknowledgement of the violations, the terms of the executed Stipulation and Agreement, and because the parties have not requested a hearing, the Court finds that a hearing is unnecessary.

Accordingly, after careful review of the Record, the Court determines that the JCC's findings of fact are supported by the Record. See Rule 40(13). The Court also approves the Stipulation and Agreement. Further, the Court finds that because Chief Justice MacDonald has resigned as a judge, no additional disciplinary action is available.

Also, in accordance with Rule 40(13-A), and the terms of the Stipulation and Agreement, Chief Justice MacDonald is ordered to reimburse the AOC for the attorney's fees and expenses that the JCC incurred to investigate and prosecute the matter. Payment shall be made on or before December 31, 2026.

Finally, it is noted that Exhibit P to the Record was submitted to the Court with certain redactions. Upon review of Exhibit P, the Court has noted that a limited number of additional, non-substantive redactions are appropriate to protect personal email addresses, home addresses, personal telephone numbers, and confidential call-in codes. The Clerk of Court has made those additional, non-substantive redactions to Exhibit P and provides the parties with a redacted version of Exhibit P which may be made available to the public, along with all

other sections of the Record, upon issuance of this Order. In light of this Order, the motion to seal the Record is moot.

Nadeau, J., retired Superior Court Chief Justice, and Attorri, Honigberg, MacLeod, and Kennedy, JJ., Superior Court Justices, all specially assigned by Supreme Court order, concurred.

So ordered.

DATE: September 15, 2026

ATTEST:

Timothy A. Gudas

**Timothy A. Gudas, Clerk**

Distribution:
Judicial Conduct Committee, JC-25-079-C
Philip R. Waystack, Jr., Esq.
Andrew F. Cotrupi, Esq.
Mark D. Morrissette, Esq.
Jane E. Young, Esq.
Hunter D. Aldenberg, Esq.
George D. Jonson, Esq.
David J. Sachar, Esq.
File