CONFIDENTIAL – FILED UNDER SEAL

THE STATE OF NEW HAMPSHIRE

SUPREME COURT – ALTERNATE PANEL
2026 TERM

Case No. JD-2026-0001

*Submitted to the Substitute Panel specially assigned pursuant to RSA 490:3, II - Nadeau, J. (Ret.), and Attorri, Honigberg, MacLeod, and Kennedy, JJ., Superior Court Justices*

IN RE: Petition for Access to Case Record

**EMERGENCY JOINT MOTION TO REDACT**

NOW COME Gordon J. MacDonald, by and through counsel, and the Judicial Conduct Committee, by and through counsel, and respectfully files this Emergency Motion to Redact the Judicial Conduct Committee's reference to a Statement of Formal Charges against Chief Justice Gordon MacDonald. The Parties provide as follows:

1. On August 13, 2026, the Judicial Conduct Committee (JCC) filed with this alternate panel of the New Hampshire Supreme Court a Response to the Rule 12(3) Petition of Dana Albrecht requesting access to the case record of JD-2026-0001. In this filing, the JCC makes several references to a "not-yet-served Statement of Formal Charges" in reference to the matter of Gordon J. MacDonald.

2. These references are contained in paragraphs 3, 4, 10, and 13(f) of the JCC's Response.

3. The JCC had expressed an intention through its counsel, Philip Waystack, Esq., that it would seek the redaction of these references before the disclosure of these pleadings to the public.

4. On this day, September 18, 2026, the New Hampshire Supreme Court alternate panel issued an Order directing the public release of several documents, among them the JCC's

Response to the Petition by Dana Albrecht which contains the references to a Statement of Formal Charges.

5. As part of the agreement between the parties in this case, a Statement of Formal Charges has been vacated and all references to it in prior pleadings were sought to be removed or redacted.

6. The Parties now seek to have these references, contained in paragraphs 3, 4, 10, and 13(f) of the JCC's Response, redacted before this filing is publicly released pursuant to the Court's Order of September 18, 2026.

7. For the ease of this Honorable Court, the proposed redactions are highlighted below and attached as Exhibit A.

WHEREFORE Chief Justice Gordon J. MacDonald respectfully requests:

A. Order that the requested redactions to the JCC Response be completed;

B. Order that this filing remain under seal due to the references herein;

C. Grant any other and further relief as may be deemed appropriate and just.

Respectfully submitted,

Gordon J. MacDonald
By and Through Counsel:

/s/Jane E. Young
Jane E. Young, Esq., Bar #7946

/s/Mark D. Morrissette
Mark D. Morrissette, Esq., Bar #10033

/s/Hunter Aldenberg
Hunter Aldenberg, Esq., Bar #278751

Respectfully submitted,

The Judicial Conduct Committee
By and Through Counsel:

/s/ Philip R. Waystack
Philip R. Waystack, Esq., Bar #2672

Certificate of Service

The foregoing Emergency Joint Motion to Redact has this day been served on all counsel of record through the Court's electronic filing system.

Dated: September 18, 2026

/s/ Hunter D. Aldenberg
Hunter D. Aldenberg

EXHIBIT
A

CONFIDENTIAL – FILED UNDER SEAL

**THE STATE OF NEW HAMPSHIRE**
**SUPREME COURT**

**Case No. JD-2026-0001**

Petition of Dana Albrecht

**RULE 12(3) PETITION FOR ACCESS TO**

**CONFIDENTIAL CASE RECORDS: JD-2026-0001**

*Submitted by the Judicial Conduct Committee, by its Counsel, in response to the order of notice issued August 10, 2026 under N.H. Sup. Ct. R. 12(3)(b). The Committee is not a party to Mr. Albrecht's petition but has an interest in the confidentiality of its own investigative record, portions of which are implicated by the relief requested. Pursuant to that order, this response is submitted to the Court and is not served on Mr. Albrecht.*

