**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **DANA ALBRECHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil No. 1:23-cv-00381-JL-TSM** |
| | ) | |
| **KATHLEEN STERNENBERG, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITIES AND NEWLY AVAILABLE RECORDS

## I. THE SEPTEMBER 15 RECORD AND THE NEED FOR ADDITIONAL TIME

1. Plaintiff Dana Albrecht, *pro se*, submits six exhibits totaling 762 pages in support of his need for additional time to prepare objections to the August 28, 2026 Reports and Recommendations (Doc. Nos. 60 and 61). The principal exhibit is the 583-page Response and Appendix of Chief Justice Gordon J. MacDonald in the disciplinary proceeding that culminated in his resignation. MacDonald is a proposed defendant in Plaintiff's First Amended and Supplemental Complaint (Doc. No. 55).

2. Plaintiff obtained the 583-page record on September 15, 2026, when the New Hampshire Supreme Court released it to the public. He did not have it before that date. Its receipt came four days after his September 11 extension request (Doc. No. 62) and thirteen days before the September 28 date requested in that motion. This Notice supplements Plaintiff's September 29 Notice (Doc. No. 63), which addressed the related access proceedings, Nos. JD-2026-0001 and JD-2026-0003. It identifies the newly received record and the additional review it requires.

3. On September 15, 2026, an alternate panel of the Supreme Court approved the Stipulation and Agreement between MacDonald and the Judicial Conduct Committee ("JCC") and accepted his resignation. The order also provided for public release of the disciplinary record, including Exhibit P with additional redactions protecting personal contact information and call-in codes. Exhibit 1 at 1-3. Exhibit 1 is the same order filed as Exhibit 3 to Doc. 63 and is included here to establish the context of the accompanying record.

4. Exhibit 2 is the court-redacted Exhibit P: MacDonald's fifty-six-page Response to thirty-four numbered questions, a three-page index, and forty-two appendix items. The Appendix includes his personal narrative, institutional reports, internal Supreme Court emails, texts and notes, the Justices' October 31, 2025 public statement, the Attorney General's report of its interview of Dianne Martin, and Division of Personnel notes. These are MacDonald's answers and supporting materials, which must be distinguished from the JCC's findings and the Supreme Court's disposition. Exhibit 2 at 1-59 & Apps. 1-42.

## II. CONNECTIONS REQUIRING COMPARISON WITH EARLIER RECORDS

5. Exhibits 3 through 6 are public records Plaintiff obtained before September 15, 2026. They were not previously submitted; the newly released Response and Appendix now permit comparison of those records with MacDonald's account and the internal documents he supplies. The following examples illustrate the review required.

6. Exhibit 3 is the Judicial Branch's communications consulting contract with Legislative Solutions, effective retroactively to October 27, 2025. It places the work under the general counsel's supervision and states that it will be protected by attorney-client privilege and the work-product doctrine. Exhibit 3 at 1, ¶¶ 1, 3. The contract identifies Periklis Karoutas as the contractor's representative. Exhibit 3 at 6. MacDonald's Response identifies a consultant, spelled "Periklis Kiroutas," as the initial drafter of the Justices' October 31 statement and describes its review by the Justices and counsel. Exhibit 2 at 47-48 (Answer 23); App. 39, GJM RESP 0508-0509. The released account

thus supplies context for the earlier contract and the preparation of the public statement.

7. Exhibits 4 and 5 are redacted transcripts of the Attorney General's November 7 and November 3, 2025 witness interviews concerning Martin's employment. The November 3 witness attributes to Judge Keating the words, "This is not my idea, this is coming from the Chief," and states that she understood "the Chief" to mean MacDonald. Exhibit 5 at 51, ll. 4-8. MacDonald's Response describes the personnel decisions as collective decisions of the Justices made on advice of counsel, and identifies Division of Personnel notes as recording a call with Suzanne Gelinas, then the Judicial Branch's HR manager. Exhibit 2 at 37 (Answers 19a and 19b); App. 42, GJM RESP 0525-0528. The November 7 interview addresses the mechanics of Martin's departure and rehire. Exhibit 4 at 52, l. 23 to 53, l. 3; 60, ll. 11-19. These accounts require comparison with one another and with the Attorney General's interview of Martin, reproduced in Exhibit 2, App. 40, GJM RESP 0510-0516.

