# CONTRACT BETWEEN THE NEW HAMPSHIRE JUDICIAL BRANCH AND LEGISLATIVE SOLUTIONS

This contract (hereinafter "Contract") is between the State of New Hampshire Judicial Branch, by and through the Administrative Office of the Courts (hereinafter "NHJB"), of One Granite Place, Suite N400, Concord, New Hampshire 03301, and Legislative Solutions (hereinafter the "Contractor") with a principal business address of143 North Main Street, Suite 205, Concord, New Hampshire 03301and a mailing address of P.O. Box 4224, Concord, New Hampshire 03302 (hereinafter together the "Parties").

1. **Contract Overview.** The Contractor will provide expert consulting services related to communications strategies, developing an assessment of the Branch's current communications efforts, and identifying opportunities for improvement in order to promote public trust and confidence in the Judicial Branch. The Contractor's work will be supervised by NHJB's general counsel as part of her duty to protect the legal interests and public standing of the NHJB and will be protected by the attorney-client privilege and the work-product doctrine.

2. **Release of Documents.** This Contract and all its attachments may, upon execution, be subject to public disclosure in accordance with New Hampshire law. Any information that Contractor claims is private, confidential, or proprietary (collectively "Confidential") must be clearly marked as Confidential. If the NHJB receives a request for information that has been identified by the Contractor as Confidential, the NHJB will notify the Contractor if it intends to release the information so marked.

3. **Contract Term.** This Contract shall be effective retroactively to October 27, 2025 and shall remain in full force and effect until March 31, 2026, or until such time as it is terminated in accordance with this Contract, whichever is sooner.

4. **Consultant Services and Status.** The scope of services is set forth in Appendix A, which are attached and made part of this Contract by reference. The Contractor is an independent contractor to the NHJB. As an independent contractor, the Contractor shall be solely responsible for any and all tax liabilities accruing from the compensation and funds received under this Contract. Nether this Contract nor any other work they perform for the NHJB shall entitle the Contractor to receive fringe benefits such as annual leave, administrative leave, health insurance, dental insurance, or retirement contributions. Nothing in this Contract shall be construed to grant the Contractor any rights as a regular, probationary, or temporary employee in the services of the NHJB. In its capacity as an independent contractor, the Contractor agrees and represents, as follows:

(a) The Contractor shall select the days and hours of work as long as the services are performed timely.
(b) The Contractor is not required to devote a certain number of hours to the performance of services required by this Contract.
(c) The Contractor has the right to perform services for others during the term of this Contract.
(d) The Contractor has the right to control and direct the means, manner, and method by which the services required by this Contract shall be performed.
(e) The Contractor shall supply and use her own equipment, except where NHJB resources are required to maintain confidentiality.

**5. Contract Costs.**

**5.1 Total Cost.** Notwithstanding any provision in this Contract to the contrary, and notwithstanding unexpected circumstances, in no event shall the total of all payments authorized, or actually made hereunder, exceed $10,000 per month, or a total of $50,000.

**5.2 Payment Schedule.** The Payment Schedule terms and conditions are set forth in Appendix A.

**5.3 Documentation of Costs.** During the term of the Contract, the Contractor agrees to maintain books, records, documents, and other data, evidencing and reflecting all costs and other expenses incurred by the Contractor in the performance of the Contract. Furthermore, the Contractor agrees to comply with all applicable funding reporting requirements. The Contractor must identify the date of service and number of hours being billed on the invoice.

**5.4. Rate for Services.** The rate for billable time is $10,000 per month. The Contractor shall not bill the NHJB in excess of $10,000 per month, or a total of $50,000. Should the contract terminate prior to the termination date in paragraph 3, the rate for services will be prorated for the month in which the contract terminates.

**5.5 Invoice Address.** All correct and undisputed invoices must be sent to New Hampshire Judicial Branch, Administrative Office of the Courts, One Granite Place, Suite N400, Concord, NH 03301 no later than 30 days after the end of this contract.

