**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **DANA ALBRECHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil No. 1:23-cv-00381-JL-TSM** |
| | ) | |
| **KATHLEEN STERNENBERG, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO RESPOND TO REPORTS AND RECOMMENDATIONS (DOC. NOS. 60 AND 61), NUNC PRO TUNC**

---

Plaintiff Dana Albrecht, *pro se*, moves under Fed. R. Civ. P. 6(b)(1)(B), for an extension through **November 30, 2026**, to file responses to the Reports and Recommendations (Doc. Nos. 60 and 61). He requests that the extension operate *nunc pro tunc* from September 28, 2026, and states:

## I. THE REQUEST

1. This is a *pro se* pleading, and Plaintiff asks that it be read with the liberal construction required by *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The relief sought is straightforward: sufficient time to prepare his responses in light of substantial records released after his first extension request.

2. Plaintiff timely filed that request on September 11, 2026, seeking an extension through September 28. Doc. No. 62. The Court granted that request, extending the response deadline through September 28, 2026. As that motion explained, the Court took 148 days to address Plaintiff's nine-page motion to amend; its resulting Report spans twenty-nine pages and cites

seventy-six decisions. Plaintiff still needs a reasonable opportunity to answer it. The intervening disclosures have materially enlarged that task.

3. On September 29, Plaintiff filed two Notices of Supplemental Authorities and Newly Available Records, with fourteen exhibits totaling approximately eight hundred pages. Doc. Nos. 63 and 64. These include records of the disciplinary proceedings culminating in Chief Justice MacDonald's resignation and records previously withheld from public access. The New Hampshire Judicial Branch has been a named Defendant since the original Complaint, and MacDonald is a proposed defendant in the amended complaint addressed by Doc. No. 60. Doc. No. 1 ¶ 8; Doc. No. 55; Doc. No. 63-3. Their connection to this litigation is concrete.

## II. PARAGRAPH 20 WARRANTS ATTENTION

4. The central concern is Doc. No. 63-1, the February 9, 2026 Emergency Motion filed on behalf of Chief Justice MacDonald and Justices Donovan, Countway, and Gould. In paragraph 13, the Justices identify Plaintiff by name, describe his separate records-access litigation, and dismiss his concerns as "one man's idiosyncratic interests." Seven paragraphs later, they describe interviews of two of those Justices in a federal jury deliberation room. Paragraph 20 reads in full:

> **20. Attorney Waystack interviewed Justices Donovan and Countway in a jury deliberation room in the United States District Court building. Members of the public do not ordinarily have access to that part of the federal courthouse, and it is only reasonable to assume that in order gain that access, statements were likely made to someone in the federal court. It would be pure speculation to guess exactly what was said and exactly to whom, but the extraordinary nature of the access provided reasonably raises concern about whether confidentiality has already been compromised.**

Doc. No. 63-1 ¶ 20, at 5.

5. Those are the Justices' words. They identify the restricted location, characterize the access as extraordinary, and themselves infer that statements were made to someone in the federal court. Who arranged that access, who authorized it, and what was communicated? The paragraph raises those questions and leaves them unanswered.

6. Plaintiff understands the passage to refer to the courthouse in which this case is pending. Doc. No. 63 ¶¶ 1, 8, 10. The same pleading that singles him out describes a state judicial-disciplinary inquiry conducted in a nonpublic room of a federal courthouse. Whether any related communication concerned Plaintiff or his litigation remains unknown. Paragraph 20 does not establish that it did. It does give Plaintiff a concrete reason to seek the facts before completing his responses to recommendations that would end his case. Calling his interests "idiosyncratic" does not answer the questions raised by the Justices' own account.

7. Plaintiff received this previously confidential pleading on or about September 21, approximately one week before the extended response deadline. Doc. No. 63. A document written in February became available to him in September. He should have a reasonable opportunity to examine what it discloses. The requested extension would allow him to seek clarification and assess whether the facts support any issue requiring separate presentation to this Court.

## III. THE RECORD AND THE REQUESTED TIME

8. The additional review is substantial. Exhibit P alone comprises 583 pages: MacDonald's response to thirty-four JCC questions and forty-two appendix items. Doc. No. 64-2. Plaintiff must compare those materials with the other released records, his proposed amended complaint, and the reasoning of both Reports to identify what bears on his responses. Doc. No. 64 ¶¶ 4, 9–10. Volume independently supports an extension; paragraph 20 makes the need for careful review particularly pressing.

9. Plaintiff requests an extension through Monday, November 30, 2026. Sixty days from September 28 falls on Friday, November 27, the day after Thanksgiving and a New Hampshire state holiday. He requests the following

Monday to account for the holiday weekend. He submits that the newly available record establishes good cause. Defendants' motions to dismiss date to 2023; Plaintiff identifies no prejudice to their defense from this limited extension. Even with that adjustment, the requested extension is less than half of the time taken to prepare the Report on amendment.

10. Plaintiff asks the Court to grant this further extension, effective *nunc pro tunc* from September 28. Under Fed. R. Civ. P. 6(b)(1)(B), he requests a finding of excusable neglect: while preparing and filing the newly available records, he missed the extended September 28 deadline by one day. The lapse was brief, the request is made in good faith, and no prejudice from that lapse is apparent.

WHEFORE, Plaintiff respectfully requests that this Court:

A) Grant this further extension, effective *nunc pro tunc* from September 28, 2026, allowing Plaintiff through November 30, 2026, to file responses to Doc. Nos. 60 and 61, with relief under Fed. R. Civ. P. 6(b)(1)(B); and

B) Grant such other relief as the Court deems just and proper.

Respectfully submitted,

DANA ALBRECHT
*Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

Dated: September 29, 2026

**CERTIFICATE OF SERVICE**

I, Dana Albrecht, certify that a copy of this Motion has been served on all parties of record via the CM/ECF system.

Dana Albrecht

Dated: September 29, 2026