**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **DANA ALBRECHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil No. 1:23-cv-00381-JL-TSM** |
| | ) | |
| **KATHLEEN STERNENBERG, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

## INTRODUCTION

1. Plaintiff Dana Albrecht moves under Fed. R. Civ. P. 15(a)(2) and Fed. R. Civ. P. 15(d) for leave to file the Second Amended and Supplemental Complaint attached as Doc. 70-1 (the "Proposed Pleading"). The governing law is collected in Plaintiff's Memorandum of Law, Doc. 69 ("Mem."), which is cited below by Part.

2. The Proposed Pleading asks three things of the next state-court proceeding on the protective order that restrains Plaintiff: a real hearing, an impartial judge, and access to sworn testimony that the State holds. A state judge could afford all three, find good cause, and extend the order. No existing judgment would be disturbed.

## PROCEDURAL POSTURE

3. Plaintiff filed this action on August 4, 2023. Doc. 1. The claims against the guardian ad litem were dismissed. Doc. 23; Doc. 37. On April 1, 2026

Plaintiff filed a proposed amended complaint, and the next day he moved for leave to file it. Doc. 55; Doc. 56.

4. On August 28, 2026 the Magistrate Judge recommended that leave be denied, under Fed. R. Civ. P. 8(a) and in the alternative as futile, and that the motions to dismiss the original Complaint be granted. Doc. 60; Doc. 61.

5. This motion answers both grounds of Doc. 60. It does not withdraw Doc. 56, any objection to either recommendation, or any claim in Doc. 1 or Doc. 55.

## THE PROPOSED PLEADING

6. *Fair notice.* Doc. 55 ran to more than 150 pages and forty-five counts. The Proposed Pleading is 23 pages and three counts. Each count names the defendants against whom it runs and the relief it seeks from them.

7. *Relief.* The Proposed Pleading seeks only prospective declaratory and injunctive relief, confined to one identified proceeding. It seeks no damages, and every defendant is sued in an official capacity.

8. *New factual allegations.* LR 15.1(a) requires that they be identified. Relative to the original Complaint they are the events that followed it: the New Hampshire Supreme Court's remand of October 20, 2023; the hearing of November 15 and 16, 2023; the events in Plaintiff's state appeal in 2024; the motion that four Justices filed about Plaintiff in February 2026; and the orders of September 2026. Doc. 63. The Proposed Pleading also pleads the limits that the New Hampshire statute places on extensions, what became of those limits in Plaintiff's case, and the written protocol under which extensions are granted. Doc. 36-12; Doc. 36-13. Relative to Doc. 55, the new matter is the September 2026 record, the statute and protocol allegations, and the sittings described in Section B of the Proposed Pleading, each of which rests on exhibits already filed.

9. *New legal claims.* There are none. The three counts arise under the Due Process Clause and state, in prospective form, claims that Doc. 55 pleaded.

10. *New parties.* Relative to the original Complaint, the Proposed Pleading names Judge Rauseo, Judge Curran, Justice Hantz Marconi, Chief Justice MacDonald, and the three successive General Counsel of the Judicial Branch,

each of whom Doc. 55 proposed. It adds one officer: Ellen V. Christo, who succeeded Judge King as Administrative Judge of the Circuit Court on July 1, 2024 and is named as his successor in office. Fed. R. Civ. P. 25(d).

11. *Why not earlier.* The new events occurred after the original Complaint was filed. The September 2026 records did not exist when Doc. 55 was filed. And the Proposed Pleading is drawn to meet the Rule 8 ground that Doc. 60 was the first to state.

## WHY LEAVE SHOULD BE GRANTED

12. Leave to amend is freely given when justice so requires, and requests to supplement are treated liberally. *Foman v. Davis*, 371 U.S. 178, 182 (1962); Mem., Governing Standards. No defendant has answered. No discovery has been taken. The defendants first named in Doc. 55 have not been served. There has been no undue delay, and no defendant is prejudiced.

13. *Count One, the hearing.* This count challenges a written practice as it will apply to a proceeding that has not been held. It is not an appeal from any judgment (Mem. Part I.B). It interferes with no pending proceeding (Mem. Part II). It runs against the officers who administer and apply the practice (Mem. Parts III.C, IV.C). And it states a claim: New Hampshire's own statute allows one year for a first extension and promises a hearing within thirty days, and in Plaintiff's case the first extension outlasted its year and the thirty days became 265 (Mem. Part V.A).

14. *Count Two, the tribunal.* This count concerns who may preside at that proceeding. It seeks a declaration first, as 42 U.S.C. § 1983 requires for judicial acts, and an injunction in the first instance only against the administrative act of assignment (Mem. Parts IV.B, IV.C). It concerns one identified proceeding (Mem. Part IV.D). And it rests on the record, officer by officer (Mem. Parts V.B, V.C).

15. *Count Three, the deposition.* This count has the structure of the evidence-access claims that the Supreme Court has allowed against state officers (Mem. Parts I.B, III.B). The custodian is not a judge (Mem. Part IV.C). The relief sought is review in chambers and production of what the Court finds material (Mem. Part V.D).

## SEPARATE RULINGS

16. Each count stands on its own facts and seeks its own relief. Plaintiff asks for a ruling on each. If the Court finds any count or any prayer insufficient, Plaintiff asks that leave be granted as to the rest. Fed. R. Civ. P. 54(c).

## LOCAL RULE STATEMENTS

17. *Memorandum.* The memorandum required by LR 7.1(a)(2) is on file as Doc. 69. The Magistrate Judge addressed the earlier motion for leave by report and recommendation, on grounds that would end the case, and the memorandum observes the length that LR 7.1(a)(3) allows on a dispositive motion.

18. *Form of the pleading.* The Proposed Pleading reproduces the entire pleading as amended and incorporates no earlier pleading. LR 15.1(b). It cites, by docket number, exhibits already filed with Doc. 36, Doc. 55, and Doc. 63, in place of refiling them. To the extent that practice requires leave, Plaintiff requests it.

19. *Pending motions.* Under LR 15.1(c), when an amended complaint is filed with leave after a motion to dismiss for failure to state a claim has been filed, that motion is denied without prejudice. Doc. 18; Doc. 19; Doc. 20.

20. *Concurrence.* Because of the imposed deadline, and delays in the preparation of this pleading related to technical outages last week, no concurrence was sought from opposing counsel.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A) Grant leave to file the Proposed Pleading, Doc. 70-1, as the Second Amended and Supplemental Complaint;

B) In the alternative, grant leave as to each count of the Proposed Pleading that the Court finds sufficient;

C) Permit the Proposed Pleading to cite by docket number the exhibits already on file; and

D) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

DANA ALBRECHT
*Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

Dated: November 19, 2026

## CERTIFICATE OF SERVICE

I, Dana Albrecht, certify that on November 19, 2026, I filed this motion and its attachment through the Court's CM/ECF system, which serves all counsel of record.

DANA ALBRECHT