**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **DANA ALBRECHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil No. 1:23-cv-00381-JL-TSM** |
| | ) | |
| **KATHLEEN STERNENBERG, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**PLAINTIFF'S MOTION FOR RECUSAL AND FOR DISCLOSURE**

---

## INTRODUCTION

1. Plaintiff Dana Albrecht moves under 28 U.S.C. § 455 for the recusal of the district judge and of the magistrate judge assigned to this action, and for a statement on the record of the facts described under Ground Two.

2. This motion charges no one with misconduct, and it asserts no actual bias. Recusal under § 455(a) requires neither. A reasonable person "may question impartiality without the presence of any evidence that a judge is subjectively biased." *In re Bulger*, 710 F.3d 42, 46 (1st Cir. 2013).

3. The motion rests on a sentence that Judge Laplante wrote: "Because Patrick E. Donovan is on my recusal list, I hereby recuse myself from presiding over this case." Patrick E. Donovan is now a Justice of the New Hampshire Supreme Court. He is not a party here. But the pleadings before the Court challenge an order in which he concurred, and a filing that he made, now on this docket, names Plaintiff and reports that he was interviewed in a jury deliberation room of this courthouse.

4. Every fact relied on appears on this docket or on the public dockets of this Court, of which Plaintiff requests judicial notice. None depends on Plaintiff's personal knowledge, and none is offered by affidavit. Section 455 requires no affidavit. *In re Martinez-Catala*, 129 F.3d 213, 220 (1st Cir. 1997).

## GROUND ONE: THE RECUSAL LIST

5. *The order.* On June 17, 2009, Judge Laplante entered this order:

> Because Patrick E. Donovan is on my recusal list, I hereby recuse myself from presiding over this case, and request the clerk reassign this matter.

*Meyer v. Callahan*, No. 09-cv-106-JL, Doc. 60 (D.N.H. June 17, 2009).

6. *The list reaches persons who are not parties.* In 2013 Judge Laplante denied a motion for his recusal and then recused himself on his own motion, because an attorney "alleged to have some role" in the events pleaded was "on this court's recusal list." He did so, though "certain that it could preside impartially," out of "an abundance of caution and deference to the applicable standards set forth under 28 U.S.C. § 455(a)." *The Mortgage Specialists, Inc. v. NH Banking Department, Commissioner*, No. 13-cv-156-JL, Doc. 30 at 4–5 (D.N.H. May 10, 2013). The attorney was not a party.

7. *Later dockets.* In *Anderson v. Donovan*, No. 22-cv-264-SE, the complaint named Patrick Donovan and the New Hampshire Supreme Court. The case was assigned to Judge Laplante on July 19, 2022. He entered an order of recusal the next day. Doc. 2. In *Maravelias v. NH Supreme Court*, No. 19-cv-487-SM, he presided for thirteen months and then recused in the middle of the case: "After reviewing the amended complaint (doc. no. 12), I hereby recuse myself from presiding over this case and request it be reassigned to another judge." Doc. 28 (June 3, 2020). Neither order states a reason, and Plaintiff attributes none.

8. *What cuts the other way.* Candor requires two further facts. In *Brescia v. UBS Financial Services, Inc.*, No. 13-cv-4-JL, Mr. Donovan, then in private practice, appeared before Judge Laplante as counsel, attended a pretrial conference, and litigated cross-motions for summary judgment, which Judge

Laplante decided. Docs. 11, 29, 32. And in *Kratzenberg v. NH Supreme Court, Chief Justice*, No. 24-cv-205-JL-TSM, Judge Laplante and Magistrate Judge Saint-Marc presided over an action against the New Hampshire Supreme Court and Chief Justice MacDonald, sued in his individual and official capacities. Docs. 26, 30. Plaintiff therefore does not contend that naming a Justice requires recusal, or that the list has operated without interruption. He does not know why *Brescia* went as it did. His point is narrower. Judge Laplante has himself identified Justice Donovan as a person because of whom he recuses, and only Judge Laplante knows whether that remains so.

9. *Justice Donovan's part in what is before the Court.* Justice Donovan is not a defendant. His acts are nonetheless in issue.

(a) On July 8, 2024, he and Justice Countway concurred in the order of the New Hampshire Supreme Court announcing that "Justice Hantz Marconi has reviewed this matter and has determined that she is not disqualified." Doc. 55-45 at 2–3. The proposed Amended Complaint asks this Court to declare that certification unconstitutional and to vacate that order. Doc. 55 at 156, 158 (Prayers C, D and K). That request remains before the Court. Doc. 70 ¶ 5.

(b) He concurred in the order of December 16, 2021 that kept the protective order in force "in light of the unique circumstances of this case," and in the order of July 14, 2023 that rejected Plaintiff's challenges to Judges Derby and Rauseo. Doc. 70-1 ¶¶ 52, 102; *K.A. v. D.A.*, No. 2022-0284 (N.H. July 14, 2023). The proposed pleading pleads both orders.

