**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **DANA ALBRECHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil No. 1:23-cv-00381-JL-TSM** |
| | ) | |
| **KATHLEEN STERNENBERG, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**PLAINTIFF'S OBJECTION TO THE REPORTS AND RECOMMENDATIONS (DOCS. 60 AND 61)**

---

## INTRODUCTION

1. Plaintiff Dana Albrecht objects, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), to the Report and Recommendation on Plaintiff's Motion to Amend, Doc. 60, and to the Report and Recommendation on Defendants' Motions to Dismiss, Doc. 61. He objects to each recommended disposition and to each portion identified below.

2. This objection is filed within the time set by the Court's order of October 19, 2026. The Court determines de novo each portion of a recommendation to which objection is made, and may accept, reject, or modify it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

3. *Incorporation.* The grounds are stated in full in three filings, which Plaintiff incorporates here by reference: his Memorandum of Law, Doc. 69; his Motion for Leave to File Second Amended and Supplemental Complaint, Doc. 70, with the proposed pleading, Doc. 70-1; and his Motion for Recusal and for Disclosure, Doc. 71. The paragraphs below identify each portion objected to and state the ground in brief.

## THE MOTION FOR RECUSAL

4. Doc. 71 asks the district judge and the magistrate judge assigned to this action to recuse under 28 U.S.C. § 455, and asks that the motion be decided before any ruling on the recommendations. Plaintiff asks that no action be taken on Doc. 60 or Doc. 61 until that motion is decided. If the action is reassigned, he asks that the judge to whom it is reassigned make the de novo determination.

## OBJECTIONS TO THE RECOMMENDATION ON THE MOTION TO AMEND

5. *Rule 8(a)*. The recommendation faults the length of Doc. 55. Doc. 60 at 10–11. The pleading now proposed is 23 pages and three counts, and each count names its defendants and the relief sought from them. Doc. 70 ¶ 6; Doc. 70-1. A defect of length is a reason to allow a shorter pleading, not to refuse one.

6. *Rooker-Feldman*. Plaintiff objects to Doc. 60 at 14–17. The doctrine bars appeals from state judgments. It does not bar an independent claim, even one that denies a conclusion a state court reached. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 293 (2005). A claim directed to a proceeding that has not yet occurred, or to a standing practice, complains of no existing judgment, and "effectively overturn" is not the test. The recommendation gives one answer to ten prayers together and never identifies the judgment that this Court would review and reject. Doc. 69 at 15–18 (Part I).

7. *Younger abstention*. Plaintiff objects to Doc. 60 at 17–19. Abstention is the exception. It requires a criminal prosecution, a civil enforcement proceeding, or a civil proceeding involving orders "uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). A proceeding to renew a protective order is civil and is begun by a private party. Doc. 69 at 18–19 (Part II).

8. *Sovereign immunity*. Plaintiff objects to Doc. 60 at 19–23 and to Doc. 61 at 5–7. A suit against a state officer to prevent a continuing or threatened violation of federal law is not a suit against the State. *Ex parte Young*, 209 U.S. 123, 155–60 (1908). The inquiry is whether the complaint alleges an

ongoing violation and seeks prospective relief. It does not include the merits. *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645–46 (2002). The proposed pleading seeks only prospective declaratory and injunctive relief against officers sued in an official capacity, and no damages. Doc. 70 ¶ 7; Doc. 69 at 19–22 (Part III).

9. *Judicial immunity.* Plaintiff objects to Doc. 60 at 23–27 and to Doc. 61 at 7–9. Judicial immunity is a personal defense to liability for acts of adjudication. It is unavailable in an official-capacity suit, and it is no bar to prospective relief. *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984). In 1996 Congress limited injunctions against judges and left declaratory relief in place. 42 U.S.C. § 1983. Assigning cases, administering protocols, and keeping records are not acts of judging. Plaintiff objects in particular to the treatment of the withholding of the King transcript as an immune judicial act, Doc. 60 at 24–25, and to the conclusion that the declaratory relief sought would be an advisory opinion, Doc. 61 at 8–9. A declaration about an identified future proceeding is not advisory. Doc. 69 at 22–26 (Part IV).

10. *The added defendants.* The recommendation finds amendment futile as to every added defendant, while noting that those defendants "have not been served and, therefore, have not argued that amendment as to them would be futile." Doc. 60 at 23 n.15, 29. Plaintiff objects to a finding of futility as to defendants who have not appeared, on defenses that are theirs to raise or to waive.

11. *Defendants Sternenberg and Derby.* Plaintiff objects to Doc. 60 at 11–13, 27–29, to preserve the claims as pleaded in Doc. 55. The proposed pleading narrows the case. Every defendant is sued in an official capacity, and only for prospective relief. Doc. 70 ¶ 7.

12. *The merits were not reached.* The proposed pleading asks three things of the next state proceeding on the protective order that restrains Plaintiff: a real hearing, an impartial judge, and access to sworn testimony that the State holds. Doc. 70 ¶ 2. Due process requires each. *In re Murchison*, 349 U.S. 133, 136 (1955); Doc. 69 at 26–32 (Part V). A state judge could afford all three, find good cause, and extend the order. No existing judgment would be disturbed.

13. *The pending motions for leave.* Doc. 60 addresses Doc. 56 and the pleading filed with it. Doc. 70 answers both grounds of the recommendation with a shorter pleading, and it withdraws nothing. Doc. 70 ¶ 5. Plaintiff asks that Doc. 70 be decided on its own terms and that leave be granted.

## OBJECTIONS TO THE RECOMMENDATION ON THE MOTIONS TO DISMISS

14. Doc. 61 recommends that the motions to dismiss (Docs. 18–20) be granted, that all remaining claims in the original Complaint be dismissed, and that the case be closed. Doc. 61 at 9. Plaintiff objects to each recommendation, on the grounds stated in paragraphs 8 and 9 and in Doc. 69, Parts III and IV.

15. Plaintiff objects separately to closing the case while motions for leave to amend are pending. Any dismissal for want of jurisdiction should be without prejudice.

## LOCAL RULE STATEMENT

16. The supporting authorities are stated in Doc. 69. No separate memorandum is necessary. LR 7.1(a)(2).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that:

A) The Motion for Recusal and for Disclosure (Doc. 71) be determined before any ruling on the Reports and Recommendations;

B) The Court sustain this objection and decline to adopt the Reports and Recommendations (Docs. 60 and 61);

C) The Court grant leave to file the Second Amended and Supplemental Complaint (Docs. 70 and 70-1), or in the alternative grant the earlier motion to amend (Doc. 56);

D) The Court deny the motions to dismiss (Docs. 18–20), or deny them as moot in light of the amended pleading; and

E) The Court grant such other and further relief as is just and proper.

Respectfully submitted,

DANA ALBRECHT
*Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

Dated: November 19, 2026

**CERTIFICATE OF SERVICE**

I, Dana Albrecht, certify that on November 19, 2026, I filed this objection through the Court's CM/ECF system, which serves all counsel of record.

DANA ALBRECHT