**RESPONSE OF THE JUDICIAL CONDUCT COMMITTEE TO THE RULE 12(3) PETITION OF DANA ALBRECHT, AND REQUEST FOR VACATUR OF SCHEDULING ORDER AND IMMEDIATE RELIEF (OBJECTING IN PART AND TAKING NO POSITION IN PART)**

The Judicial Conduct Committee ("JCC" or "the Committee"), by its Counsel, Andrew F. Cotrupi and Philip R. Waystack, respectfully responds to the Rule 12(3) petition filed by Dana Albrecht on August 10, 2026, and further requests that any scheduling order contemplating additional briefing or process on the Committee's pending Rule 40(3)(f) Motion be vacated and that motion be granted now. The Committee agrees with Mr. Albrecht's general premise: greater public disclosure of the scope of this investigation is critical to public confidence, and the Committee has independently sought that disclosure through its own pending motion. The Committee asks only that the specific relief requested be tailored, in the limited respects below, to the confidentiality Rule 40 affords to material not yet ripe for disclosure.

## I. SUMMARY OF POSITION

1. The Committee agrees, as a general matter, that greater public disclosure of the scope of this investigation is critical to public confidence in its work, and it does not ask the Court

to deny this petition. It asks only that the relief granted be tailored in the respects set forth below.

2. The Committee supports confirming that a Committee proceeding exists and its general subject matter, consistent with Rule 40(3)(f), and has already sought that relief through its own pending Rule 40(3)(f) Motion, filed in Complaint No. JC-25-079-C and Inquiry No. JC-25-079-CII. The Committee submits that its motion should be the vehicle for that disclosure.[1]

3. The Committee objects, however, to disclosure of its investigative record — the identities of witnesses, evidentiary material, and the not-yet-served Statement of Formal Charges — which is governed by Rule 40(2) and Rule 40(9) and is not part of the JD-2026-0001 file this petition addresses. As to the JD-2026-0001 petition, appendices, and related filings themselves, which were filed by and concern the Petitioner-Justices, the Committee takes no position.

## II. BACKGROUND

4. The Committee has investigated the circumstances of Dianne Martin's employment with the Administrative Office of the Courts (AOC) since November 2025 under the Judicial Conduct Committee's ("JCC" or "the Committee") Complaint No. JC-25-079-C and Inquiry No. JC-25-079-CII. The investigation supports formal charges against Chief Justice Gordon J. MacDonald. Given the particular procedural facts here — Chief Justice MacDonald [redacted] has prevented personal service on him — the Committee is

---

[1]Public transparency is not a modern administrative convenience, but a bedrock condition of the rule of law. See Louis D. Brandeis, Other People's Money and How the Bankers Use It 92 (1914) (arguing that "[s]unlight is said to be the best of disinfectants"); see also Lord Acton, Letter 74 (Jan. 23, 1861), in Lord Acton and His Circle 166 (Abbot Gasquet ed., 1906) (warning that "[e]very thing secret degenerates, even the administration of justice").

awaiting service before publicly disclosing the Statement of Formal Charges. Its substance has been provided to his counsel but has not otherwise been publicly disclosed.

5. On March 17, 2026, the Committee found the elements of Rule 40(3)(f) concerning the issuance of a public statement about the existence of an investigation to be satisfied. On June 26, 2026, this Court entered an interim order in Case No. JD-2026-0001, on the Petitioner-Justices' Rule 40(3)(g) petition, restricting public statements and freezing Rule 40's confidentiality protections pending resolution. The Committee filed its Rule 40(3)(f) Motion seeking leave to issue a statement confirming the pendency and general subject matter of its investigation; that motion remains pending.

6. On August 10, 2026, Mr. Albrecht filed this Rule 12(3) petition.

## III. THE COMMITTEE'S PENDING RULE 40(3)(F) MOTION IS THE APPROPRIATE VEHICLE FOR THE THRESHOLD DISCLOSURE MR. ALBRECHT SEEKS

7. Rule 40(3)(f) supplies a more specific and calibrated mechanism for the threshold disclosure Mr. Albrecht seeks than a Rule 12 order addressed to a different case record. The Committee's pending Rule 40(3)(f) Motion already asks this Court for leave to confirm the existence and general subject matter of its proceeding, while withholding the evidentiary and investigative material Rule 40 protects at this stage. The court should allow that motion to resolve the threshold-disclosure question before ordering the broader relief sought here.