8. Exhibit 6 is the June 4, 2025 Governor and Executive Council agenda item seeking authorization for a human resources services agreement between the Department of Administrative Services and the Judicial Branch. The supporting May 15 letter describes substantial HR staff turnover and the resulting need for outside support. Exhibit 6 at p1-p2. The released Appendix includes earlier emails among Judge Keating, Judicial Branch HR personnel, and Division of Personnel staff concerning Martin's layoff, rehire, and benefits. Exhibit 2, Apps. 19, 22, 25-27, GJM RESP 0418-0421, 0428-0429, 0437-0454. Those documents add context to the staffing and administrative arrangements described in Exhibit 6.

## III. THE WORK REQUIRED TO PREPARE A SUPPORTED RESPONSE

9. Reviewing Exhibit 2 requires tracing references across forty-two appendix items, matching Bates citations to embedded documents with their own pagination, and accounting for redactions. The Response also incorporates materials outside its Appendix, including Martin's personnel file, Judicial Branch productions, and Attorney General investigative documents. Exhibit

2 at 56. The task therefore extends beyond reading 583 consecutive pages: it requires comparing the Response with its supporting documents and the earlier records, while keeping each source's statements and evidentiary status distinct.

10. Plaintiff must then compare the newly available information with his proposed amended complaint and the reasoning of both Reports and Recommendations to determine which matters, if any, warrant specific objections or a separate motion. The examples above identify that review task without asking the Court to resolve the underlying factual issues in this Notice. Plaintiff's September 11 request preceded his receipt of the record on September 15; the record's volume and its connections to earlier materials added substantial work during the period for which he had already requested additional time.

11. Plaintiff respectfully submits this Notice and the accompanying exhibits in support of his need for further time to prepare his objections. The requested extension and proposed deadline will be set out in a separate motion. Any substantive application of these materials will be addressed after review in the appropriate filing.

Respectfully submitted,

DANA ALBRECHT
*Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

Dated: September 29, 2026

**CERTIFICATE OF SERVICE**

I, Dana Albrecht, certify that a copy of this Notice has been served on all parties of record via the CM/ECF system.

Dana Albrecht

Dated: September 29, 2026

## LIST OF EXHIBITS

1. Exhibit 1 - Order, In the Matter of Gordon J. MacDonald, No. JD-2026-0004 (Sept. 15, 2026), approving Stipulation and Agreement, accepting resignation, and directing public release of the Record including a redacted Exhibit P (3 pp.)

2. Exhibit 2 - Exhibit P to the Record in No. JD-2026-0004: Response to Judicial Conduct Complaint by Chief Justice Gordon J. MacDonald, with Appendix items 1 through 42 (GJM RESP 0002 through 0528), court-redacted version released Sept. 15, 2026 (583 pp.)

3. Exhibit 3 - Contract between the New Hampshire Judicial Branch and Legislative Solutions for communications consulting services, effective retroactively to Oct. 27, 2025 through Mar. 31, 2026, executed for the contractor Jan. 10, 2026, redacted copy (7 pp.)

4. Exhibit 4 - Transcript of Nov. 7, 2025 interview of a witness (name redacted) by the N.H. Attorney General's Office, Review of Dianne Martin's Employment in Judicial Branch (70 pp.)

5. Exhibit 5 - Transcript of Nov. 3, 2025 interview of Suzanne Gelinas by the N.H. Attorney General's Office, Review of Dianne Martin's Employment in Judicial Branch (88 pp.)

6. Exhibit 6 - Governor and Executive Council agenda item 142 (June 4, 2025): DAS letter of May 15, 2025 and Memorandum of Understanding with the Judicial Branch for Human Resources Support Unit services, FY 2026 and 2027, not to exceed $400,910 (11 pp.)