**5.6 Payment Contingency.** Any and all payment under this Contract is contingent upon the availability of funding. In the event any portion of the allocated funds becomes unavailable, the NHJB may, at its option, terminate this Contract. The NHJB shall not be required to transfer funds from any other account or source to fund the Contract beyond that appropriated to fund the Contract. However, upon termination and to the extent of lawfully available funds, the NHJB will remit all amounts due and all costs reasonably incurred by Contractor through the date of termination.

**6. Contract Management.** The parties designate the following points of contact for communications and all notices required under this Contract:

**NHJB Contract Manager**
Jessica A. King
General Counsel
New Hampshire Judicial Branch
JAKing@courts.state.nh.us
(603) 415-2128

**Contractor Contract Manager**
Periklis Karoutas
Partner
Legislative Solutions
[redacted]

**7. Confidentiality.** Contractor hereby agrees to keep confidential all NHJB data acquired, or

provided access to, during the course of performance under the Contract. The word "data" shall mean all information and work products developed or obtained during the performance of, acquired, or developed by reason of the Contract. Disclosure of any NHJB data requires prior written approval by the NHJB. This paragraph shall survive the termination of the Contract.

8. **Professional Conduct.** At all times while working pursuant to the Contract, the Contractor shall act in a manner that upholds the dignity and integrity of the NHJB. The Contractor shall observe standards of fidelity and diligence appropriate to work for the NHJB.

During the term of the Contract, the Contractor may be engaged by one or more organization(s). The Contractor represents that the Contractor is not and shall not become a party to any agreement that conflicts with the duties hereunder.

9. **Status.** Contractor agrees to serve as an independent contractor to the NHJB and is neither an agent nor an employee of the NHJB. Neither this Contract, nor any other work Contractor's representatives perform for the NHJB, shall entitle any individual to receive fringe benefits such as annual leave, sick leave, administrative leave, health insurance, dental insurance, or retirement contributionsNothing in this Contract shall be construed to grant any individual any rights as a regular, probationary, or temporary employee ofthe NHJB. Neither the Contractor nor any of its officers, employees, agents, or members shall have the authority to bind the NHJB or receive any benefits, workers' compensation, or other emoluments provided by the NHJB to its employees.

10. **Insurance.** Contractor shall, at its sole expense, obtain and maintain in force, and shall require any sub-contractor or assignee to obtain and maintain in force, comprehensive general liability coverage against all claims of bodily injury, death, or property damage, in amounts of not less than $1,000,000 per occurrence and $2,000,000 in aggregate. A certificate of insurance shall be provided upon request of the NHJB.

11. **Workers Compensation.** The Contractor agrees, certifies, and warrants that the Contractor is in compliance with, or exempt from, the requirements of N.H. RSA chapter 281-A *("Workers' Compensation")*. To the extent the Contractor is subject to the requirements of N.H. RSA chapter 281-A, Contractor shall maintain, and require any sub-contractor or assignee to secure and maintain, payment of Workers' Compensation in connection with activities which the person proposes to undertake pursuant to the Agreement. The NHJB shall not be responsible for payment of any Workers' Compensation premiums, or for any other claim or benefit for Contractor, or any sub-contractor or employee of Contractor, which might arise under applicable State of New Hampshire Workers' Compensation laws in connection with the performance of the Services under the Agreement.

12. **Amendment.** The NHJB may, as agreed to by Contractor, request changes within the general scope of services provided under this Contract, including, but not limited to, adding to the services, or extending the period of scheduled performance. Such changes as delineated may be at an additional cost to the NHJB and must be done by a written amendment to the Contract executed by the Parties.

13. **Severability.** In the event one or more sections or paragraphs of this Contract shall be determined to be unenforceable under governing law, such determination shall have no effect on the remainder of this Contract, and all other provisions hereof shall remain in full force and effect.

14. **Conflicting Terms.** To the extent there is a conflict between the provisions of this Contract and any attachments to this Contract, including, but not limited to, Appendix A, the provisions of this Contract control and take precedence.