(c) On February 9, 2026, he joined a filing that describes Plaintiff by name as "a longstanding critic of the judicial branch" who is "currently suing" the Justices. Doc. 63-1 ¶ 13. Plaintiff relies on that filing to show that review in the court on which Justice Donovan sits is not an adequate remedy. Doc. 70-1 ¶¶ 72, 84; Doc. 69 at 19, 26, 31.

(d) He is one of the two Justices who, by that same filing, were interviewed in this courthouse. Doc. 63-1 ¶ 20.

10. *Why that is enough.* To decide what is before it, the Court must pass on the validity of an order that Justice Donovan joined and on the adequacy of

review by a court on which he sits. An informed observer who knew that the presiding judge had recused himself because of this same person would have a reasonable basis to question whether the judge should decide those matters. An objective link of that kind, between the judge's own history and a question before him, is what required recusal in *Bulger*, 710 F.3d at 46, 48–49. Plaintiff asks Judge Laplante to recuse. If the circumstance stated in *Meyer* no longer exists, a statement to that effect would answer Ground One.

**GROUND TWO: THE JUSTICES' STATEMENT ABOUT THIS COURTHOUSE**

11. *The document.* Doc. 63-1 is an Emergency Motion for Protective Order and/or Injunction filed with the New Hampshire Judicial Conduct Committee on February 9, 2026 by "Chief Justice Gordon MacDonald and Associate Justices Patrick Donovan, Melissa Countway and Bryan Gould (the 'Justices'), by and through counsel." Doc. 63-1 at 1. It concerned an inquiry that, in the Justices' words, "apparently arises from the employment circumstances of Dianne Martin with the Judicial Branch." *Id.* On September 15, 2026, Chief Justice MacDonald admitted three violations of the Code of Judicial Conduct, two of them concerning Ms. Martin's removal and reappointment, and resigned. Doc. 63-3 at 1–2. He is a proposed defendant here. The New Hampshire Supreme Court made the February filing public in September 2026, and Plaintiff placed it on this docket on September 29, 2026. Doc. 63 ¶¶ 4–6.

12. *What the Justices said about Plaintiff.* The filing names Plaintiff:

> The article's primary source, Dana Albrecht, is a longstanding critic of the judicial branch. Indeed, he is currently suing the judicial branch, the Chief Justice, all of the Associate Justices, as well as the governor, the speaker of the house, and a host of others, in an effort to gain access to records related to the Dianne Martin employment matter. *See, Albrecht v. MacDonald, et al.*, Hillsborough Superior Court, Southern District, Case No. 226-2025-cv-00705. While he is entitled to have his opinion and to prosecute his lawsuit, his statements reflect one man's idiosyncratic interests more than they reflect any "broad public interest."

Doc. 63-1 ¶ 13.

13. *What the Justices said about this courthouse.* Paragraph 20 reads, in full:

> Attorney Waystack interviewed Justices Donovan and Countway in a jury deliberation room in the United States District Court building. Members of the public do not ordinarily have access to that part of the federal courthouse, and it is only reasonable to assume that in order gain that access, statements were likely made to someone in the federal court. It would be pure speculation to guess exactly what was said and exactly to whom, but the extraordinary nature of the access provided reasonably raises concern about whether confidentiality has already been compromised.

Doc. 63-1 ¶ 20.

14. These are the Justices' own words, filed through their counsel. On their account:

(a) two sitting Justices were interviewed, in a confidential judicial conduct inquiry, in a jury deliberation room of this courthouse;

(b) that part of the courthouse is not ordinarily open to the public;

(c) to obtain it, "statements were likely made to someone in the federal court";

(d) what was said, and to whom, the Justices themselves could only guess; and

(e) the access was "extraordinary."

15. *Attorney Waystack is not a stranger to this case.* He is counsel to the Committee. Doc. 63-1 ¶ 1. On November 15, 2023 he appeared in Plaintiff's state proceeding to quash Plaintiff's subpoena for the complete deposition of Judge King. He told the court that he had prosecuted Judge Introcaso and Master DalPra for the Committee, and he said: "I have no intention, unless you order otherwise, of turning over the deposition of Judge King." Doc. 55-43 at 31–33. The subpoena was quashed. Doc. 55-43 at 36. The proposed pleading seeks that deposition, and the pending recommendation treats the refusal to provide it as an immune judicial act. Doc. 70-1 ¶¶ 61, 106–10; Doc. 60 at 22 n.14, 24–25.

16. *What Plaintiff does not assert.* Plaintiff does not vouch for the Justices' account. It is theirs. He does not know who asked for the room, who allowed its use, what was said, or who in this Court knew of it. He does not assert that

the judge or the magistrate judge assigned to this case did. He agrees with the Justices that to guess would be speculation.

17. *Why the question is the Court's to answer.* For the Court it is not a matter of speculation. Knowledge that reaches a court outside the record "can be neither accurately stated nor fully tested." *Edgar v. K.L.*, 93 F.3d 256, 258–59 (7th Cir. 1996) (per curiam). The question is a narrow one: whether either judicial officer assigned to this action has knowledge, from outside the record, of those interviews or of any communication with this Court about them. If neither does, a statement to that effect answers Ground Two. If either does, the parties are entitled to know it before that officer rules.