8. Mr. Albrecht's own petition confirms as much. Its attachments — a contract between the Judicial Branch and a communications consultant retained to address "public trust and confidence," Petition of Dana Albrecht, Ex. 2; excerpts of a witness interview transcript

describing the events underlying this investigation, id. Ex. 3; and an interagency personnel memorandum, id. Ex. 4 — already place far more before the public than the Committee's Proposed Statement seeks to disclose. Measured against material Mr. Albrecht himself has placed in the public record, confirming only that a Committee proceeding exists and its general subject matter is not an expansive request. It is the minimum consistent with the operation of a public body in an open society, and it would be difficult to sustain the position that this narrow confirmation exceeds what transparency already requires. Mr. Albrecht's petition also confirms the need for immediate relief: a private citizen has felt compelled to seek relief directly from this Court because of the shroud of secrecy surrounding this matter. That a member of the public would resort to litigation to learn what the Committee is prepared to say on its own underscores why this petition, too, warrants prompt resolution.

## IV. RULE 40, NOT RULE 12, GOVERNS THE COMMITTEE'S OWN INVESTIGATIVE RECORD

9. The Committee objects to any disclosure of its investigative file in Complaint No. JC-25-079-C and Inquiry No. JC-25-079-CII. That file is not part of the JD-2026-0001 record, and its confidentiality is governed by Rule 40, not Rule 12.

10. Landmark Communications, Inc. v. Virginia, 435 U.S. 829, 834–35 (1978), cited by Petitioner, observes that judicial-discipline confidentiality traditionally held until a formal complaint reached the state supreme court. Given the particular procedural facts here — Chief Justice MacDonald's hospitalization has prevented personal service on him — the Committee is awaiting service before publicly disclosing its Statement of Formal Charges.

11. Rule 12 itself recognizes that confidentiality may arise from a "court rule." N.H. Sup. Ct. R. 12(1)(b)(5), 12(2), as characterized in Petitioner's filing. Rule 40 is such a rule, and examination under Rule 12(3)(c) should confirm that it applies and stop there, without proceeding to document-by-document constitutional balancing.

12. Nor has the Committee's investigative file become the kind of record to which the constitutional right of access Petitioner invokes even attaches. That right reaches only records "important and relevant to a determination made by the court in its adjudicatory function." Associated Press v. State of N.H., 153 N.H. 120, 134 (2005), as characterized in Petitioner's filing. No court is presently adjudicating anything on the basis of the Committee's investigative file, so that right has not yet attached to it.

## V. PART 1, ARTICLE 35 DOES NOT REQUIRE DISCLOSURE ON THIS RECORD

13. Article 35 does not require disclosure here. Mr. Albrecht identifies no pending litigation or litigant raising a recusal question, and his own petition preserves the theory only "to the extent the Rule 12 review reveals" one.

## VI. ITEM-BY-ITEM RESPONSE TO THE PRAYERS FOR RELIEF

For the Court's convenience, the Committee responds to each of Mr. Albrecht's lettered prayers for relief as follows:

(a) *Order of notice to parties and persons with standing.* **No objection:** This is a procedural requirement of Rule 12(3)(b) for the Court to apply.

(b) *Examination of the complete case record by a single justice or judicial referee.* **No position:** Whether and how examination should proceed is for the Court to determine under Rule 12(3)(c). Should the Court order examination, the Committee asks the Court to

consider whether a substitute judicial officer should conduct it, given the conflicts already recognized in this matter, and whether the Committee's investigative file in JC-25-079-C or JC-25-079-CII — governed by Rule 40, not Rule 12 — falls within its scope.