**15. Indemnification.** The Contractor shall defend, indemnify, and hold harmless the NHJB and/or the State of New Hampshire, its officers and employees, from and against any claims, liabilities, and costs for any personal injury or property damages, patent or copyright infringement, or other claims or losses asserted against the NHJB and/or the State of New Hampshire, its agencies, officers and employees, and any and all claims, liabilities, or penalties asserted against the NHJB and/or the State of New Hampshire, its agencies, officers and employees, by or on behalf of any person, on account of, based or resulting from, arising out of (or which may be claimed to arise out of), in whole or in part, the acts or omissions of the Agreement. Notwithstanding the foregoing, nothing herein contained shall be deemed to constitute a waiver of the sovereign immunity of the NHJB and/or the State of New Hampshire. This paragraph shall survive the termination of the Contract.

**16. Assignment, Delegation and Subcontracts.** Contractor shall not assign, delegate, subcontract, or otherwise transfer any of its interest, rights, or duties under the Contract without the prior written consent of the NHJB.

**17. Force Majeure.** Neither Contractor nor the NHJB shall be responsible for delays or failures in performance resulting from events beyond the control of such party and without fault or negligence of such party. Such events shall include, but not be limited to, acts of God, strikes, lock outs, riots, and acts of War, epidemics, acts of Government, fire, power failures, nuclear accidents, earthquakes, and unusually severe weather. Except in the event of the foregoing, Force Majeure events shall not include Contractor's inability to hire or provide personnel needed for Contractor's performance under the Contract.

**18. Third Parties.** The Parties hereto do not intend to benefit from any third parties and the Agreement shall not be construed to confer such a benefit.

**19. Event of Data Breach.** Contractor agrees to comply with all applicable laws that require the notification of individuals in the event of unauthorized release of personally identifiable information or other event requiring notification. In the event of a Security Breach, as defined by RSA 359-C:19, of any of Contractor's security obligations, or other event requiring notification under applicable law, Contractor agrees to:

a. Notify the NHJB's Chief Information Officer by telephone and e-mail of such an event within 24 hours of discovery;

b. Assume responsibility for informing all individuals in accordance with applicable law; and

c. Indemnify, hold harmless, and defend the NHJB and/or the State of New Hampshire and its agencies, officers, and employees from and against any claims, damages, or other harm related to such Notification Event.

Contractor's notification to the NHJB shall identify:

(i) The nature of the unauthorized access, use, or disclosure;
(ii) The computerized data accessed, used, or disclosed;
(iii) The person(s) who accessed, used, or disclosed and/or received the computerized data (if known);
(iv) What Contractor has done or will do to mitigate any deleterious effect of unauthorized access, use, or disclosure; and
(v) What corrective action Contractor has taken, or will take, to prevent future unauthorized

access, use, or disclosure.

This paragraph shall survive the termination of the Contract.

**20. Event of Default/Remedies.**

**20.1 Default.** Any one of the following acts or omissions by the Contractor shall constitute an event of default hereunder:

a. Failure to perform the services to the reasonable satisfaction of the NHJB or on any agreed to schedule; or
b. Failure to perform any other covenant, term, or condition of the Contract.

**20.2 Remedy.** In the event of a default, the NHJB may take either or both of the following actions:

a. Provide the Contractor with a written notice specifying the event of default and requiring it to be remedied within a reasonable period of time determined by the NHJB to be sufficiently adequate under the circumstances; and if the event of default is not remedied within the prescribed period, terminate the Contract effective two (2) days after the Contractor has failed to remedy the alleged default within the reasonable period provided; and
b. Treat the Contract as breached and pursue any of its remedies at law, equity, or both.

**21. Termination.** Notwithstanding paragraph 20, the NHJB may, at its sole discretion, terminate the Agreement for any reason, in whole or in part, by thirty (30) calendar days written notice to the Contractor that the State is exercising its option to terminate the Agreement.

**22. Waiver of Breach.** No failure by the NHJB to enforce any provisions hereof after any Event of Default shall be deemed a waiver of its rights with regard to that Event of Default, or any subsequent Event of Default. No express failure to enforce any Event of Default shall be deemed a waiver of the right of the NHJB to enforce each and all of the provisions hereof upon any further or other Event of Default on the part of the Contractor.

**23. Governing Law and Venue.** The Contract shall be construed in accordance with the laws of the State of New Hampshire without regard to its choice of law provisions and is binding upon and inures to the benefit of the parties and their respective successor and assigns. Any action arising under or related to this Contract shall be brought exclusively in the State of New Hampshire, Merrimack County Superior Court. This paragraph shall survive the termination of the Contract.