18. *Where the two grounds meet.* The person named in *Meyer* is one of the two Justices who say they were interviewed in this courthouse. Plaintiff does not suggest that the one fact explains the other. He says only that an informed observer would want to know, and that the Court alone can say.

## THE MAGISTRATE JUDGE

19. *A different footing.* Plaintiff has located no order of recusal by Magistrate Judge Saint-Marc in an action involving the Justices. She sat in *Kratzenberg* and in *Collier v. NH Circuit Court Family Division*, No. 25-cv-36-SE-TSM. Plaintiff asserts no practice and no bias as to her, and he does not rest on her recommendations. Adverse rulings are not evidence of bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

20. *The basis.* Section 455 binds a magistrate judge in the same terms as a district judge, and Ground Two applies to her as it does to him. The recommendations now pending are hers. They address the King transcript, and the lawyer who withheld it is the lawyer who, on the Justices' account, conducted interviews in this courthouse. Doc. 60 at 22 n.14, 24–25. Plaintiff asks Magistrate Judge Saint-Marc to recuse, or at the least to state whether she has the knowledge described in paragraph 17.

21. *The reference.* A magistrate judge acts in a civil case by designation of the district judge. 28 U.S.C. § 636(b)(1); LR 72.1. If Judge Laplante recuses, Plaintiff asks that any further reference be made by the judge to whom the action is reassigned.

## THE STANDARD

22. *The statute.* "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). He shall also disqualify himself where he has "personal knowledge of disputed evidentiary facts concerning the proceeding," and that ground cannot be waived. 28 U.S.C. § 455(b)(1), (e).

23. *The test is objective.* Under § 455(a), "what matters is not the reality of bias or prejudice but its appearance." *Liteky*, 510 U.S. at 548. The question is whether the facts "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *In re Boston's Children First*, 244 F.3d 164, 167 (1st Cir. 2001) (quoting *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981)). And "if the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal." *Id.* (quoting *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995)).

24. *The duty to sit.* Recusal is not for the asking. "[U]nder § 455(a) a judge has a duty to recuse himself if his impartiality can reasonably be questioned; but otherwise, he has a duty to sit." *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir. 2000). A charge of partiality must rest on a factual basis. *In re United States*, 666 F.2d at 695. Plaintiff accepts that standard. A judge's own written statement that a named person is on his recusal list is a fact, not a suspicion.

25. *The purpose.* The statute exists "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). The duty does not depend on what the judge in fact knew, "so long as the public might reasonably believe that he or she knew." *Id.* at 860.

26. *The Constitution.* "A fair trial in a fair tribunal is a basic requirement of due process," and the constitutional test is likewise objective. *In re Murchison*, 349 U.S. 133, 136 (1955); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881–87 (2009). Plaintiff rests this motion on the statute.

27. *Procedure.* Under § 455 there is "no threshold requirement of an affidavit or any other format for raising a recusal issue," and "the judge is expected to recuse *sua sponte*, where necessary, even if no party has requested it." *Martinez-Catala*, 129 F.3d at 220. Plaintiff does not proceed under 28 U.S.C. § 144, which concerns personal bias. He asserts none.

28. *Expanded treatment.* These authorities are set out at greater length in Plaintiff's Memorandum of Law, Doc. 69, Part VI (at 32–34) (the federal standard) and Part V.B (at 27–28) (the constitutional standard).

## LOCAL RULE STATEMENTS

29. *Memorandum.* The supporting authorities are stated in this motion and, at greater length, in Doc. 69. No separate memorandum is necessary. LR 7.1(a)(2).

30. *Concurrence.* Because of the nature of this motion, which concerns the Court's own participation and seeks no relief against any party, and because of its timing relative to the Court's November 19, 2026 deadline, no concurrence was sought. LR 7.1(c).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that:

A) Judge Laplante recuse himself from this action under 28 U.S.C. § 455(a) and the action be reassigned; or, if he determines that the circumstance stated in *Meyer v. Callahan* no longer exists or does not bear on this action, that he so state on the record;

B) Magistrate Judge Saint-Marc recuse herself from this action under 28 U.S.C. § 455; or, in the alternative, that upon any reassignment any further reference be made by the judge to whom the action is reassigned;

C) Each judicial officer assigned to this action state on the record whether he or she has knowledge, from outside the record, of the interviews described in Doc. 63-1 ¶ 20 or of any communication with this Court concerning them;

D) This motion be determined before any ruling on the Reports and Recommendations (Docs. 60 and 61) or on the motions for leave to amend (Docs. 56 and 70); and

E) The Court grant such other and further relief as is just and proper.

Respectfully submitted,

DANA ALBRECHT
*Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

Dated: November 19, 2026

**CERTIFICATE OF SERVICE**

I, Dana Albrecht, certify that on November 19, 2026, I filed this motion through the Court's CM/ECF system, which serves all counsel of record.

DANA ALBRECHT