(c) *A public ruling identifying the procedural source, posture, and basis for any nondisclosure.* **No position:** The scope and content of any public ruling is for the Court to determine under Rule 12(3)(d). The Committee notes only that, as to its own investigative file, Rule 40 itself supplies the basis for confidentiality, consistent with Rule 12(1)(b)(5) and 12(2).

(d) *Public inspection of any Supreme Court confidentiality order, as required by Rule 12(2)(d), with necessary redactions.* **No objection:** This is a procedural requirement of Rule 12(2)(d) for the Court to apply; it does not implicate the Committee's investigative record.

(e) *Access to the docket card and case records of JD-2026-0001 "to the fullest extent permitted by law."* **No position:** This request concerns the Petitioner-Justices' own filings, and the appropriate scope of access is for the Court to determine. The Committee takes no position, except to note that any resulting order should not reach the Committee's investigative record.

(f) *Separate determination whether threshold information — including the identity of the judicial officer implicated, procedural posture, pendency, and disposition — may be disclosed.* **No position:** Whether Rule 12 itself requires disclosure of this information is for the Court to determine. The Committee notes that it has independently sought disclosure of the existence and general subject matter of its proceeding through its own pending Rule 40(3)(f) Motion, and that its Proposed Statement reveals only that information. Regardless of how the Court resolves the remainder of this prayer, the

Committee objects to disclosure of investigative material, witness identities, or the substance of the not-yet-served Statement of Formal Charges.

(g) *Redaction, partial disclosure, delayed disclosure, or other less restrictive alternatives to complete sealing.* **No position:** The appropriate methodology, if any disclosure is ordered, is for the Court to determine; Rule 12(2) and 12(3) already give the Court the tools to calibrate disclosure in this way.

(h) *Public findings of fact and rulings of law supporting any continued nondisclosure.* **No objection:** This is a procedural requirement of Rule 12(3)(d) for the Court to apply.

(i) *Such other relief as is just and equitable.* **No position:** The Committee takes no position on relief not otherwise addressed above.

## VII. CONCLUSION AND REQUEST FOR FURTHER RELIEF

14. The Committee agrees that continued silence no longer serves Rule 40's purposes and has already moved for leave to correct it under Rule 40(3)(f). The Committee asks that the Court treat that motion as the vehicle for the threshold disclosure Mr. Albrecht seeks, and that any order here preserve the confidentiality Rule 40 affords to the Committee's investigative record.

15. The degree of litigation this matter has generated is difficult to square with how much is already part of the public record through sources independent of the Committee. The Court itself has already spoken once: on November 25, 2025, it issued its own public release addressing the Attorney General's findings concerning the events underlying this investigation, offering its own account of what occurred. Having already characterized those underlying facts publicly, it is difficult to see what confidentiality interest is served

by continued, extensive process before the Committee may take the far narrower step of confirming that a proceeding exists at all. That degree of litigation has led this matter far astray of the Committee's fundamental purpose — fostering public confidence in the judiciary and protecting the public — and further afield with each round of briefing.

16. The Committee further requests that any scheduling order contemplating additional briefing or process before its Rule 40(3)(f) Motion is resolved be vacated, and that the relief requested there — issuance of the Proposed Statement — be granted now. Talking about transparency is not the same thing as practicing it. As Mark Twain observed, "Actions speak louder than words, but not nearly as often." The word "transparency" is a particularly apt illustration of that gap. As Justice Holmes explained, "[a] word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." Towne v. Eisner, 245 U.S. 418, 425 (1918). "Transparency" can mean the calibrated, rule-based disclosure Rule 40(3)(f) provides — which the Committee has already acted on through its pending motion — or it can mean an unbounded demand for whatever a petitioner wishes to see. The Committee respectfully submits that prompt resolution is the surest way to avoid the impression — one this matter has already generated more than once — that transparency is being discussed rather than delivered.