**24. Modification.** This Contract constitutes the final agreement between Contractor and the NHJB and shall not be modified in any respect except by prior written amendment executed by both Parties.

**25. Certification.** The undersigned certifies, to the best of their knowledge and belief, that:

a. In connection with the performance of the Services, the Contractor shall comply with all statutes, laws, regulations, and orders of federal, state, county, or municipal authorities which impose any obligation or duty upon the Contractor, including, but not limited to, civil rights and equal opportunity laws. This may include the requirement to utilize auxiliary aids and services to ensure that persons with communication disabilities, including vision,

hearing, and speech, can communicate with, receive information from, and convey information to the Contractor. In addition, the Contractor shall comply with all applicable intellectual property laws.

b. During the term of the Contract, the Contractor shall not discriminate against employees or applicants for employment because of race, color, religion, creed, age, sex, handicap, sexual orientation, or national origin and will take affirmative action to prevent such discrimination.

c. If the Contract is funded in any part by monies of the United States, the Contractor shall comply with all the provisions of all federal executive orders, rules, regulations and statutes, including, but not limited to, Executive Order No. 11246 ("Equal Employment Opportunity"), as supplemented by the regulations of the United States Department of Labor (41 C.F.R. Part 60), and with any rules, regulations and guidelines as the State of New Hampshire or the United States issued to implement these regulations. The Contractor further agrees to permit the State of New Hampshire or the United States access to any of the Contractor's books, records, and accounts to ascertain compliance with all rules, regulations, orders, and the contract's covenants, terms, and conditions.

**26. Entire Agreement**. The Contract and any exhibits or other attachments which may be executed in counterparts, each of which shall be deemed an original, constitutes the entire agreement and understanding between the Parties and supersedes all prior agreements and understandings relating hereto.

**27. Execution.** This Agreement may be executed by transmittal of electronic signature counterparts.

____________________________ ____________
Hon. Chris Keating — Date
Interim Director
Administrative Office of the Courts

____________________________ 01 - 10 - 2026
Periklis Karoutas — Date
Partner
Legislative Solutions

# CONTRACT BETWEEN THE NEW HAMPSHIRE JUDICIAL BRANCH AND LEGISLATIVE SOLUTIONS

**Appendix A**
**Scope of Services, and Total Cost**

**I. Scope of Services**

The Contractor agrees to perform the following services and to the New Hampshire Judicial Branch ("NHJB"):

(a) Contractor will support the Communications Committee, consisting of judicial officers of the NHJB, whose mission is to assess the Branch's current communications efforts and to identify opportunities for improvement in order to promote public trust and confidence in the Judicial Branch. The Contractor will aid the Communications Committee in drafting a report that will:
   i. Identify and assess the challenges the Judicial Branch faces with respect to external communications in the current environment.
   ii. Identify the strategic priorities for the Judicial Branch's external communications.
   iii. Identify specific strategies to advance those priorities.
   iv. Identify partners to assist in advancing those priorities.
   v. Inventory current efforts to communicate internally with Judicial Branch staff and judges and identify opportunities to improve these efforts.
   vi. Identify best practices for court systems' communications efforts using resources available through the National Center for State Courts.
   vii. Recommend any changes to the operations and functions of the Judicial Branch Communications Office to advance the Branch's communications objectives.
   viii. Make any other recommendations that would advance the public trust and confidence in the New Hampshire judiciary as well increase transparency and accountability.

(b) Contractor will also provide guidance to the NHJB on best practices and strategies in communications to the public and others on a case-by-case basis, as requested by the NHJB.

(c) Contractor will maintain confidentiality of communications throughout engagement.

**II. Invoicing**

(a) All work products and deliverables defined in this Appendix A must be provided and completed by the Contractor by March 31, 2026.

(b) Contractor must submit a correct invoice monthly. All information must contain at the minimum the description of the services provided, the deliverable, and any other information as may be required by the NHJB.

(c) The undisputed invoices will be paid within 60 days of the invoice receipt. The payment schedule is based on the completion and NHJB acceptance of the work products.