17. The pace of this Judicial Conduct investigation reflects deliberate care, not delay for its own sake. Given the sensitivity inherent in any investigation touching the judiciary's own leadership, and the need to obtain testimony from within the Judicial Branch itself, the Committee has proceeded with more caution and extended more courtesy than an ordinary matter might warrant. Continuing to layer briefing schedules and extended process onto

that investigation caution does not serve the very purpose of judicial discipline this Court has recognized — fostering public confidence and protecting the public, not punishment, see In re Coffey, 157 N.H. 156, 170 (2008), discussed further below. It is now time for the process the rules themselves contemplate to proceed.

18. Those petitioners who seek to conceal these known facts are acting contrary to the explicit purpose of the judicial conduct process, in New Hampshire and nationally: protecting the public and maintaining public confidence. "Under the New Hampshire Constitution, it is a privilege, not a right, to hold judicial office." In re Coffey, 157 N.H. 156, 170, 949 A.2d 102 (2008). It is not the individual preferences, desires, or concerns of any judge that control; it is maintaining public confidence in the judiciary. Sixty-five pages of briefing arguing against the issuance of an exceedingly limited, fact-based public statement do not maintain public confidence. This principle is not merely persuasive out-of-state authority; it reflects the New Hampshire Supreme Court's own understanding of why judicial discipline exists in the first place. "Accordingly, we exercise our disciplinary authority not to punish, but rather to 'foster[] public confidence in the judiciary,' Petition of Thayer, 145 N.H. 177, 180, 761 A.2d 1052 (2000), and protect 'the public from further acts of misconduct,' Snow's Case, 140 N.H. 618, 621, 674 A.2d 573 (1996)."; see generally In re Coffey *supra*. Requiring extended process before the Committee may say anything at all about a pending matter serves neither of those controlling purposes.

> *If the process given consumes what is trying to be accomplished, then the system defeats itself. The objective of these proceedings is to maintain the integrity of the judiciary, not to provide an arena for endless procedural jousting.*[2]

19. New Hampshire's own rule already draws this line, so no further judicial gloss is needed. Rule 40(3)(f) permits only a statement confirming the existence of an investigation, clarifying its procedural posture, and affirming the judicial officer's right to a fair hearing without prejudgment — the kind of neutral, factual announcement envisioned by Rule 40, and that courts have held raises no due process concern, see In re Deming, 108 Wash. 2d 82, 736 P.2d 639 (1987) (cited in In re Coffey, 157 N.H. at 172). The Proposed Statement observes that same limit.

Dated: August 13, 2026

Respectfully submitted,

**JUDICIAL CONDUCT COMMITTEE,**

By its Counsel,

By: */s/ Andrew F. Cotrupi*
Andrew F. Cotrupi, Esquire

By: */s/ Philip R. Waystack*
Philip R. Waystack, Esquire

**CERTIFICATE OF SERVICE**

Pursuant to this Court's August 10, 2026 Order in Case No: JD-2026-0001, this response **has not been served or sent to** Dana Albrecht, and has been filed with the Court for its review under Rule 12(3)(d) to determine whether, and in what form, a copy should be provided to Mr. Albrecht.

By: */s/ Philip R. Waystack*
Philip R. Waystack, Esquire

[2] In re Inquiry Relating to Rome, 218 Kan. 198, 205, 542 P.2d 676, 683 (1975); see also In re Coffey, 157 N.H. 156, 172, 949 A.2d 102 (2008) (also relying on Rome, 218 Kan. 198, 542 P.2d 676, 682, among the authorities informing the heightened standards this Court applies to judicial discipline).

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing response has been served this 13th day of August, via this Court's electronic filing system and/or first class mail to Richard J. Lehmann, Esquire, counsel for the Honorable Patrick E. Donovan, the Honorable Melissa Countway, and the Honorable Bryan Gould, and Jane E. Young, Esquire, Mark D. Morrissette, Esquire, Hunter D. Aldenberg, Esquire, George D. Jonson, Esquire and David J. Sachar, Esquire, counsel for Chief Justice Gordon J. MacDonald in Case No. JD-2026-0001.

By: */s/ Philip R. Waystack*
Philip R. Waystack, Esquire